UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>MUHAMED MUBAYYID, and )<br>EMADEDDIN Z. MUNTASSER, )<br>)<br>Defendants.    ) | Crim. No. 05-40026-FDS |

DEFENDANT EMADEDDIN MUNTASSER'S OPPOSITION TO
GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION

Now comes the defendant, Emadeddin Z. Muntasser, and opposes the government's motion for complex case designation. Mr. Muntasser also opposes the government's request to extend the time period for automatic discovery. The government has failed to satisfy the statutory standard for a "complex" case and has failed to present convincing reasons why Mr. Muntasser's rights under the Speedy Trial Act should be overridden in this case.

1. 18 U.S.C. § 3161 (h)(8)(B)(ii) lists three factors that must be considered in determining whether a case is "so unusual or so complex . . that it is unreasonable to expect adequate pretrial preparation for pretrial proceedings or for the trial itself within the time limit established by this section." These factors are "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law."

2. This is no more than a two-defendant case.

3. This case does not satisfy any objectively reasonable definition of what constitutes a "complex" or "unusual" prosecution. Despite its use of suggestive and prejudicial language about "Muslim holy warriors," the indictment essentially alleges that Mr. Muntasser committed a

1

tax offense. There is nothing "complex" or "unusual" about this alleged offense.

3. The indictment does not present "novel questions of fact or law." Count One alleges that Mr. Muntasser concealed information from the government in a purported effort to misrepresent the activities of a charitable organization. Count Two is a standard <u>Klein</u> conspiracy charge. Count Six charges a false statement. It is difficult to see what "novel questions of fact or law" are presented in any of these charges.

4. The government's motion states it has obtained thousands of pages of documents from Care International that must be made available to the defense. There is nothing unusual about this: virtually every case in federal court involves thousands of pages of documents. Indeed, there are many cases in federal court that involve not just thousands but hundreds of thousands of pages of documents and that still do not satisfy the statutory standard for complex cases.

5. The government's motion states that discovery in this case may include "classified information." But nothing prevents the government from handing over declassified materials within the next 28 days pending security clearances for defense counsel. Moreover, there is no reason why security clearances for defense counsel may not be handled on an expedited basis.

6. It would appear that the true purpose of the government's motion is to gain more time to correct the weaknesses and fill the transparent gaps in its slippery indictment. This Court should not override Mr. Muntasser's rights under the Speedy Trial Act simply because the government has not been able to bring a more convincing indictment.

WHEREFORE, the defendant, Emadeddin Z. Muntasser, requests that this Court deny the government's motion for complex case designation and its motion for extension of time for automatic discovery.

        Respectfully submitted,
        Emadeddin Z. Muntasser
        By his attorneys,

/s/ Norman Zalkind
Norman Zalkind (BBO# 53880)
Elizabeth Lunt (BBO# 307700)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Ave.
Boston, MA 02110

Date: May 18, 2005

## Certificate of Service

    I hereby certify that I have served a copy of the foregoing document upon the following attorneys by electronic notice on this 18th day of May, 2005:

B. Stephanie Siegmann
Assistant U.S. Attorney

Michael D. Ricciuti
Assistant U.S. Attorney

Michael Andrews
Attorney for Muhamed Mubayyid

/s/ Norman Zalkind
Norman Zalkind