**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
                               )
vs.                            )    Crim. No. 05-40026-FDS
                               )
                               )
MUHAMED MUBAYYID, and          )
EMADEDDIN Z. MUNTASSER,        )
        Defendants.            )
_____)
```

**ORDER**
May 26, 2005

**SWARTWOOD, C.M.J.**

By Order of Reference dated May 11, 2005, this case has been referred to me for pretrial proceedings. This Order addresses the Government's Motion For Complex Case Designation (Docket No. 16).

<u>Nature Of The Case</u>

On May 11, 2005, an Indictment was returned in this Court charging Muhamed Mubayyid ("Mr. Mubayyid") and Emadeddin Z. Muntasser ("Mr. Muntasser") with: engaging in a scheme to conceal material facts in violation of 18 U.S.C. § 1001(a)(1) and aiding and abetting, in violation of 18 U.S.C. § 2 (Count One); and conspiracy to defraud the United States, in violation of 18 U.S.C. §391 (Count Two). Mr. Mubayyid is also charged with filing a false tax return in violation of 26 U.S.C. § 7260(1) (Counts Three, Four

and Five) and Mr. Muntasser is also charged with making a false statement in violation of 18 U.S.C. § 1001(a)(2) (Count Six).

## Nature of the Proceeding

The Government seeks to have this case designated as complex in order to enlarge the time by which the Defendants must be brought to trial in accordance with the Speedy Trial Act, 18 U.S.C. §3161, and to enlarge the period by which the government must produce automatic discovery under this Court's Local Rule 116.1(C)[1] from 28 days to 60 days from the date of arraignment. Mr. Muntasser opposes the Government's motion on the ground that the Government has failed to meet the statutory standard for designating a case as "complex."

## Discussion

The Speedy Trial Act requires that criminal trials commence within seventy days from the later of the filing of the indictment or the defendant's first appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). However, a continuance beyond the seventy day limit is permitted if the court determines that "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

---

[1] This Court's Local Rules require that the government provide, within 28 days, not only all materials required by Fed. R. Crim. P. 16, but also the items and information obtained from any search warrants, electronic surveillance, and investigative identification procedures, as well as the names of all unindicted co-conspirators. L.R., D. Mass. 116.1.

The Government asserts that given the nature of the prosecution and the types of materials that may have to be reviewed and/or made available in discovery, this is a complex case which warrants granting additional time to bring the Defendants to trial under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii)[2]. In support of its position, the Government states that discovery will be voluminous and will include historical documents, evidence from other districts, and declassified information, some of which must still be procured and all of which will have to be reviewed by the Defendants. Furthermore, the Government anticipates that some of the discovery in this case may include classified information, which must be handled pursuant to the Classified Information Procedures Act. If so, the Government will either have to request security clearance for defense counsel or seek to have the information declassified. As this Court is aware from prior cases, either of these options can take a significant period of time.

In response, Mr. Muntasser argues that this is only a two-defendant case and the offenses with which he and Mr. Mubayyid have been charged do "not satisfy any objectively reasonable definition of what constitutes a 'complex' or 'unusual' prosecution." Defendant Emadeddin Muntasser's Opposition to Government's Motion

---

[2]Section § 3161 (h) (8) (B) (ii) permits the court to exclude from the Speedy Trial calculation periods of delay resulting from continuances granted in cases that are: "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."

For Complex Case Designation, at p.1. Mr. Muntasser further argues that this case does not involve novel issues of fact or law and that the Government's "true purpose in filing this motion is to gain more time to correct the weaknesses and fill the transparent gaps in its slippery indictment." Id, at p.2.

I agree with Mr. Muntasser that the offenses with which he and Mr. Mubayyid have been charged are straightforward and uncomplicated. However, it is clear from the overt acts and other information contained in the Indictment and from the affidavit supporting the underlying Complaint that the factual basis for those offenses are very complicated and that the application of the law to those facts may involve novel concepts. Furthermore, given the nature and volume of the discovery which the Government describes, it is clear that it is going to take the Defendants and their counsel a substantial period of time to review and digest all of the Government's evidence. As stated previously, there will necessarily be a lengthy delay if the Government, as it anticipates, has to either declassify information or obtain security clearance for Defendants' counsel.

Under the circumstances, I find that the ends of justice and the best interests of the Defendants will best be served by designating this a complex case under Section 3161(h)(8)(B)(ii). See United States v. Dota, 33 F.3d 1179 (9th Cir. 1994) (holding that ends of justice would best be served by granting a continuance

where case was not "complex," but preparation of factual record was unusually complicated). Therefore, I am granting the Government an additional thirty-two days to bring these Defendants to trial. Should the Government require any additional time be excluded pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), it shall file a motion justifying such exclusion. Additionally, for the reasons stated above, I find that the Government has established good cause for extending to sixty days, the time by which the Government must provide automatic disclosure in accordance with L.R., D. Mass. 116.1(c). I will issue a Scheduling Order apprising the parties of, among other events, the date of the Initial Status Conference.

Conclusion

1. Government's Motion for Complex Case Designation (Docket No. 16) is <u>allowed</u>, as provided in this Order.

/s/ Charles B. Swartwood III<br>Charles B. Swartwood III<br>Chief Magistrate Judge