UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-40026-FDS |
| ) | |
| MUHAMED MUBAYYID, and ) | |
| EMADEDDIN Z. MUNTASSER, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' JOINT APPEAL OF MAGISTRATE SWARTWOOD'S
MAY 26, 2005 ORDER ALLOWING THE GOVERNMENT'S
MOTION FOR COMPLEX CASE DESIGNATION

Now come the defendants, Muhamed Mubayyid and Emadeddin Z. Muntasser, and, pursuant to U.S. Dist. Ct. Rules D. Mass., Magistrate Rule 2, jointly appeal Magistrate Swartwood's May 26, 2005 Order allowing the Government's motion for complex case designation.  (A copy of the order is attached hereto.)  The defendants submit that Magistrate Swartwood's order is clearly erroneous insofar as this case does not satisfy the statutory standard for complex case designation set forth in 18 U.S.C. § 3161(h)(8)(B)(ii).  Moreover, none of the arguments the government has presented in support of its motion for complex case designation are sufficient to "outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

**STANDARD OF REVIEW**

Where the Magistrate has clearly erred or issued an unlawful non-dispositive order, "[t]he district judge to whom the case is assigned will consider such objections and will modify or set aside any portion of the magistrate judge's order determined to be clearly erroneous or contrary

1

to law." U.S. Dist. Ct. Rules D. Mass., Magistrate Rule 2.

## STATEMENT OF THE CASE

On June 8, 2004, one of the two defendants in this case, Emadeddin Z. Muntasser, brought suit in federal district court against the Department of Homeland Security and the United States Citizenship and Immigrant Services for failure to act upon his naturalization application within the 120-day statutory period set forth in 8 U.S.C. § 1447(b). On May 12, 2005, one day before Mr. Muntasser's citizenship hearing before Judge Zobel was to have taken place, the Government brought an indictment charging the defendants with concealing material facts and aiding and abetting (Count One); and conspiracy to defraud the United States (Count Two). Mr. Mubayyid was also charged with filing false tax returns (Counts Three, Four, and Five), and Mr. Muntasser was also charge with making a false statement (Count Six).

On May 17, 2005, the Government moved to have the case designated as complex for purposes of the Speedy Trial Act. On May 18, 2005, Mr. Muntasser filed his opposition to the Government's motion. Magistrate Swartwood's order allowing the Government's motion followed on May 26, 2005.

## ARGUMENT

As explained in Mr. Muntasser's Opposition to the Government's Motion, 18 U.S.C. § 3161 (h)(8)(B)(ii) lists three factors that must be considered in determining whether a case is "so unusual or so complex . . that it is unreasonable to expect adequate pretrial preparation for pretrial proceedings or for the trial itself within the time limit established by this section." These factors are "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law."

As the Magistrate's order acknowledges, it is beyond argument that the government cannot establish complexity in this case on the basis of the first two statutory factors. Order of Magistrate Judge Swartwood, May 26, 2005, at 4 ("I agree with Mr. Muntasser that the offenses with which he and Mr. Mubayyid are charged are straightforward and uncomplicated"). This is no more than a two-defendant case, and the charges contained in the indictment cannot satisfy any objectively reasonable definition of what constitutes a "complex" or "unusual" prosecution. Despite its use of suggestive and prejudicial language, the indictment essentially alleges that Mr. Muntasser and Mr. Mubayyid committed a tax offense. It is difficult to see what is complex or unusual about this charge. The only "unusual" questions raised by this indictment are why it was brought in the first place, whether it is a case of selective prosecution in the area of charitable tax law, and why the government has not already done the work needed to fill the holes that evidently remain in the indictment.

The government simply asserts, without any real explanation, that the indictment raises "novel questions of fact or law." But the statutory standard of 18 U.S.C. § 3161 (h)(8)(B)(ii) is not satisfied by claims of <u>ipse dixit</u>. This Court should look instead to what is actually set forth in the indictment. Count One alleges only that the defendants concealed information from the government in a purported effort to misrepresent the activities of a charitable organization. Count Two is a standard <u>Klein</u> conspiracy. Counts Three through Five allege false tax filings. And Count Six alleges a false statement. If these charges are to be construed as complex or unusual in any way, it must be for a reason other than the government simply says they are.

The government's characterization of the discovery to follow in this case is all the more reason for skepticism. In its motion, the government states that it has obtained thousands of

pages of documents from Care International that must be made available to the defense. But virtually every case in federal court involves this number of documents, and indeed many non-complex cases involve far more. The volume of discovery materials is not one of the statutory factors listed in 18 U.S.C. § 3161(h)(8)(B)(ii). As for the government's claim that some of its discovery may be classified, this too is not a reason for overriding the public's and the defendants' rights under the Speedy Trial Act. To begin with, the central documents in this case – those that involve charitable tax status – are publicly available. The filed IRS 990 forms referenced in the indictment are available to any member of the public through the website www.GuideStar.org. As for the filed IRS 1023 application referenced in the indictment, the IRS will willingly fax that to any member of the public upon a simple request. Many other documents can be obtained through the Freedom of Information Act. Here again, despite the government's use of suggestive and prejudicial language in its indictment, the banality of the evidence that will be involved in this case is overwhelming.

  Even disregarding such considerations, however, there is no reason why the government cannot hand over declassified materials within the normal discovery period pending security clearances for defense counsel. Nor is there any reason why security clearances for defense counsel may not be handled on an expedited basis. These issues are entirely separate from the question of whether this case should be designated as complex for Speedy Trial purposes.

  Finally, it should be noted that by allowing the interests of the public and the defendants to prevail in this matter, this Court does not surrender its discretion to grant any pretrial continuances that may become necessary in the course of time. Whether such a continuance will be warranted is also a question entirely separate from the matter of whether this case should be

designated as complex.[1]

WHEREFORE, the defendants respectfully urge this Court to reverse Magistrate Swartwood's May 26, 2005 order allowing the Government's motion for complex case designation.

        Respectfully submitted,
        Emadeddin Z. Muntasser,
        Muhammed Mubayyid,
        By their attorneys,

/s/ Norman S. Zalkind
Norman S. Zalkind (BBO# 538880)
Elizabeth A. Lunt (BBO# 307700)
Malick W. Ghachem (BBO#661018)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Ave.
Boston, MA 02110
(Attorneys for Mr. Muntasser)

/s/ Michael Andrews
Michael Andrews
21 Custom House
Boston, MA 02110

Date: June 3, 2005

---

[1] For this reason, the only case cited in the Magistrate's Order is inapposite: <u>United States v. Dota</u>, 33 F.3d 1179 (9th Cir. 1994) (holding that ends of justice would best be served by granting a <u>continuance</u> where case was not "complex," but preparation of factual record was unusually complicated) (emphasis added).

Certificate of Service

      I hereby certify that I have served a copy of the foregoing document upon the following attorneys by electronic notice on this 3rd day of June, 2005:

B. Stephanie Siegmann
Assistant U.S. Attorney

Michael D. Ricciuti
Assistant U.S. Attorney

Michael Andrews
Attorney for Muhamed Mubayyid

      /s/ Norman S. Zalkind
      Norman S. Zalkind