UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>v.  )<br>)<br>MUHAMED MUBAYYID, and )<br>EMADEDDIN MUNTASSER, )<br>)<br>Defendants. ) | Crim. No. 05-40026-FDS |

**GOVERNMENT'S MEMORANDUM AND RESPONSE TO DEFENDANTS' JOINT APPEAL OF MAGISTRATE SWARTWOOD'S MAY 26, 2005 ORDER ALLOWING THE GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION**

The United States, by and through Michael J. Sullivan, and Aloke S. Chakravarty and B. Stephanie Siegmann, Assistant United States Attorneys for the District of Massachusetts, hereby responds to the Defendants' Joint Appeal of the Court's (Swartwood, Ch.M.J.) May 26, 2005 Order (hereinafter the "May 26th Order") Allowing the Government's Motion for Complex Case Designation (dated June 3, 2005, hereinafter "Defendants' Objection"). The Government respectfully requests that Defendants' Objection be DENIED, and that the May 26th Order remain intact and undisturbed.

**I.   The May 26th Order Should Remain Undisturbed unless Contrary to Law or Clearly Erroneous**

A.   Standard of Review

The standard of review of a pre-trial order by a United States Magistrate Judge is whether the order was clearly erroneous or contrary to law. 28 U.S.C. §636(b)(1)(A)[1]. *See United States*

---

[1] The Magistrate Judge Jurisdictional statute provides, in relevant part:
"(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[] .... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

*v. Santiago-Berrecil,* 130 F.3d 11, 15 (1st. Cir. 1997)(enunciating "clear error" standard for review of factual findings, and *de novo* review for legal rulings pertaining to Speedy Trial Act issues)**;** Rule 2 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts (hereinafter "Local Magistrates Rules"). In relevant part, the Local Magistrates Rules provides as follows:

> (a) A magistrate judge may hear and determine any pretrial motion or other pretrial matter in accordance with 28 U.S.C. §636(b)(1)(A) ...
> (b) ... The district judge to whom the case is assigned will consider such objections and will modify or set aside any portion of the magistrate judge's order determined to be clearly erroneous or contrary to law.
> (c) The ruling or order of a magistrate judge in a matter that is heard and determined under subsection (a) hereof is the ruling of the Court and is final unless reveresed, vacated or modified by a district judge as provided in ... subsection (b) hereof...Any party desiring a stay of a magistrate judge's ruling or order, or any part thereof, pending ruling on objections filed under subsection (b) hereof, must first apply therefor to the magistrate judge from whose ruling the objection is taken..."

Local Magistrates Rule 2.

Consequently, when a U.S. Magistrate Judge has been referred a case, the matters properly within the judge's discretion may only be modified or set aside by the District Judge if the factual or legal basis are determined to be clearly erroneous or contrary to law, or if the judge did consider the proper factors, if he abused his discretion. *Id. See United States v. Kelley,* 402 F.3d 39, 41 (1st Cir. 2005)("...[U]nder the Speedy Trial Act,18 U.S.C. §3161-3174, we review the trial court's rulings of law *de novo*, its factual findings for clear error, *United States v. Ramirez*, 973 F.2d 36, 38 (1st Cir. 1992), and its ultimate ruling for abuse of discretion, *United States v. Trueber*, 238 F.3d 79, 87 (1st Cir. 2001).")

Defendants' Objection was filed pursuant to Local Magistrate's Rule 2 and is properly considered an objection to the May 26th order pursuant to Local Magistrate's Rule 2(b). Specifically, Defendants' Objection contends that the May 26th Order was clearly erroneous. *See* Defendants' Objection at 1.

The Speedy Trial Act permits a period of delay to be excused if "the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(8)(A). Subsection (h)(8)(B) of the Speedy Trial Act further provides:

> The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> ...(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. §3161(h)(8)(B)(ii)

Consequently, paragraph (h)(8)(A) of the Speedy Trial Act permits excludable delay upon a finding that a continuance serves the "ends of justice", and paragraph (h)(8)(B) lists some of the factors, among others, which *shall be considered* before arriving at the conclusion permitted in the section (A).[2] (emphasis added)  Findings supporting an "ends-of-justice"

---

[2]The Speedy Trial Act's requirement that district courts set forth their reasons for granting an "ends of justice" continuance serves two purposes. *United States v. Jean*, 25 F.3d 588, 594 (7th. Cir. 1994). First, Congress wanted to ensure that a district judge would give careful consideration when balancing the need for delay against "the interest of the defendant and of society in achieving speedy trial." S.Rep. No. 1021, 93d Cong., 2d Sess. 39 (1974). Second, the requirement provides a record so that an appellate court may review the decision. *United States v. Brooks,* 697 F.2d 517, 520 (3d Cir. 1982), *cert. denied,* 460 U.S. 1073 (1983).

exclusion of time must appear in the record and be "supported by the record" with reference to factors set forth in 18 U.S.C. §3161(h)(8)(A) & (B). *United States v. Dota*, 33 F.3d 1179, 1182 (9th Cir. 1994). Judge Swartwood found that a continuance did satisfy the criteria of paragraph (h)(8)(A), and further specified that the ends of justice were served as a result of the case being designated complex pursuant to 18 U.S.C. §3161(h)(8)(B)(ii). *See* May 26th Order at 4.

The Speedy Trial Act does not require a judge "to cite ... sections [of the Act] or to track the statutory language in a lengthy legal opinion." *United States v. Wiehoff,* 748 F.2d 1158, 1160 (7th Cir.1984). "When facts have been presented to the court and the court has acted on them, it is not necessary to articulate those same facts in a continuance order." *Id.* (*citing United States v. Guerrero,* 667 F.2d 862, 866-67 (10th Cir.1981), *cert. denied,* 456 U.S. 964 (1982)). Instead, the court's findings need only be "sufficiently specific to justify a continuance, and comport with the purpose of the Act." *Jean*, 25 F.3d at 594 (*citing Wiehoff,* 748 F.2d at 1160).

In this case, the May 26th Order is sufficiently specific to justify a continuance, and comports with the purposes of the Speedy Trial Act by being carefully considered, and serves to lay an adequate record. The review of this order should be limited to whether it was clearly erroneous, as the legal basis for issuance of such an order is expressly a factor within the Speedy Trial Act. *See United States v. Taylor,* 487 U.S. 326, 337 (1988)("[W]hen the statutory factors are properly considered, and supporting factual findings are not clearly in error, the district court's judgment of how opposing considerations balance should not lightly be disturbed.")

  B.  Chief Magistrate Judge Swartwood's Findings were not Clearly Erroneous or Contrary to Law

Judge Swartwood's May 26, 2005 order squares with 18 U.S.C. §3161(h)(8)(A) and

(B)(ii).  As described below, the Court had abundant factual information from which to make findings for the May 26th order.  The Court's findings were grounded in that factual basis, they made reference to that material, and contained additional observations which were within the experience and discretion of the Court.  The Court concluded that the ends of justice were served by the granting of the Government's motion, and included a description of why the "ends of justice *and* the best interest of the defendants" would be served by designating this as a complex case under 18 U.S.C. §3161(h)(8)(B)(ii).  *See* May 26th Order, at 3-4 (emphasis added).  By making such findings, and documenting them for the record of the case, Judge Swartwood satisfied the requirements of 18 U.S.C. §3161(h)(8)(A) and (B)(ii).  Consequently, the May 26th Order was neither clearly erroneous, nor contrary to law.

Specifically, Judge Swartwood made findings which were reasonable considering the atypical issues which exist in this case.  Judge Swartwood was well-equipped to make such findings, and could draw upon the Government's representations to the Court, the pleadings already filed in this matter including a complaint affidavit and a speaking indictment, and most significantly, his own experience with dealing with some of these issues during the course of a prosecution.  Judge Swartwood appropriately acknowledged the nature of the prosecution and his May 26th order comfortably satisfies the statutory criteria in order for a Court to consider a case complex for Speedy Trial purposes.  Moreover, 18 U.S.C. §3161(h)(8)(B) indicates that the complexity of a case is merely one of many factors for which an "ends of justice" continuance can be sought under 18 U.S.C. §3161(h)(8)(A).  For the reasons stated, the complexity of the proceedings in the case is an appropriate situation for designating such a period of excludable delay, and the Court was justified in applying the express provision of the Speedy Trial Act

which addresses it. 18 U.S.C. §3161(h)(8)(B)(ii).

### C. No Unfair Prejudice to Defendants

At this stage, the purpose and function of the defendants' current posture is unclear, as they are seeking a remedy without a malady. The defendants have neither alleged nor demonstrated some significant disadvantage arising from the May 26th Order.[3] Nor have the defendants moved to stay that order.[4] In addition to the stated reasons for finding an "ends-of-justice" continuance, several bases for excludable delay, aside from the complex case designation, apply to the case. Defendants' recent assented-to motion for a continuance of status conference and discovery dates, further corroborates both the reasonableness of the May 26th order, and the lack of prejudice to their positions. *See* Defendants' Motion for Continuance dated June 13, 2005. The Government shares the defendants' concerns for fair and efficient scheduling, and appreciates that the complicated issues which are necessarily tied to this matter will likely require future continuances for the benefit of all the parties. Rather than prejudicing the defendants, the complex case designation in this case functions to serve the best interests of the defendants by providing an opportunity for the Government to diligently provide

---

[3] Although yet to ripen in this relatively nascent case, the Government notes the standard of review when retrospectively considering the legitimacy of excluded delay. *See United States v. Scott*, 784 F.2d 787, 789 (7th Cir. 1986), *cert. denied*, 476 U.S. 1145 (1986)("Absent legal error, exclusions of time cannot be reversed except when there is an abuse of discretion by the court and a showing of actual prejudice.")

[4] The filing of objections under section 2(b) of the Magistrate's Local Rules does not operate as a stay of a magistrate judge's ruling or order unless so ordered by the magistrate judge or a district judge, and then only to the extent specifically ordered by the magistrate judge or district judge. A party desiring a stay pending a ruling on objections filed under section 2(b) must first apply therefor to the magistrate judge from whose ruling the objection is taken. *See* Magistrate's Local Rule 2(c).

discoverable materials and will allow defendants to adequately prepare for trial.

  II.  **The nature of the prosecution and the novel questions of fact and law in this matter render this case so unusual or complex to warrant an ends of justice continuance pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(ii)**

  A.  Legal Standard

A complex case designation is a product of the plain language of 18 U.S.C. §3161(h)(8)(B)(ii). The determination of what constitutes an unusual or complex case for purposes of 18 U.S.C. §3161(h)(8)(B)(ii), is clearly within the discretion of the judge in the district court. *See United States v. Taylor,* 487 U.S. at 337; *United States v. Rojas-Contreras*, 474 U.S. 231 (1985); *United States v. Risolvato,* 738 F.2d 497 (1st Cir. 1984); *United States v. Ramirez*, 973 F.2d at 38; *see also United States v. Astra Motor Cars*, 352 F.Supp.2d 367 (E.D.N.Y. 2005). The statutory standard refers to "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" to determine whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" 18 U.S.C. §3161(h)(8)(B)(ii). A complex case designation does not provide *carte blanche* for open ended declarations of excludable delay, rather provides a separate and objective basis for an "ends of justice" continuance and excludable delay in appropriate cases. *Compare United States v. Marin,* 7 F.3d 679, 683 (7th *Cir. 1993)*(approving exclusion of delay as a complex case after District court considered *ex parte* and *in camera* materials which were being presented to a grand jury in an ongoing investigation), *with United States v. Clymer*, 25 F.3d 824, 828-829 (9th Cir. 1994)(finding one period of time to be excludable delay because requisite finding of "complex case" designation had been made, but denying two additional periods, one because it was open-ended, and the other because the factual

findings were issued post-trial.)

The nature of a prosecution is necessarily a strong determinate for whether it is reasonable to comply with pre-established minimal timing of the Speedy Trial Act. *Consider Barker v. Wingo*, 407 U.S. 514 (1972)(*citing Beavers v. Haubert*, 198 U.S. 77 (1905)("The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.")); *but see also United States v. Theron*, 782 F.2d 1510, 1513 (10th Cir. 1986)(requiring balancing of rights of society and defendant against "ends of justice" after a finding of complexity). Cases which discuss complex or unusual case designation reach common conclusions: what constitutes the complex nature of a prosecution, or whether there are expected to be novel issues of law or fact is not limited by number or type of charges in the indictment, but rather, are based on the relative experiences of the respective parties with the issues of fact, law and procedure anticipated during the course of the prosecution. *See e.g. United States v. Huff*, 246 F.Supp.2d 721 (D. Ky. 2003)(one defendant fraud case.) The experiences of the Court and counsel provide a starting point for this analysis.

Few reported cases have squarely addressed the issues presented. However, several cases illuminate how other districts have dealt with analogous issues in determining complex case designations. The analysis of complicating factors includes replete reference to the encumbering and unusual procedures when a case involves national security information. In some instances, one fact in the context of the case, such as volume of discovery was sufficient to label a case as complex, while in others, a combination of factors, merited the designation. *Compare United States v. Kaufman*, 354 F.Supp.2d 1201 (D.Kan. 2005)(citing to voluminous discovery as basis

for complexity) *with United States v. Jassem*, 1994 WL 45313 (E.D.N.Y. 1994)(finding combination of terrorism-related, multinational jurisdictional matters and classified information led to complex case designation).

The implication of classified and declassified information, and the use of information obtained pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §1800 *et seq.* ("FISA") in a prosecution is one such complicating, and relatively unusual factor in a prosecution. In *United States v. Al-Arian, et. al.*, 267 F.Supp.2d 1258 (U.S.D.C. Fl. 2003), currently on trial in the Middle District of Florida, three of four co-defendants, with the concurrence of the government, moved for a continuance of the trial date for approximately 18 months on the basis that the case was complex. The fourth defendant, Mr. Al-Arian, agreed that the case was complex, involved novel questions of law or fact in a relatively new area, but objected that his "rights" would be violated. *Id* at 1264. In that case, the district court found the case to be complex, pointing to multiple defendants, a relatively new area of law (terrorism), and the novel questions of fact and law expected to be faced throughout the case. *Id.* at 1264-1265. The discovery in that case was voluminous, involving thousands of hours of telephone recordings, most of which were in the Arabic language, and were intercepted pursuant to electronic surveillance conducted pursuant to FISA. *Id.* at 1258-1265. That court also contemplated the likelihood of obtaining security clearances for counsel and for interpreters hired by counsel, as well as the fact that hundreds of videotapes, dozens of computer hard drives, and hundreds of boxes of documentary evidence, many from foreign countries, would have to be reviewed. *Id.* at 1264-1265.

In *United States v. Moussaoui*, 2001 WL 1887910 (E.D.Va. 2001), a case cited by the

court in *Al-Arian* (described above), the Eastern District of Virginia also concluded that the case was complex pursuant to 18 U.S.C. §3161(h)(8)(B)(ii), after a joint motion was filed by the parties. Among the complicating factors in that case, which is related to the investigation of the September 11, 2001 terrorist attacks, were the international scope of the evidence, the potential for the death penalty and the likelihood that the case involved sensitive classified information. *Id.*

In a recent two-defendant case devoid of national security information, the District of Kansas designated a case as complex pursuant to Section 3161(h)(8)(B)(ii), upon an assented-to motion by the Government. *United States v. Kaufman*, 354 F.Supp.2d 1201 (D. Kan. 2005). In that case, the Government described that discovery would include scores of documentary and video and audio-taped materials as well as information seized from computers and other equipment. *Id. at 8.* The court found that the designation would permit the defendants and their counsel the reasonable time necessary for effective preparation of a defense, primarily in order to review the voluminous discovery. *Id.* In short, whether a case is considered unusual or complex is non-formulaic and within the sound discretion of the trial court.

      B.        Several Factors Lead to the Conclusion that this Case is Unusual or Complex

Although this Court need not re-examine the underlying factual basis from which Judge Swartwood could draw the conclusion that the case was unusual or complex, some of these factors are addressed below. Based on the representations of counsel, the indictment (Docket Entry 5), the complaint affidavit (M.J. No. 05-1657-CBS), and two criminal search warrants (M.J. No. 03-1028-MGD and 03-1029-MGD) (issued by Dein, M.J.), Judge Swartwood had

access to and referred to ample factual support with which to frame his consideration of the complex case designation. These sources provide a detailed factual basis for the nature of this prosecution, and foreshadow some of the issues anticipated to arise during this phase of the prosecution.

To put it simply, this case is complicated. The number of charges and defendants aside, the nature of a prosecution is more than the quotient of its counts. Several issues play into the consideration of whether a case is so unusual or complex such that 18 U.S.C. §3161(h)(8)(B)(ii) becomes an applicable factor for the exclusion of time. Every tax fraud conspiracy is not created equal, especially, as here, the evidence involved is voluminous, temporally spans 10 years, geographically reaches into several countries, implicates classified information or requires declassification of information, potentially involves additional districts and unindicted co-conspirators, requires review of computer forensic information, requires translation from foreign language(s), involves extensive photocopying and duplication of media, and other factors. The instant litigation surrounding this complex case designation itself is a novelty in this parlance. The principle that one size does not necessarily fit all is incorporated into the Speedy Trial Act, by expressly carving out unusual or complex cases for excludable delay when the ends of justice outweigh the best interests of the public and a defendant to a speedy trial. 18 U.S.C. §3161(h)(8)(B)(ii). This is such a case.

Judge Swartwood acknowledged a variety of the factors contributing to the complexity of the case, including the factual basis for the offenses, the application of the law to those facts, novel issues which may arise, and the nature and volume of the discovery, including classified and declassified materials. *Se*e May 26th Order at 4. The Government agrees with these factors,

and has offered several reasons which although not exhaustive, are already apparent at this stage in the prosecution, and demonstrate why this case is unusual and complex.

i) The factual basis and legal theory of the charges themselves. While the indictment includes charges which are familiar to the Court and counsel, the manner and means by which the offenses are alleged to have been committed are more sophisticated and complicated. The indictment alleges that the defendants engaged in a scheme to conceal material information, and conspiring with themselves and other unindicted co-conspirators to defraud the government over a ten-year period of time.

ii) Discovery entails making historical documents as well as declassified information available for the defendants to meaningfully review. To further complicate this process, the case involves the link between and among corporate entities and individuals, such that the examination of these documents is not a simple vetting process and requires a contextual understanding of the materials. Some materials, such as declassified information, must also be handled with sensitive precautions and subject to protective order. Additionally, the government has obtained, and expects to obtain, evidence from other districts, to determine what is germane to discovery. The coordination with other agencies itself takes considerable time and resources, even when diligent and well-intentioned.

iii) Two separate searches of the records of Care International, Inc. were conducted, another in 2003. Thousands of pages of documents and other materials, including videotapes, audiotapes and computer discs, filling several bankers boxes, were obtained during these searches, which the government expects to make available to the defendants' counsel during discovery. Many of the documents and videotapes are in foreign language(s), thereby presenting

additional challenges for the life of the case. Legal and logistical issues surrounding the provision and handling of these materials to counsel are also anticipated.

      iv) The government anticipates discovery in this case may implicate classified information, which must be handled pursuant to the separate procedures and protocol of the Classified Information Procedures Act ("CIPA"). *See United States v. Pringle*, 751 F.2d 419, 425 (1st Cir. 1984)(discussing exclusion of delay for litigation pursuant to CIPA). As Judge Swartwood cited, declassification of materials and obtaining security clearances for counsel each take a considerable amount of time and energy, and are not within the control of the prosecution team. *See e.g. United States v. Ntube,* 1996 U.S. Dist. LEXIS 20617, *20 (D.D.C.1996)("When requests for more time were made by defense counsel they usually had not even been cleared for security, and they were then unable to envision the complexity of the thousands of documents they would be given to examine.")*; United States v. Noriega*, 746 F.Supp. 1548, 1559 (S.D.Fla. 1990)(considering similar factors when designating case complex for purposes of Section 3161(h)(8)(B)(ii).) Accordingly, the government has already commenced the process for obtaining security clearances for counsel for the defendants.

**III.** **Conclusion**

WHEREFORE, for the reasons described herein, the United States respectfully requests that Defendants' Objection be DENIED, and the May 26th Order remain in effect.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Aloke Chakravarty
ALOKE CHAKRAVARTY
B. STEPHANIE SIEGMANN
Assistant U.S. Attorneys

Dated: June 17, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing response was served upon the following attorneys by electronic notice on this 17th day of June, 2005:

Norman Zalkind, Esq.
Attorney for Emadeddin Muntasser

Michael Andrews, Esq.
Attorney for Muhamed Mubayyid

 /s/ Aloke Chakravarty
ALOKE CHAKRAVARTY
Assistant U.S. Attorney
