# Zalkind, Rodriguez, Lunt & Duncan LLP

ATTORNEYS AT LAW

65a Atlantic Avenue, Boston, Massachusetts 02110

TELEPHONE (617) 742-6020

FAX (617) 742-3269

www.zrld.com

Norman S. Zalkind
Elizabeth A. Lunt
David Duncan
also member of PA Bar
Inga S. Bernstein
William B. VanLonkhuyzen
also member of CA Bar

Monica Pastorok
also member of NY and CA Bars
Malick W. Ghachem

Of Counsel:
Barbara Equen Rodriguez

November 11, 2005

AUSA Stephanie Siegmann
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

**BY U.S. MAIL AND FAX TO: 617-748-3974**

Re: U.S. v. Emadeddin Muntasser, No. 05-40026

Dear Ms. Siegmann,

  We write to follow up on our letter of October 28, 2005 with the below supplemental requests for discovery material. The numbering of these supplemental requests is continuous with that of our October 28, 2005 letter. As used in this supplementary letter, the term "government" includes all branches of the Justice Department, including the Bureau of Prisons, the Department of Homeland Security, as well as all state, local, and federal police, investigative, and prosecutorial agencies involved in any way in the investigation and prosecution of the crimes charged in the indictment. See Kyles v. Whitley, 514 U.S. 419, 437 (1995)( "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Osorio, 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government").

48. Paragraph 7 of the indictment states that an organization applying for tax-exempt status under the Internal Revenue Code must demonstrate that it is organized and operated "exclusively for charitable exempt purposes, and any non-exempt purpose must be incidental and not substantial to its operation." Please specify:

(a) which specific acts alleged to have been committed by Mr. Muntasser the Government regards as acts undertaken for "charitable exempt purposes";

(b) which specific acts alleged to have been committed by Mr. Muntasser the Government regards as acts undertaken for "non-exempt purpose[s]";

(c) which of the specific acts described in (b) above the Government regards as "incidental and not substantial to [the] operation" of Care International;

(d) which of the specific acts described in (b) above the Government regards as "substantial" and not "incidental" to the operation of Care International;

(e) which specific acts alleged to have been committed by Mr. Mubayyid the Government regards as acts undertaken for "charitable exempt purposes";

(f) which specific acts alleged to have been committed by Mr. Mubayyid the Government regards as acts undertaken for "non-exempt purpose[s]";

(g) which of the specific acts described in (f) above the Government regards as "incidental and not substantial to [the] operation" of Care International;

(h) which of the specific acts described in (f) above the Government regards as "substantial" and not "incidental" to the operation of Care International;

(i) which specific acts alleged to have been committed by Care International (other than those specific acts alleged to have been committed by either Mr. Muntasser or Mr. Mubayyid) the Government regards as acts undertaken for "charitable exempt purposes";

(j) which specific acts alleged to have been committed by Care International (other than those specific acts alleged to have been committed by either Mr. Muntasser or Mr. Mubayyid) the Government regards as acts that were undertaken for "non-exempt purpose[s]";

(k) which of the specific acts described in (j) above the Government regards as acts that were "incidental and not substantial to [the] operation" of Care International;

(l) which of the specific acts described in (j) above the Government regards as acts that were "substantial" and not "incidental" to the operation of Care International.

49. Please provide any and all materials relating to or resulting from the Government's electronic or physical surveillance of or contacts with the Al-Kifah Refugee Center in Brooklyn, New York between 1987 and the present.

50. Please provide any and all materials relating to or resulting from the Government's electronic or physical surveillance of or contacts with Afghan Refugee Services in Brooklyn, New York during 1987 and 1988.

51. Please provide any and all materials relating to or resulting from the Government's electronic or physical surveillance of or contacts with Care International between 1993 and the present.

52. Please provide any and all materials relating to or resulting from the Government's physical surveillance (at any time) of Mr. Muntasser, Mr. Mubayyid, or any of the unindicted co-conspirators in this case.

For each of these supplemental discovery requests with which you intend to comply, please indicate the date by which you will furnish the requested discovery, in accordance with Local Rule 116.3(A). If you do not agree to provide the information or materials specified in a particular request, please provide a written statement of the basis for your position, in accordance with Local Rule 116.3(C).

Sincerely,

/s/ Michael C. Andrews
Michael C. Andrews

Malick W. Ghachem