UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>v. )<br>)<br>MUHAMED MUBAYYID, and )<br>EMADEDDIN MUNTASSER, )<br>)<br>Defendants. )<br>_____) | Crim. No. 05-40026-FDS |

### GOVERNMENT'S MOTION FOR PROPOSED SCHEDULING ORDER FOR FISA-RELATED LITIGATION

The United States, by and through Michael J. Sullivan, United States Attorney, and Aloke S. Chakravarty and B. Stephanie Siegmann, Assistant United States Attorneys, for the District of Massachusetts, respectfully submits its Motion For A Proposed Scheduling Order For FISA-Related Litigation, requesting that any such litigation be held in abeyance until the conclusion of non-FISA related matters, and states as follows:

During the course of discovery production thus far, the Government has provided over 17,000 pages of unclassified and declassified documents and other materials, to the defense. Additionally, the Government has provided the defense with copies of over 40 videocassettes, 10 audiocassettes, over 100 computer diskettes, 4 computer hard drives, and has produced materials which exceed its obligatory production at this stage, including hundreds of pages of additional discovery, including reports of interviews, grand jury transcripts and other *Jencks*-type materials. At the same time, the Government continues to discharge its ongoing discovery obligations, as well as its duties to confer and respond to defense requests for additional discovery. The defense

has, thus far, made 52 requests for discovery in their letters, including detailed sub-paragraphs of requests.

Evidentiary use of the fruits of collection activities conducted pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA), as amended, is permitted in criminal proceedings in federal courts provided that proper notice is given to an "aggrieved person" against whom such information will be used. *See* 50 U.S.C. §§ 1801-1821, 1821-1829, 1841-1846. Upon receiving notice, the aggrieved person may then seek the disclosure of the FISA applications or orders, or move to suppress the fruits of the FISA collection.

On August 1, 2005, the United States provided written notice to the Court and the defendants that the "United States intends to enter into evidence, or otherwise use or disclose at pre-trial hearings, trial, and at other proceedings in this case, information obtained and derived from investigative techniques conducted pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA), as amended." As noted above, the defense has made numerous requests for discovery in the instant case. Among the requests by the defense are requests for the disclosure of the applications submitted to, and the orders issued by, the Foreign Intelligence Surveillance Court (FISC), and related materials (hereafter "FISA materials").

Pursuant to FISA, "if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States," then the district court "shall, notwithstanding any other law ... review *in camera* and *ex parte* the application, order, and such other materials relating to the [collection] as may be necessary to determine whether the [collection from] the aggrieved person was lawfully authorized and conducted." *E.g*.

50 U.S.C. §§ 1806, 1825, 1845. FISA's Congressionally-mandated procedures therefore govern the circumstances under which the disclosure of FISA materials may take place.

FISA provides that a district court may order disclosure of FISA materials or "portions" thereof under "appropriate security procedures and protective orders," when such disclosure is "necessary to make an accurate determination of the legality of the [FISA collection]." *Id.* Thus, upon the filing of such an affidavit or declaration by the Attorney General, the court may disclose certain information to the aggrieved person, under appropriate security procedures and protective orders, but "only where such disclosure is necessary " to make an accurate determination of the legality of the collection. *Id.*

Disclosure under FISA, however, is the "exception" and occurs "*only* when necessary." *United States v. Belfield*, 692 F.2d 141,147 (D.C. Cir. 1982)(emphasis in original). In the event the defendant moves this Court for disclosure of the FISA materials, and the Attorney General files a Declaration and Claim of Privilege (which we anticipate would happen in the instant case), the Government respectfully submits that this Court will be quite capable of making an "accurate determination" as to the legality of the FISA collection at issue in the instant case without ordering the disclosure of the FISA materials. Indeed, every federal court that has been confronted with this issue has reached the same conclusion after examining the FISA materials that were submitted *in camera* and *ex parte* pursuant to FISA. *E.g., United States v. Johnson*, 952 F.2d 565, 571-72 (1st Cir. 1991).

The underlying rationale for nondisclosure of the kind of information contained in FISA materials is clear. As the Supreme Court has aptly pointed out, "[t]he Government has a

3

compelling interest in protecting both the secrecy of information important to our national security and the *appearance of confidentiality* so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 417 U.S. 159, 175-176 (1985)(emphasis supplied). Stated another way, "[i]n the sensitive area of foreign intelligence gathering, the need for extreme caution and sometimes even secrecy may not be overemphasized." *United States* v. *Ott*, 637 F. Supp. 62, 65 (E.D. Cal. 1986), *aff'd*, 827 F.2d 473 (9th Cir. 1987).

     As a result, if, notwithstanding the applicable law, the defendants move for the disclosure of the FISA materials, such a motion would trigger a substantial additional commitment of resources by the Government to litigate fully the legality of the collection at issue in the instant case, at the same time that counsel for the United States is trying to respond to all of the other defense discovery requests in order to comply with the Government's discovery obligations. Among other things, responding to a defense motion for the disclosure of FISA materials will require supporting declarations by high ranking Government officials, and a full briefing by the Government with respect to all of the issues relevant to the legality of the FISA collection at issue. A motion will also have to be made to the FISC to obtain certified copies of the FISA materials. While the United States has no objection to responding to a defense motion for disclosure of FISA materials, such FISA-related litigation should be conducted in an orderly fashion before the district court as required by FISA, taking into consideration all of the statutory requirements.

     Accordingly, in the interest of complying with the Congressionally-mandated FISA procedures, judicial economy and the orderly consideration of issues, and in consideration of all

of the other obligations of the Government to respond to the defense discovery requests, the United States moves this Court to enter or incorporate the proposed scheduling order so that any contemplated FISA-related litigation including the discovery of FISA materials and/or the suppression of the fruits of FISA collection, occurs after the resolution of remaining non-dispositive issues, including the balance of discovery, and at such time as the United States and the defendants will reasonably have an opportunity to propose a scheduling order with respect to substantive and FISA-related litigation.

WHEREFORE, based upon the foregoing and for good cause shown, the Government respectfully moves the Court to grant its Motion for Proposed Scheduling Order of FISA-Related Litigation, and endorse or incorporate the accompanying proposed Order.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Aloke S. Chakravarty
ALOKE S. CHAKRAVARTY
B. STEPHANIE SIEGMANN
Assistant United States Attorneys
District of Massachusetts

Dated: November 18, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES** )<br>)<br>)<br>v.                                                                        )<br>)<br>**MUHAMED MUBAYYID, and**                       )<br>**EMADEDDIN MUNTASSER,**                         )<br>)<br>**Defendants.**                                      )<br>_____)  | **Crim. No. 05-40026-FDS** |

## ORDER

This matter comes before the Court upon the Government's Motion for Proposed Scheduling Order for Litigation Related to the Foreign Intelligence Surveillance Act of 1978, as amended ("FISA"). As reasons therefor, the Government has provided notice of its intent to use FISA-derived materials in this case. The Court finds that in the interests of complying with the Congressionally-mandated FISA procedures, judicial economy and the orderly consideration of issues, and in consideration of all of the other aspects of this complex case, a scheduling order is appropriate, so that any contemplated FISA-related litigation, including the discovery of FISA materials and/or the suppression of the fruits of FISA collection, occurs after the resolution of remaining non-dispositive issues, including the balance of discovery, and at such time as the United States and the defendants will reasonably have an opportunity to propose a scheduling order with respect to substantive and FISA-related litigation.

IT IS HEREBY ORDERED:

1. The Court finds that this case involves information obtained pursuant to FISA.

2. FISA's Congressionally-mandated procedures govern the circumstances under which the disclosure of FISA materials may take place.

- 2 -

3. The purpose of this Order is to provide a scheduling framework to permit the orderly consideration of issues in this matter.

4. No litigation of issues related to FISA, including, but not limited to discovery or suppression matters, shall occur until such time as the Court so orders.

5. This Order is subject to modification by superseding Orders of the Court.

ORDERED this _____ day of November 2005, in the District of Massachusetts.

_____
HON. CHARLES B. SWARTWOOD, III
CHIEF UNITED STATES MAGISTRATE JUDGE