UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 05-40026-FDS |
| ) | |
| MUHAMED MUBAYYID, and ) | |
| EMADEDDIN MUNTASSER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## GOVERNMENT'S REPORT ON THE STATUS OF DISCOVERY

The United States, by and through Michael J. Sullivan, United States Attorney, and Aloke S. Chakravarty and B. Stephanie Siegmann, Assistant United States Attorneys, for the District of Massachusetts, hereby reports on the status of the discovery process at the direction of the Court and for the benefit of Court and counsel. As previously reported to the Court, the undersigned have vigorously conducted reviews to determine what materials may be discoverable vis-a-vis this case, including extensive review of materials maintained outside of this district and classified materials. The Government has also sought declassification and authority from the Attorney General to use certain materials, a time-consuming process in and of itself. Since our last status conference, numerous materials have been declassified and are now authorized for limited use in these proceedings.

In addition to canvassing for discoverable information, the Government is also attempting to render the discoverable information in a form which can easily be produced to and accessed by the defense. Along these lines, it is the Government's intention to present only declassified or unclassified evidence at trial. Although significant progress has been made, and the reasonable locations of potentially discoverable materials have been reviewed, additional

time will be required by the Government in order to comply with its discovery obligations at this stage because of the logistical and technological challenges associated with producing these materials.

This report is divided into two sections. The first section outlines the materials provided to the defense, or which will be provided to the defense, which have never been classified and are not related to the Foreign Intelligence Surveillance Act of 1978 ("FISA"), as amended, so-called "regular discovery."  The second section lists the materials which the Government has provided and which it intends to provide, regarding once-classified information and information obtained pursuant to FISA.  To the extent that it is necessary, this section also includes notice of information which it does not intend to provide to the defense.  This report is intended to be a full report on the status of discovery, but does not otherwise alter the timing of non-automatic pre-trial discovery obligations pursuant to the Local or Federal Rules, (i.e., Local Rule 116.2(B)(2), Fed. R. Crim. P. 16(a)(2), (3), 26.2).

I.    REGULAR DISCOVERY

A.  Materials already produced:  Since August 1, 2005, the Government has made available over 18,000 pages of unclassified and declassified documents and other materials to the defense.  The Government is producing additional discoverable materials as it becomes available for production.  Additionally, the Government has provided the defense with copies of over 40 videocassettes, 10 audiocassettes, over 100 computer diskettes, 4 computer hard drives, and has produced materials which exceed its obligatory production at this stage, including hundreds of pages of additional discovery, including reports of interviews, preliminary translations, certain Grand Jury transcripts and other *Jencks*-type materials.

B.  Materials intended to be produced: In addition to the materials already provided, the Government is in the process of producing to the defense by the end of January 2006, over 1700 additional pages of discovery, to include the following: the un-redacted criminal search warrant affidavit for the search of the Care International storage unit; photocopies of materials provided to the Federal Bureau of Investigation ("FBI") by some individuals interviewed by the FBI during the course of this investigation, photocopies of financial records in the care and custody of the Government which have recently been located; materials previously referenced as having been obtained from Care International's accountant; and additional preliminary translations of documents which were obtained during the criminal search warrant execution.  These translations, along with duplicate copies of some of the underlying documents, are provided pursuant to the November 22, 2005 stipulation between the parties referenced below.

C. Materials not intended to be produced: There are no categories of mandatory "regular discovery" information which the Government does not intend to produce to the defense.

During the course of the discovery process, the Government has produced certain materials early, such as some *Jencks*-type materials, has responded to numerous requests for additional discovery, and has repeatedly coordinated making materials available for convenient review in addition to time-consuming administrative tasks such as photocopying, re-labeling and scanning materials for the convenience of counsel.  In addition to producing materials, the Government has spent thousands of hours scouring files to determine whether additional discoverable materials exist.

II.     FISA-RELATED DISCOVERY

A. Materials already produced:  In addition to the "regular discovery" described above,

on August 1, 2005, the Government also assembled and produced certain information obtained pursuant to FISA, after it was declassified by the FBI and authorized for use pursuant to FISA. This information, amounting to 668 pages of documents and a computer hard drive, was the product of a search of a storage unit of Care International conducted pursuant to the physical search provisions of FISA. In addition to the materials obtained during this search, the Government has provided, subject to a stipulation dated November 22, 2005, preliminary translations of documents obtained during that search.

      B. Materials intended to be produced: In addition to the FISA-derived material already provided, the Government has recently obtained limited authority to use and produce certain additional declassified materials in these criminal proceedings. In particular, the Government intends to produce to the defendants the following materials as soon as practicable:

          1. Pursuant to the November 22, 2005 stipulation of the parties, preliminary translations of certain materials printed from the aforementioned computer hard drive mirrored from the Care International storage unit. Production of these printed materials should not be considered a limitation on which information from the hard-drive is discoverable or which will be used at trial, rather, is intended to further assist counsel in identifying the type of information which is contained on the hard-drive.

          2. Certain materials obtained through electronic surveillance authorized pursuant to FISA, during which the defendants and others were intercepted, and/or other materials which may be discoverable in this criminal case. These materials have recently been declassified and will be provided to the defense, as with the other discovery materials, pursuant to the existing protective order.

These materials include a few hundred intercepted communications obtained through Court-authorized electronic surveillance by the FBI.

There exist significant logistical impediments to assembling this information for convenient discovery production which the attorneys for the Government are working to overcome, including the dated nature and purpose of the information, the fact that all the information is not maintained in this District, and the technological hurdles involved in extraction of the relevant information. For each interception, the Government intends to produce a summary corresponding to the interception, followed at some later date, by the actual technical coverage of that interception. To the extent that the summaries of these conversations include translations, such translations will be provided subject to the stipulation by the defense dated November 22, 2005, that the defense agrees not to use the Government's preliminary transcripts in the cross-examination of any Government witnesses at trial or during the course of any hearing on any pretrial motion. Further, the stipulation indicates that the transcripts produced to date are not final and no representation has been made by the Government counsel or any Government agent that the transcripts are accurate in all respects.

    3. Certain discoverable materials obtained through a physical search authorized pursuant to FISA were obtained by the Government in addition to the aforementioned physical search. Specifically, these materials were found during the search of a computer not obtained from the Care International storage unit, and will be produced as a mirrored hard drive containing discoverable materials. Some of the data extracted from this hard drive will also be produced as several hard copy print-outs. Production of these printed materials should not be considered a limitation on which information from the hard-drive is discoverable or which will

be used at trial, rather, is intended to further assist counsel in identifying the type of information which is contained on the hard-drive.

   4. Copies of documents concerning the Care International public website in 1998 are also going to be produced to the defendants. This includes unclassified and declassified materials.

 C. Materials not intended to be produced: During the Government's search for information which may be discoverable, the Government became aware of additional materials for which it intends to seek an appropriate protective order. To the extent that these materials contain national security information or are otherwise not discoverable, the Government will follow the procedures of Section 4 of the Classified Information Procedures Act and Rule 16. The Government will submit an *in camera ex parte* pleading regarding these materials prior to January 31, 2006.

III. <u>Timing of Discovery Production</u>

 The Government is attempting to comply with its discovery obligations in the most forthright and timely manner possible given the complexity of this case. Considering the scope and volume of information involved in this case, both that which is being produced as well as that which must be reviewed to that end, and the limitation on resources, it is the Government's intention to provide summaries of the aforementioned discoverable materials to the defense by February 22, 2006. At this point, the Government anticipates that several additional weeks will likely be required to ensure that all the underlying electronic surveillance materials have been marshaled for efficient discovery.

 The Government requests that the additional time resulting from this process be excluded

from calculation for purposes of the Speedy Trial Act, on the basis of the complexity of the case and in the interests of justice. 18 U.S.C. §§ 3161(h)(8)(A) and (B)(ii).

IV.     FISA-Related Litigation

As the materials described herein include additional materials derived from authorities under FISA, the Government requests the Court to extend the scheduling order pertaining to FISA-related litigation to such time as is necessary to provide the above-mentioned FISA-derived materials to the defense. On or about February 22, 2006, by which time it will have provided summaries of the FISA-derived material to the defense, the Government anticipates being better able to estimate how much more time will be required to assemble the underlying communications. For the reasons previously stated in the Government's scheduling motion, and in order to provide the Defense a meaningful opportunity to review such materials, the Government requests an opportunity to focus on efficient production of materials prior to turning its attention to litigation of those materials, should the defense choose to so proceed.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> UNITED STATES ATTORNEY
>
> By:   /s/ Aloke S. Chakravarty
> ALOKE S. CHAKRAVARTY
> B. STEPHANIE SIEGMANN
> Assistant United States Attorneys

Dated: January 12, 2006