## Zalkind, Rodriguez, Lunt & Duncan LLP
ATTORNEYS AT LAW
65a Atlantic Avenue, Boston, Massachusetts 02110
TELEPHONE (617) 742-6020
FAX (617) 742-3269
www.zrld.com

Norman S. Zalkind
Elizabeth A. Lunt
David Duncan
also member of PA Bar
Inga S. Bernstein
William B. Van Lonkhuyzen
also member of CA Bar

Monica Pastorok
also member of NY and CA Bars
Malick W. Ghachem

Of Counsel:
Barbara Equen Rodriguez

May 16, 2006

AUSA Stephanie Siegmann
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Re: U.S. v. Muhamed Mubayyid and Emadeddin Z. Muntasser, No. 05-40026

Dear Ms. Siegmann,

Thank you for the discovery you have provided thus far. We write to request the following materials and clarifications per Local Rule 116.3(A) on behalf of Emadeddin Z. Muntasser and Muhamed Mubayyid. As used throughout this letter, the term "government" includes all branches of the Justice Department, including the Bureau of Prisons, the Department of Homeland Security, as well as all state, local, and federal police, investigative, and prosecutorial agencies involved in any way in the investigation and prosecution of the crimes charged in the indictment. See Kyles v. Whitley, 514 U.S. 419, 437 (1995)( "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Osorio, 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government").

1. In your November 18, 2005 response to Defendants' discovery letters of October 28 and November 11, 2005, you stated that the Government would continue to defer its response to our request for all written or recorded statements of Defendants within the government's possession, custody, or control in accordance with Fed. R. Crim. P. 16(b)(I). Please confirm that the Government is no longer deferring any part of its response to this category of discovery, and whether the government has produced all statements covered by the earlier deferral.

2. In your November 18, 2005 letter, you stated that the Government would continue to defer its response to our request for all materials relating to or resulting from electronic surveillance of the defendants, as required by Local Rule 116.1(C)(1)(c). Please confirm that the Government is no longer deferring any part of its response to this category of discovery and whether the government has produced all materials covered by the earlier deferral.

3. In your November 18, 2005 letter, you stated that the Government would continue to defer its response to our request for exculpatory evidence, which request covered not only the exculpatory materials the government is obligated to produce pursuant to Local Rule 116.2, but all exculpatory evidence as that term is discussed and defined in Kyles, supra, Brady v. Maryland, 373 U.S. 83, 87, (1963), Giglio v. United States, 405 U.S. 150 (1972); Osorio, supra; United States v. Bagley, 473 U.S. 667, 674-675 (1985), U.S. 419, 437 (1995) and United States v. Owens, 933 F. Supp 76. 87-88 (D. Mass. 1996). Please confirm that the Government is no longer deferring any part of its response to this category of discovery, including those materials required by Local Rule 116.2(B)(1), and whether all exculpatory evidence has been produced, and/or if certain exculpatory evidence continues to be withheld pursuant to L.R. 116.2(B)(2)

4. Please provide unredacted versions of the intercepted communication summaries and intercepted facsimile communications produced to Defendants on February 22, 2006 as Bates numbers CI ELSUR-00001 through CI ELSUR 00998.

5. Please provide copies of all intercepted communications within the Government's custody, possession, or control to which Emadeddin Z. Muntasser or Muhamed Mubayyid is a party that have not yet been provided to Defendants, and any summaries or transcripts thereof. This request includes, but is not limited to, the following:

   A. All interceptions of wire, oral or electronic surveillance made pursuant to a Foreign Intelligence Surveillance Act (FISA) warrant(s). While selected intercepts of the defendants' communications have been produced, Defendants request that all of their intercepted communications be produced.

   B. All interceptions of wire, oral, or electronic communications made with the consent of one of the parties to the communication in which either Defendant was intercepted, whether or not those communications are in the Government's view relevant to the charges contained in the indictment. See Government's August 1, 2005 Discovery Letter at 3, ¶4.D. If there are intercepted communications to which either Defendant is a party that have not yet been produced as discovery, their relevance to the charges contained in the indictment may have to be determined by the Court.

    C.    All interceptions of wire, oral, or electronic communications in the custody, possession or control of the government involving either Defendant pursuant to warrantless surveillance by any government agency, military branch, or persons acting at the behest of the United States government, including, but not limited to the National Security Agency, or by any foreign government. With respect to each such intercepted communication, please indicate whether the Government has obtained independent authority to classify any recordings, transcripts, or summaries issuing from the interceptions in question.

6. Please state whether any communications intercepted by the Government, and/or information derived therefrom, pursuant to warrantless surveillance were included or referenced in any of the government's applications for FISA warrants for the interception of the defendants' communications, or for FISA search warrants of premises.

7. Please state whether any communications intercepted by the Government pursuant to a FISA warrant(s) involved the use of a wiretap that was shared by a government agency (including but not limited to the National Security Agency) conducting warrantless surveillance of those same communications, and if so please identify all such communications.

8. Please provide copies of any evidence that the Government has included or referenced in its FISA warrant applications to allege that either Defendant served as the "agent of a foreign power" within the meaning of the FISA, 50 U.S.C. §1801(b)(1) and (2), or that Care International or the Al-Kifah Refugee Center served as a "foreign power" within the meaning of 50 U.S.C. §1801(a).

9. Please state whether any communications involving either Defendant have been intercepted by any Army or Air Force personnel, including but not limited to such agencies as: DoD Counterintelligence Field Activity, the Army Intelligence and Security Command, the Army Counterintelligence Center and/or the Air Force Office of Special Investigations. If any such communications exist, please identify them among the communications already provided to Defendants or provide the actual recordings of such communications.

10. As stated in the Government's Report on the Status of Discovery, of January 12, 2006, the government has produced to the defendants over 18,000 pages of unclassified and declassified documents and other materials. In addition the government has produced 40 video cassettes, over 100 computer diskettes, 4 computer hard drives, and additional discovery. Furthermore, the government has stated in Court that it has produced to the defense the entire contents of the storage unit(s) seized by the government. It is hereby requested that you identify which documents and other evidence the government intends to introduce in its case-in-chief. Production of the vast quantity of "discovery" in the fashion done to date, i.e., without any semblance of order or inclusion of indexes, is

vexatious and overly burdensome to the defense, and certainly fails to abide by the spirit, if not the letter, of Rule 16 and the Local Rules, by undermining the defendants' ability to be meaningfully apprised of, and review, the documentary and physical evidence the government intends to introduce in its case-in-chief.

11. Please state the date on which the Government obtained its earliest authorization to intercept communications involving Emadeddin Z. Muntasser or Muhamed Mubayyid, and the date of the earliest interception of the communications of each defendant.

12. Please provide the dates of all warrants authorizing the Government to intercept communications involving Emadeddin Z. Muntasser or Muhamed Mubayyid.

13. Please provide preliminary translations of all Arabic-language materials produced to Defendants thus far that have not been the subject of complete preliminary translations already produced. This request includes but is not limited to the actual recordings of intercepted communications involving either Defendant.

14. Please provide copies of all correspondence and other communications within the Government's custody, possession, or control between, on the one hand, Defendants and/or representatives or agents of Care International and, on the other hand, the Global Relief Foundation, the Benevolence International Foundation, and/or any other charitable organizations and/or their representatives or agents that have at any time been designated by the Treasury Department or Department of State as a foreign terrorist organization.

15. Please provide a copy of the file maintained by the Internal Revenue Service (IRS) of Care International, including but not limited to copies of all correspondence between the IRS and Defendants and/or representatives or agents of Care; the checklist, review sheet, and/or any other documents or notes produced or used by the IRS Exempt Organization (EO) Examiner(s) in reviewing and approving the 1993 IRS Form 1023 ("Application for Recognition of Exemption") for Care International; and any checklists, review sheets, notes, or other documents produced or used by the IRS EO Examiner(s) who reviewed the Forms 990 ("Return of Organization Exempt from Income Tax") filed by Care International between 1993 and the present.

16. Please provide a copy of the file maintained by the Office of the Massachusetts Secretary of State and/or Office of the Massachusetts Attorney General (Division of Public Charities) of Care International, including but not limited to copies of all correspondence between said Office(s) and Defendants and/or representatives or agents of Care; any checklists, review sheets, notes, or other documents produced or used by the Examiner(s) of the Office of the Massachusetts Secretary of State and/or Office of the Massachusetts Attorney General (Division of Public Charities) who reviewed and approved the 1993 Articles of Organization submitted on behalf of Care International; and any checklists, review sheets, notes, or other documents produced or used by the Examiner(s) of the

Office of the Massachusetts Secretary of State and/or Office of the Massachusetts Attorney General (Division of Public Charities) who reviewed the Annual Reports and Forms PC filed by Care International between 1993 and the present.

17. Please provide a copy of the file maintained by the Internal Revenue Service of the Al-Kifah Refugee Center (Brooklyn, NY), including but not limited to copies of any IRS Forms 1023 or 990 filed by the Al-Kifah Refugee Center, as well as copies of any checklists, review sheets, notes, or other documents used or produced by the IRS Exempt Organization Examiner(s) in reviewing these forms 1023 or 990.

18. Please provide a copy of the file maintained by the Internal Revenue Service of Afghan Refugee Services, Inc. (Brooklyn, NY), including but not limited to copies of any IRS Forms 1023 or 990 filed by Afghan Refugee Services, Inc., as well as copies of any checklists, review sheets, notes, or other documents used or produced by the IRS Exempt Organization Examiner(s) in reviewing these forms 1023 or 990.

19. Please provide a copy of the file maintained by the Department of State of New York State of Afghan Refugee Services, Inc. (Brooklyn, NY), including but not limited to copies of any checklists, review sheets, notes, or other documents used by the Examiner(s) of the Department of State of New York State in reviewing the Articles of Incorporation filed by Afghan Refugee Services, Inc. in 1987.

20. Please provide a copy of the file maintained by the Department of State of New York State of the Al-Kifah Refugee Center (Brooklyn, NY), including but not limited to copies of any checklists, review sheets, notes, or other documents used by the Examiner(s) of the Department of State of New York State in reviewing the Articles of Incorporation filed by Al-Kifah Refugee Center in 1987.

21. Please provide copies of any notes made by government agents in connection with the FBI interrogations of Emadeddin Z. Muntasser on July 17, 1997, April 6, 1999, and October 31, 1999, and of any such notes made in connection with the questioning of Muhamed Mubayyid at anytime. Production of these notes is required by Fed. R. Crim. P. 16(a)(1)(B)(ii), which provides for the discovery of "any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent."

22. Please provide copies of any notes or documents produced or used by the Immigration and Naturalization Services in connection with the November 6, 2003 and April 6, 2004 interviews of Emadeddin Z. Muntasser. Production of these notes is required by Fed. R. Crim. P. 16(a)(1)(B)(ii), which provides for the discovery of "any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew

was a government agent."

23. Please identify by their starting Bates numbers all books and pamphlets the entirety of which have not been produced to Defendants, as discussed in your April 18, 2006 letter.

24. Please produce all logs and other documents related to any physical surveillance of Defendants, representatives and/or agents of Care International, or any unindicted co-conspirators.

25. Please provide copies of any documents that, based on a review of the computer network drives commonly known as "I-drives" and any other temporary records storage drives of the relevant FBI field offices (including but not limited to the Boston and New York FBI field offices), contain potentially exculpatory information relating to either Defendant. See Brady, supra; and Kyles, supra.

26. Please state the names and professional affiliations of all expert witnesses whom the Government expects to call at its case-in-chief.

27. Defendants anticipate citing from or referencing certain discovery materials in their discovery motions. As the discovery in this case is governed by a protective order still in effect, please indicate the Bates numbers or other identifying information of any and all discovery materials that the Government would object to Defendants' citing from or referencing in their discovery motions.

28. Please provide copies of all documents in the possession, custody, or control of any U.S. government agencies (including but not limited to the Central Intelligence Agency) reflecting the U.S. Government's financial, material, or ideological support for the Afghan rebel groups commonly known as the mujahideen operating in Afghanistan between 1989 and the present.

*

We look forward to receiving your individually numbered responses to these requests. For each discovery request with which you intend to comply, please indicate the date by which you will furnish the requested discovery, in accordance with Local Rule 116.3(A). If you do not agree to provide the information or materials specified in a particular request, please provide a written statement of the basis for your position, in accordance with Local Rule 116.3(C).

Sincerely,

/s/ Michael C. Andrews  
Michael C. Andrews

/s/ Elizabeth Lunt  
Elizabeth Lunt

Malick W. Ghachem

/s/ Norman S. Zalkind  
Norman S. Zalkind