UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


_____
                              )
                              )
UNITED STATES                 )
                              )          Cr. No. 05-40026-FDS
v.                            )
                              )
MUHAMED MUBAYYID,             )
EMADEDDIN MUNTASSER           )
                              )
_____)


## MOTION FOR BILL OF PARTICULARS

Now come the defendants, Muhamed Mubayyid and Emadeddin Muntasser, and respectfully move this Honorable Court, pursuant to Fed.R.Crim.P. 7(f) to order the Government to produce a bill of particulars as to the following:

1. In Paragraph 3 of the "Introductory Allegations" section of the Indictment (hereinafter referred to as the "Introductory section"), it is alleged that on or about 1993, Emadeddin Muntasser founded and incorporated Care International, Inc (hereinafter referred to as "Care"). It is further alleged throughout the Indictment that Care performed certain acts, including the repeated allegation that "Care was engaged in activities involving the solicitation and expenditure of funds to support and promote the mujahideen and jihad". See paragraphs 5, 13, 16, 18, and 21 of the Introductory section, and paragraphs 1, 2, 3, and 4 of Count II of the Indictment. The defendants seek particulars as to:

A.  The identity of each person known to the government who was a member, employee, associate or agent of Care between 1993 and 2003 who performed any of the acts or omissions alleged to have been performed by Care in the Indictment, the precise dates each individual performed any said acts or omissions, and the precise dates that each individual was a member, employee, associate or agent of Care.

As to the allegation that "Care was engaged in activities involving the solicitation and expenditure of funds to support and promote the mujahideen and jihad". See paragraphs 5, 13, 16, 18, and 21 of the Introductory section, and paragraphs 1, 2, 3, 4 of Count II of the Indictment, the defendants seek particulars as to:

B.   A statement of what specific activities were engaged in that involved the solicitation of funds to support and promote mujahideen and jihad, and,

i. the identity of each person known to have been involved in said activity,

ii. the date of each person's involvement,

iii. what each person did to promote, accomplish or assist in the activities involved in the solicitation of funds.

C.  A statement of what specific activities were engaged in that involved the expenditure of funds to support and promote the mujahideen and jihad, and,

i. the identity of each person known to have been involved in said activity,

ii. the date of each person's involvement,

iii. what each person did to promote, accomplish or assist in the activities involved in the expenditure of funds.

iv. the identity of any person or entity who received funds alleged to have been used or for the purpose of supporting or promoting the mujahideen and jihad, the amount, the date and for what precise purpose.

D.  Specify the manner and means by which Care International, Inc. is alleged to have been "an outgrowth of and successor to the Al-Kifah Refugee Center as alleged in Introductory section at paragraph 10.

2.  The precise dates in which Mr. Muntasser is alleged to have been "involved in operating the Al-Kifah Boston office", as referred to in paragraph 2 of the Introductory section.

3.  The precise dates that Mr. Muntasser served as President of Care, as referred to in paragraph 4 of the Introductory section.

4.  Identify each person (s) who is alleged to have filed the Form 990 tax returns to the IRS for each year 1993 to 2003, including whether it is alleged that both defendants filed said tax returns in concert with each other each year, and the identity of the "others" who filed said returns, and the years these "others" filed said returns, as referred to in paragraph 13 of the Introductory section.

5.  Identify the precise dates Mr. Mubayyid became Treasurer of Care, and the date he ceased to be Treasurer of Care, as alleged in paragraph 13 of the Introductory section.

6.  Identify the pro-jihad publications distributed by Care as referred to in paragraph 13 of the Introductory section, and the number of copies of each publication distributed. Also, identify the dates said publications were distributed, the place said

publications were distributed, by whom said publications were distributed, to whom were said publications distributed, and by what means said publications were distributed.

7.  Identify the precise dates on which Mr. Muntasser traveled to Afghanistan as alleged in paragraph 16 of the Introductory section.

8.  Identify what acts Mr. Muntasser engaged in during his trip to Afghanistan in 1994-1995 that were in furtherance of Care's activities, as alleged in paragraphs 16 and 17 of the Introductory section.

9.  Identify when, where and by what means Mr. Muntasser became a member of Al-Kifah as alleged in paragraph 17 of the Introductory section.

10. Identify what activities of Al-Kifah Mr. Muntasser was "responsible for", as alleged in paragraph 17 of the Introductory section, what acts he committed in furtherance of said activities, and the time and place he committed said acts.

11. Identify "elsewhere", where the acts alleged in Count One of the Indictment occurred.

12.  Identify the time, place, manner and means by which Mr. Muntasser concealed from the Internal Revenue Service of the Treasury Department that Care International, Inc, was an outgrowth of and successor to the Al-Kifah Refugee Center and was engaged in non-charitable activities involving the solicitation and expenditure of funds to support the mujahideen and jihad, and whether in so doing so he is alleged to have acted as a principal or as an aider and abettor.

13.  Identify the time, place, manner and means by which Mr. Muntasser concealed from the Federal Bureau of Investigation that Care International, Inc, was an outgrowth of and successor to the Al-Kifah Refugee Center and was engaged in non-

4

charitable activities involving the solicitation and expenditure of funds to support the mujahideen and jihad, and whether in so doing so he is alleged to have acted as a principal or as an aider and abettor.

14.  Identify the time, place, manner and means by which Mr. Muntasser concealed from the Immigration and Naturalization Service that Care International, Inc, was an outgrowth of and successor to the Al-Kifah Refugee Center and was engaged in non-charitable activities involving the solicitation and expenditure of funds to support the mujahideen and jihad, and whether in so doing so he is alleged to have acted as a principal or as an aider and abettor.

15.  Identify the time, place, manner and means by which Mr. Mubayyid concealed from the Internal Revenue Service of the Treasury Department that Care International, Inc, was an outgrowth of and successor to the Al-Kifah Refugee Center and was engaged in non-charitable activities involving the solicitation and expenditure of funds to support the mujahideen and jihad, and whether in so doing so he is alleged to have acted as a principal or as an aider and abettor.

16.  Identify the time, place, manner and means by which Mr. Mubayyid concealed from the Federal Bureau of Investigation that Care International, Inc, was an outgrowth of and successor to the Al-Kifah Refugee Center and was engaged in non-charitable activities involving the solicitation and expenditure of funds to support the mujahideen and jihad, and whether in so doing so he is alleged to have acted as a principal or as an aider and abettor.

17.  Identify the time, place, manner and means by which Mr. Mubayyid concealed from the Immigration and Naturalization Service that Care International, Inc,

was an outgrowth of and successor to the Al-Kifah Refugee Center and was engaged in non-charitable activities involving the solicitation and expenditure of funds to support the mujahideen and jihad, and whether in so doing so he is alleged to have acted as a principal or as an aider and abettor.

18. Identify "elsewhere", where the acts alleged in Count Two of the Indictment occurred.

19.  Identify the time, place, manner and means by which Mr. Muntasser joined the conspiracy alleged in Count Two of the Indictment.

20.  Identify the time, place, manner and means by which Mr. Mubayyid joined the conspiracy alleged in Count Two of the Indictment.

21.  Identify the time, place, manner and means by which the unindicted co-conspirators joined the conspiracy alleged in Count Two of the Indictment.

22.   Identify any overt acts committed by any unindicted co-conspirators made in furtherance of the Count Two conspiracy.

23.  Identify the "others" who assisted Mr. Muntasser in filing an Application for Recognition of Exemption Under 501 (c) (3), as alleged in paragraphs 1 and 7 of Count Two of the Indictment.

24.  Identify which defendant(s) "reported on Care's tax returns" between 1993 and 2002, that Care distributed money for charitable purposes, and did not disclose to the IRS that Care was engaged in activities involving the solicitation and expenditure of funds to support and promote the mujahideen and jihad, as alleged in paragraph 2 of Count Two of the Indictment, and the identity of any other person who participated in the preparation or filing of said returns.

25.  Identify the individuals who distributed the Zakat Calculation Guide, as alleged in paragraph 4 of Count Two of the Indictment, the dates on which each individual distributed it, the manner and means by which it was distributed, and to whom it was distributed.

26.  Identify the individuals who published and distributed the Al-Hussam newsletter as alleged in paragraph 8 of Count Two of the Indictment, the dates on which each individual distributed it, the manner and means by which it was distributed, and to whom it was distributed.

27.  Identify the solicitations for tax deductible donations to support the mujahideen Care printed and distributed as alleged in paragraph 10 of Count Two of the Indictment.

28. Identify the individuals who published and distributed solicitations for tax deductible donations to support the mujahideen Care printed and distributed as alleged in paragraph 10 of Count Two of the Indictment, the dates on which each individual distributed it, the manner and means by which it was distributed, and to whom it was distributed.

29. Identify the individuals who published articles about the military operations and activities of the mujahideen on Care's website, and the dates on which said articles were published as alleged in paragraph 9 of Count Two of the Indictment.

30.  Identify the individuals who published and distributed an English translation of "Join the Caravan" which Care printed and distributed as alleged in paragraph 11 of Count Two of the Indictment, the dates on which each individual distributed it, the manner and means by which it was distributed, and to whom it was distributed.

31.  Identify which defendant(s) is alleged to have signed, and which defendant(s) filed, each of the false tax returns as alleged in paragraph 12 of Count Two of the Indictment.

32.  Identify the time and place each defendant made materially incomplete and misleading statements to the Federal Bureau of Investigation about Care's activities, as alleged in paragraph 13 of Count Two of the Indictment.

33.  Identify any overt acts, including specifics as to time and place, committed by either defendant in furtherance of the conspiracy charged in Count Two of the Indictment not set forth in under "Overt Acts of the Conspiracy", at paragraphs 6-13 of Count Two of the Indictment.

In support of this motion, the defendants state that the allegations in the Indictment are in part so vague and general that they provide insufficient notice of the charges against them.  For instance, throughout the Indictment is the repeated allegation that "Care was engaged in activities involving the solicitation and expenditure of funds to support and promote the mujahideen and jihad".  The government has also reminded the Court on at least one occasion that the defendants are not charged with providing material support to terrorist organization, and Care has not been charged at all.  Therefore, the defendants cannot simply take the words "support" and "promote" at face value, and conclude that Care or the defendants are alleged to have raised money for mujahideen and jihadist and sent it off to them.

The defendants thus justifiably seek specificity and particulars as to what is meant by "activities involving the solicitation and expenditure of funds to support and promote the mujahideen and jihad", including when, where and how they were carried out.  The

defendants also seek particulars as to who carried out these activities. The Indictment, while repeatedly alleging that Care performed certain acts, does not, as noted above, charge Care as a defendant. Nor does the Indictment charge all those that, upon information and belief, were members, employees, associates, and/or agents of Care. Where the Indictment states that Care performed certain acts, the defendants need to know who performed these acts, and whether the government will allege at trail that they personally, together or individually, actively participated in the alleged unnamed activities.

A bill of particulars is warranted where the defendant, "in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993); United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992); United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970). The grant or denial of a motion for a bill of particulars lies within the sound discretion of the trial judge. Abreu, 952 F.2d at 1469; United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). A bill of particulars should be required where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984). Prior to 1966, Rule 7(f) limited bills of particulars to those situations in which the moving party demonstrated cause for his request. By amending the rule in 1966 to eliminate the cause requirement, the drafters expressly sought "to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." United States v. Rosa, 891

F.2d 1063, 1066 (3rd Cir. 1989) (quoting Fed. R. Crim. P. 7 advisory committee's note to 1966 amendment).  It is recognized that trial judges must be allowed to exercise their discretion in order to strike a balance between the defendant's legitimate interest in securing information concerning the government's case and countervailing considerations including the personal security of witnesses and the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so.

The government may well respond that it has provided the defense with extensive discovery, and to an extent that is true.  It has provided the defense with thousands of pages of documents which were seized from Care and/or the defendants, in no discernable order and with no indication of what will be introduced as evidence or what the prosecution deems relevant.  The prosecution should not be able to hide behind this mountain of paper to avoid the defendants' reasonable requests for particulars and specifics.  "It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars." United States v. Bin Laden, et al., 92 F.Supp.2d 225, 234 (S.D.N.Y. 2000) *citing*  United States v. Bortnovsky, 820 F.2d 572, 575 (2nd Cir. 1987) ("providing mountains of documents to defense counsel" when the indictment contained general allegations of fraud "impermissibly shifted" the burden of proof to the defendants, necessitating a bill of particulars);

Given the vague and general nature of many of the allegations of the Indictment, including acts committed by unnamed persons, or an uncharged corporate entity, the particulars requested by the defendants must be produced if the defendants are to be

meaningfully apprised of what criminal acts they are alleged to have committed and to prepare an adequate defense to those accusations.

For the foregoing reasons, the defendants pray the Court allow this Motion and order the prosecution to produce a bill of particulars.

Respectfully Submitted,
MUHAMED MUBAYYID
By his attorney

_____/s/ Michael C. Andrews_____
Michael C. Andrews
21 Custom House Street
Boston, Massachusetts 02110
(617) 951-0072
BBO# 546470


Respectfully submitted,
EMADEDDIN Z. MUNTASSER
By his attorneys,

/s/ Norman S. Zalkind_____
/s/ Elizabeth A. Lunt_____
/s/ Malick W. Ghachem

Norman S. Zalkind (BBO# 538880)
Elizabeth A. Lunt (BBO# 307700)
Malick W. Ghachem (BBO#661018)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Ave.
Boston, MA 02110
(617) 742-6020