UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 05-40026-FDS |
| V. | |
| MUHAMED MUBAYYID and EMADEDDIN Z. MUNTASSER, Defendants | |

**DEFENDANTS' MOTION FOR JURY SELECTION FROM THE EASTERN DIVISION OF THE DISTRICT OF MASSACHUSETTS**

Now come defendants Emadeddin Z. Muntasser and Muhammed Mubayyid and respectfully move this Honorable Court to order that a jury be selected at time of trial from a venire drawn from citizens of the eastern rather than central division of the District of Massachusetts. As reasons therefor, Defendants state as follows:

1. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law."

2. Local Rule 40.1(E) provides that "[c]riminal cases shall be assigned to that division in which the most significant criminal conduct related to the alleged violations occurred within the District of Massachusetts."

3. It is manifest that the "most significant criminal conduct" alleged in this case – indeed virtually the entirety of the conduct alleged – occurred in the Eastern Division of Massachusetts, as Care International, the charitable organization at

issue in the indictment, is a Boston-based rather than Worcester-based institution.

4. As set forth in the Affidavit of Attorney Malick W. Ghachem attached hereto as Exhibit 1, and as evidenced by the Criminal Case Cover Sheet that appears as Exhibit 2, it is Defendants' position that the Government improperly manipulated the procedures for venue selection in this case in order to secure a venue seen as more favorable to the Government, despite the fact that the only proper venue for this case, under the Sixth Amendment and Local Rule 40.1(E), is the eastern division of Massachusetts.

5. The Government's manipulation of the forum selection procedures of this Court violates Local Rule 40.1(E) and the Defendants' Sixth Amendment right to be tried by a jury "of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law."

6. An additional reason for this Court to order the selection of a jury from the eastern division is that the Worcester Telegram and Gazette, the most prominent local newspaper in the central division, has published a series of highly prejudicial and inflammatory articles about this case falsely contending that Defendants have been implicated in the financing of terrorist activities abroad. These articles are attached hereto as Exhibit 3.

7. Selection of a jury from the eastern division of Massachusetts is thus necessary to secure to the Defendants' their Sixth Amendment right not only to be tried by a jury of the "State and district wherein the crime shall have been committed," but also to be tried "by an impartial jury" of that State and district.

WHEREFOR Defendants respectfully move this Court for an order requiring that the jury be selected from a venire drawn from the Eastern Division of Massachusetts.

### REQUEST FOR ORAL ARGUMENT

Defendants request oral argument on the above motion.

Respectfully submitted,

| | |
|---|---|
| MUHAMMED MUBAYYID,<br>By his attorney, | EMADEDDIN Z. MUNTASSER<br>By his attorneys, |
| /s Michael C. Andrews<br>Michael C. Andrews BBO# 546470)<br>21 Custom House Street<br>Boston, MA 02110<br>(617) 951-0072 | /s/ Malick W. Ghachem<br>Norman S. Zalkind (BBO# 538880)<br>Elizabeth A. Lunt (BBO# 307700)<br>Malick W. Ghachem (BBO#661018)<br>Zalkind, Rodriguez, Lunt & Duncan LLP<br>65a Atlantic Ave.<br>Boston, MA 02110<br><br>/s/ Susan R. Estrich<br>Susan R. Estrich<br>University of Southern California Law School<br>University Park, MC-0071<br>Los Angeles, CA 90089-0071<br><br>/s/ Harvey Silverglate<br>Harvey Silverglate (BBO # 462640)<br>607 Franklin St.<br>Cambridge, MA 02139 |

Dated: October 5, 2006

Certificate of Service

I hereby certify that I have served a copy of the foregoing document by electronic notice upon the following attorneys of record this 5th day of October 2006.

B. Stephanie Siegmann
Assistant U.S. Attorney

Aloke Chakravarty
Assistant U.S. Attorney

                                                        /s/ Malick W. Ghachem
                                                        Malick W. Ghachem

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | )<br>)<br>) | CRIMINAL NO. 05-40026-FDS |
| V. | )<br>) |  |
| MUHAMED MUBAYYID and<br>EMADEDDIN Z. MUNTASSER,<br>Defendants | )<br>)<br>)<br>) |  |

**AFFIDAVIT OF ATTORNEY MALICK W. GHACHEM**

Now comes Attorney Malick W. Ghachem, on behalf of defendant Emadeddin Z. Muntasser, and being duly sworn does depose and say as follows:

1. On June 8, 2004, my client, Emadeddin Z. Muntasser, filed a petition for a hearing on naturalization in the United States District Court for the District of Massachusetts.

2. The case was drawn by Judge Rya Zobel, sitting in Boston, in the eastern division of the District of Massachusetts, as Case No. 04-CV-11259-RWZ.

3. Judge Zobel denied the Government's motion to remand the proceedings to the Department of Homeland Security and granted the Government two stays of the naturalization hearing in order to allow the Government to complete its investigation of Mr. Muntasser. Judge Zobel also scheduled a status conference on the matter for April 7, 2005.

4. On April 6, 2005, the Government brought a sealed criminal complaint against Mr. Muntasser. On the Criminal Case Cover Sheet that accompanied the criminal

complaint (attached hereto as Exhibit 2), the Government indicated in typescript the words "Boston and elsewhere" and "Suffolk and elsewhere" as the city and county wherein the alleged offenses took place. The Government subsequently drew a line through the words "Boston" and "Suffolk" and replaced both with "Worcester."

5. At the conclusion of the April 7, 2005 status conference, Judge Zobel announced that the evidentiary hearing on Mr. Muntasser's naturalization petition would take place on May 12, 2005, and that no further stays would be permitted the Government.

6. On May 11, 2005, the day before Judge Zobel was to have presided over Mr. Muntasser's naturalization hearing, the Government brought its indictment in the instant case, having convened a grand jury sitting in Worcester in the central division of Massachusetts, pursuant to the second of its two designations for the place of offense on the Criminal Case Cover Sheet that accompanied the April 6, 2005 criminal complaint.

7. Given that the vast majority of the alleged criminal conduct in the instant case took place in the eastern rather than central division of Massachusetts, it is a reasonable inference that the Government crossed out the words "Boston" and "Suffolk" on the Criminal Case Cover Sheet and replaced them with "Worcester" in order to avoid the possibility that the instant criminal case would be drawn by Judge Zobel. The Government may also have been seeking to secure a venue that the Government perceived as more favorable to it than the eastern division of

Massachusetts.

8. The copy of the Criminal Case Cover Sheet that follows this affidavit as Exhibit 2 in support of Defendants' Motion for Jury Selection from the Eastern Division of Massachusetts is a true and authentic copy of the original.

9. In light of the above considerations, it is my belief that the Government has in this instance improperly manipulated the procedures for the assignment of criminal cases established by the United States District Court for the District of Massachusetts, in violation of my client's rights under the Sixth Amendment to the United States Constitution and Local Rule 40.1(E).

Signed under the penalties of perjury this 5th day of October, 2006.

      /s/ Malick W. Ghachem
      Malick W. Ghachem (BBO# 661018)

Certificate of Service

I hereby certify that I have served a copy of the foregoing document by electronic notice upon the following attorneys of record this 5th day of October 2006.

B. Stephanie Siegmann
Assistant U.S. Attorney

Aloke Chakravarty
Assistant U.S. Attorney

Michael Andrews
Counsel for Muhammed Mubayyid

      /s/ Malick W. Ghachem
      Malick W. Ghachem