UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 05-40026-FDS |
| | ) | |
| V. | ) | |
| | ) | |
| MUHAMED MUBAYYID and | ) | |
| EMADEDDIN Z. MUNTASSER, | ) | |
| Defendants | ) | |

**DEFENDANTS' MOTION TO SUPPRESS FRUITS
OF WARRANTLESS SURVEILLANCE**

Now come defendants Emadeddin Z. Muntasser and Muhamed Mubayyid and respectfully move this Court to order that any evidence and the fruits thereof obtained by the Government by means of warrantless surveillance conducted by the National Security Agency or any other government agency be suppressed as in violation of the Foreign Intelligence Surveillance Act of 1978 and the Fourth Amendment to the United States Constitution.

As further reason therefor, Defendants state as follows:

1. By an order dated August 1, 2006, this Court, apparently construing Defendants' discovery request by letter dated May 16, 2006 for information concerning warrantless surveillance as a motion to compel production of said information, denied Defendants' discovery request based on the Government's July 7, 2006 *in camera, ex parte* classified response to the request.

2. As a result, Defendants are not in a position to know whether the Government has obtained evidence against them using warrantless electronic surveillance by the

        National Security Agency or another government agency and, if so, whether such evidence will be used by the Government in its case-in-chief at trial.

3. In the event that the intercepted communications produced by the Government in discovery in this case include communications intercepted pursuant to warrantless surveillance by the National Security Agency or another government agency, Defendants move to suppress any and all fruits of said intercepts.

4. Suppression of any evidence obtained by warrantless surveillance in this case is required in order to effectuate the warrant requirement of the Fourth Amendment of the United States Constitution ("[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violatd, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized"). See American Civil Liberties Union v. National Sec. Agency, 438 F.Supp.2d 754 (E.D.Mich., Aug 17, 2006).

5. Congress has enacted two statutes that together supply "the exclusive means by which electronic surveillance . . . and the interception of domestic wire, oral, and electronic communications may be conducted." 18 U.S.C. § 2511(2)(f) (emphasis added). The first is Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), and the second is the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 et seq. ("FISA"). When Congress enacted FISA, it amended Title III to include the "exclusive means" language quoted above.

6. Any communications intercepted by warrantless surveillance in this case must

also be suppressed as obtained in violation of the expressed and implied will of Congress as reflected in Title III and FISA.  See American Civil Liberties Union, 438 F.Supp.2d 754; and Youngstown Steel and Tube Co. v. Sawyer, 343 U.S. 579, 637-38 (1952) ("When the President takes measures incompatible with the expressed or implied will of Congress, his power is at its lowest ebb, for then he can rely only upon his own constitutional powers minus any constitutional powers of Congress over the matter.  Courts can sustain exclusive presidential control in such a case only by disabling the Congress from acting upon the subject.  Presidential claim to a power at once so conclusive and preclusive must be scrutinized with caution, for what is at stake is the equilibrium established by our constitutional system.") (Jackson, J., concurring).

7. Suppression of warrantless surveillance in this case, to the extent it involved the use of any part of the Army or Air Force, is also required in order to effectuate the provisions of the Posse Comitatus Act, 18 U.S.C. § 1385, which makes it unlawful for Army or Air Force personnel to implement non-military law.

WHEREFORE Defendants respectfully request that this Court order the suppression of any evidence and the fruits thereof obtained against them by means of warrantless surveillance by the National Security Agency or any other government agency.

## REQUEST FOR ORAL ARGUMENT

Defendants request oral argument on the above motion.

Respectfully submitted,

| MUHAMMED MUBAYYID,<br>By his attorney, | EMADEDDIN Z. MUNTASSER<br>By his attorneys, |
|---|---|
| __/s/ Michael C. Andrews__<br>Michael C. Andrews BBO# 546470)<br>21 Custom House Street<br>Boston, MA 02110<br>(617) 951-0072 | /s/ Malick W. Ghachem<br>Norman S. Zalkind (BBO# 538880)<br>Elizabeth A. Lunt (BBO# 307700)<br>Malick W. Ghachem (BBO#661018)<br>Zalkind, Rodriguez, Lunt & Duncan LLP<br>65a Atlantic Ave.<br>Boston, MA 02110 |

Dated: October 5, 2006

## Certificate of Service

I hereby certify that I have served a copy of the foregoing document by electronic notice upon the following attorneys of record this 5th day of October 2006.

B. Stephanie Siegmann
Assistant U.S. Attorney

Aloke Chakravarty
Assistant U.S. Attorney

/s/ Malick W. Ghachem
Malick W. Ghachem