UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 05-40026-FDS |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| MUHAMED MUBAYYID and | ) | |
| EMADEDDIN Z. MUNTASSER, | ) | |
| Defendants | ) | |
| | ) | |

DEFENDANTS' OBJECTIONS TO MAGISTRATE'S DISCOVERY ORDER
DATED SEPTEMBER 29, 2006

Now come the defendants, Muhamed Mubayyid and Emadeddin Z. Muntasser and object,

pursuant to U.S. Dist. Ct. Rules D. Mass., Magistrate Rule 2(b) , to the following provisions of

the Magistrate's Order dated September 29, 2006:

1.     Communications between Defendants, Care, and Other Organizations (Order, para B(4)):

In their Motion for Discovery, the defendants sought all correspondence and

communications between defendants, Care International or its agents and the Global Relief

Foundation ("GRF"), the Benevolence International Foundation ("BIF"), and/or any other

charitable organizations and their agents. (Defendant's Motion for Discovery at p. 6.) As argued

therein, the Government's characterization of this material as "overbroad" is belied by the fact

that the April 7, 2003 affidavit of FBI Agent Dennis Drum in support of the Government's

application for a criminal search warrant relied in part upon allegations that "Care donated

money to GRF from 1998 to the fall of 2001" and that "[a]nother of the entities to which Care

donated funds was the Benevolence International Foundation." Affidavit of Dennis Drum in

Support of Criminal Search Warrant Application (April 7, 2003), at 6. The Drum Affidavit also

alleges that Care International made monetary contributions to the Holy Land Foundation.

Id. at 7. The communications requested are particularly important in light of the Government's

allegation, see Government's November 18, 2005 Reply Letter at 8, that Care made charitable

contributions to these organizations which "subsequently were designated as terrorist

organizations" (citing the Drum affidavit and the affidavit of FBI Agent James Marinelli dated

April 6, 2005).

        The Magistrate found:

> In the search warrant affidavit, the Government designates GRF, BIF, Help The Needy
> and Holy Land Foundation as organizations which are terrorist groups or funnel money to
> Iraq and/or to support armed fighting overseas. The Defendants are charged with
> knowingly concealing in reports to the IRS the actual purpose, character or method of
> operation of CARE and in particular, failing to report that Care was engaged in non-
> charitable activities involving the solicitation and expenditure of funds to support and
> promote the jihad. Evidence which would establish that Defendants solicited funds on
> behalf of Care and then directly or indirectly forwarded such funds to any of the above
> listed organizations would certainly seem to be relevant to such charges.

Order at p. 10.

        In spite of these findings, the Magistrate allowed this discovery request only as to

"communications and/or correspondence between any Defendant and any of these

organizations," and denied the motion in all other respects. This ruling fails to recognize that the

defendants are charged with conspiracy, and that the Government may seek to introduce against

them evidence that Care, through unindicted co-conspirators or other agents, forwarded funds to

or communicating with listed organizations. Furthermore, the lack of such communications

would be exculpatory. Therefore, the Magistrate's Order should be broadened to include also

communications and/or correspondence between unindicted co-conspirators, Care, or its agents

and GRF, BIF, Help The Needy, Holy Land Foundation or any other listed organizations.

2.      Notes of the October 31, 1999 FBI interview of Emadeddin Muntasser (Order, para B(5)):

The Government agreed to provide any notes with regard to this interview, but informed

the Magistrate that either no such notes were made or could be located. The Magistrate therefore

denied this request as moot. (Order at pp. 10-11.)

As this Court has ruled, notes of an interview with a defendant are discoverable under

Fed.R.Crim.P. 16. *United States v. Vallee*, 380 F.Supp.2d 11, 14 (D. Mass. 2005). The

Government has stated that no such notes could be located, but it is, of course, possible that they

exist. Therefore, this request should be allowed, rather than denied as moot, so that notes would

be turned over if and when located. As the Magistrate's order now stands, they would not be

turned over even if found.

3.      Documents reflecting the U.S. Government's financial, material, or ideological support
        for the Afghan rebel groups commonly known as the mujahideen operating in
        Afghanistan between 1989 and the present:

The Magistrate denied this request on the grounds that it sought information that is

irrelevant or otherwise beyond the scope of permissible discovery.

The defendants have obtained and attached to their Motion to Dismiss (filed October 5,

2006) documents, available to the public, establishing that the United States itself funded other

501(c)(3) organizations to enable them to perform precisely the sort of activities that form the

basis of this indictment. The defendants' requests for additional, similar documents from the IRS

and the National Endowment for Democracy have been rejected by those agencies. The

defendants now narrows its discovery request to these particular documents which they have

been unable to obtain:

-3-

| | Name of Organization | State(s) | Documents Requested (for all years): |
|---|---|---|---|
| 1. | Afghan Border Crusade | PA, CA | Form 990s, Form 1023 |
| 2. | Afghan Foundation | CA | Form 990s, Form 1023 |
| 3. | Afghan Freedom Fighters Fund | CO | Form 990s, Form 1023 |
| 4. | Afghan Information Center | | Form 990s, Form 1023 |
| 5. | Afghan Mujahideen Information Bureau (a.k.a. Hezb-i-Islami Afghanistan) | NY | Form 990s, Form 1023 |
| 6. | Afghan Refugee Fund/ISHK (a.k.a. Fund for Afghan Refugees) | CA | Form 990s, Form 1023 |
| 7. | Afghan Resistance Information Center | VA | Form 990s, Form 1023 |
| 8. | Afghan Support Team | DC | Form 990s |
| 10. | Afghan War Orphans Relief Fund | CA | Form 990s, Form 1023 |
| 11. | Afghanistan Freedom Organizations, Inc. | CA | Form 990s, Form 1023 |
| 12. | Afghan(istan) Information Center | NY | Form 990s, Form 1023 |
| 13. | Afghan Relief Committee, Inc. | NY | Form 990s |
| 14. | Afghanistan Resistance Relief (Afghanistan Resistance Relief Fund) | DC | Form 990s, Form 1023 |
| 15. | Afghanistan Resistance Relief Center | VA | Form 990s, Form 1023 |
| 16. | Aid for Afghan Refugees | CA | Form 990s, Form 1023 |
| 17. | Alliance for Unity and Independence of Afghanistan | CA | Form 990s, Form 1023 |
| 18. | American Aid for Afghans, Inc. | OR | Form 990s, Form 1023 |

| 19. | American Friends of Afghanistan | | Form 990s, Form 1023 |
|---|---|---|---|
| 20. | Asia Foundation | CA | Form 990s |
| 21. | Committee for a Coalition Government of Free Afghanistan | CA | Form 990s, Form 1023 |
| 22. | Committee for a Free Afghanistan | DC | Form 990s |
| 23. | Federation for American Afghan Action | DC | Form 990s |
| 24. | Free Afghanistan Alliance | MA | Form 990s |
| 25. | Freedom House | MA, KY, NC, NJ, DC, IN, OH, NY | Form 990s |
| 26. | Freedom Medicine | DC | Form 990s, Form 1023 |
| 27. | Global Relief Foundation, Inc. | IL | Form 990s, Form 1023 |
| 28. | Islamic Unity of Afghan(istan) Mujahideen | VA | Form 990s, Form 1023 |
| 29. | Jamiat-I-Islami Afghanistan | DC | Form 990s, Form 1023 |
| 30. | Management Sciences for Health | MA | Form 990s |
| 31. | Mercy Corps International | OR | Form 990s |
| 32. | National Endowment for Democracy | DC | Form 990s, Annual Reports |
| 33. | Solidarity Council of Afghanistan Freedom Organizations | NJ | Form 990s, Form 1023 |

These documents are highly relevant and potentially exculpatory for the following reasons. First, it would be reasonable for a jury to infer that U.S. support for organizations doing work similar to Care's informed the defendants' understanding of what was permissible for a 501(c)(3) organization, and would thus be relevant to whether the defendants made false statements regarding Care's activities. To punish the defendants for engaging in precisely the

same kind of conduct engaged in by federally funded and federally recognized charities would violate not only all notions of fair play and equal protection of the laws, but would run afoul of the Due Process requirement of fair warning and fair notice, and the rule of lenity in criminal law. Second, documents evidencing U.S. support of similar organizations bear on the materiality of the defendants' allegedly false statements. The materiality doctrine limits criminal responsibility to information which could have influenced a government decision. United States v. Notarantonio, 758 F.2d 777, 785 (1st Cir. 1985) (a materially false statement is one that had "a natural tendency to influence, or was capable of influencing, the decision of a government agency in making a determination required to be made"). It would be reasonable for a jury to infer that U.S. support for organizations doing similar work would inform the decisions of the IRS regarding Care's status.

For the foregoing reasons, the defendants request that the government be ordered to provide them with the documents listed above.

Respectfully submitted,

MUHAMMED MUBAYYID,
By his attorney,

EMADEDDIN Z. MUNTASSER
By his attorneys,


 /s/ Michael C. Andrews
Michael C. Andrews BBO# 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072

 /s/ Elizabeth A. Lunt
Norman S. Zalkind (BBO# 538880)
Elizabeth A. Lunt (BBO# 307700)
Malick W. Ghachem (BBO#661018)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Ave.
Boston, MA 02110

-6-

/s/ Susan R. Estrich
Susan R. Estrich
Robert Kingsley Professor of Law and Political
Science
University of Southern California Law School
University Park, MC-0071
Los Angeles, CA 90089-0071


/s/ Harvey Silverglate
Harvey Silverglate (BBO # 462640)
607 Franklin St.
Cambridge, MA 02139

Dated: October 10, 2006


## Certificate of Service

I hereby certify that I have served a copy of the foregoing document by electronic notice upon the following attorneys of record this 10th day of October 2006.

B. Stephanie Siegmann
Assistant U.S. Attorney

Aloke Chakravarty
Assistant U.S. Attorney


/s/ Elizabeth A. Lunt
Elizabeth A. Lunt