UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2006 OCT 16  P 12: 51

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff<br><br>V.<br><br>MUHAMED MUBAYYID and<br>EMADEDDIN Z. MUNTASSER,<br>                Defendants | CRIMINAL NO. 05-40026-FDS<br><br>DOCKETED |

**DEFENDANTS' MOTION FOR DISCLOSURE OR EX PARTE REVIEW OF MATERIALS RELATED TO SEARCHES AND SURVEILLANCE CONDUCTED PURSUANT TO FISA**

FILED UNDER SEAL

Now come Defendants Emadeddin Z. Muntasser and Muhamed Mubayyid and move this Honorable Court for the disclosure of materials related to searches and surveillance of Defendants' premises and communications pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended, ("FISA"). In the alternative, Defendants move this Court to conduct an ex parte review of said materials pursuant to 50 U.S.C. §§ 1806(f) and 1825(g). In particular, Defendants move this Court to order the disclosure of any and all FISA applications, affidavits, court orders, and extensions, as well as any other documents related to the FISA searches and surveillance. As grounds in support, Defendants state:

1.  Pursuant to a stipulation dated November 22, 2005, the Government provided Defendants with a summary of the materials they derived from electronic surveillance conducted pursuant to the FISA. According to the Government's representations, the electronic



surveillance conducted pursuant to FISA began on or before August, 1994, and continued until at least April, 2003. This included surveillance of telephone conversations and emails. *See* Gov't Letter Dated Feb. 22, 2006 and Attached Documents. In addition, according to the affidavit of Denis Drum, the government conducted one physical search pursuant to FISA of a storage locker in October, 2001. Drum Affidavit 4, Apr. 7, 2003.

2. In order for Defendants to file a factually specific motion to suppress,[1] Defendants must have the opportunity to examine the Government's FISA applications and affidavits. These materials will reveal whether the information obtained pursuant to FISA was unlawfully acquired and therefore should be suppressed under 50 U.S.C. § 1806(e)(1), (g) or § 1825 (f)(1)(A), (h), in that they: (a) fail to establish probable cause that the target of the FISA searches and surveillance was an agent of a foreign power; (b) contain intentional or reckless material falsehoods or omissions, in which case the resulting surveillance would violate the Fourth and Fifth Amendments of the United States Constitution under the principles of *Franks v. Delaware*, 438 U.S. 154 (1978); (c) reveal that the Government failed to comply with the minimization procedures as set forth in 50 U.S.C. §§ 1804(a)(5) and 1823(a)(5); or (d) reveal that the government failed to make certifications in the FISA applications required pursuant to 50 U.S.C. § 1804 (a)(7) or § 1823(a)(7), or that those certifications are clearly erroneous pursuant to § 1805(a)(5) or § 1824(a)(5).

---

[1] Defendants file herewith a Motion to Suppress Evidence Obtained or Derived From FISA (Filed Under Seal) in which they raise general issues

3. In order for Defendants to file a factually specific motion to suppress, Defendants must also have the opportunity to examine all other documents related to the Government's surveillance of Defendants pursuant to FISA, including, but not limited to, any and all FISA court orders. These materials will reveal whether the searches and surveillance were made in conformity with the order of authorization or approval under 50 U.S.C. § 1806(e)(2), (g), and § 1825(f)(1)(B), (h).

4. Defendants hereby incorporate by reference the arguments set forth in their Motion to Suppress Evidence Obtained or Derived From FISA.

Defendants further move for the disclosure of any and all statements accompanying disclosure for law enforcement purposes of information acquired pursuant to FISA as required under 50 U.S.C. § § 1806(b) and 1825(c).

Allowance of this motion is necessary to protect the Defendants' rights to due process under the Fifth Amendment and effective assistance of counsel under the Sixth Amendment.

Respectfully submitted,

| | |
|---|---|
| MUHAMMED MUBAYYID,<br>By his attorney, | EMADEDDIN Z. MUNTASSER<br>By his attorneys, |
| *Michael Andrews (SRP)*<br>Michael C. Andrews (BBO# 546470)<br>21 Custom House Street<br>Boston, MA 02110<br>(617) 951-0072 | *Elizabeth A. Lunt*<br>Norman S. Zalkind (BBO# 538880)<br>Elizabeth A. Lunt (BBO# 307700)<br>Malick W. Ghachem (BBO#661018)<br>Zalkind, Rodriguez, Lunt & Duncan LLP<br>65a Atlantic Ave.<br>Boston, MA 02110 |

*Susan Estrich* (sep)
Susan R. Estrich
Robert Kingsley Professor of Law and Political Science
University of Southern California Law School
University Park, MC-0071
Los Angeles, CA 90089-0071

*Harvey Silverglate* (sep)
Harvey Silverglate (BBO #462640)
607 Franklin St.
Cambridge, MA 02139

Dated: October 13, 2006

## Certificate of Service

I hereby certify that I have served a copy of the foregoing document by mail upon the following attorneys of record this 13th day of October 2006.

B. Stephanie Siegmann
Assistant U.S. Attorney

Aloke Chakravarty
Assistant U.S. Attorney

*Elizabeth A. Lunt*
Elizabeth A. Lunt