UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Crim. No. 05-40026-FDS |
| | ) **FILED UNDER SEAL** |
| MUHAMED MUBAYYID, and | ) |
| EMADEDDIN MUNTASSER, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S MEMORANDUM AND RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE HILLMAN'S SEPTEMBER 29, 2006 ORDER REGARDING DISCOVERY**

The United States, by and through Michael J. Sullivan, and Aloke S. Chakravarty and B. Stephanie Siegmann, Assistant United States Attorneys for the District of Massachusetts, hereby responds to the Defendants' Objection to the Court's (Hillman, M.J.) September 29, 2006 Order (hereinafter the "September 29th Order") regarding discovery (dated October 10, 2006, hereinafter "Defendants' Objection"). The Government respectfully requests that Defendants' Objection be DENIED, and that the September 29th Order remain intact and undisturbed.

    I.    **The September 29th Order Should Remain Undisturbed unless Contrary to Law or Clearly Erroneous**

    A.    Standard of Review

The standard of review of a pre-trial order by a United States Magistrate Judge is whether the order was clearly erroneous or contrary to law. 28 U.S.C. §636(b)(1)(A)[1]. See

---

[1] The Magistrate Judge Jurisdictional statute provides, in relevant part:
"(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[] .... A judge of the court may reconsider any pretrial matter under this

*United States v. Santiago-Berrecil,* 130 F.3d 11, 15 (1st. Cir. 1997)(enunciating "clear error" standard for review of factual findings, and *de novo* review for legal rulings pertaining to Speedy Trial Act issues); Rule 2 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts (hereinafter "Local Magistrates Rules"). In relevant part, the Local Magistrates Rules provides as follows:

> (a) A magistrate judge may hear and determine any pretrial motion or other pretrial matter in accordance with 28 U.S.C. §636(b)(1)(A) ...
> (b) ... The district judge to whom the case is assigned will consider such objections and will modify or set aside any portion of the magistrate judge's order determined to be clearly erroneous or contrary to law.
> (c) The ruling or order of a magistrate judge in a matter that is heard and determined under subsection (a) hereof is the ruling of the Court and is final unless reveresed, vacated or modified by a district judge as provided in ... subsection (b) hereof...Any party desiring a stay of a magistrate judge's ruling or order, or any part thereof, pending ruling on objections filed under subsection (b) hereof, must first apply therefor to the magistrate judge from whose ruling the objection is taken..."

Local Magistrates Rule 2.

Consequently, when a U.S. Magistrate Judge has been referred

---

subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

2

a case, the matters properly within the judge's discretion may only be modified or set aside by the District Judge if the factual or legal basis are determined to be clearly erroneous or contrary to law, or if the judge did consider the proper factors, if he abused his discretion. *Id. See United States v. Kelley*, 402 F.3d 39, 41 (1st Cir. 2005)("...[U]nder the Speedy Trial Act,18 U.S.C. §3161-3174, we review the trial court's rulings of law *de novo*, its factual findings for clear error, *United States v. Ramirez*, 973 F.2d 36, 38 (1st Cir. 1992), and its ultimate ruling for abuse of discretion, *United States v. Trueber*, 238 F.3d 79, 87 (1st Cir. 2001).")

Defendants' Objection was filed pursuant to Local Magistrate's Rule 2 and is properly an objection to the September 29th order pursuant to Local Magistrate's Rule 2(b). Specifically however, Defendants' Objection does not allege that the Magistrate Judge's findings were clearly erroneous, and they were not.

In this case, the September 29th Order came on the heels of thousands of pages of materials having been produced in discovery, and after a lengthy presentation by both sides during the discovery motion hearing. The Order is sufficiently tailored to address the issues raised by the defense in their discovery motions, and comports with the law of discovery, which need not be re-briefed here. The review of this order should be limited

to whether it was clearly erroneous, as the legal basis for the judge to issue a tailored discovery order is not contested.

    B.        Magistrate Judge Hillman's Findings were not Clearly Erroneous or Contrary to Law regarding any of the objections

Judge Hillman's September 29th Order was neither clearly erroneous nor contrary to law. As described, the Court had abundant information from which to make a reasoned discovery order, and did so. The Court's findings were grounded and were within the experience and discretion of the Court. Without re-iterating the arguments made below, which the government adopts, the defendants' requests should also be denied on the merits.

        1.        Relevant Communications between the defendants, Care and any other charitable organizations

The defendants sought all correspondence between the defendants, Care International or its agents, and any other charitable organizations and their agents. The government responded that such communications or correspondence were not charged in the indictment, and were beyond the government's discovery obligations. In the September 29th Order, Judge Hillman ordered production of communications and/or correspondence between the defendants and four ostensibly charitable organizations, Global Relief Foundation, Benevolence International Foundation, Help the Needy, and Holy Land Foundation. In so doing, Judge Hillman relied upon the search

warrant affidavit, which explicated a connection between Care International (the organization of which the defendants were officers) and other organizations which were later designated to be involved in fundraising for overseas armed conflict. Judge Hillman concluded that "evidence which would establish that Defendants solicited funds on behalf of Care and then directly or indirectly forwarded such funds to any of the listed organizations [listed above] would certainly seem to be relevant to such charges." September 29, 2006 Order at p. 10. Therefore, Judge Hillman's order recognized that such information, if it exists, would be *inculpatory*. The corollary, however, does not ring true; the lack of such communications are not exculpatory, since it is not alleged as part of the defendants' criminal conduct. The proposition that the absence of criminal conduct at certain times undercuts the existence of criminal conduct at other times has been resoundingly rejected by courts. For example, in *United States v. Scarpa*, 897 F.2d 63 (2nd Cir. 1990), the Second Circuit Court of Appeals wrote that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."

The defendants allege that the mere reference of an association between Care International and other charitable organizations in the criminal search warrant affidavit and complaint affidavit somehow creates a Rule 16 or *Brady* obligation

5

to produce any communications or correspondence between them (as well as any other charitable organization). This argument lacks any legal precedent. Despite any suggestion by the defendants, the government's discovery obligations under *Brady*, the Federal Rules of Criminal Procedure, and Local Rules do not require the government to perform the overly burdensome fishing expedition of searching for communications with any charitable organization in existence during 1993-2003, the years of Care's operation. This is especially the case when the defendants are not charged in the indictment with soliciting or forwarding money on behalf of any of these organizations.

The government opposes the defendants' original request, as well as this objection, and requests that if this reviewing Court does not see fit to modify the discovery order by denying the underlying request in its entirety, that it deny the defendants' request to broaden the order.

    2.    Notes of the October 31, 1999 interview of defendant Muntasser

The government agreed to provide these notes should they exist, but could not locate any such notes or evidence of their existence. The defendants' request is moot. If any such notes are discovered, they will be produced.

    3.    Documents relating to certain Afghanistan-related organizations

The defendants had asked below for any documents reflecting

the U.S. Government's financial, material, or ideological support for the Afghan rebel groups commonly known as the mujahideen operating in Afghanistan between 1989 and the present. The government responded that this request was not within the governments' discovery obligations, and the Court agreed. The defendants now seek for the first time information about 33 alleged charitable organizations, after having filed their motion to dismiss on several grounds, including selective prosecution. In addition, this request was made after the defendants had collected several hundred pages of such materials in the public domain as reflected in the appendix to their Motion to Dismiss.

In the first instance, the defendants allege that this new request for information is a subset of the material which they previously sought and were denied. Their request is outside of the scope of Rule 16, *Brady* and the Jencks Act and is beyond Local Magistrate Rule 2(b). That some other tax-exempt organizations, even the U.S. Government itself, may have been doing the same thing as the defendants, *ad arguendo*, is wholly irrelevant to whether the defendants concealed from the Government that they were engaging in such activity, which is the crux of the indictment.[2]

---

[2] It should be noted that the defendants' justification for the discovery of this information is also factually flawed in that they focus on Care's activities solely in Afghanistan. For instance, the evidence demonstrates, and the indictment charges, that the defendants failed to disclose that they solicited money

7

Secondly, the defendants' third "objection" is actually a motion for new discovery, and should not be entertained at this juncture. See Magistrate's Rule 2(b). The defendants made strategic choices as to the scope of their discovery motion, which has already been litigated.

Thirdly, the tax filings and (in one case, annual reports) of 33 other organizations for the past 17 years, is not, within the prosecution team's possession, nor within its discovery obligations under Rule 16, Brady or the Jencks Act. If the defendants wish to attempt to use such records at trial, it is their burden to find their own evidence. As their motion to dismiss appendix attests, the defendants have been quite adept at acquiring publicly available information regarding other organizations, including publicly filed records of the IRS; however, a roadblock in their own investigation, does not provide cause for the government to assist in their search.

---

in support of armed conflict overseas. Similarly, many of the organizations cited by the defense in their appendix to the Motion to Dismiss obtained their tax exempt status in the 1980s, rather than between 1993 and 2003, the dates charged in the indictment.

8

### III. Conclusion

WHEREFORE, for the reasons described herein, the United States respectfully requests that Defendants' Objection be DENIED.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Aloke Chakravarty
ALOKE CHAKRAVARTY
B. STEPHANIE SIEGMANN
Assistant U.S. Attorneys

Dated: October 24, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing response was served upon the following attorneys by facsimile on this 24th day of October, 2006:

Malick Ghachem, Esq.
Attorney for Emadeddin Muntasser

Michael Andrews, Esq.
Attorney for Muhamed Mubayyid

  /s/ Aloke Chakravarty
ALOKE CHAKRAVARTY
Assistant U.S. Attorney
