UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Crim. No. 05-40026-FDS |
| | ) **FILED UNDER SEAL** |
| MUHAMED MUBAYYID, and | ) |
| EMADEDDIN Z. MUNTASSER, | ) |
| Defendants. | ) |

**MOTION TO SET SCHEDULE FOR GOVERNMENT TO
RESPOND TO FISA-RELATED MOTIONS**
(ASSENTED TO)

On October 16, 2006, the defendants filed two Foreign Intelligence Surveillance Act (FISA) related motions, (1) a motion to suppress evidence obtained pursuant to FISA, and (2) a motion for disclosure of materials related to searches and surveillance conducted pursuant to FISA. The government moves for the Court to issue a scheduling order allowing the government until December 31, 2006 to respond to these motions. As previously briefed to the Court and counsel, the government requires a substantial period of time to prepare its submission to the Court, pursuant to the procedures required by FISA and in light of the various demands on the various agencies involved.[1]

Among other things, as a result of the defendant's motion,

---

[1] The government had previously proposed a joint deadline for notice of expert witnesses as well as FISA-litigation response to be on the same date. This Court has ordered experts to be disclosed on or before December 31, 2006, and consequently, in light of the scheduling factors during this season, the government proposes that same date for submission of its *in camera ex parte* response to the FISA-related motions.

11/22/2006
ALLOWED by the Court
[signature] B. Roland
Deputy Clerk

163

the Congressionally mandatory procedures set forth in the Foreign Intelligence Surveillance Act of 1978 (FISA), as amended, have been triggered. Those procedures will require this Court to conduct an *in camera* and *ex parte* review of certain classified documents submitted to, and classified orders issued by, the Foreign Intelligence Surveillance Court (FISC), and other relevant classified documents, since the undersigned counsel for the United States been informed that the Attorney General intends to file a claim of privilege pursuant to FISA. *See* 50 U.S.C. § 1806(f). The following documents will, therefore, need to be prepared, and sent to the undersigned counsel for the United States for filing with this Court: (a) an unclassified Declaration and Claim of Privilege of the Attorney General of the United States; (b) a classified Declaration by a high ranking FBI official in support of the Attorney General's Declaration and Claim of Privilege; and (c) a classified Declaration by FBI agents in regard to the manner in which the FISA collection at issue was conducted. Moreover, the United States will also be preparing a memorandum of law in opposition to the defendant's motions, and portions of this memorandum will be classified. Indeed, both a classified version, to be filed with the Court *in camera* and *ex parte* pursuant to FISA, and an unclassified version, to be provided to the defense, will be prepared and filed with the Court. Finally, the undersigned counsel for the

United States has been informed by the Department of Justice in Washington, D.C., that it will be necessary for the Government to obtain certified copies of the relevant documents and orders from the FISC, that will be part of a Sealed Exhibit that will be submitted to this Court for its *in camera* and *ex parte* review, and that additional time will be required to obtain and compile these documents. Once these documents are obtained, they will need to be sent for filing with this Court consistent with the applicable security procedures. The logistics involved in these factors, among others, have previously been made known to the Court, and the resources required to be committed to this process by the various agencies are few. Additionally, because of the temporary relocation of the FISC and the Office of Intelligence Policy and Review through Summer 2006, there is a backlog for purposes of assembling the materials to be submitted in support of the government's opposition.[2]

As a result, in view of the time that it will take to obtain, compile and prepare all of the documents referenced above, we recommend that the Court set a docketed filing deadline for the Government's response to the defendants' FISA-related motions to any time on or after December 31, 2006 that may be

---

[2] The relocation was compelled by flooding in Washington, D.C. in Summer 2006, and the undersigned have been informed that to obtain the certified copies from the FISC will take at least 6-8 weeks.

3

convenient to the Court. It is important to note that the pendency of this motion should not prevent the parties and the Court to proceed on litigation of other issues in the case, so this scheduling order should not unnecessarily delay these proceedings.

WHEREFORE, the government respectfully requests a response deadline of December 31, 2006 to respond to defendants' (1) Motion to Suppress evidence obtained from FISA searches and surveillance and all fruits thereof, and (2) Motion for Disclosure of Materials related to Searches and Surveillance conducted pursuant to FISA.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Aloke Chakravarty

ALOKE CHAKRAVARTY
B. STEPHANIE SIEGMANN
Assistant U.S. Attorneys

Date: October 24, 2006

### Certificate of Service

I do hereby certify that a copy of foregoing motion was served upon the counsel of record for the defendants by facsimile on this 24th day of October 2006.

/s/ Aloke S. Chakravarty

Aloke S. Chakravarty
Assistant U.S. Attorney

4