UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
          v.                    )    Crim. No. 05-40026-FDS
                                )
MUHAMED MUBAYYID, and           )
EMADEDDIN Z. MUNTASSER,         )
                                )
                                )
          Defendants.           )

### GOVERNMENT'S OPPOSITION TO DEFENSE MOTION TO SUPPRESS FRUITS OF WARRANTLESS SURVEILLANCE

The United States, by and through its attorney, Michael J. Sullivan, the United States Attorney for the District of Massachusetts, Aloke Chakravarty and B. Stephanie Siegmann, Assistant United States Attorneys, hereby opposes the defendants' motion to suppress fruits of warrantless surveillance. The defendants' motion should be denied as there is no evidence in need of suppression.

As reasons therefore, the Government states the following:

The defendants' motion is conditional in nature: "In the event that the intercepted communications produced by the Government in discovery in this case include communications intercepted pursuant to warrantless surveillance by the National Security Agency or another government agency, Defendants move to suppress any and all fruits of said intercepts." Defendant's Motion, at 2. In fact, none of the intercepted communications produced by the Government in discovery were intercepted pursuant to warrantless surveillance. Whether or not any communications

intercepted pursuant to warrantless surveillance by the National Security Agency or another government agency exist, the Government does not intend to use any such intercepts as evidence. "Evidence" cannot be suppressed as illegally obtained when it is not going to be used against the defendants; there is no harm to be cured.  The defendants' motion is not ripe and will not become ripe.

The electronic surveillance evidence which has been produced to the defendants has all been lawfully collected pursuant to the Foreign Intelligence Surveillance Act of 1978 ("FISA").  The defendants have standing to contest that evidence, and they have filed the appropriate motions. *See* 50 U.S.C. §1806(f).  The Court will have an opportunity, pursuant to the *in camera, ex parte* procedures outlined in FISA, to review the applications and the orders which support the legality of the interception of the communications to be used against the defendants.

In addition to the fact that the Government has not produced any evidence of the sort which is sought to be suppressed, the Court has also, after *in camera ex parte* review of a government filing, denied a request for discovery of such information.  (*See* Docket Entry 118, Order of August 1, 2006, Saylor, D.J.)  The entry of this order further suggests that this issue need not be further litigated in this case.

To the extent that the defendants are seeking a reply to an

inquiry as to whether the Government will use information obtained through the Terrorist Surveillance Program[1] as evidence against them, without acknowledging whether or not such information exists, the Government can state that it will not use such information as evidence against the defendants. (*See* Def. Motion at ¶2.)

Consequently, the Court should deny this motion without a hearing because it is moot.

WHEREFORE, the Government respectfully requests that this motion be DENIED.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                    By:   /s/ Aloke Chakravarty
                                      ALOKE CHAKRAVARTY
                                      B. STEPHANIE SIEGMANN
                                      Assistant U.S. Attorneys

Date: December 15, 2006

---

[1] The defendants sought discovery of warrantless surveillance materials on May 16, 2006 after reports regarding the Terrorist Surveillance Program, that is, the presidentially authorized surveillance program that the President has publicly described, which involves the targeted interception by the NSA of communications in which one party is outside the United States where there are reasonable grounds to believe that at least one party to the communication is a member or agent of al Qaeda or al Qaeda affiliated terrorist organization (Terrorist Surveillance Program or TSP).

CERTIFICATE OF SERVICE

    I hereby certify that I have sent this document on this date, December 15, 2006 via CM/ECF to counsel for the defendants in this case, Malick Ghachem, Esq. and Michael Andrews, Esq..

                                       /s/ Aloke Chakravarty
                                       Aloke Chakravarty
                                       Assistant United States Attorney