```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
          v.                )   Crim. No. 05-40026-FDS
                            )
MUHAMED MUBAYYID, and       )
EMADEDDIN Z. MUNTASSER,     )
                            )
                            )
          Defendants.       )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY**

The United States, by and through Michael J. Sullivan, and B. Stephanie Siegmann and Aloke Chakravarty, Assistant United States Attorneys for the District of Massachusetts, hereby opposes the defendants' motion for discovery of internal records of the Internal Revenue Service ("IRS") and Department of Treasury regarding changes made to the Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code ("Form 1023") on the grounds that the requests are overly burdensome, overbroad, and not relevant.  The indictment alleges that defendant Emadeddin Muntasser ("Muntasser") filed a false Form 1023 in June 1993 on behalf of Care International, Inc. ("Care").  More specifically, the indictment alleges that Muntasser concealed material information from the IRS when he failed to disclose on the Form 1023 all of Care's current and proposed activities as required[1] and concealed Care's

---

[1] The relevant question of the Form 1023, which Muntasser signed under the penalty of perjury, stated: "Provide a detailed

1

relationship with Al-Kifah Refugee Center[2] ("Al-Kifah") by answering "no" to the question "is the organization the outgrowth of (or successor to) another organization . . .?"  The defendants now contend that changes made to the Form 1023 in 2006 are discoverable on the grounds of relevance without citing any legal authority for this proposition.  The fact that IRS changed its Form 1023 in 2006[3] as defendants contend, more than eleven years after defendant Muntasser is alleged to have a filed a fraudulent Form 1023 in June 1993, has no bearing on any of the elements of the crimes charged.

Evidence is relevant if it tends to show the defendant's guilt or innocence.  See Huddleston v. United States, 485 U.S. 681, 687 (1988)("evidence is relevant if it makes the existence of any fact at issue more or less probable.").  Accordingly,

---

narrative description of all the activities of the organization – past, present, and planned. Do not merely refer to or repeat the language in your organizational document.  Describe each activity in order of importance. . . "

[2] In April 1993, two months prior to filing the Form 1023 application with IRS, Al-Kifah was linked in media reports to the February 26, 1993 bombing of the World Trade Center.

[3] According to IRS Publication 557 dated March 2005, Form 1023 was in fact substantially changed in October 2004 and not 2006.  Included in the changes to the 2004 version of the 1023 were the slight modifications to the outgrowth/successor questions described at page 4.  The 2006 version of the 1023 merely changed the user fee; no changes were made to the outgrowth/successor questions from the 2004 version.  See Ex. 6 to Def. Mot ("What's new" section of instructions to 2006 version).

2

relevancy of evidence is determined by examining its relationship to the elements of the offense and any offered defenses, and its tendency to make any fact consequential to the determination of action more or less probable.  United States v. Lamberty, 778 F.2d 59, 61 (1st Cir. 1985); United States v. Spinosa, 982 F.2d 620, 629 (1st Cir. 1992).

The fraudulent filing of the Form 1023 is pertinent to two counts of the indictment, Count One, the scheme to conceal material facts in violation of 18 U.S.C. §1001, and Count Two, conspiracy to defraud the United States in violation of 18 U.S.C. §371.  The elements of 18 U.S.C. §1001(a)(1) are that the defendants (1) knowingly and willfully falsified, concealed and covered up (2) by trick, scheme, and device (3) material facts from the IRS, Federal Bureau of Investigation, and the Immigration Naturalization Service (now Immigration and Customs Enforcement).  With regards to count two, it is unlawful under 18 U.S.C. §371 for "two or more persons conspire either to commit any offense against the United States, or to defraud the United States or any agency thereof in any manner or for any purpose, [and where] one or more of such persons do any act to effect the object of the conspiracy."  The essential elements of a conspiracy are: 1) that two or more persons entered into the charged unlawful agreement; 2) that the defendants knowingly and willfully participated in that conspiracy; 3) that one of the

members of the conspiracy committed at least one of the overt acts charged in the indictment; and 4) that the overt act or acts were committed to further some objective of the conspiracy. 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 19.02, Instruction No. 19-3 (2004); <u>Ingram v. United States</u>, 360 U.S. 672 (1959).

Accordingly, although Muntasser's understanding or state of mind as to what the questions on the Form 1023 he executed in June 1993 meant would obviously be relevant to whether he "knowingly" concealed material facts or defraud the government, the fact that the form changed eleven years after the charged conduct is simply not relevant.  Nor would it be admissible at trial.

Despite the defendants' suggestion to the contrary, the IRS' "outgrowth" inquiry has not been eliminated; it merely is subsumed in two separate questions.  Instead of asking an applicant organization whether it "is an outgrowth of (or successor) to another organization" as the Form 1023 did in 1993, the 2004-2006 versions of the Form 1023 ask "[a]re you a successor to another organization?" and "[d]o you have a close connection with any  organizations?"  <u>See</u> Ex. 5 to Def. Mot.

Indeed, the definition of "successor"[4] contained in the instructions to the 2006 Form 1023 would encapsulate the precise relationship between Care and Al-Kifah Refugee Center, which Muntasser chose to conceal from the IRS in June 1993. As alleged in the Indictment, Care was located at Al-Kifah's Boston office and continued the activities of Al-Kifah. In April 2003, Muntasser admitted to agents of the Federal Bureau of Investigation that Al-Kifah and Care shared many of the same officers and the same mission. Further, bank records produced to the defendants in discovery demonstrate that Muntasser transferred the assets of Al-Kifah to Care.

Furthermore, although the defendants speculate that the IRS changed the Form 1023 because certain questions of the prior version of the Form 1023 were vague or ambiguous, they have not presented any evidence to support this conclusion. Moreover, the IRS' own publication, which is publicly available at www.irs.gov/publications/p557/ar01.html, regarding the revised 2004 form describes the reason for the changes. It states: "[t]he information requested on the revised Form 1023 has

---

[4]"An organization that took over:
   a. More than a negligible amount of the activities taht were previously conducted by another organization;
   b. Twenty-five percent or more of the fair market value of the net assets of another organization; or
   c. Was established upon the conversion of an organization from for-profit to non-profit status."
See Ex. 6 to Def. Mot.

substantially increased, thereby minimizing the need for additional information from the filer during the approval process."

There is simply no legal basis to require the government to engage in a fishing expedition of government internal records of thousands of employees of the Internal Revenue Service and Department of Treasury based upon mere speculation.  <u>Accord</u> Fed. R. Crim. P. 16(a)(2)(Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.").  The Supreme Court's decision in <u>Brady v. Maryland</u>, 373 U.S. 83(1963), further does not lend any support to the defendants' request.  <u>Brady</u> requires the government to disclose any exculpatory evidence which "is material either to guilt or punishment."  <u>Id.</u> at 87.  <u>Brady</u>, however, does not permit defense to conduct a fishing expedition of the government's files for potentially exculpatory evidence whenever it is conceivable that evidence beneficial to the defendants may be discovered.  <u>See United States v. Caro-Muniz</u>, 406 F.3d 22, 29-30 (1st Cir. 2005) (defendant's discovery request for all previously undisclosed recordings of informant witness in possession of government that may contain evidence that exculpates defendant constituted impermissible fishing expedition).

Lastly, the defendants absurdly claim that the government denied these discovery requests "as an attempt to shield from this court information that is damaging to the Government's and critical to the Defendant's case."  Nothing could be further from the truth.  If in fact the government had reason to believe that the IRS or Department of Treasury possessed records that were "material either to guilt or punishment," it would be required to produce them under <u>Brady</u>.  The government, however, is unaware of any internal records of the IRS or Department of Treasury (other than those already produced pertaining to Care's own tax filings) that are relevant to any of the elements of the charged offenses or would exculpate the defendants.  Indeed, to date, no records falling within the categories of requested materials described in this motion have been located.

**CONCLUSION**

For the foregoing reasons, the defendants' Motion for Discovery should be denied.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ B. Stephanie Siegmann
>B. STEPHANIE SIEGMANN
>ALOKE CHAKRAVARTY
>Assistant U.S. Attorneys

Date: January 18, 2007

Certificate of Service

I do hereby certify that a copy of foregoing opposition was served upon the counsel of record for the defendants by electronic notice on this 18th day of January 2007.

>/s/ B. Stephanie Siegmann
>B. Stephanie Siegmann