UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. |
| MUHAMED MUBAYYID, and ) | 05-40026-FDS |
| EMADEDDIN Z. MUNTASSER, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR JURY SELECTION
FROM THE EASTERN DIVISION OF THE DISTRICT COURT

**SAYLOR, J.**

This is a criminal prosecution under 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 371 (conspiracy to defraud the United States), and 26 U.S.C. § 7206(1) (false statements on tax returns). In essence, the indictment charges that defendants Muhamed Mubayyid and Emadeddin Z. Muntasser fraudulently obtained a charitable exemption under § 501(c)(3) of the Internal Revenue Code for an entity known as Care International. According to the indictment, defendants concealed the fact that Care International solicited and distributed funds for, and issued publications supporting and promoting, Islamic holy war ("jihad") and holy warriors ("mujahideen").

At the time the indictment was filed, the matter was assigned to the Central Division of the District of Massachusetts. Defendants contend that the assignment violated their Sixth Amendment rights and Local Rule 40.1 of the District, and have moved that the jury selection and trial take place in Boston, in the Eastern Division. For the reasons set forth below, the motion

will be granted.

**I.     Background**

On May 11, 2005, the Grand Jury returned a six-count indictment charging both defendants with a scheme to conceal material facts, in violation of 18 U.S.C. § 1001(a)(1) (Count One), and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count Two). The indictment further charges Mubayyid with three counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1) (Counts Three, Four, and Five). Finally, Muntasser is charged with making a false statement, in violation of 18 U.S.C. § 1001(a)(2) (Count Six).

On October 5, 2006, defendants filed the present motion for jury selection from the Eastern Division of the District of Massachusetts.

**II.    Analysis**

The Sixth Amendment of the Constitution requires that a trial be held in the "State and district wherein the crime shall have been committed." By statute, Massachusetts constitutes one judicial district. 28 U.S.C. § 101. Thus, under the Sixth Amendment, there is no right to a trial at any particular location within the state. *See Barrett v. United States*, 169 U.S. 218, 221 (1898). Furthermore, and unlike many federal districts, the District of Massachusetts does not have statutory divisions. *See Brennan v. City of Leominster*, 180 F.R.D. 192, 193 (D. Mass. 1998). In any event, there is "no constitutional right to a trial within a particular division" of a district. *United States v. Cates*, 485 F.2d 26, 28 n.4 (1st Cir. 1974) (citations omitted).

Rule 18 of the Federal Rules of Criminal Procedure states that "the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses,

and the prompt administration of justice." Like the Sixth Amendment, Rule 18 does not require that a trial be held in any particular location within a district. *United States v. Ezeodo*, 748 F.2d 97, 98 (2d Cir. 1985).

By Local Rule, the District Court has divided the District into three divisions (Eastern, Central, and Western) and the judges in the District are permanently assigned to three locations (Boston, Worcester, and Springfield). Local Rule 40.1 governs the assignment of cases among the three divisions.[1]

Local Rule 40.1(E) provides as follows:

> Criminal cases shall be assigned to that division in which the most significant criminal conduct related to the alleged violations occurred within the District of Massachusetts.

Under Local Rule 40.1(F),

> Any case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned.

Local Rule 40.1(E) is intended to prohibit forum-shopping, particularly where criminal activity is alleged to have occurred at multiple locations within the state.

This matter was assigned upon filing of the indictment to the Central Division.[2] Defendants contend that it should have been assigned to the Eastern Division, as that is where the

---

[1] The District Court's authority to promulgate Local Rule 40.1 derives principally from 28 U.S.C. § 137, which provides that "[t]he business of [the] court . . . shall be divided among the judges as provided by the rules and orders of the court." 28 U.S.C. § 137; *see Market Masters-Legal v. Sutter Law Firm*, 2003 U.S. Dist. Lexis 12839, *5 (D. Mass. 2003); Fed. R. Civ. P. 83(a) (granting authority to District Court to adopt local rules).

[2] Defendants contend that the matter was assigned to the Central Division at the behest of the government in an act of deliberate forum-shopping. The Court expressly makes no such finding here. Defendants also contend that transfer to the Eastern Division is required due to substantial pretrial publicity of the record, such publicity—which has been far from extensive at this stage—is not sufficient to warrant a change of venue.

"most significant criminal conduct" occurred, and accordingly requests that the case be tried in Boston before a jury empaneled from the Eastern Division.

The Court must first determine where the "most significant criminal conduct related to the alleged violations" occurred. The indictment is silent as to where within Massachusetts various acts are alleged to have occurred, and the Court must therefore consider the underlying allegations. According to the government, the following "significant criminal conduct" occurred in Worcester County:

> . . . Evidence of the defendants' criminal conduct was found during two searches, one in 2001 and one in 2003, of a storage unit located in Westboro, [Worcester County,] Massachusetts, which contained the records of Care International dating back to 1993. One of the two defendants, Mubayyid, is believed to have lived at all relevant times to the indictment, and continues to live, in Worcester County and committed several criminal acts from his home located in Worcester County. The defendants and their unindicted co-conspirators committed several criminal acts in Worcester county; they arranged for lectures to promote, and solicited money for the mujahideen, in Worcester County. At least three of the alleged fraudulent tax returns filed on behalf of Care International were prepared in Worcester by Khalid Naseem, including one of which that was signed by defendant Emadeddin Muntasser. Lastly, for some period of time in 1997-1998, Care International was using a Worcester address as its place of business.

On the other hand, there is no question that "significant criminal conduct" occurred in the Eastern Division. Care International had its place of business in Boston, in the Eastern Division, at all relevant times, with the apparent exception of a brief period in 1997 and 1998. Defendant Muntasser resided in Braintree, in the Eastern Division. The alleged fraudulent application for 501(c)(3) status appears to have been prepared in the Eastern Division and submitted to the IRS from the same location. Likewise, several of the allegedly fraudulent annual reports (Forms 990) appear to have been prepared in, and submitted from, the Eastern Division. Finally, the allegedly false statement at issue in Count Six was made in Boston.

The method by which the Court is to measure the "most significant criminal conduct related to the alleged violations" is far from clear. The Court declines to hold an evidentiary hearing, or otherwise to expend substantial resources determining the precise balance of "significant criminal conduct" between the two divisions. Nonetheless, the balance appears to tip decidedly in favor of the Eastern Division. Notably, the government does not argue that the "*most* significant criminal conduct" occurred in Worcester County, only that "significant" conduct occurred there. Under the circumstances, the Court has no difficulty concluding that the "most significant criminal conduct" appears to have occurred in the Eastern Division.

There remains the question of the appropriate remedy. As noted, the Court may transfer the case for "good cause." Both parties have indicated that they wish to have the undersigned District Judge continue to preside over the case. As noted, however, defendants seek to have the matter tried in Boston, with jurors selected from the Eastern Division. Ordinarily, such "splitting" is inappropriate: either the case belongs in the Central Division (with a judge assigned to that division) or it belongs in the Eastern Division (with a judge assigned to that division). In the present case, however, a transfer to a judge in the Eastern Division will engender considerable delay and inconvenience. This matter involves a substantial amount of classified information, which in turn requires substantial additional resources of the Court (such as obtaining security clearances for law clerks and reviewing documents under secure circumstances). Moreover, the Court has already invested substantial time and effort in addressing pretrial motions and reviewing classified materials.

Accordingly, under the unusual circumstances presented here, the undersigned judge will retain the case, but order that jury empanelment and trial will occur in Boston. All filings,

5

hearings, and other pretrial matters shall continue to take place in the Central Division unless otherwise ordered by the Court.

### III. Conclusion

For the foregoing reasons, defendants' Motion for Jury Selection from the Eastern Division of the District Court is GRANTED. The trial of this matter shall take place before the undersigned District Judge, at a date and time to be determined, at the John Joseph Moakley United States Courthouse in Boston, Massachusetts, before a jury selected from persons residing in the Eastern Division in accordance with the Jury Plan of the Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 8, 2007