UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA ) <br> ) <br> v. ) <br> ) <br> MUHAMED MUBAYYID, ) <br> EMADEDDIN Z. MUNTASSER, and ) <br> SAMIR AL-MONLA, ) <br> ) <br> Defendants. ) <br> ) | Criminal No. <br> 05-40026-FDS |

MEMORANDUM AND ORDER ON NOTICE OF
ADVICE-OF-COUNSEL DEFENSE AND RULE 17(c) SUBPOENA

**SAYLOR, J.**

The government has moved for advance notice as to whether defendant Emadeddin Muntasser intends to raise an advice-of-counsel defense at trial. In the alternative, the government has moved for a ruling that any communications between Muntasser (or any other representative of Al-Kifah Refugee Center or Care International, Inc.) and attorney Abdullah Bade on the subject of Care's application for tax-exempt status are not privileged on the grounds that (1) they were not intended to remain confidential, and (2) they fall within the crime-fraud exception to the attorney-client privilege. The government has further moved for the right to issue a Fed. R. Crim. P. 17(c) subpoena to Bade with a return date several weeks in advance of the trial.

The government's position as to the notice issue, reduced to its essence, is as follows: (1) if an advice-of-counsel defense is asserted at the trial, and defendant thereby waives the attorney-client privilege, the government will be in the difficult and unfair position of being forced to

respond in the middle of the trial to a large quantity of new information; (2) that result can be obviated by means of a notice requirement; and (3) the Court has the inherent authority to require such notice.  Defendant contends that such a procedure is not authorized by law, would improperly abrogate the attorney-client privilege, and would unfairly burden the defendant's decision whether or not to testify.

### 1.     Whether Notice of an Advice of Counsel Defense Should Be Required

In this case, as in any other criminal case, the government bears the burden of proving that the defendant had the necessary *mens rea* to commit the crime—that is, that he acted knowingly and intentionally.  It appears that, at least with respect to some of the transactions at issue, defendant may have consulted with attorney Bade.  This circumstance creates at least some reasonable likelihood that defendant may elect to call his attorney as a witness to present evidence tending to negate criminal intent—what is commonly referred to as an advice-of-counsel defense.  If the attorney testifies as to otherwise-privileged communications, the privilege is thereby waived.  The difficulty for the government is that it cannot interview or otherwise obtain discovery from the attorney as to privileged information until the privilege is waived, but the waiver will not occur, if at all, until the attorney testifies on direct examination.

The Federal Rules of Criminal Procedure do not specifically require that a defendant provide pretrial notice of an advice-of-counsel defense.  The rules do, however, provide for pretrial notice of three types of defenses:  alibi (Rule 12.1), insanity (Rule 12.2), and public authority (Rule 12.3).  According to the Advisory Committee Notes, advance notice as to those defenses is required to permit the government to prepare for trial and to avoid the necessity of continuances in the middle of the trial.  *See, e.g.,* Advisory Committee Note to Rule 12.2.

The three enumerated defenses as to which notice must be given under the rules share a basic characteristic with the advice-of-counsel defense: they are ordinarily fact-intensive defenses that are likely to create substantial problems of fairness and efficiency if raised for the first time during the trial. In addition, the requirement as to the insanity defense involves, under ordinary circumstances, pretrial disclosure by the defense of otherwise-privileged information (there, information subject to the psychotherapist-patient privilege). Accordingly, there appears to be nothing inherently unconstitutional, or otherwise improper, in a requirement that a defendant make a pretrial disclosure of his intention to assert a certain type of defense, even where the disclosure involves privileged information or may substantially affect the defendant's decisions to testify or to put on a defense case.

The fact, however, that the rules enumerate certain notice requirements, but not others, gives the Court some pause. Ordinarily, the listing of notice requirements in specific instances would strongly suggest that any other notice requirements were intended to be excluded. Nor is the Court empowered as a general matter to fill in the gaps where a statute or rule fails to address a particular circumstance.

There is, however, considerable case law to the effect that the Court has inherent authority to impose disclosure and notice requirements outside the Federal Rules of Criminal Procedure. *See, e.g., United States v. Beckford*, 926 F. Supp. 748, 755-58 (E.D. Va. 1997) and cases cited therein. Upon review of the cases, the Court concludes that it may, at least under some circumstances, order that defendant give notice of an intent to rely on an advice-of-counsel defense.

The fact that the Court appears to have the power to order such notice does not, however,

3

necessarily require that it be exercised to the fullest extent, particularly given the potential burden on the exercise of the attorney-client privilege. In the absence of a specific rule, the requirement of a notice should be imposed only to the extent reasonably necessary to ensure a fair and reasonably efficient trial. Here, it may prove to be the case that such notice is unnecessary, because the communications at issue were never privileged (e.g., because they were made in furtherance of a crime or fraud or because they were intended to be disclosed), or that such notice need not be provided well in advance of the trial, or even at all (e.g., because the communications at issue were relatively brief and there is no need to call rebuttal witnesses).

Accordingly, the Court will defer its decision as to the need for, and form of, any pretrial notice of an advice-of-counsel defense until it has had an opportunity to resolve the related issues of (1) whether the communications were intended to remain confidential and (2) whether they fall within the crime-fraud exception to the privilege.

The government has proposed that the issues concerning the applicability of the privilege would be best raised by the vehicle of a Rule 17(c) subpoena directed to attorney Bade well in advance of trial, followed by an *in camera* review and (if appropriate) a hearing under *United States v. Zolin*, 491 U.S. 554 (1989).[1] The Court agrees. That process will in all likelihood considerably inform the Court's decision as to what type of notice, if any, is appropriate, and at what time. The Court recognizes that any such notice, if ordered, is likely to occur relatively close to the onset of the trial. However, the Court expects that, under the circumstances presented by this case, the amount of information at issue is not likely to be substantially complex

---

[1] The Court is informed that defense counsel is willing to cause the Rule 17(c) subpoena to be issued and served in order both to frame the issue for litigation and to spare the government the need to obtain subpoena approval from the Department of Justice.

or burdensome, and that therefore the government will have a fair opportunity to respond.

Accordingly, and for the reasons stated herein,

1. To the extent that the government seeks an order requiring notice in advance of trial of the assertion of an advice-of-counsel defense, the motion is DENIED WITHOUT PREJUDICE to its renewal at a later time.

2. To the extent that the government seeks an order concerning the issuance of a Rule 17(c) subpoena to attorney Abdullah Bade, the motion is GRANTED.

3. Any party (the United States or any of the defendants) may cause a subpoena to issue to attorney Abdullah Bade ordering him to produce designated items to this Court on October 10, 2007, five weeks prior to the scheduled commencement of the trial. Any materials that are claimed to be protected by the attorney-client privilege shall be submitted under seal for *in camera* review.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: June 22, 2007　　　　　　　　　　　　　　United States District Judge