```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
         v.                     )    Crim. No. 05-40026-FDS
                                )
MUHAMED MUBAYYID,               )
EMADEDDIN Z. MUNTASSER, and     )
SAMIR AL-MONLA.                 )
                                )
         Defendants.            )
```

**GOVERNMENT'S MOTION TO STRIKE SURPLUSAGE IN INTRODUCTORY
ALLEGATIONS IN THE SUPERSEDING INDICTMENT**

The United States of America, by and through its attorneys United States Attorney Michael J. Sullivan and Assistant United States Attorneys Aloke S. Chakravarty, B. Stephanie Siegmann and Donald L. Cabell, hereby moves to amend the superseding indictment in this case by deleting the following sentence in the Introductory Allegations section of the Superseding Indictment, located in Paragraph 15 on Page 6:  "**Had MUNTASSER, AL-MONLA, and/or MUBAYYID provided truthful information to the IRS about Care, Care would not have been accorded, nor would have enjoyed, tax exempt status under 26 U.S.C. §501(c)(3) and its regulations.**"

Although the government expects to prove this assertion at trial, it is not necessary to do so.  To prove that the alleged misreprentations at issue were "material," the government need only prove that the false information provided to the government could have influenced (rather than did influence) actions of the

government official who was charged with granting the defendants' organization tax exempt status.  United States v. Sebaggala, 256 F.3d 59, 64 (1st Cir. 2001) ("The test of materiality is whether the false statement in question had a natural tendency to influence, or was capable of influencing, a governmental function.  Thus, if a statement could have provoked governmental action, it is material regardless of whether the agency actually relied upon it."); United States v. Notarantonio, 758 F.2d 777, 784-86 (1st Cir. 1985).

Although the government could achieve the same result through a second superseding indictment, it is well established that parties may more simply move to delete portions of an indictment where, as here, the language is surplusage and the indictment continues to make out a violation of the charged offense(s) at issue.  United States v. Miller, 471 U.S. 130 (1985); see also United States v. Ayla, 289 F.3d 16, 22 (1st Cir. 2002)("A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored...surplusage in an indictment need not be proved."); United States v. Mojica-Baez, 229 F.3d 292, 311 n.14 (1st Cir. 2000)(not improper "to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it.")(citing Miller, 471 U.S. at 144).

```
                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                   By:  /s/ Aloke Chakravarty
                                        Aloke Chakravarty
                                        Donald L. Cabell
                                        B. Stephanie Siegmann
                                        Assistant U.S. Attorneys
September 27, 2007
```

CERTIFICATE OF SERVICE

This is to certify that I, on this 27th day of September 2007, did serve upon David Duncan, Esq., Charles McGinty, Esq., and Michael Andrews, Esq., a copy of the foregoing document by electronic notice filing.

```
                                        /s/ Aloke Chakravarty
                                        Aloke Chakravarty
                                        Assistant U.S. Attorney
```