```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )
          v.                     )    Crim. No. 05-40026-FDS
                                 )
MUHAMED MUBAYYID,                )
EMADEDDIN Z. MUNTASSER, and      )
SAMIR AL-MONLA                   )
                                 )
          Defendants.            )
```

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE ANY ALLEGATIONS OF IMPROPER MOTIVES IN INITIATING PROSECUTION**

The United States of America, by Michael J. Sullivan, United States Attorney, and Assistant United States Attorneys Donald L. Cabell, B. Stephanie Siegmann and Aloke S. Chakravarty, hereby moves *in limine* to prohibit any defendant from alleging an improper motive on the government's part in initiating the prosecution. Specifically, the government moves to preclude any defendant from either alleging or seeking to introduce any evidence suggesting that the prosecution is (1) selective or vindictive, or (2) based on governmental misconduct, or (3) has been brought in retaliation for defendant Muntasser's civil lawsuit seeking to compel the United States to grant his then pending application for citizenship, or (4) because of any defendant's background or religious, cultural or political beliefs.

In support of the motion, the government notes that the defendants have argued or suggested through prior pleadings

and/or through various statements made by counsel in court and/or to the government that one more defendants has been targeted for prosecution because of the defendant's specific beliefs, acts or traits.  The government vehemently disputes these claims and notes that there is noting in the record to suggest, let alone support, a claim of improper motive in investigating or prosecuting this case.  Indeed, the defendants have vigorously litigated claims of this sort through their motion to dismiss and the Court has rejected them, explicitly ruling that the prosecution is not selective and/or vindictive.  (See Memorandum and Order on Motion to Dismiss, pp. 19-25).

   Regardless, even if any of these allegations had factual support, which they do not, they would be completely irrelevant at trial because they do not bear on the issue of any defendant's guilt or innocence.  Accordingly courts have routinely held that claims of improper motive in preparing and prosecuting a defendant, whether framed as outrageous conduct, or selective or vindictive prosecution, are legal issues to be resolved by the trial court rather than factual matters to be argued to the jury. See e.g., Hampton v. United States, 425 U.S. 484, 497 (1976) ("[T]he determination of the lawfulness of the Government's conduct must be made - as it is on all questions involving the legality of law enforcement methods - by the trial judge, not the jury."); United States v. Berrigan, 482 F.2d 171, 174-175 (3rd

Cir. 1973)(claim that prosecution was motivated by discriminatory animus does not bear on guilt or innocence, and is to be argued to the trial court and not to jury); United States v. Johnson, 565 F.2d 179, 181-82 (1st Cir. 1977)(whether the government has stepped beyond permissible constitutional bounds in attempting to enforce the law is a legal question, not a factual one); United States v. Engler, 806 F.2d 425, 430 (3rd Cir. 1986)("The question whether governmental conduct was so outrageous as to constitute a violation of due process is a question of law to be determined by the court, not the jury."); United States v. Salazar, 720 F.2d 1482, 1488 (10th Cir. 1983)(claim that government committed outrageous conduct in investigating defendant was issue for court but not for jury); United States v. Bertoli, 854 F. Supp. 975, 1076 (D.N.J. 1994), *vacated in part on other grounds,* 40 F.3d 1384 (3rd Cir. 1994) ("Case law definitively establishes that questions of vindictive prosecution and Government misconduct are not proper questions for the jury to consider."); United States v. Napper, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) ("defendant does not have the right to present a selective prosecution claim to a jury").

Accordingly, where, as here, the defendants have had the opportunity to thoroughly litigate these claims through the motion to dismiss, to no avail, they should be precluded from attempting to raise them anew at trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Donald L. Cabell
    Donald L. Cabell
    B. Stephanie Siegmann
    Aloke S. Chakravarty
    Assistant U.S. Attorneys