UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
          v.                    )    Crim. No. 05-40026-FDS
                                )
MUHAMED MUBAYYID,               )
EMADEDDIN Z. MUNTASSER, and     )
SAMIR AL-MONLA                  )
                                )
          Defendants.           )

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT ANTICIPATED
          TESTIMONY OF DEFENDANTS' EXPERT WITNESSES**

The United States of America, by Michael J. Sullivan, United States Attorney, and Assistant United States Attorneys Donald L. Cabell, B. Stephanie Siegmann and Aloke S. Chakravarty, hereby moves *in limine* to exclude or limit the anticipated testimony of the following identified expert witnesses. Additionally, the government requests *Daubert* hearings regarding the qualifications of John Stuart Blackton and Professor Nazif Shahrani to render the opinions contained in the defense supplemental disclosures provided to the government on October 15, 2007 and October 19, 2007.[1]

   1.   **Marcus Owens**

Based on disclosures provided by the defendants, former IRS employee Marcus Owens intends to testify that "pro-jihad

---

[1] Since the government received the supplemental expert disclosures regarding Professor Shahrani on October 19, 2007, the same date the motions in limine were due, it requests additional time to determine whether there is any other basis to limit the scope, or exclude, the testimony of Professor Shahrani.

1

viewpoints" contained in newsletters (such as Care's Al-Hussam newsletter) constitute "free speech expressions protected by the courts." The government does not take issue with this assertion. However, Mr. Owens intends to further opine that, since the speech is protected, it would "thus would have no affect [sic] on Care's tax-exempt status." In essence, then, Mr. Owens is prepared to testify that the Al-Hussam newsletters are not, and could never be, relevant for IRS 501(c)(3) purposes.

    This proposition is simply untenable, whether expressed as a matter of opinion or law. First, this assertion misapprehends the fundamental distinction between protected free speech on the one hand, and its reasonable consequences on the other. Care, like any entity, is free to express whatever views it may hold, but that does not mean that the IRS is required to ignore those views in determining whether Care otherwise qualified as a charitable organization deserving of tax-exempt status. As government witnesses will testify, the IRS would unquestionably deem an organization's newsletter or publication to be potentially relevant in determining whether the applicant organization's activities were charitable and the organization was entitled to tax exempt status. Just as there can be no dispute that the IRS is entitled to consider whatever goals and views an organization such as Care articulates in its IRS submissions, it surely must be entitled to consider those goals

and views the same organization supports or endorses through its newsletters and other publications.  This is especially the case where the distribution of its newsletter was one of its primary activities.

In short, Mr. Owens should not be permitted to testify that the IRS could never have considered Care's Al-Hussam newsletter in determining whether it qualified as a charitable organization because it is incorrect, logically untenable, and would thus mislead or confuse the jury.

    **2.**   **Michael Sells**

The government moves to preclude Professor Michael Sells from testifying at trial.  Based on disclosures, the defendants intend to call Professor Sells to testify generally about "ethnic cleansing and genocide [of Muslims] which occurred in Bosnia in the 1990's, and to contemporary media coverage of these events." This testimony is not relevant, however, to any issue at trial. Even accepting for the sake of argument that Bosnian Muslims suffered greatly during the 1990's, largely out of the eye of western media, that fact does not bear on any of the charges pending against any of the defendants.  More specifically, it is not probative on whether the defendants made material misrepresentations and/or omissions in connection with Care's IRS submissions, or made false statements in connection with the subsequent investigation.  Accordingly, the testimony is

3

irrelevant and would serve no purpose other than to improperly provide the basis for an argument that Care was somehow justified in engaging in certain activities which it failed to disclose to the IRS.

### 3. John Stuart Blackton

The government requests a Daubert hearing on the qualifications of Mr. Blackton and to limit the scope of his testimony. Based upon the defendants' disclosures, they intend to call Mr. Blackton to, among other things, "testify about the role of the Mujahideen leaders and tribal leaders in Afghanistan and the necessity of dealing with those leaders in order to provide any humanitarian relief. . ." Additionally, based upon these disclosures Mr. Blackton will testify about the United States government's support for the Afghanistan Mujahideen and the public knowledge of that support. For the reasons stated in the Government's Motion in Limine to Preclude Argument and Evidence Related to the United States Government's Political Policies and Activities Abroad, this testimony is not relevant under Fed. R. Evid. 401. Whether the United States government was supporting the mujahideen and whether public at large knew about such support is irrelevant to whether the defendants concealed information from, and made false statements to, the Internal Revenue Service, Immigration Naturalization Service, and Special Agents of the Federal Bureau of Investigation.

Furthermore, this testimony is misleading and designed to confuse the jury.

WHEREFORE, the United States respectfully requests that the testimony of Professor Sells be excluded in its entirety, the testimony of Mr. Owens and Mr. Blackton be limited in scope, and *Daubert* hearings be held regarding the qualifications of Mr. Blackton and Professor Shahrani.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Donald L. Cabell
    Donald L. Cabell
    B. Stephanie Siegmann
    Aloke S. Chakravarty
    Assistant U.S. Attorneys
