```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
         v.                    )    Crim. No. 05-40026-FDS
                               )
MUHAMED MUBAYYID,              )
EMADEDDIN Z. MUNTASSER, and    )
SAMIR AL-MONLA                 )
                               )
         Defendants.           )
```

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
IRS FILINGS OF NON-SIMILARLY SITUATED ORGANIZATIONS**

United States of America, by Michael J. Sullivan, United States Attorney, and Assistant United States Attorneys Donald L. Cabell, B. Stephanie Siegmann and Aloke S. Chakravarty, hereby moves *in limine* to exclude evidence of the IRS Forms 1023 (Application for Recognition of Exemption under Section 501(c)(3) of the Internal Revenue Code) and 990 (Return of Organization Exempt Under Income Tax) filed by thirty-one other organizations at various times between 1971 and 2006, which the defendants have indicated they intend to introduce. Upon information and belief, the defendants would argue that the documents show that other, similarly situated organizations were able to obtain 501(c)(3) status after acknowledging or evincing an intent to provide *humanitarian* assistance to the mujahideen or to refugees, children or others aligned with the mujahideen. Presumably, the defendants would argue that such evidence shows that the information that Care International, Inc. ("Care") allegedly

1

concealed from the IRS regarding its support for others was not material. The Court should exclude the evidence, however, because it is not relevant, and would confuse and mislead the jury.

To begin, all of the IRS submissions referenced by the defendant are fundamentally inapposite to this case. The issue here is whether the defendants concealed material information from the IRS in submitting their form 1023. By contrast, there is no suggestion from the records provided by the defendants that any of those organizations concealed material information from the IRS during the application process.[1] Moreover, the organizations cited by the defendant were ostensibly engaged in supporting non-violent relief efforts and there is no indication that any organization acknowledged that it was supporting violent jihad and/or soliciting funds to support the mujahideen. As such, none of the organizations listed is similarly situated to Care, and it is thus difficult to see how the putative evidence would bear on any issue at trial.

---

[1] In fact, with regards to several of the organizations, the defendants are seeking to only admit the Forms 990, annual tax returns, without also providing the initial Form 1023 application. The purpose of a Form 990 is primarily to update the IRS regarding program service accomplishments and notify the IRS of any changes in the organizational structure and activities not previously reported. No argument could therefore fairly be made solely based upon Forms 990 without knowing what a charity originally told the IRS in its application. This evidence would simply be misleading and confusing to the jury.

Indeed, the only way any of these organizations could plausibly be viewed as being similarly situated to Care would be where the organization (1) represented it was to engage in charitable activities, (2) concealed the fact that it was also to engage in activities inconsistent with 501(c)(3) status such as violent jihad or support for mujahideen fighters, (3) subsequently disclosed that information to the IRS, and (4) still had the application for 501(c)(3) status approved.  Upon information and belief, none of the organizations cited by the defendants satisfies these criteria.

Even were the defendant able to produce evidence of an organization meeting these requirements, the evidence still would not be admissible because the issue here is not whether the IRS approved the application of a similarly situated organization even after receiving information regarding questionable activities, but whether the information regarding the questionable activities could have influenced (rather than did influence) the actions of the government official who was charged with granting the defendants' organization tax exempt status.  United States v. Sebaggala, 256 F.3d 59, 64 (1st Cir. 2001) ("The test of materiality is whether the false statement in question had a natural tendency to influence, or was capable of influencing, a governmental function.").  Because evidence that Care was supporting violent jihad was indisputably capable of

influencing the outcome of their application, it does not matter if another organization for whatever reason was able to obtain tax exempt status after disclosing such information. As such, it would be misleading and confusing to the jury to admit such evidence under Fed. R. Evid. 403.

Additionally, the defendants are seeking to introduce literature allegedly distributed by other charities (including at least one organization that never received tax exempt status, American Friends of Afghanistan) and reports, including news articles, regarding the activities of other charities that were never provided or disclosed to the IRS. Presumably, the defendants want to argue that other charities were distributing pro-jihad newsletters and obtained or retained their tax exempt status. Such an argument is unfair and misleading where there is no evidence that the IRS had notice of these activities.

Accordingly, the Court should exclude the evidence.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By: /s/ Donald L. Cabell
>     Donald L. Cabell
>     B. Stephanie Siegmann
>     Aloke S. Chakravarty
>     Assistant U.S. Attorneys