UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                      )<br>)<br>MUHAMED MUBAYYID,         )<br>EMADEDDIN Z. MUNTASSER, and )<br>SAMIR AL-MONLA           )<br>)<br>         Defendants.     ) | Crim. No. 05-40026-FDS |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE QUESTIONING WHICH REQUIRES A RESPONSE INVOLVING CLASSIFIED INFORMATION**

The United States, by and through its attorney, Michael J. Sullivan, the United States Attorney for the District of Massachusetts, and Aloke Chakravarty, B. Stephanie Siegmann, and Donald Cabell, Assistant United States Attorneys, hereby moves in limine to preclude the defendants from questioning government witnesses about aspects of the investigation in this case which require a response which contains classified national security information. The aspects of the investigation which are relevant to this prosecution have been disclosed to the defense and are unclassified. The parties' understanding at the beginning of this prosecution was to seek declassification of relevant information in order to obviate the need for classified information to complicate a trial. Because all the relevant national security materials have been declassified and is available to both parties, this is not a case in which the process detailed in the Classified Information Procedures Act

1

(CIPA), 18 U.S.C. App. § 3, is necessary to determine what classified evidence may be elicited at trial.

However, as the defendants are aware, there exists classified information accumulated during foreign intelligence and national security investigations conducted by the FBI separate from the declassified evidence gathered under the Foreign Intelligence Surveillance Act (FISA) which will be introduced as evidence at trial.  Both of these factors, and the possibility of a defense strategy of broaching the motivation of the government's prosecution of the defendants or other individuals, requires the limitation on inquiry of government witnesses into these areas.

The government is not seeking to introduce any classified information against the defendants in this case.  Although the precise information which may be classified is not known to the defense, the types of information reasonably known to implicate classified information include areas such as: that information presented to and issued from the FISA Court, those materials which the defendants do not possess which were derived from FISA-authorized techniques, any information about the basis of the initiation of the investigation of the defendants which has not been disclosed to the defense, and possible FBI investigations involving other individuals or entities.

Classified information in this case does not mitigate the

evidence of guilt nor further any legal defense.  Fed. R. Evid. 401, 402.  Similarly, such information is likely to confuse, distract and potentially prejudice a jury, and therefore inquiry eliciting same should be restricted.  Fed. R. Evid. 403.

For instance, questions regarding the FISA predication, or the initiation of the investigation of the defendants and/or others may elicit sensitive or classified information concerning potential targets or subjects of intelligence investigations.  An objection, or a refusal to answer a question, on the grounds that the answer is classified may lead the jury to speculate about the reasons, other than those described in the indictment and the evidence at trial.  Moreover, any response to such a line of inquiry could also unfairly characterize the defendants to the jury.

For the foregoing reasons, the government respectfully requests this Court to restrict the defendants from questioning government witnesses about aspects of the investigation in this case which require a response which contains classified national security information.

```
                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:   /s/ Aloke Chakravarty
                              ALOKE S. CHAKRAVARTY
                              B. STEPHANIE SIEGMANN
                              DONALD L. CABELL
                              Assistant U.S. Attorneys
```

Date: October 19, 2007

CERTIFICATE OF SERVICE

    I hereby certify that I have sent this document on this date, October 19, 2007 via Electronic notice to counsel for the Defendants in this case.

                                          /s/ Aloke Chakravarty
                                        ALOKE CHAKRAVARTY
                                        ASSISTANT UNITED STATES ATTORNEY