```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
          v.                    )   Crim. No. 05-40026-FDS
                                )
MUHAMED MUBAYYID,               )
EMADEDDIN Z. MUNTASSER, and     )
SAMIR AL-MONLA                  )
                                )
          Defendants.           )
```

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ARGUMENT AND EVIDENCE RELATED TO THE UNITED STATES GOVERNMENT'S POLITICAL POLICIES AND ACTIVITIES ABROAD**

The United States, by and through its attorney, Michael J. Sullivan, the United States Attorney for the District of Massachusetts, and Aloke Chakravarty, B. Stephanie Siegmann, and Donald Cabell, Assistant United States Attorneys, hereby moves in limine to preclude the Defendants from arguing, eliciting testimony (including expert testimony) or presenting evidence regarding the United States government's political policies and references to its defense and intelligence service activities abroad. Based upon the prior defense arguments in this case, and disclosures made by the defense, we anticipate the attempted introduction of evidence and/or reference in opening statement and closing argument, and during cross and direct examination, that the U.S. Government, as manifested through the CIA, military and humanitarian assistance, supported the mujahideen in Afghanistan and other parts of the world. Eliciting evidence

1

about the U.S. government's policies is not probative of any issue in this case going to an element of an offense or to a legal defense.  Fed. R. Evid. 401, 402.  The alliance of the defendants' activities with U.S. foreign policy does not mean that the failure to disclose those activities could not be material to the IRS.  Moreover, introduction of such testimony or allowance of such argument will confuse, mislead and distract the jury from determination of the factual matter at hand.  Fed. R. Evid. 403.  The jury will be improperly influenced by the suggestion that if the U.S. government supported the goals of the mujahideen, then the Defendants' failure to disclose their relationship to the mujahideen was meaningless.  This is not an accurate assessment of the law, and invites jury nullification.  This case does not present a political question, nor should the defense be permitted to invite speculation as to whether the IRS' decision-making would have been mooted because of official foreign policy determinations by the Office of the President and other departments.  See generally United States v. Poindexter, 735 F.Supp. 13, 26-27, (D.D.C. 1989)(holding that actual reliance on material misrepresentations [to Congress] in the face of allegedly similarly Executive policy positions are irrelevant; materiality is a question for the jury.)

    The point of this prosecution is that the defendants concealed from the government crucial information which could

have affected the IRS determination of Care's tax exemption status. See United States v. Hurley, 957 F.2d 1, 3 (1st Cir. 1992).

That someone else, components of the U.S. Government such as the Department of Defense, aid Agencies, or intelligence agencies may have supported and/or funded the mujahideen (before or at the time of the incorporation of Care International) is wholly irrelevant to whether the defendants concealed from the Government that they were engaging in such activity. See e.g. United States v. Holy Land Foundation for Relief and Development, 03-CR-240-G, N.D.Tx. November 2, 2006)(Fish, D.J)("[T]he fact that other entities have supported the same organizations that the defendants are being prosecuted for supporting is not probative of the defendants' knowledge or intent in supporting those organizations."). The defendants cannot correlate the methods and avenues of the U.S. Government's potential support for mujahideen at or before the same time as the defendants were funding them with any legal defense.  The U.S. Government's foreign policy position on this issue is does not impact the fact that the Defendant's misrepresentations to the IRS were material regardless of alliance between their foreign policy and the U.S. Government's.  Moreover, allowance of such testimony and argument invites distracting introduction of evidence and academic commentary which are unrelated to the central issue of materiality.

The issue of materiality revolves around whether the failure to disclose this relationship *could have* influenced a decision-maker at the IRS.  This question does not rely on an analysis of the U.S. Government's foreign policy, awareness thereof, or whether other tax exempt organizations were engaging in similar activities.  American foreign policy positions prior to, and even during Care's incorporation are wholly misleading.  The defendants' geo-political views are not on trial as being seditious or antithetical to American foreign policy; rather, it is the fact that they failed to disclose their activities, origins and purposes, which could have influenced the government's granting and maintenance of Care International's 501(c)(3) tax-exempt status.

Accordingly, for the reasons stated herein, the government respectfully requests this Court to preclude the Defendants from eliciting testimony, presenting evidence of or arguing in their opening or closing statement that, the U.S. Government's foreign policy positions throughout history are relevant or germane to the factual issues to be decided in this case.

                Respectfully submitted,
                MICHAEL J. SULLIVAN
                United States Attorney

        By:   /s/ Aloke Chakravarty
                ALOKE S. CHAKRAVARTY
                B. STEPHANIE SIEGMANN
                DONALD L. CABELL
                Assistant U.S. Attorneys

Date: October 19, 2007

CERTIFICATE OF SERVICE

    I hereby certify that I have sent this document on this date, October 19, 2007 via Electronic notice to counsel for the Defendants in this case.

                              /s/ Aloke Chakravarty
                            ALOKE CHAKRAVARTY
                            ASSISTANT UNITED STATES ATTORNEY