UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff<br><br>v.<br><br>MUHAMED MUBAYYID,<br>EMADEDDIN Z. MUNTASSER, and<br>SAMIR AL-MONLA,<br>　　　　Defendants | CRIMINAL NO. 05-40026-FDS |

**MOTION IN LIMINE: DOCUMENTARY EVIDENCE AND NON-EXPERT TESTIMONY**

**[TO BE FILED UNDER SEAL]**

Now come the defendants, Muhamed Mubayyid, Emadeddin Muntasser, and Samir Al Monla, and move this Honorable Court in limine to exclude the below listed evidence which the Government may seek to introduce at trial. The defendants do not waive their rights to object at trial to the introduction of other items of evidence. This motion represents a good faith effort to anticipate objectionable evidence.

1. References to Al Qaeda, Bin Laden, terrorism, terrorist attacks/plots

2. Bin Laden's CNN interview (CICR 07856-07864)

3. Designations of other organizations as terrorist organizations

4. References to the 1993 World Trade Center Bombing and New York Times/Newsweek articles regarding the World Trade Center Bombing (US-00543-545 and MUB-00028884-00028885, respectively)

5. Documents found by Steven Emerson in the basement of a building in Brooklyn (C.I. 00808-910)

6. Badr al Bosna and other tapes

7. Emails from Azzam Publications (CICR 08007, 08008-08009)

8. Markings on Government exhibits indicating designation as "secret," "confidential" or similar.

The reasons for this motion are set forth in the accompanying memorandum. Copies of the documentary evidence are attached hereto.

Respectfully submitted,

MUHAMMED MUBAYYID
By his attorney,

*Michael C. Andrews* /EAL/
Michael C. Andrews (BBO# 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072


EMADEDDIN Z. MUNTASSER
By his attorneys,

*Elizabeth A. Lunt*
Norman S. Zalkind (BBO # 538880)
Elizabeth A. Lunt (BBO # 307700)
David Duncan (BBO # 546121)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742 – 6020


SAMIR AL-MONLA
By his attorney,

*Charles P. McGinty* /EAL/
Charles P. McGinty (BBO # 333480)
Federal Defender's Office
408 Atlantic Avenue
Boston, MA 02110
(617) 223-8061

Date: October 19, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>MUHAMED MUBAYYID,<br>EMADEDDIN Z. MUNTASSER, and<br>SAMIR AL-MONLA,<br>Defendants | CRIMINAL NO. 05-40026-FDS |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE: DOCUMENTARY EVIDENCE AND NON-EXPERT TESTIMONY**

**[TO BE FILED UNDER SEAL]**

1. **References to Al Qaeda, Bin Laden, terrorism, terrorist attacks/plots**

2. **Bin Laden's CNN interview (CICR 07856-7864)**

This is a tax case, not a terrorism case. There is no charge that Care International or any of the defendants provided material support to terrorism, or had any connection with Al Qaeda, Bin Laden, terrorism or any terrorist attack or plot. Therefore, the above listed evidence is irrelevant and must be excluded under Fed.R.Evid. 401 and 402. It is also unfairly and devastatingly prejudicial, will mislead and confuse the jury, and will invite improper conviction of guilt by association. Furthermore, it will cause considerable undue delay and waste of time. Hence, even if it had any probative value – which it does not – such evidence should be excluded on the grounds set forth in Fed.R.Evid. 403, and references to terrorism and the Joint Terrorism Task Force should be stricken from the indictment.

3. **Later designations of other organizations as terrorist organizations**

It is anticipated that the Government will try to introduce, through expert and perhaps other testimony, evidence that Global Relief Foundation (GRF) was designated on October 18, 2002 as a Specially Designated Global Terrorist (SDGT) group (see report of Evan Kohlmann, p. 47; report of Matthew Levitt, p. 17). There is no evidence that Care made any contribution to GRF after its designation

as an SDGT. Therefore the designation of GRF has no relevance to the issues in this case and any reference to it by experts or other witnesses would be an impermissible effort to impute guilt by association.[1] Therefore, evidence of later terrorist designation of GRF, or any other organizations to which Care had previously made donations, or of designation at any time of other organizations to which there is no evidence that Care made donations, should be excluded under Fed.R.Crim. 401, 402 and 403.

4. **References to the 1993 World Trade Center Bombing and New York Times/Newsweek articles regarding the World Trade Center Bombing (US-00543-545 and MUB-00028884-28885, respectively)**

It appears from its list of witnesses and exhibits that the Government will present no evidence to support the allegation in the indictment that Mr. Muntasser founded and incorporated Care International because of 1993 media reports linking the New York office of Al-Kifah to the World Trade Center bombing. On the contrary, one listed witness, Afif Kadri, told the FBI that the 1993 World Trade Center bombing was not a factor in the creation of Care, and that he did not hear anyone mention it as a reason for creating the organization. (7/5/2007, FBI report, p. 4-5) The implication that there was a causal connection between this publicity and the incorporation of Care is belied by a letter produced by the Government in discovery. (CICR 04154) This letter shows that Mr. Muntasser had started to work with a lawyer on the incorporation of a new charitable organization by February 16, 1993, before the World Trade Center bombing. Therefore, references to the 1993 World Trade Center bombing are both irrelevant

---

[1] See, e.g., United States v. St. Michael's Credit Union, 880 F.2d 579, 601-01 (1st Cir. 1989) (evidence of the defendant's father's gambling organization was irrelevant, created the prejudicial danger of convictions on a theory of guilt by association, and its admission was an abuse of discretion and reversible error); United States v. Flynn, 852 F.2d 1045, 1054 (8th Cir. 1988) (in prosecution for violation of RICO and interstate transportation of an explosive, admission of evidence of murders committed by coconspirators but not otherwise linked to defendant was error as relevance was outweighed by prejudice and "potential for imputing guilt to a defendant solely on the basis of the company he keeps"); United States v. DeCicco, 435 F.2d 478, 483 (finding that admission of evidence showing that codefendants were in the business of stealing art was reversible error, as "prior similar acts of misconduct performed by one person cannot be used to infer guilty intent of another person who is not shown to be in any way involved in the prior misconduct"); United States v. Polasek, 162 F.3d 878 (5th Cir. 1998) (evidence that defendant accused of altering mileage on vehicle titles had done title work for persons later convicted of odometer fraud was inadmissible guilt by association evidence, admission of which required reversal); United States v. Lopez-Medina, 461 F.3d 724, 741-42 (6th Cir. 2006) (convictions of defendant's acquaintance and codefendant were

and unfairly prejudicial and should be excluded at trial. Paragraph 3 of the Superseding Indictment, which refers to the bombing, should be stricken.

### 5. Documents found by Steven Emerson in the basement of a building in Brooklyn (C.I. 00808-910)

According to the Government's letter dated October 24, 2006, Steven Emerson, a private individual who was doing independent research, claims to have "obtained these documents from Al-Kifah Refugee Center, Brooklyn, New York in approximately 1994-1995."[2] Given that they were allegedly found in a basement to which access was readily available, it is not clear who left the documents there, or whether they originally belonged to the mosque or to Al-Kifah or to unknown individuals. There is certainly no evidence they belonged to Care or to the defendants.

Hence, these documents are not authenticated, as required by Fed.R.Evid. 901(a). No witness to their authenticity has been listed. Should the Government come up with such a witness, the Court should conduct a voir dire, since it appears from the circumstances set forth in footnote 2 that there may be a basis for a motion to suppress.

### 6. Badr al Bosna and other tapes

The Government seeks to play for the jury, and/or introduce a transcript of, a videotape, Badr al Bosna and several audiotapes. The provenance of Badr al Bosna has not been disclosed by the

---

irrelevant because they demonstrated only guilt by association, and their admission was an abuse of discretion and reversible error).

[2] In his book, "American Jihad: The Terrorists Among Us," Steven Emerson describes how a plumber working in the basement of the Al-Farooq Mosque in Brooklyn, New York contacted Emerson after discovering "scores of boxes of old records that *appeared to be* the property of Alkhifa Refugee Center." (emphasis added) Although Emerson alerted the FBI in New York and Washington to the discovery of these documents, and "even smuggled out a few pages to pique their interest," the FBI "said they couldn't do anything about it." In what Emerson describes as "our own covert operation," he and other members of his "Investigative Project" collaborated with the plumber to copy the documents during the nighttime hours, after which they would "race back to the building by 6:00 AM and return them to the plumber so he could put them back before the building owners showed up for work." After three nights of this, the activity caught the attention of the building's owners and the "operation" came to a halt. Emerson, Steven: American Jihad: The Terrorists Living Among Us (New York: Free Press, 2002, at 21-22.)

3

Government nor has any translation been provided. According to the Government, the audiotapes were found in the Care storage locker. In the absence of any evidence that these tapes were disseminated by Care, they are clearly irrelevant. Badr al Bosna is a documentary videotape about the mujahideen in Bosnia. It includes no mention of Care and no calls to support the mujahideen. Therefore, even if there were evidence that Care disseminated this tape, that dissemination is protected First Amendment activity, and has no relevance to the Government's allegations in this case. The audiotapes have not been produced (in spite of a request dated September 7, 2007) and only summaries of their contents (C.I. 1034-1046; CICR 05758-5762; CICR 05768; CICR 05771; CICR 02030-31) have been provided. The summaries contain no mention of Care or Care fundraising.

**7. Emails from Azzam Publications (CICR 08007, 08008-08009)**

The Government proposes to introduce two e-mails which were clearly mass e-mailings sent out by Azzam Publications. On one "Care Boston" appears in the "To" line (08007); the second appears incomplete and does not indicate addressee(s) (CICR 08008-08009). No names of individuals as sender(s) or recipient(s) appear in either e-mail. One of the e-mails refers to Azzam Publications bringing news reports to "everyone around the world" and states, "If you do not hear from us for some time, then it is not because nothing is happening around the world, but we do not have any AUTHENTIC DIRECT news to tell." (CICR 08008). The contents of the e-mails do not refer to Care or Care's activities or to any individual associated with Care. There is no evidence that they are part of a two-way correspondence between Care and Azzam Publications. Therefore, they are not relevant, but are unfairly prejudicial, and should be excluded.

**8. Markings on Government exhibits indicating designation as "Secret" or "Confidential" or similar designation.**

Any such markings should be redacted.

For the reasons stated, the above listed items should be excluded as evidence at trial. The defendants reserve their rights to challenge the admissibility of other evidence.

Respectfully submitted,

MUHAMMED MUBAYYID
By his attorney,

*Michael C. Andrews* /s/
Michael C. Andrews (BBO# 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072

EMADEDDIN Z. MUNTASSER
By his attorneys,

*Elizabeth A. Lunt* /s/
Norman S. Zalkind (BBO # 538880)
Elizabeth A. Lunt (BBO # 307700)
David Duncan (BBO # 546121)
Zalkind, Rodriguez, Lunt & Duncan LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742 – 6020

SAMIR AL-MONLA
By his attorney,

*Charles P. McGinty* /s/
Charles P. McGinty (BBO # 333480)
Federal Defender's Office
408 Atlantic Avenue
Boston, MA 02110
(617) 223-8061

Date: October 19, 2007