UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>V.<br><br>MUHAMED MUBAYYID,<br>EMADEDDIN Z. MUNTASSER and<br>SAMIR AL-MONLA,<br>　　　　　　　Defendants | CRIMINAL NO. 05-40026-FDS |

### DEFENDANTS' MOTION FOR WRITTEN JUROR QUESTIONNAIRE REGARDING RELIGION AND NATIONAL ORIGIN

Now come the defendants, Muhamed Mubayyid, Emadeddin Z. Muntasser and Samir Al-Monla, and move this Honorable Court to submit the brief written questionnaire, attached hereto, to prospective jurors in this matter. As reason therefor, and as is set out more fully in the accompanying affidavit, prospective jurors are unlikely to answer candidly when questioned as a group, or even when questioned individually in person by the Court, about religious or racial prejudice. A written questionnaire, completed before voir dire, is far more likely to elicit jurors' opinions on religious or racial matters. Since the defendants are Muslim Arabs, allowance of this motion is necessary to protect their rights to a fair trial before an impartial jury.

Respectfully submitted,
MUHAMED MUBAYYID
By his attorney,

/s/ Michael C. Andrews
Michael C. Andrews (BBO#: 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072

EMADEDDIN Z. MUNTASSER
By his attorneys,

/s/ Norman S. Zalkind
Norman S. Zalkind (BBO#: 538880)
Elizabeth A. Lunt (BBO#: 307700)
David Duncan (BBO#: 546121)
Zalkind, Rodriguez, Lunt & Duncan, LLP
65a Atlantic Avenue
Boston, MA  02110
(617) 742-6020

SAMIR AL-MONLA
By his attorney,

/s/ Charles P. McGinty
Charles P. McGinty (BBO # 333480)
Federal Defenders
408 Atlantic Avenue
Boston, MA 02110
(617) 223-8061

Dated: November 2, 2007

Juror Number _____

General Instructions for Completing Questionnaire

This questionnaire is being used to assist in jury selection in the case of *United States of America v. Muhamed Mubayyid, Emadeddin Z. Muntasser and Samir Al-Monla*. Mr. Mubayyid, Mr. Muntasser and Mr. Al-Monla are all Muslims. Mr. Mubayyid was born in Lebanon; Mr. Muntasser was born in Libya; Mr. Al-Monla was born in Kuwait and is a U.S. citizen. All are of Arab ancestry. They are accused of tax fraud and false statements.

Please answer the questions below completely and truthfully. Your answers will be used only for the purpose of selecting a jury in this case. There are no right or wrong answers to these questions. Please keep in mind that you are answering these questions under oath and must be truthful.

1. Mr. Mubayyid, Mr. Muntasser and Mr. Al-Monla are Muslims. Is there anything about their faith that would affect you if you were to serve in this case?

    _____ Yes    _____ No

Please explain. _____

_____

_____

2.  Mr. Mubayyid was born in Lebanon; Mr. Muntasser was born in Libya; and Mr. Al-Monla was born in Kuwait. All are of Arab ancestry. Is there anything about their national origins that would affect you if you were to serve as a juror in this case?

    _____ Yes _____ No

    Please explain. _____

    _____

    _____

    _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>V.<br><br>MUHAMED MUBAYYID,<br>EMADEDDIN Z. MUNTASSER and<br>SAMIR AL-MONLA,<br>                Defendants | )<br>)<br>)<br>)<br>)  CRIMINAL NO. 05-40026-FDS<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANTS' MOTION FOR WRITTEN JUROR QUESTIONNAIRE REGARDING RELIGION AND NATIONAL ORIGIN**

I, Elizabeth A. Lunt, hereby depose and say:

1. I represent the defendant Emadeddin Z. Muntasser in the above-captioned matter.

2. Attached hereto is an affidavit of Catherine Byrne, an Assistant Federal Defender in this district. Ms. Byrne states that juror questionnaires designed to identify racial bias are utilized routinely in this district; sets forth her experience in seven cases (five in which a questionnaire was allowed and two in which it was denied); and states her conclusion that potential jurors are unlikely to answer candidly when questioned as a group about racial prejudice.

3. In this case all the defendants are Muslims and anti-Muslim as well as racial prejudice could affect the impartiality of the jury.

Signed under the pains and penalties of perjury this 2nd day of November, 2007.

                                                                                                           /s/ Elizabeth A. Lunt
                                                                                                           Elizabeth A. Lunt, Esq.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MUHAMED MUBAYYID )<br>EMADEDDIN Z. MUNTASSER )<br>SAMIR AL-MONLA ) | CRIMINAL NO. 05-40026-FDS |

<u>AFFIDAVIT OF COUNSEL</u>

The following is true to the best of my information and belief:

1. Juror questionnaires designed to identify racial bias are utilized routinely in this district.

2. I was defense counsel in the case of <u>United States v. Franklyn Liranzo</u> which was tried before Lindsay, J. in June 2002. In that case the defendant was a dark skinned Hispanic male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire on racial bias. **Approximately 25% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

3. I was defense counsel in the case of <u>United States v. Dondi Willis</u> which was tried in October 2003 before Lasker, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Approximately 20% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

4. I was defense counsel in the case of <u>United States v. Jean Brito</u> which was tried in January 2004 before Lindsay, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Sixteen out of fifty (Approximately 32%)** of the jurors indicated racial bias on their juror questionnaire.

5.  I was defense counsel in the case of <u>United States v. David Seymour</u> which was tried in October 2005 before Tauro, J.  In that case the defendant was a black male and the charges were felon in possession of a firearm.  Counsel requested and was granted a juror questionnaire.  A significant percentage of the jurors (counsel's memory is that the figure was close to 20%) indicated racial bias on their juror questionnaire.

6.  I was defense counsel in the case of <u>United States v. Trevor Charlton</u> which was tried before Saris, J. in March 2006.  In that case the defendant was a black male and the charges were felon in possession of a firearm.  Counsel requested and was granted a juror questionnaire on racial bias.  While the exact statistics are not known, numerous individuals were excluded as they indicated racial bias on the questionnaire.

7.  I was defense counsel in the case of <u>United States v. Vincent Wadlington</u> which was tried on March 8, 2004 before Keeton, J.  In that case, the defendant was a black man and the charges were Hobbs Act robbery of a convenience store in Brockton.  I requested a questionnaire on the issue of racial prejudice which was denied.  Instead, the judge orally asked the questions of the venire.  Of 49 potential jurors ultimately 7 stated they could not be fair in judging a black man (approximately 14%).  The judge asked the requested questions three separate times during the voir dire.  The first time, only two jurors came forward.  A few more came forward the second time and more the third time.  All seven were excused for cause.

8.  My experience in this federal court and in Massachusetts State Courts is that potential jurors are unlikely to answer candidly when questioned as a group about racial prejudice.  For example, in the case of <u>United States v. Shelton Lewis</u>, which I tried in March 2003, the court (Harrington, J.) inquired of the venire in open court "Does any member of this panel believe that black men are more likely than other races to commit crimes?"  Not one person responded affirmatively.

9.  The defendants in the present case are Muslim Arabs.

10.  My experience in the United States Federal District Court for this circuit is that the typical venire is over 95% White/Caucasian.

_____   11/1/07
Catherine K. Byrne                Date