UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                      Plaintiff<br><br>V.<br><br>MUHAMED MUBAYYID,<br>EMADEDDIN Z. MUNTASSER and<br>SAMIR AL-MONLA,<br>                      Defendants | CRIMINAL NO. 05-40026-FDS |

### DEFENDANTS' MOTION IN LIMINE RE: ARABIC HANDWRITTEN NOTES AND INCORPORATED MEMORANDUM OF LAW

The defendants move, in limine, to exclude from evidence the following handwritten notes in Arabic which were found in October 2001 in the FISA search of CARE's storage locker, and translations thereof:

| Government Exhibit Number | Bates Number | Government Description |
|---|---|---|
| 63 | CIF 307, 309, 311 | Arabic Meeting Minutes 4/23/95 |
| 63A | | Translation of CIF 307, 309, 311 |
| 64 | CIF 327, 330-331 | Arabic Meeting Minutes (undated) |
| 64A | | Translation of CIF 327, 330-331 |
| 65 | CIF 0325 | Arabic handwritten documents regarding trip to Peshawar |
| 65A | | Translation of CIF 325 |
| 66 | CIF 0332 | Pledge of support to Hekmatyar |
| 66A | | Translation of CIF 332 |
| 67 | CIF 0323 | Draft of Pledge of support (CIF0332) |
| 67A | | Translation of CIF 323 |

These notes should be excluded from evidence because they are unauthenticated; their authorship is unknown, as, for the most part, are the identities of persons whose comments appear to be reported; they are cryptic and confusing and invite speculation; and their contents are inadmissible double hearsay.

As far as defense counsel are aware, the government is not intending to introduce any evidence as to the authorship of these notes, or where, when, why and how they were written, or how they ended up in the CARE storage locker. The government intends only to present speculative testimony from its proffered expert, Evan Kohlmann (whose qualifications and the relevance of whose proposed testimony the defendants have challenged in a prior motion in limine). Kohlmann has stated in his report (pp. 43-44) that the notes "appear to be the minutes of a meeting between several individuals," and speculated as to what a chart contained in the notes is "likely" to be. Otherwise, Kohlmann merely describes the contents of the notes. Such a combination of simple description and speculation by a purported expert is improper. (See Motion in Limine: Experts.)

The notes fail to meet the fundamental requirement of authenticity. The proponent of an exhibit must present "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Documents may be authenticated by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Fed. R. Evid. 901(b)(4). A writing may be identified by its contents, see United States v. Newton, 891 F.2d 944, 947 (1st Cir. 1989), or by the circumstances of its creation or its correlation with other evidence. Weinstein's Fed. Evid. § 901.04[3][c]. Aside

from authenticity problems, the speculative form of Kohlmann's testimony also makes clear the need for a percipient witness, not only to authenticate them, but to explain their meaning. These are <u>not</u> documents that speak for themselves.

The government claims that CIF 307, 309, 311, 327 and 330-331 are minutes of a meeting on April 23, 1995. However, their authorship and number of authors are unknown, as are the circumstances under which they were written. It is impossible to tell whether they are contemporaneous. The notes themselves are cryptic and confusing and invite speculation as to their meaning. There is no evidence to support a conclusion that they accurately or completely reflect what occurred at a meeting. In only one of six pages, CIF 307, are all the speakers identified[1]. The government will present no extrinsic evidence as to the occurrence of a meeting on April 23, 1995, let alone to the identity of any participants. Furthermore, to the extent they can be understood at all, the notes seem to reflect different accounts of what was said. (Compare 307 with 330, and 309 with 327.) The most significant example is a reference to Bin Laden in 330 which is absent in 307.

Hence, the government fails to authenticate notes by establishing that they constitute "minutes", that is, an accurate and complete reflection of what occurred at a meeting. Contrast, <u>United States v. Echeverri</u>, 982 F.2d 675, 679-680 (1st Cir. 1993) (document containing column of handwritten figures authenticated as a drug ledger where figures totaled the approximate value of cocaine discovered in defendant's home and agent familiar with drug trade identified document as a drug ledger); <u>United States v. Helmel</u>, 769 F.2d 1306, 1312 (8th Cir. 1985) (a

---

[1] The names listed in CIF 307 are: "The Lebanese", "Idrees", "Ramadan", "Fayiz" and "Abd-al-Rahman".

ledger with codefendants' fingerprints on it, found in defendant's home together with gambling paraphernalia, containing names corresponding to participants in the enterprise, where the contents revealed that the writer was familiar with the gambling operation, held to be properly authenticated as a gambling ledger.)

CIF 325 should be excluded under Rule 901 for the same reasons. The government describes CIF 325 in its exhibit list as "Arabic handwritten documents reflecting trip to Peshawar". In fact, it is a half page of notes, written by an unidentified individual, and appearing, like the pages discussed above, to refer to what another unidentified individual said.

Even if these notes were authenticated as minutes of a meeting, their contents are inadmissible double hearsay: the statements of an unknown author as to what others said. In order for the government to introduce these anonymous notes as the statement of a coconspirator under Fed. R. Evid. 801(d)(2)(E), it must "[bear] the burden of establishing, by a preponderance of the evidence, that a conspiracy embracing both the declarant and the defendant[s] existed, and that the declarant uttered the statement during and in furtherance of the conspiracy." United States v. Bradshaw, 281 F.3d 278, 283 (1st Cir. 2002) (internal citations omitted). Demonstrating the existence of the conspiracy and the "declarant's and the defendant's roles in it" requires the introduction of extrinsic evidence; "coconspirator statements are not deemed self-elucidating." United States v. Piper, 298 F.3d 47, 52 (1st Circuit 2002). No such extrinsic evidence is offered by the government in this case to establish that the individuals referred to in these notes were coconspirators in the conspiracy charged, or any other conspiracy.

The government also seeks to introduce CIF 279 and 285 as, respectively, a "draft pledge of support" and a "pledge of support to Hekmatyar." These documents suffer the same problems

of authenticity and authorship as do the notes. There is no one to say who wrote it, and no evidence that any of the defendants had any input into it or saw it, let alone signed or sent it. It should be excluded as well, on the same grounds as the notes.

For the foregoing reasons, Government's Exhibits numbered 63 - 67A should be excluded from evidence at trial.

        Respectfully submitted,

        MUHAMMED MUBAYYID
        By his attorney,

        /s/ Michael C. Andrews
        Michael C. Andrews (BBO# 546470)
        121 Custom House Street
        Boston, MA 02110
        (617) 851-0072

        EMADEDDIN Z. MUNTASSER
        By his attorneys,

        /s/ Norman S. Zalkind
        Norman S. Zalkind (BBO# 538880)
        Elizabeth A. Lunt (BBO#307700)
        David Duncan (BBO# 546121)
        Zalkind, Rodriguez, Lunt & Duncan LLP
        65a Atlantic Avenue
        Boston, MA 02110
        (617) 742-6020

        SAMIR AL-MONLA
        By his attorney,

        /s/ Charles P. McGinty
        Charles P. McGinty (BBO# 333480)
        Federal Defender's Office
        408 Atlantic Avenue
        Boston, MA 02110
        (617) 223-8061

Dated: November 2, 2007