UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 05-40026-FDS |
| | ) | |
| MUHAMED MUBAYYID, and | ) | |
| EMADEDDIN Z. MUNTASSER, | ) | |
| and | ) | |
| SAMIR AL-MONLA a/k/a | ) | |
| SAMIR ALMONLA, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
REGARDING CARE'S IRRELEVANT ACTIVITIES**

The United States of America, by and through its attorneys,

United States Attorney Michael J. Sullivan, and Assistant United

States Attorneys B. Stephanie Siegmann, Aloke S. Chakravarty, and

Donald L. Cabell for the District of Massachusetts, hereby moves

*in limine* to exclude in excess of 100 defense exhibits[1] relating

to Care's alleged charitable activities comprising thousands of

pages of documents including hundreds of photographs and at least

one videotape.  As demonstrated below, this evidence is not

relevant under Fed. R. Evid. 401 and designed to confuse the jury

regarding the central issue of this case -- whether the

defendants concealed information from the Internal Revenue

---

[1]The government has not received notice of all of the
defense exhibits and as recently as November 2, 2007, received
the final exhibit list of one defendant, and a preliminary list
of 80% of the exhibits for another.  Accordingly, the government
did not learn of the extent of the defense exhibits until late
last week and was not in the position to file this motion
earlier.

Service regarding their pro-jihad and pro-mujahideen activities. Nowhere in the indictment does the government allege that Care did not engage in any charitable activities. Accordingly, the evidence that Care purportedly solicited money for widows and orphans in addition to the mujahideen is simply irrelevant. Additionally, the defendants should be precluded from admitting into evidence thousands of pages of documents that seek to establish the same thing -- that Care helped orphans overseas -- on cumulative grounds under Fed. R. Evid. 403.

## LEGAL STANDARD

The Constitution provides criminal defendants with the general right to present evidence and call witnesses in their own favor. See United States v. Hurn, 368 F.3d 1359, 1362 (11th Cir. 2004). It is well established, however, that these rights are not limitless. See United States v. Scheffer, 523 U.S. 303, 308 (1998). "It is axiomatic that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." United States v. Anderson, 872 F.2d 1508, 1519 (11th Cir. 1989); see also Hurn, 368 F.3d at 1365-66. Thus, defendants are only entitled to present evidence that is relevant to an element of a charged offense or to an affirmative defense. See Hurn, 368 F.3d at 1363; Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

2

Federal Rule of Evidence 401 sets out the standard for determining whether evidence is relevant to an issue before the Court. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In other words, evidence is relevant if it tends to show the defendant's guilt or innocence. See Huddleston v. United States, 485 U.S. 681, 687 (1988)("evidence is relevant if it makes the existence of any fact at issue more or less probable.").

Relevancy of evidence is determined by examining its relationship to the elements of the offense and any offered defenses, and its tendency to make any fact consequential to the determination of action more or less probable. United States v. Lamberty, 778 F.2d 59, 61 (1st Cir. 1985); United States v. Spinosa, 982 F.2d 620, 629 (1st Cir. 1992). When the proffered evidence does not have a relationship to the elements of the offense charged or defenses offered it can be properly excluded. United States v. Hurn, 368 F.3d 1359, 1365 (11th Cir. 2000). In addition, even relevant evidence should be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid.

3

403.

Here, the presentation of hundreds of pages of documents, almost entirely based on only one of Care's activities, orphan sponsorship, would unnecessarily stray the focus of the inquiry from the charges in question and would only serve to confuse or mislead the jury.  Furthermore, these exhibits appear designed to suggest the reasonableness of the defendants' motive or other political, religious, or moral beliefs in supporting widows and orphans in certain countries, including Afghanistan, Bosnia, and Sudan.  The government has not criticized in the indictment nor will it argue that assistance to orphans or widows is not charitable.  As alleged in the indictment, the only issue is whether Care engaged in other non-charitable activities that the defendants decided to conceal from the government.

Trial courts have broad discretion to exclude evidence that is irrelevant to the charged offenses or that is offered in support of an invalid defense.  Anderson, 872 F.2d at 1518; see also Hurn, 368 F.3d at 1365-66.  Likewise, courts act properly in precluding a criminal defendant from presenting evidence that is not admissible under Rule 403.  Anderson, 872 F.2d at 1519.  The defendants' religious and political beliefs, even if legitimate, are not a defense to the charges in the Indictment.  See, e.g., United States v. Rahman, 189 F.3d 88, 134-35 (2d Cir. 1999) (affirming exclusion of evidence designed to show the "religious

4

nature of [the Blind Sheikh's] intent" in trial for conspiracy to assassinate President of Egypt and bomb several buildings and tunnels in New York City); <u>United States v. Boardman</u>, 419 F.2d 110, 114 (1st Cir. 1969) (affirming exclusion of evidence regarding the reasonableness of the defendant's political beliefs because it was irrelevant to whether he acted knowingly and deliberately).

WHEREFORE, the government respectfully requests that this Court allow this motion.

                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney

                 By: <u>/s/ B. Stephanie Siegmann</u>
                         B. STEPHANIE SIEGMANN
                         ALOKE S. CHAKRAVARTY
                         DONALD L. CABELL
                         Assistant U.S. Attorneys


Date: November 5, 2007


<u>Certificate of Service</u>

I do hereby certify that a copy of foregoing was served upon the counsel of record for the defendants by electronic notice on this 5th day of November 2007.

                         <u>/s/ B. Stephanie Siegmann</u>
                         B. Stephanie Siegmann

5