UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )   | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | CRIMINAL NO.  05-40026-FDS |
| MUHAMED MUBAYYID, | ) | |
| EMADEDDIN Z. MUNTASSER and | ) | |
| SAMIR AL-MONLA, | ) | |
| Defendants | ) | |
| | ) | |

**SUPPLEMENT TO DEFENDANTS' REQUEST FOR PRELIMINARY INSTRUCTION TO THE JURY ON THE FIRST AMENDMENT ISSUE**

The defendants have submitted to the Court a Memorandum outlining why a cautionary instruction regarding the First Amendment should be given in this case.  The defendants submit herewith a proposed instruction to the jury, to emphasize that the defendants may not be convicted solely on the basis of the contents of publications.  While the Court has made clear that it sees an issue in whether the defendants lied by "hiding" the existence of publications, there remains the danger that the jury, simply on the basis of the content of the publications and without regard to whether they find any intentional, material falsifications by any of the defendants, could vote to convict, and that the presentation of the subject matter of publications in the course of the trial could irreparably prejudice the defendants in the eyes of the jury.  The defendants therefore request the Court to give the jury an instruction that makes clear that the content of the speech, alone, is not a basis on which to convict the defendants.  Attached is a proposed instruction.

Respectfully submitted,

MUHAMED MUBAYYID

1

<div style="display: flex;">

<div style="width: 50%;">

EMADEDDIN Z. MUNTASSER
By his attorneys,

/s/ David Duncan
Norman S. Zalkind (BBO#: 538880)
Elizabeth A. Lunt (BBO#: 307700)
David Duncan (BBO#: 546121)
Zalkind, Rodriguez, Lunt & Duncan, LLP
65a Atlantic Avenue
Boston, MA  02110
(617) 742-6020


/s/Susan R. Estrich
Susan R. Estrich
Robert Kingsley Professor of Law and Political Science
University of Southern California
Law School
University Park, MC-0071
Los Angeles, CA 90089-0071

Dated: November 16, 2007

</div>

<div style="width: 50%;">

By his attorney,

/s/ Michael C. Andrews
Michael C. Andrews (BBO#: 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072

SAMIR AL-MONLA
By his attorney,

/s/ Charles P. McGinty
Charles P. McGinty (BBO # 333480)
Federal Defenders
408 Atlantic Avenue
Boston, MA 02110
(617) 223-8061

</div>

</div>

**Certificate of Service**

  I hereby certify that a true copy of the foregoing document was served this day upon all counsel of record by electronic filing.

/s/ David Duncan

**REQUESTED CAUTIONARY INSTRUCTION**
**on the First Amendment**

This case involves exhibits and testimony regarding publications allegedly created and/or distributed by Care International, Inc. This case is not about whether the defendants had a right to publish or distribute these materials and I want to caution you that the defendants have the right, under the First Amendment, to freedom of speech and freedom of religion, to express their views.

Religiously-based charities, indeed all charities, have the right to distribute literature that expresses their views, even where many find those views extremely offensive. The right to free speech encompasses even advocacy that includes a call to violence, as long as it is not directed to inciting or producing imminent lawless action, nor is it likely to incite or produce such imminent action. The mere abstract teaching of the moral propriety or even moral necessity for resort to force and violence, is not the same as preparing a group for violent action and steeling it to such action.

None of the crimes charged in the indictment may be proved solely based on the defendants' expression of ideas that many find offensive. You may not find the defendants guilty of a crime based solely on the contents of their speech or publications, even if you find the views that they have expressed offensive, upsetting, or abhorrent.

There has also been discussion in the opening statements of various individuals and groups with which the defendants, or Care International, Inc., associated or had personal or business relationships. I want to further caution you, with regard to evidence of these associations, that the defendants had the right to associate with other individuals and groups and to express support of the goals of other individuals and groups.

The First Amendment contains a right to freedom of association, which protects an individual's right to associate with individuals, groups, or organizations, even where the group,

individual, or organization may advocate, conduct, or engage in unpopular activity.

None of the crimes charged in the indictment may be proved solely on the basis of the defendants' association with, or support for, other groups, or their association with particular individuals. You may not find the defendants guilty of a crime based solely on their associations with other individuals or groups, however distasteful or offensive you may find those individuals or groups and their goals and views.

Soc. for Internat'l Krishna Consciousness v. Lee, 505 U.S. 672 (1992) (the right to distribute flyers and literature lies at the heart of the liberties guaranteed by the First Amendment); Brandenburg v. Ohio, 395 U.S. 444 (1969) (the First Amendment protects even speech that calls on listeners to employ violence, unless it can be shown that the speech is directed to inciting or producing imminent lawless action); NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982) (liability may not be imposed merely because an individual belonged to a group, some members of which committed acts of violence) (citing Healy v. James, 408 U.S. 169, 185-86 (1972); Scales v. United States, 367 U.S. 203, 229 (1961); Noto v. United States, 367 290, 299 (1961)).