UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff<br><br>V.<br><br>MUHAMED MUBAYYID,<br>EMADEDDIN Z. MUNTASSER and<br>SAMIR AL-MONLA,<br>      Defendants | CRIMINAL NO. 05-40026-FDS |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING THE USE OF THE TESTIMONY OF CINDY WESTCOTT, MANAGER, EXEMPT ORGANIZATIONS DETERMINATIONS, EXEMPT ORGANIZATIONS DIVISION, IRS AS ADMISSIONS OF A PARTY-OPPONENT, PURSUANT TO FED. R. EVID. 801(d)(2)

In response to the defendants' *Motion in Limine and to Strike Re: Outgrowth or Successor and Supporting Memorandum*[1] from the bench, the Court rejected the defendants' arguments that the government was bound by Ms. Westcott's testimony, as the authorized representative of the IRS, as to the construction of the terms "outgrowth or successor," or that her testimony was entitled to *Chevron* deference (*Chevron, USA, Inc. v. NRDC, Inc.*, 467 U.S. 837(1984)) as the IRS interpretation of its own regulatory provisions. The Court stated that it would consider admitting Ms. Westcott's testimony as the admission of a party-opponent, pursuant to Fed. R. Evid. 801(d)(2), and invited supplemental briefing on the admissibility of her testimony on this basis. If so admitted, the government would not be bound by her testimony.[2] This supplemental Memorandum addresses

---

[1] This is Number 309 on the Docket.

[2] Understanding the Court's position, the defendants continue to maintain that the government should be bound by Ms. Westcott's testimony regarding the meaning of "outgrowth or successor" on the 1993 Form 1023, and do not waive that argument as set forth in the *Motion in Limine* and as arguments herein

1

why Ms. Westcott's testimony is an admission on the government's part.

Decisions before the adoption of the Federal Rules of Evidence held that statements of government agents, whether within the scope of their authority or no, could not be admissions of the government. *E.g., United States v. Santos*, 372 F.2d 177, 180 (2d Cir. 1967). This was justified on the grounds that "'no individual can bind the sovereign.'" *Harris v. United States,* 834 A.2d 106, 120 (D.C. 2003) (quoting *United States v. Prevatte*, 16 F.2d 767, 779 n. 9 (7th Cir. 1994)). The Second Circuit has, since the adoption of the Rules, held that the closing argument of a government attorney is an admission of the government that can be used in a subsequent prosecution. *United States v. Salerno*, 937 F.2d 797, 812 (2d Cir. 1991). *Santos* has been reaffirmed by the Second Circuit only insofar as it precludes the use of *out of court* statements as governmental admissions. *United States v. Yildiz*, 355 F.3d 80, 82 (*per curiam*)("There is good reason . . . to distinguish sworn statements submitted to a judicial officer, which the government might be said to have adopted, and those that are not submitted to a court and, consequently, not adopted, for example, statements contained in an arrest report.")

The First Circuit, following the District of Columbia Circuit, has concluded that "'the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases'" *United States v. Kattar*, 840 F.2d 118, 130 (1st Cir. 1988)(quoting *United States v. Morgan*, 581 F.2d 933, 937 n. 10 (D.C. Cir. 1980)). The First Circuit in *Kattar* concluded that government briefs asserting facts different from those urged in the case under appeal were admissible under Rule 801(d)(2)(B), as statements as to which the government had "manifested an adoption or belief in its truth." *Id.* at 131. Rule 801 thus applies to the government in a criminal case. In this

---

supplement the argument.

case, the testimony of Cindy Westcott, offered by the government and given under oath, pursuant to an explicit grant of authority by the IRS, should unquestionably be admissible, pursuant to both subsection (B) of Rule 801(b)(2), as "a statement of which the party has manifested an adoption or belief in its truth," and subsection (C), as "a statement by a person authorized by the party to make a statement concerning the subject."

Ms. Westcott's testimony was offered by the government *in lieu* of discovery regarding the changes made to IRS Form 1023, which underwent major revisions between March, 1993 and October, 2004. The defendants specifically sought information regarding the changes made with respect to the "outgrowth or successor" question, and with regard to additional questions and instructions added in the 2004 revisions regarding the concept of "successor," and with regard to the omission of "outgrowth" from the revised Form 1023. Ms. Westcott testified in this case on June 13, 2007, before Magistrate Judge Hillman, and was represented in Court both by the Assistant U.S. Attorneys in this case, Mr. Chakravarty and Mr. Cabell, but also by Don Spellman of the Office of Chief Counsel, IRS (see Tr. 6/13/07 at p. 3, and Memorandum of Authorization at p. 2).[3] In introducing Ms. Westcott as a witness, Mr. Chakravarty stated the following:

> [W]e said that a competent witness would be made available to examine and that might get to the nub of the issues much quicker and more efficiently [than written interrogatories]. Accordingly, the IRS graciously offered Ms. Westcott for that purpose. . . .
> . . . .Your honor, Cindy M. Westcott is here to testify on behalf of the government with regards to this, the issue before Your Honor . . . in response to the defense request for discovery [of] . . . . [a]ny documents related to that form [Form 1023] and any revision to that form and dating back as far I believe as 1990 through 2006 which is the current form. And they further specified I think in an

---

[3]The Transcript of Ms. Westcott's testimony is Exhibit E to the defendants' *Motion in Limine*, Docket No. 309, and the Memorandum of Authorization is Exhibit D to that motion.

> effort to narrow the inquire specifically requesting what's at issue in this indictment which the government alleges the defendants are lying about. Any provisions[4] to those particular questions, they want to be able to inquire of the witness on.
> . . . . Ms. Westcott is here competent to testify not only to what the Form 1023 is itself but the provisions and the process. She's been with the IRS for probably the last 24 years, working exclusively primarily in this area. She is familiar with the significant provision process that occurred between late 1999 to 2004, . . .
> . . . . [S]he was integral to that process.

[Tr. 6/13/07, at pp. 6-8]. Mr. Chakravarty then offered two exhibits to her testimony, a letter of the government outlining Marvin Friedlander's[5] anticipated testimony would have been, and the Memorandum authorizing Ms. Westcott to testify "in your official capacity as an employee of the Internal Revenue Service." According to that Memorandum, Ms. Westcott was authorized to

> Testify as to facts of which you have personal knowledge in your official capacity with respect to the revisions the Service published in 2004 to the Form 1023 Application for Recognition of Exemption under Section 501(c)(3) of the Internal Revenue Code *and the official position of the Service with respect to such Revisions*.

She was not authorized to testify "in response to general questions concerning the positions, policies, procedures, or records of the Internal Revenue Service, *except those that are relevant to the proceeding or are reasonably calculated to lead to discoverable evidence.*" [Memorandum at p. 2 (Emphasis added in both passages)].

The authorization, together with the government's proffer of Ms. Westcott, clearly establish that she testified as the authorized representative of the IRS, as to the IRS's "official position" regarding the matters she was examined on. The government, with Mr. Spellman of the IRS present,

---

[4]This and subsequent instances of the word "provision" were probably mis-transcribed instead of "revision."

[5]Mr. Friedlander was originally going to be the IRS authorized witness, rather than Ms. Westcott.

made no objection that Ms. Westcott was speaking outside of her authority, though the Memorandum of Authorization made clear that it "does not waive any objections that may be made by Government counsel,"[6] and she was admonished in the Memorandum of Authorization to "consult with them during the hearing if you have any questions or concerns about your authority to testify." [Memorandum of Authorization at p. 2]

It is hard to imagine a clearer case of admissions by a party opponent. The government offered the witness, complete with IRS authority to testify as to the IRS official position regarding the revisions to the Form 1023, and made no suggestion during the hearing that any of the witness' testimony went beyond her authority. The government asked Ms. Westcott no questions, either to get clarification or alteration of her testimony or to establish a limit to her authority to testify. And, indeed, Ms. Westcott's testimony was precisely on the matters as to which she was authorized to testify. She testified regarding the revisions to Form 1023, the determinations made in that process, and the purposes and nature of changes to the "outgrowth or successor" questions and the instructions that were added.

This is a stronger case for finding admissions than *Kattar*. In that case, the government's assertions in briefs filed by the government in other cases were deemed to be factual admissions as to Kattar's case. Here, the government *in this case* obtained and offered a witness expressly to testify with the official imprimatur of the IRS[7] precisely to the matters the defendants wish to offer

---

[6]The government asked no questions and never objected that Ms. Westcott was not authorized to give the answers she gave. The sole objection was "to kind of the series of questions about the purpose of why they would make these changes seems to be getting to the substance of, you know, what these documents would tend to show but not necessarily the responses." Tr. 6/13 at 22.

[7]Indeed, the government did not proffer Ms. Westcott individually, but rather proffered "a competent witness" whom "the IRS graciously offered . . . ." [Tr. 6/13/07 at p. 6].

as admissions. The government may rue its decision to offer her testimony now, but that does not change the fact that it did offer the witness, and offered her to give an official explanation of the changes to the Form 1023, and the official IRS positions regarding these changes.[8] Mr. Chakravarty represented to the Court that she was "competent to testify not only to what the Form 1023 is itself but the provisions and the process." He did so as the government's attorney, thereby manifesting an adoption or belief in the truth of what she then testified to (which the government made no effort to disavow). Further, as the Court has noted, in this case the IRS is effectively the party opponent, as the defendants are charged with tax violations. The IRS, in its Memorandum of Authorization, characterized the case as a "tax administration proceeding." Ms. Westcott's testimony thus also falls under subsection B of Rule 801(d)(2), as a statement of one "authorized by the party to make a statement concerning the subject."

Ms. Westcott's admissions concerned what the terms "outgrowth or successor" meant and provide a gloss on those terms, in the form of the 2004 revisions to Form 1023. These are IRS terms, in IRS documents. The government, having proffered her testimony to this Court, with full IRS authority and under oath, should not be allowed to keep the defendants from putting it before the jury. *Kattar* makes Rule 801(d)(2) applicable to the government in this proceeding ,and the Court should apply it and allow the defendants to use Ms. Westcott's testimony pursuant to that Rule.

Respectfully submitted,                                  MUHAMED MUBAYYID
EMADEDDIN Z. MUNTASSER                        By his attorney,
By his attorneys,

---

[8] The most significant of which, for this case, are that the IRS intended after the changes to elicit exactly the same responses from applicants in 2004 with the revised questions regarding successors as it intended to elicit from applicants in 1993 with the question regarding outgrowth or successor and that "outgrowth" was discarded in the revisions as redundant of "successor."

| | |
|---|---|
| /s/ David Duncan<br>Norman S. Zalkind (BBO#: 538880)<br>Elizabeth A. Lunt (BBO#: 307700)<br>David Duncan (BBO#: 546121)<br>Zalkind, Rodriguez, Lunt & Duncan, LLP<br>65a Atlantic Avenue<br>Boston, MA  02110<br> /s/Susan R. Estrich<br>Susan R. Estrich<br>Robert Kingsley Professor of Law and Political Science<br>University of Southern California Law School<br>University Park, MC-0071<br>Los Angeles, CA 90089-0071<br>(617) 742-6020 | /s/ Michael C. Andrews<br>Michael C. Andrews (BBO#: 546470)<br>21 Custom House Street<br>Boston, MA 02110<br>(617) 951-0072<br><br>SAMIR AL-MONLA<br>By his attorney,<br><br>/s/ Charles P. McGinty<br>Charles P. McGinty (BBO # 333480)<br>Federal Defenders<br>408 Atlantic Avenue<br>Boston, MA 02110<br>(617) 223-8061 |

Dated: November 18, 2007

## Certificate of Service

I hereby certify that a true copy of the foregoing document was served this day upon all counsel of record by electronic filing.

/s/ David Duncan

7