UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
UNITED STATES OF AMERICA,                 )
                          Plaintiff       )
                                          )
V.                                        )
                                          )    CRIMINAL NO.  05-40026-FDS
MUHAMED MUBAYYID,                         )
EMADEDDIN Z. MUNTASSER and                )
SAMIR AL-MONLA,                           )
                          Defendants      )
_____)

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM OPPOSING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CARE'S "IRRELEVANT" (*I.E.* CHARITABLE) ACTIVITIES

The Court has stated that the defendants may introduce some quantity of evidence of Care's legitimate charitable activities "for context" but has stated that some the evidence is of "marginal relevance" to rebut the government's contention that Care was engaged in non-charitable activities that it did not disclose to the IRS.  In this case, particularly where the government is relying on First Amendment activities as its evidence of "support of the mujahideen and jihad," it is critical for the defendants to demonstrate the extent of Care's involvement in precisely the charitable activities that it told the IRS it would engage in.

The government has placed Care's bona fides as a charity in issue.  In its opening statement, the government said "We allege that they lied to the IRS about the true history of Care as an organization and all of the activities in which Care was to engage in order to get tax-exempt status as a charitable organization. . . .  Then we allege that over the course of a decade they lied again each year when they made annual filings to the IRS regarding what activities Care was actually engaged

1

in." The government also referred to the IRS Form 990, saying that "the IRS each year needs to review the activities that the organization has engaged in, how much money they've collected, where they've spent their money, to make sure it's still engaged in the same charitable activities that justified the organization getting tax-exempt status in the first place." Accordingly, exactly how Care collected its money and where it spent it is very much at issue. Indeed, the government has made a point of telling the jury that Care's filings were delinquent, and inferentially concealed from view, in offering as witnesses representatives and records of the Massachusetts Secretary of State and Attorney General.

To confront the government's proof, defendants propose to introduce three forms of proof of the *bona fides* of Care:

1.  Correspondence to and from charities that Care contributed to. This proof takes the form of a single binder, with a tabbed section for each charity, showing Care's correspondence to and from that charity, using documents provided by the government in discovery, along with associated checks, also obtained from the government in discovery. The binder brings together in an orderly and compact manner correspondence with each charity, to make the jury's review of documents considerably easier.

2.  Originals of files showing correspondence with donors who sponsored orphans through Care, providing information about the sponsored orphans and the services provided by Care.

3.  The ledger sheets provided by Mubayyid to the government and in turn provided by the government in discovery to defendants. The ledgers address the years 1997 to 2003, showing monies in and monies out of Care, again, in orderly and compact fashion.

The government resists such proof, saying it is "prejudicial" and could confuse or be

2

"misunderstood" by the jury. Ironically, the government asks the jury to divine Care's conduct, not from records, but from snippets of conversations a decade ago, combined with inferences from Care's written materials. As the Supreme Court's warned in another case in which a conspiracy was alleged to have been shown based largely on speech: "A court must be wary of a claim that the true color of a forest is better revealed by reptiles hidden in the weeds than by the foliage of countless freestanding trees." *NAACP v. Claiborne Hardware*, 458 U.S. 886, 934 (1982).

*Claiborne Hardware* was a civil suit by white store owners in Claiborne County, Mississippi, charging that the NAACP and a number of individuals, including Charles Evers, the NAACP's field secretary, illegally conspired to boycott their businesses. Because the Mississippi courts found liability in part on the basis of First Amendment-protected activity, the Court saw "a special obligation . . . to examine critically the basis on which liability was imposed." *Id.* at 915. Having made that critical examination, the Supreme Court unanimously[1] reversed the finding of liability, because it was largely based on the speech of Evers and others, without regard to whether acts of violence, on which liability could legitimately be predicated, were incited as an immediate consequence of that speech.

The defendants here are charged with conspiring to lie to the IRS about the planned activities of Care. The government relies almost exclusively on speech to prove its case. Evidence that Care expended money to support armed fighters is conspicuously absent from the government's case. The Court in *Claiborne Hardware* concluded that the Constitution imposed on it the obligation review the evidence closely, and carefully, to insure that liability was not predicated on protected speech or association. It is equally incumbent on this court to allow the jury to consider evidence

---

[1] Justice Rehnquist concurred in the result and Justice Marshall recused himself.

3

that Care did what it proposed to do in its submissions to the IRS and thus ascertain the "true color of the forest," in light of the Constitutionally-protected activities on which the government is relying to prove its case. The danger in excluding the defendant's evidence of Care's activities is that the jury will – impermissibly – infer that Care was engaged in sending money to fighters based on Care's protected speech, without more. The government would like to leave it that Care was engaged in "some" charitable activities, keeping from the jury the *only* evidence of how Care was spending charitable contributions – on legitimate, charitable activities.

The government controlled the investigation and gathering of evidence in this case. It conducted multiple searches and wiretaps. It had the advantage of operating without the defendants' knowledge in gathering its evidence. The evidence it gathered is precisely what the defendants now seek to put before the jury. The only confusion this will engender confusion as to what noncharitable activities, exactly, the government contends Care was engaged in. Its absence will allow the government to capitalize on potential jury confusion as to what Care was engaged in, and suggest that Care's speech provides the answer – evidencing "reptiles in the weeds." This it should not be permitted to do.

Respectfully submitted,


EMADEDDIN Z. MUNTASSER
By his attorneys,


/s/ David Duncan
Norman S. Zalkind (BBO#: 538880)
Elizabeth A. Lunt (BBO#: 307700)
David Duncan (BBO#: 546121)
Zalkind, Rodriguez, Lunt & Duncan, LLP
65a Atlantic Avenue
Boston, MA   02110

MUHAMED MUBAYYID
By his attorney,


/s/ Michael C. Andrews
Michael C. Andrews (BBO#: 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072

SAMIR AL-MONLA
By his attorney,

(617) 742-6020

/s/Susan R. Estrich
Susan R. Estrich
Robert Kingsley Professor of Law and
Political Science
University of Southern California
Law School
University Park, MC-0071
Los Angeles, CA 90089-0071

Dated: November 12, 2007

/s/ Charles P. McGinty
Charles P. McGinty (BBO # 333480)
Federal Defenders
408 Atlantic Avenue
Boston, MA 02110
(617) 223-8061

**Certificate of Service**

    I hereby certify that a true copy of the foregoing document was served this day upon all counsel of record by electronic filing.

/s/ David Duncan