UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA        )
                                )
        v.                      )   Crim. No. 05-40026-FDS
                                )
MUHAMED MUBAYYID, and           )
EMADEDDIN Z. MUNTASSER,         )
and                             )
SAMIR AL-MONLA a/k/a            )
SAMIR ALMONLA,                  )
                                )
        Defendants.             )
```

**GOVERNMENT'S RESPONSE TO DEFENDANTS' RENEWED MOTION TO EXCLUDE
CERTAIN WIRETAPPED CONVERSATIONS**

The United States, by and through its attorney, Michael J. Sullivan, the United States Attorney for the District of Massachusetts, and Aloke Chakravarty, B. Stephanie Siegmann, and Donald Cabell, Assistant United States Attorneys, hereby responds to the defendants' renewed motion to exclude certain wiretapped conversations. The government has previously briefed the admissibility of these conversations and will not restate that analysis.

In the interest of brevity and for clarification that may assist the court, the government responds summarily to the defendants' claim that somehow disclosure of an Arabic language recording of a conversation between Hassoun and a "caller" changes the analysis of whether the government's proffered recorded conversations are admissible.

First, despite the implication that newly discovered

1

evidence is involved here, this is in fact not the case. The English summary of this conversation (quoted in the defendants' motion), as with the others in this case, was produced over a year and a half ago. The original Arabic recording was not sought until two months before trial, and was produced after the October 18, 2007 order entered, in reasonable time given the complexities in extracting Arabic language conversations from reel-to-reel tapes in another jurisdiction. Simply put, the production of the underlying recordings of non-defendants, non-conspirators, makes no difference to even the proffered significance -- of somehow negating the co-conspirators' hearsay exception in this case. Indeed, the recording cannot even be used at trial.

Second, as previously briefed, the Court need not rely on the existence of a conspiracy between the defendants and Hassoun and Jayoussi in order to find the admissibility of the proffered conversations. The defendants' renewed motion rests on the presumption that the only basis for admissibility of calls involving Hassoun and Jayoussi is if they are co-conspirators[1]. As previously briefed, this is neither the case, nor does the court need to analyze whether a separate conspiracy in fact

---

[1] The defendants' also rely on a presumption that one call to another party in 1996 in context would negate the other evidence of a conspiracy, including repeated later conversations between Hassoun and the defendants which refer to non-charitable activities.

existed between the defendants and these individuals.  Simply put, nothing has changed in the hearsay analysis, and the fact that Hassoun voiced disappointment with Boston because 'they' did not respond to his queries hardly affects the admissibility of any evidence.  (Indeed, Hassoun's frustrations with a lack of response are made clear in calls which the government intends to introduce.  As is the fact that within days, Hassoun is again discussing distribution of Join the Caravan, and video and audio cassettes with Care.)  Moreover, the call itself is not admissible (and should not be referenced at trial) – as it is a conversation between two people outside of Care, commenting about the brothers in Boston, and offered by a defendant.  There is no relevant issue to which this would be probative, which is to say nothing of the hearsay problem.  To hold otherwise would invite introduction of calls and other evidence unconnected to the defendants in which Hassoun and others expressed support for mujahideen, including terrorist organizations, which contributed to the evidence leading to his conviction.  A conversation not involving the defendants or co-conspirators cannot implicate the defendants' intent.  C.f. United States v. Castro-Lara, 970 F.2d 976, 981 (1st Cir. 1992), cert. denied, 113 S.Ct. 2935 (1993) (allowing for introduction of non-conspirator statements when used to provide context for the defendant's or co-conspirator's statements).

Finally, the defendants' characterization of the calls which

the government seeks to introduce reflect an advocate's flourish which they will have ample opportunity to exercise in argument to a jury (absent references to inadmissible calls and other items not in evidence.)  In fact, from hundreds of calls produced in discovery, the government is seeking to introduce approximately 42 of them, and to actually describe in some level of detail approximately a half of that.  Several of the calls will be played with synchronized transcripts, and portions of others will be summarized and relevant portions will be highlighted and contextualized by an agent, with the original transcript going to the jury (with the exception of English calls, where the recording will go to the jury.)  The calls are important to demonstrate, among other things, the interconnection of various parties, the shared objectives of the defendants and others, the distribution of non-charitable materials and other activities of Care, and the state of mind of the defendants vis-a-vis activities which they concealed from the government.  The evidence is probative and inculpatory, but not unfairly prejudicial in the least.  As previously described, all of the calls involve defendants and/or co-conspirator's statements being made in furtherance of the conspiracy.

```
                                        Respectfully submitted,
                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                By:     /s/ Aloke Chakravarty
                                        ALOKE S. CHAKRAVARTY
                                        B. STEPHANIE SIEGMANN
                                        DONALD L. CABELL
                                        Assistant U.S. Attorneys
Date: November 25, 2007
```

CERTIFICATE OF SERVICE

    I hereby certify that I have sent this document on this date, November 25, 2007 via Electronic notice to counsel for the Defendants in this case.

                                     /s/ Aloke Chakravarty
                                     ALOKE CHAKRAVARTY
                                     ASSISTANT UNITED STATES ATTORNEY