UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-40026-FDS |
| ) | |
| MUHAMED MUBAYYID, and ) | |
| EMADEDDIN Z. MUNTASSER, ) | |
| and ) | |
| SAMIR AL-MONLA a/k/a ) | |
| SAMIR ALMONLA, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF IRS FILINGS OF OTHER ORGANIZATIONS**

The United States, by and through its attorney, Michael J. Sullivan, the United States Attorney for the District of Massachusetts, and Aloke Chakravarty, B. Stephanie Siegmann, and Donald Cabell, Assistant United States Attorneys, hereby replies to the Defendant's Opposition to the Government's Motion in Limine to Exclude Evidence of IRS filings of Non-Similarly Situated Organizations.

I.  **Tax Filings of other organizations are not relevant and do not evidence due diligence of the defendants**

The defendants claim that evidence of other organizations' tax filings and status somehow evidences that the defendants did not conspire to conceal non-charitable activities from the government. The latter proposition simply does not follow from the other. Moreover, the stated mechanism of demonstrating this is that an expert will opine that "giving money to a domestic

1

tax-exempt organization is sufficient due diligence on the part of Care, without more, to see that its moneys were spent for a charitable purpose." Opposition at 2.  This opinion is simply inapposite to the issue of whether the defendants conspired to conceal material information, and is improper in any event as somehow deducing the defendants' intent and actions. Regardless of the propriety of this conclusion, evidence of the IRS filings related to other organizations is wholly irrelevant and unnecessary to render such an opinion.

   To dissect the proffered relevancy further, an expert's conclusion that Care's payments to 501(c)(3) organizations evidence due diligence misses the point that as a factual matter, nowhere in the Form 1023 did Care disclose that it intended to give money to 501(c)(3) organizations.  Moreover, giving money to someone does not evidence any type of diligence.  The "due diligence" which the expert is expected to conclude can only be described as the expert's conclusion as to the defendant's knowledge and intent.   If the expert is relying on information provided to him by the defendants as to their intent, then not only should this information be produced to the government, such hearsay conclusions cannot circumvent the ability for the government to cross-examine the source of that information.  To the extent that a defendant takes the stand and testifies that he relied upon the 501(c)(3) status of other organization(s), the

IRS paperwork remains irrelevant to support this proposition. Additionally, evidence of such status should be inadmissible extrinsic evidence unless the defendant is impeached as to the existence of the 501(c)(3) status of these other organizations.

To indulge the defendants' rationale is to say nothing of the fact that Care's payments to 501(c)(3) organizations were only disclosed *after* Defendant Muntasser filed the Form 1023, and that the government's case does not rely on demonstrating that the money solicited by Care was in fact distributed to the mujahideen.  This fact, however frustrating to the defendants, does not entitle them to introduce all sorts of evidence of good faith that some of the activities of Care were charitable. Evidence of tax filings or status does nothing to negate the fact that as part of their activities, the defendants solicited and expended money in support of the mujahideen without disclosing that they intended to (and did so).  All of this within the context that the government has never alleged that Care did not engage in some charitable activities.  The payments from Care to a 501(c)(3) organization, much less the underlying tax filings for that organization, are utterly irrelevant to the factual issues in this case.

Finally, if the door is opened to presenting evidence about the 501(c)(3) status of each of the ostensibly charitable organizations to which Care gave money (to invite a propensity

inference that Care was acting for exclusively charitable purposes), then the government too, should be permitted to demonstrate the true nature of some of these organizations. In particular, some of these recipients were later specially designated terrorist entities because of their activities during the period which the defendants are suggesting that these organizations were exclusively charitable. Because the status is being offered regardless of the defendants' knowledge, what the jury is entitled to know is that these same organizations were designated, regardless of the defendants' knowledge at the time. 501(c)(3) status of donees is not evidence of anything related to the defendants. This is especially the case when there is evidence admitted which indicates that the defendants themselves had collaborated in their activities with some of these other organizations.

II. **Tax Filings of other organizations are not relevant to the materiality of the Defendants' misstatements to the IRS**

    A. **The IRS' handling of other cases is irrelevant to Materiality in this case**

The IRS' handling of other cases is irrelevant to whether the Defendants' misrepresentations were material to the IRS' determination of 501(c)(3) status. The fundamental flaw in the Defendants' argument is that they rely on the faulty proposition that the IRS' determination in one case is precedential with regards to its determination in other cases. It is well-settled

that the IRS' determination decisions are in fact non-precedential. 26 U.S.C. § 6110(k)(3). Accordingly, individual IRS decisions are irrelevant in construing regulations or determining the validity thereof. See Sidell v. Comm'r of Internal Revenue, 225 F.3d 103, 111 (1st Cir. 2000) (rejecting the taxpayer's reliance on a number of internal IRS memoranda to show that a proposed regulation was not meant to cover a particular situation.) Therefore, how the IRS handled specific cases, cannot be relied upon by the defendants, or their expert to be probative of anything in this case. Their rationale boils down to the claim that someone else was speeding and they got away with it, so the defendants too should not have been pulled over.

The operative section of the Internal Revenue Code is Section 6110(k)(3) which reads:

> **(3) Precedential status.**--Unless the Secretary otherwise establishes by regulations, a written determination[1] may not be used or cited as precedent. The preceding sentence shall not apply to change the precedential status (if any) of written determinations with regard to taxes imposed by subtitle D of this title.

The Code could not be more clear, but the legislative history corroborates this reading. The Senate Report of the Tax Reform Act of 1976 includes the explicit provisos that:

---

[1] Footnote not in original. Section 6110(b) defines "written determination" as a ruling, determination letter, technical advice memorandum, or Chief Counsel advice.

5

>  Private rulings apply only to the taxpayer who is the subject of the ruling. . . .
>
>  Under present administrative rules, a private letter ruling, technical advice memorandum, or determination letter *is not to be used as a precedent by the IRS or any person*. ... Consequently, both the committee amendment and the House bill codify the present administrative rules by providing that determinations which are required to be made open to public inspection are not to be used as precedent."

S. Rept. 94-938 at pgs 303, 307, 311 (1976) (adopted by Conference committee)(emphasis added).

    B.    **None of the other organizations are probative of the issues in this case**

The issue for the jury is whether the defendants concealed material information from the IRS. Even if there were precedential reliance on the handling of other organizations by the defendants, as a threshold matter, tax filings of other organizations cannot be germane to materiality in this case because (1) the other organizations were not similarly situated, and (2) the other organizations have not been shown to have disclosed the same type of information as the defendants allegedly failed to disclose. The purpose and the specifics of the defendants' proposed evidence fail on both counts.

First, the defendants erroneously claim that the organizations for which they have assembled a tome of tax documents were similarly situated to Care International. Indeed, the organizations to which they cite range from a significantly different time period (i.e. during the Soviet occupation of

6

Afghanistan), refer only to organizations working in Afghanistan (whereas Care International solicited for mujahideen in several combat zones around the world), in some cases apply to non-501(c)(3) organizations[2], declared their purpose and activities to be different from Care, and none of which were successors to or outgrowths of other organizations which themselves were engaged in non-charitable activities. These are crucial components which are required before even a facial assertion can be made that the IRS would not have considered Care's non-charitable activities as material.

Secondly, this trial is not about subsuming the IRS' 501(c)(3) designation process in order to determine whether as a mandamus matter Care should have been granted status regardless of their disclosure of activities like publishing the Al-Hussam.

---

[2]This includes the oft-referenced Afghan Mujahideen Information Bureau (AMIB), a 501(c)(4) organization which announced itself as a financial and informational assistance organization which published updates on the Afghan war to Afghans in the U.S. Significantly, they attached some of their bulletins in their Form 1024 application, and the IRS still asked follow-up questions about their activities and their publications. The defendants' claim that a 501(c)(4) organization is functionally the same as a 501(c)(3) organization is untenable. 501(c)(4) organizations require different forms, the criteria for exemption are different, the purposes are different (and include activities such as lobbying), and 501(c)(4) organizations are rarely beneficiaries of the double tax-benefit of 501(c)(3) organizations. The Afghan Foundation, cited by the defendants as the only other comparably time-framed organization, is also inapplicable. In fact, in that case, the IRS submitted a request for further information, which included two questionnaires, including, among other questions, a request for any publications of any nature, and a request for samples.

Rather, this case is about the defendants' concealing of these non-charitable activities. None of the organizations cited by the defendants have been shown to have concealed non-charitable activities of the ilk in this case. Moreover, none of the organizations proffered by the defendants demonstrate that once non-charitable activities of a 501(c)(3) organization were made known to the IRS, that the IRS, or the government, did nothing about it because they decided that the non-disclosed activities were immaterial.

Finally, even if all of these criteria were met, the issue of materiality does not turn on whether the IRS *would have* acted differently in this case had the defendants' disclosed their full history and activities. Rather, it is very clear that the question of materiality in a false statements case is whether the false statement in question had a natural tendency to influence, or *was capable of* influencing, a governmental function. United States v. Sebaggala, 256 F.3d 59, 64 (1st Cir. 2001). This is a standard which cannot be negated regardless of the defense experts' proffered testimony that the IRS would not have acted differently in the slightest. If the defense expert's testimony is that the IRS could not have taken any action, then that conclusion is not deduced from looking at the IRS' handling of other charities -- rather, it is a statement of policy or law. The defendants should not be permitted to confuse the matter by citing to anecdotal

8

examples of other cases in which the jury will be hoodwinked by being invited to draw the conclusion that "these other [non-similarly situated] organizations got away with it [without showing that they too concealed non-charitable information]". This is not only improper argument, inviting jury nullification, it can only be rebutted by a deeper exploration into the legal arcana which the jury should properly be shielded from. The jury should not be invited to reconsider the motion to dismiss.

III.  **Admission of other organization's tax filings and supporting materials would drastically confuse and mislead the jury**

Regardless of the relevancy of the IRS' handling of other organizations, the danger of unfair prejudice and confusion by the introduction of such evidence, or argument therefrom far outweighs any probative value. Fed. R. Evid. 403. Not only would such evidence fundamentally distract the jury from the fact-finding before them, it would mislead them into appraising whether the IRS' handling of other cases could show the likelihood to allow or disallow the defendants' 501(c)(3) status. In the first instance, whether Care was similarly situated to other organizations is not a factual conclusion for them to make, it is a legal judgement to be appraised in a motion to dismiss. Challenging the jury to understand, or even consider, whether other organizations are or are not similarly situated, subject to the same analysis within the tax code, subject to the same review within the IRS, engaged in the

9

same activities, whether they concealed the same activities, were subject to the same review, whether the IRS employees could have been influenced in their decisions, et cetera is asking them to go down a road which they should not have to navigate. The danger in allowing the defendants to invite them to do so, is to fundamentally miscast the case, depriving the government to a fair trial.

IV. **Conclusion**

Wherefore, the Government respectfully submits that evidence of the IRS filings or other evidence of handling of other organizations proffered by the defendants be excluded.

```
                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:   /s/ Aloke Chakravarty
                              ALOKE S. CHAKRAVARTY
                              B. STEPHANIE SIEGMANN
                              DONALD L. CABELL
                              Assistant U.S. Attorneys
```

Date: November 25, 2007

CERTIFICATE OF SERVICE

I hereby certify that I have sent this document on this date, November 25, 2007 via Electronic notice to counsel for the Defendants in this case.
```
                              /s/ Aloke Chakravarty
                              ALOKE CHAKRAVARTY
                              ASSISTANT UNITED STATES ATTORNEY
```