UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff<br><br>V.<br><br>MUHAMED MUBAYYID,<br>EMADEDDIN Z. MUNTASSER and<br>SAMIR AL-MONLA,<br>　　　　　　　　　　Defendants | CRIMINAL NO. 05-40026-FDS |

**DEFENDANTS' SURREPLY TO GOVERNMENT'S RESPONSE REGARDING THE TESTIMONY OF CINDY WESTCOTT**

The government, in its latest filing regarding the testimony of Cindy Westcott, seeks to avoid what is utterly clear in the Testimony Authorization for Ms. Westcott to testify, and in the government's own representations to the Court in that proceeding – that she is speaking for the IRS. The defendants have laid out the arguments that her testimony constitutes admissions in their Supplemental Memorandum (Docket No. 358) and will not repeat them here. However, Ms. Westcott was *not* testifying "as a lay witness" as the government now contends: she was testifying in her "official capacity as an employee of the IRS" (see Authorization Letter, attached hereto as Exhibit A).

Nor do the Rules of Civil Procedure, cited by the government, have any bearing on the capacity in which she testified. She was testifying pursuant to a court order authorizing discovery, in this criminal case. The government offered her as the IRS spokesperson to testify "as to facts of which you have personal knowledge *in your official capacity* . . . ." (emphasis added). Contrary to the government's contention, she was authorized to testify "with respect to the revisions the Service published in 2004 to the Form 1023 . . . *and the official position of the Service with respect to such*

*revisions."* (emphasis added).  It cannot be clearer that she was authorized to speak about the terms "outgrowth or successor" and the effect of the revisions on those terms.

If there were any doubt whether she had exceeded her authority, she had not only the Assistant U.S. Attorneys present, but IRS counsel present.  No objection that she was exceeding the authorized scope of her testimony was made by counsel for the government.

The government's objections that her testimony cannot "bind" the IRS have already been sustained by the Court.  The issue is whether they are admissions of the IRS.  For reasons stated in their Supplemental Memorandum and the cases cited therein, they are admissions.  None of the cases cited by the government in its most recent filing involve testimony of an IRS representative, under oath, pursuant to Delegation Order No. 11-2, Treasury Regulation § 301.9000-1, as this case does.

Finally, the government suggests that the defendants should not be allowed to offer the transcript "piecemeal."  Their arguments in this section can certainly be presented to the jury, if the government wishes to read other portions of the transcript. Ms. Westcott was asked questions about whether the new questions were intended to elicit the same information as the old questions, and she answered "yes."  If the government thinks other portions of the transcript undercut that answer, it is free to read those portions of transcript.

| | |
|---|---|
| Respectfully submitted,<br>EMADEDDIN Z. MUNTASSER<br>By his attorneys, | MUHAMED MUBAYYID<br>By his attorney, |
| | /s/ Michael C. Andrews<br>Michael C. Andrews (BBO#: 546470)<br>21 Custom House Street<br>Boston, MA 02110<br>(617) 951-0072 |
| /s/ David Duncan<br>Norman S. Zalkind (BBO#: 538880)<br>Elizabeth A. Lunt (BBO#: 307700)<br>David Duncan (BBO#: 546121)<br>Zalkind, Rodriguez, Lunt & Duncan, LLP<br>65a Atlantic Avenue<br>Boston, MA  02110 | SAMIR AL-MONLA<br>By his attorney, |

| | |
|---|---|
| /s/Susan R. Estrich | /s/ Charles P. McGinty |
| Susan R. Estrich | Charles P. McGinty (BBO # 333480) |
| Robert Kingsley Professor of Law and Political Science | Federal Defenders |
| | 408 Atlantic Avenue |
| University of Southern California Law School | Boston, MA 02110 |
| | (617) 223-8061 |
| University Park, MC-0071 | |
| Los Angeles, CA 90089-0071 | |
| (617) 742-6020 | |

Dated: November 29, 2007

## Certificate of Service

I hereby certify that a true copy of the foregoing document was served this day upon all counsel of record by electronic filing.

/s/ David Duncan



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

OFFICE OF
CHIEF COUNSEL

June 11, 2007

MEMORANDUM FOR: CINDY M. WESTCOTT
Manager, EO Determinations
Exempt Organizations Division
Tax Exempt and Government Entities
SE:T:EO:RA

FROM: NANCY J. MARKS
Division Counsel/Associate Chief Counsel
Tax Exempt & Government Entities
CC:TEGE

SUBJECT: Testimony Authorization
*United States v. Muhamed Mubayyid, et. al.*
Criminal Action No. 05-40026-FDS (U.S.D.C. D. MASS.)

Pursuant to the District Court's Order of April 24, 2007, as modified by the United States Motion to Modify of May 1, 2007, which the Court granted on May 11, 2007, and the United States' Motion to Continue the Hearing, you have been ordered to appear at an evidentiary hearing in connection with the above-captioned case. You are to testify in your official capacity as an employee of the Internal Revenue Service. The deposition is scheduled to take place at the Federal Courthouse, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts, on Wednesday, June 13, at 3:00 p.m.

The above-captioned case is a criminal case brought by the United States under 18 U.S.C. § 371 (Conspiracy to Defraud the United States); 26 U.S.C. § 7206(1) (False Tax Return); 18 U.S.C. § 1001(a)(1) (Scheme to Conceal Material Fact); 18 U.S.C. § 1001(a)(2) (Making False Statements); and 26 U.S.C. § 7212(a) (Obstructing and Impeding IRS) in connection with Care International, Inc. and the filing of its Form 1023 Application for Recognition of Exemption under Section 501(c)(3) of the Internal Revenue Code in 1993 and the filing of its Form 990, Return of Organization Exempt from Income Tax in 1993-2003.

Pursuant to Delegation Order No. 11-2, Treasury Regulation § 301.9000-1, and the Order and Motion to Modify, you are authorized to appear and testify at the evidentiary

hearing, under the guidance of counsel for the Government, subject to the following limitations.

You may:

- Testify as to facts of which you have personal knowledge in your official capacity with respect to the revisions the Service published in 2004 to the Form 1023 Application for Recognition of Exemption under Section 501(c)(3) of the Internal Revenue Code and the official position of the Service with respect to such revisions.

You may not:

- Testify as to matters of which you have no personal knowledge;
- Testify as to your personal views, opinions and intentions with respect to any matter;
- Testify in response to hypothetical questions;
- Testify in response to general questions concerning the positions, policies, procedures, or records of the Internal Revenue Service, except those that are relevant to the proceeding or are reasonably calculated to lead to the discovery of admissible evidence;
- Testify as to matters of official business not relevant to the proceeding or reasonably calculated to lead to the discovery of admissible evidence;
- Disclose any information that is protected by the attorney-client, attorney work product or deliberative process privileges, or the work product doctrine, except and only to the extent waived by this authorization;
- Disclose returns or return information of any third party taxpayer, i.e., a taxpayer not a party to this proceeding, except as may be authorized by I.R.C. § 6103(c) or § 6103(h)(4);
- Disclose information that may tend to identify a confidential informant, if any;
- Disclose information subject to I.R.C. § 6105, if any; OR
- Disclose information that is secret pursuant to FED.R.CRIM.P. 6(e), if any;

This case is a "tax administration" proceeding. Therefore, post-testimonial feedback to a disclosure office pursuant to IRM 11.3.35.14(3) is not required.

If the evidentiary hearing is rescheduled to a date different from that which appears in the Court's notice, this authorization remains valid, provided that there is no material change as to the nature of your deposition testimony.

This authorization does not waive any objections that may be made by Government counsel. Attorneys from the Department of Justice and Office of Chief Counsel will be present at the evidentiary hearing. You should consult with them during the hearing if you have any questions or concerns about your authority to testify.

Inquiries concerning this matter may be directed to Don Spellmann of the Office of Chief Counsel at 202-927-6799 or 703-402-6296.

TOTAL P.23