## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) |  |
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL NO. 05-40026-FDS** |
| **Plaintiff** | ) |  |
|  | ) |  |
| **V.** | ) |  |
|  | ) |  |
| **MUHAMED MUBAYYID,** | ) |  |
| **EMADEDDIN Z. MUNTASSER,** | ) |  |
| **and** | ) |  |
| **SAMIR AL-MONLA a/k/a** | ) |  |
| **SAMIR ALMONLA,** | ) |  |
| **Defendants.** | ) |  |
| _____ | ) |  |

## DEFENDANTS' FINAL REQUESTS
## FOR INSTRUCTIONS TO THE JURY

Defendants Muhamed Mubayyid, Emadeddin Z. Muntasser, and Samir Al-Monla request

that the Court instruct the jury as follows at the conclusion of evidence and arguments.

Defendants reserve their rights to supplement or amend these proposed instructions.


Respectfully submitted,
EMADEDDIN Z. MUNTASSER
By his attorneys,

/Norman S. Zalkind
Norman S. Zalkind (BBO#: 538880)
Elizabeth A. Lunt (BBO#: 307700)
David Duncan (BBO#: 546121)
Zalkind, Rodriguez, Lunt & Duncan, LLP
65a Atlantic Avenue
Boston, MA   02110
(617) 742-6020

MUHAMED MUBAYYID
By his attorney,

/s/ Michael C. Andrews
Michael C. Andrews (BBO#: 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072

SAMIR AL-MONLA
By his attorney,

/s/ Charles P. McGinty
Charles P. McGinty (BBO # 333480)
Federal Defenders
408 Atlantic Avenue
Boston, MA 02110
(617) 223-8061

Dated: December 11, 2007

## Certificate of Service

I hereby certify that a true copy of the foregoing document was served upon all counsel of record on December 11, 2007  by electronic filing.

/s/ Elizabeth A. Lunt

**REQUEST NO. 1**

**Presumption of Innocence**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent. The presumption is not a mere formality. It is a matter of the most important substance.

An indictment is nothing more than an accusation. It is not evidence. All it does is bring the charges before you, the jury, for your consideration and determination. You are not to consider the fact that an indictment has been brought as bearing in any way on the guilt or non-guilt of the defendants. A defendant, although accused, begins the trial with a clean slate, with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

So the presumption of innocence alone is sufficient to acquit these defendants unless you are satisfied beyond a reasonable doubt of their guilt after a careful and impartial consideration of all the evidence in the case as it related to each defendant.

The presumption of innocence means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to the defendants. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Each of these defendants has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged.

As I have said, the burden is upon the government to prove beyond a reasonable doubt that each defendant is guilty of the charge made against him. It is a strict and heavy burden, but

it does not mean that his guilt must be proved beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning his guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence or because you do not accept the evidence that was offered.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions - one that a defendant is guilty as charged, the other that the defendant is not guilty - you will find that defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge against a defendant you will return a verdict of guilty on that charge.  If you think there is a reasonable doubt about whether a particular defendant is guilty of a particular offense, you must give him the benefit of the doubt and find him not guilty of that offense.

First Circuit Pattern Instruction 3.02; *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997)(approving charge given by Judge Keeton); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth Ed., vol.1A, §12.10.

**REQUEST NO. 2**

**Proof Beyond a Reasonable Doubt**

The burden is upon the Government to prove beyond a reasonable doubt that the defendant are guilty of the charges made against them.  It is a strict and heavy burden, but it does not mean that a particular defendant's guilt must be proved beyond all possible doubt.  Proof beyond a reasonable doubt is the highest standard of proof known to the law.  It requires that the evidence exclude any reasonable doubt concerning the defendant's guilt.  It means that you – the jurors – may not convict any of these defendants unless and until you have reached a subjective state of near certitude that he is guilty.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government

must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge against a particular defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether a particular defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find that defendant not guilty of that offense.

Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 2787 (1979); Sandoval v. Kentucky, 114 S. Ct. 1239, 1246 (1994); United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

**REQUEST NO. 3**

**Indictment Is Not Evidence**

I instruct you that an indictment is <u>not</u> evidence.  It merely describes the charge made against the defendants.  It is only an accusation.  It may not be considered by you as any evidence of the guilt of any defendant.    Each defendant is presumed innocent and may not be found guilty by you unless all of you – the trial jurors unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Criminal Jury Instructions for District Courts, 1.02; See Vol. 1A, K. O'Malley, J. Grenig &W. Lee, Federal Jury Practice and Instructions, Sec. 13.04 (5th ed. 2000).  <u>United States v. Garcia</u>, 562 F.2d 411 (7th Cir. 1977); <u>Brandon v. United States</u>, 431 F.2d 1931 (7th Cir.), <u>cert. denied</u>, 400 U.S. 1022 (1971).

**REQUEST NO. 4**

**Improper Considerations: Race, Religion, National Origin**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, or national origin.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I have discussed with you.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); United States v. Bell, 506 F.2d 207 (D.C. Cir. 1974); Carter v. United States, 427 F.2d 619 (D.C. Cir. 1970).

**REQUEST NO. 5**

**Credibility**

You are the sole judges of the credibility, the believability of a witness's testimony and the importance of that testimony. You are not required to accept testimony because no other witness or document specifically contradicted it. You may choose to disbelieve it, if in your good judgment it is not believable. You may use everything that you know, everything that you have learned, as you are reasonable men and women, about the witnesses on the witness stand here in this courtroom. You may take into account how the witness has impressed you as [a] reasonable man or woman. Did the witness impress you as a candid, a frank, a forthright person? Was the witness evasive or suspect in some way? You may consider how the witness testified on direct examination and on cross-examination. You may consider whether the testimony of the witness was consistent or was contradicted, either by other things the witness said on other occasions or by other testimony that you find more believable in the case. Did the witness appear to know what the witness was talking about? Did the witness strike you as someone trying to report the witness's knowledge accurately? You may consider whether any witness had a relationship with either side in this case, with either the government or any of the people accused. Did the witness have some incentive to testify in a certain fashion? Loyalty or motive that might cause the witness to shade the witness's testimony. Does the witness have any bias, prejudice or hostility to testify, consciously or not, in a way that may not be in full accord with the truth? You may consider whether every witness had an opportunity to observe the facts about which that witness testified; whether the witness's recollection of the facts stands up in light of all the evidence.

In sum, you are charged as reasonable men and women with determining whether you believe a witness, believe part of what a witness testifies, or don't believe the witness at all. And that's

left entirely to you.

(Quoting from an instruction given by Judge Young in <u>United States v. Beatriz</u>, Criminal No. 90-10269-Y on March 23, 1992.)

**REQUEST NO. 6**

**Number of Witnesses**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions</u> § 14.15 (2000).

**REQUEST NO. 7**

**Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those witnesses who are described as "expert witnesses."  An "expert witness" is someone who, by education or experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, you may disregard that opinion.  If you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, including that of other "expert witnesses," you may disregard the opinion in part or in its entirety.

As I have told you several times, you–the jury–are the sole judges of the facts of this case.

Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions</u> § 14.01 (2000).

**REQUEST NO. 8**

**Law Enforcement Officers as Witnesses**

You have heard the testimony of law enforcement officers. The fact that a witness is employed by the United States government does not mean that his or her testimony necessarily deserves more or less weight than that of an ordinary witness.

In fact, the point is that he or she is an ordinary witness. You should consider the same questions of bias, stake in the outcome, behavior while testifying, strength of recollection, experience, and logical soundness that you consider with any other witness.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of a law enforcement witness, and exactly what weight, if any, to give it.

See generally Sand, Modern Federal jury Instructions, Instr. 7-16 at 7.01; Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967); see also United States v. Lawes, 292 F.3d 123 (2d Cir. 2002).

**REQUEST NO. 9**

**Defendant as a Witness**

If a defendant testifies, you should judge his testimony in the same manner as you judge

the testimony of any other witness in this case.

Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions</u> § 15.12 (2000).

**REQUEST NO. 10**

**Defendant's Constitutional Right Not to Testify**

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

 Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions</u> § 15.14 (2000); Pattern Criminal Jury Instructions Drafting Committee, <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, 3.03 (1998).

**REQUEST NO. 11**

**Prior Inconsistent Statement**

You have heard evidence that before testifying at this trial, some of the witnesses made statements concerning the same subject matters as their testimony in this trial.  You may consider those earlier statements to help you decide how much of those witnesses' testimony to believe.  If you find that a prior statement made by a witness was not consistent with that witness's testimony at this trial, then you should decide whether that affects the believability of the witness's testimony at this trial.

Pattern Criminal Jury Instructions Drafting Committee, <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, 2.02 (1998)**.**

**REQUEST NO. 12**

**Objections**

At times during the trial, you heard lawyers make objections

to questions asked by other lawyers, and to answers by witnesses.  Both sides have also asked me

to consider objections to evidence at the side bar.

It is a proper function of lawyers to make objections and to request rulings.  In objecting,

a lawyer is requesting that I make a decision on a particular rule of law.  Do not draw from such

objections, or from my rulings on the objections, any inferences about facts. The objections and

my rulings related only to legal questions that I had to determine.  They should not influence your

thinking about the facts.

**REQUEST NO. 13**

**Consider Each Defendant Separately**

The indictment names three defendants who are on trial together. Some of the charges name all three defendants.  Some name only a single defendant.

In reaching a verdict, however, you must bear in mind that each defendant is an individual and must be evaluated individually.  Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.  The case against each defendant stands or falls upon the proof or lack of proof against that defendant alone and your verdict as to any defendant should not influence your decision as to the other defendant.

1 L. Sand, <u>Modern Federal Jury Instructions</u>, Instruction § 3-5.

**REQUEST NO. 14**

**Consider Each Count Separately**

The indictment contains a total of eight counts.  Each count charges a different crime.

You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict of guilty or not guilty as to each defendant for each count in which he is charged.  Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to the other defendant or any other offense charged.

————

1 L. Sand, <u>Modern Federal Jury Instructions</u>, Instructions § 3-8.

**REQUEST NO. 15**

**Scheme to Conceal a Material Fact (Count One)**

Count 1 charges that the defendants did "knowingly and wilfully falsify, conceal and cover up by trick, scheme and device material facts from [the IRS]."  The relevant statute provides: [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-- falsifies, conceals, or covers up by any trick, scheme, or device a material fact shall be [guilty of a crime]."

Elements of the Offense

In order to prove the defendants guilty of the crime charged, the government must prove beyond a reasonable doubt:

First, that on or about the date specified in the indictment, a defendant or defendants falsified or concealed or covered up a material fact;

Second, that the fact falsified, concealed or covered up was material;

Third, that the defendant or defendants did so by trick, scheme or device;

Fourth, that the defendant or defendants acted willfully and knowingly; and

Fifth, that the falsification, concealment or coverup was with respect to a matter within the jurisdiction of the government of the United States.

Specific Elements

The first element the government must prove beyond a reasonable doubt is that one or other defendant falsified, concealed or covered up a fact.  The government alleges that one or other defendant failed to disclose in the Form 1023 that Care was an outgrowth of or successor to the Al Kifah Refugee Center and that defendants in later returns filed for Care, so-called Form 990s, did not respond truthfully to the question "did the organization engage in any activity not

previously reported to" IRS.

To "falsify" means to make an untrue statement which is untrue at the time made and is known to be untrue at the time made. To "conceal" means to withhold from another. It requires some act to prevent detection of some fact the defendant was required to reveal. To "cover up" means to hide from another. The proof needed of "concealment" or "covering up" differs from that needed for making a "false statement." Concealment of a material fact requires more than mere nondisclosure. It requires proof of an affirmative act which actively conceals a material fact.

There must be a legal duty to disclose to the government the material facts allegedly concealed. This generally requires that the government show some statute, regulation or form which requires disclosure.

Second Element--Materiality

The government must prove beyond a reasonable doubt that the facts concealed were material. A statement is material if it has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to which it was addressed. That is, it must tend to affect, to a reasonable degree, some aspect or result of the proceeding in which it was made.

Third Element--Trick, Scheme, or Device

The third element the government must prove beyond a reasonable doubt is that the defendant falsified concealed or covered up by trick, scheme or device. A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive act or strategy calculated to deceive persons.

It is the government's burden with respect to prove beyond a reasonable doubt that the defendant falsified, concealed or covered up) a material fact by trick, scheme or device. This

element requires "an affirmative act by which means a material fact is concealed."  Mere

nondisclosure of a material fact does not constitute a trick, scheme or device.  The government

must prove something more--that the material fact was affirmatively concealed by ruse or

artifice, by scheme or device."

Whether defendant's behavior amounted to a trick, scheme or device is a question for you,

as finders of the facts to decide.

The fourth element which the government must prove beyond a reasonable doubt is that the

defendant acted both knowingly and willfully.  An act is done knowingly if it is done purposely

and voluntarily, as opposed to mistakenly or accidentally, to ensure that no one will be convicted

for an act done, or for an omission or failure to act, because of mistake, accident or other

innocent reason.  An act is done willfully if it is done with an intention to do something the law

forbids, a bad purpose to disobey the law with specific intent to fail to do something the law

requires to be done.  And, with respect to a concealment of a material fact, you must further find

that defendants must have knowingly and willfully failed to do something which the law requires

to be done, and that their failure was not the result of misunderstanding, incomprehension, or

other innocent reason.

Fifth Element--Matter Within the Jurisdiction of the United States Government

The fifth element with respect to each count is that the document or statement or

concealment be used, made or undertaken) with regard to a matter within the jurisdiction of the

government of the United States.

Adapted generally from L. Sand, Modern Federal Jury Instructions

**REQUEST NO. 16**

**Definition of Willfulness**

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed–that is to say, with bad purpose, either to disobey or disregard the law–not to act by ignorance, accident or mistake.

Pattern Criminal Jury Instructions Drafting Committee, Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 2.16 (1998)**.**

**REQUEST NO. 17**

**Definition of "Knowingly"**

The word "knowingly," as used in these instructions, means that a person was conscious and aware of his action or omission, realized what he was doing or what was happening around him, and did not act or fail to act because of ignorance, mistake, accident.  In considering whether a defendant's knowledge has been proved, you may consider the defendant's conduct, and all of the facts and circumstances surrounding the case.

Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 17.04 (2000); Federal Criminal Jury instructions of the Seventh Circuit, Instruction No. 4.06 (1999); Cheek v. United States, 498 U.S. 192, 202 (1991) (in criminal tax offense cases, the government is required to prove that the defendant is aware of the duty that he has violated, which is not true where the defendant has a good-faith misunderstanding or belief regarding that duty, regardless of whether or not the belief is objectively reasonable).

**REQUEST NO. 18**

**Time Limit on Scheme to Conceal Material Facts**

The government has the burden of proving beyond a reasonable doubt that a scheme to conceal material facts existed, as charged in the indictment, among all three defendants, and that they shared the purpose to conceal material facts from the IRS by means of a scheme. The government must also prove that the scheme existed recently enough that convictions for it are not barred by the statute of limitations. Even if the defendants did enter into a scheme to conceal material facts, they may be found guilty only if the scheme existed at some point within the limitations period.

In this case, the statute of limitations for the crime charged in Count Two is six (6) years. I instruct you that Mr Muntasser and Mr Mubayyid were charged on the same day, April 6, 2005. With regard to Mr Al Monla, I instruct you that he was first charged on a later date, March 8, 2007. So the government has to prove, as to Mr Muntasser and Mr Mubayyid, that they were still taking affirmative acts in support of the scheme to conceal material facts within 6 years of their indictment, namely after April 6, 1999. As for Mr. Al Monla, the government must prove that he was taking affirmative acts in support of the scheme to conceal material facts after March 8, 2001. If the government does not prove these facts beyond a reasonable doubt as to any of the defendants, you must find that defendant not guilty.

See 26 U.S.C. § 6531; Bramblett v. United States, 231 F.2d 489 (D.C. Cir. 1956) (scheme must continue into the limitations period or conviction is barred by the statute of limitations).

**REQUEST NO. 19**

**Conspiracy (Count Two)**

Mr. Mubayyid, Mr. Muntasser and Mr. Al-Monla are accused of conspiring to commit the federal crime of defrauding the United States by impeding, impairing, interfering, obstructing and defeating through dishonest means the lawful functions of the Internal Revenue Service ("IRS") regarding the determination of whether Care International, Inc., qualified and should be designated as a 501(c)(3) organization and continue to be accorded that status thereafter.

For you to find any of these defendants guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt as against that defendant:

<u>First</u>, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to defraud the United States; and

<u>Second</u>, that the defendant knowingly and willfully joined in that agreement; and

<u>Third</u>, that one of the conspirators committed a charged overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken, between two or more persons to join together and accomplish some unlawful purpose.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all of the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may

consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed–that is to say, with bad purpose, either to disobey or disregard the law–not to act by ignorance, accident or mistake.  To act knowingly means to act with the realizing of what one is doing or what was happening, and not to act or fail to act because of ignorance, mistake, or accident.  The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.  Intent may be inferred from the surrounding circumstances.

To find one or all of the defendants guilty on this count, you must find beyond a reasonable doubt that they made an agreement as outlined above, and that the object of their agreement was to impede or thwart the IRS as alleged in the indictment.  If you find that impeding the IRS was only a side-effect of their agreement rather than its purpose, then you must find the defendants not guilty.  If you find that tax fraud was not the object of the conspiracy, then even if you find that tax fraud was a foreseeable consequence of the conspiracy, you must find the defendants not guilty.  The government must prove beyond a reasonable doubt that an agreed-upon objective of the conspiracy was to thwart the IRS' efforts to determine and collect income taxes.  If the government has not proven this objective beyond a reasonable doubt, then you must find the defendants not guilty.

You must evaluate the charge of conspiracy separately for each defendant to see if he joined such an agreement during the charged period and, if you find that he did join the agreement, to determine exactly what agreement or understanding he entered into.

Proof that a defendant willfully joined in the agreement must be based upon evidence of

his own words and actions.  You need not find that he agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  In this case, the government must prove that a defendant joined the charged conspiracy to advance its purpose of defrauding the United States.  Even if a person was not a part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The government is not required to prove that a defendant personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.   The government must prove that the person committing the act was a member of the conspiracy at the time, and that the act was committed in order to further the conspiracy charged.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed.  If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

You cannot convict a defendant of the conspiracy charged unless all of you agree

unanimously, beyond a reasonable doubt, that he entered into a conspiratorial agreement with at

least one of the other defendants or unindicted co-conspirators with the purpose of evading the

payment of federal income taxes.

Pattern Criminal Jury Instructions Drafting Committee, Pattern Criminal Jury Instructions for the
District Courts of the First Circuit, 4.03 (1998); Fifth Circuit District Judges Association, Pattern
Jury Instructions Committee, Pattern Jury Instructions, Criminal Cases 2.21 (1990); see
also Ninth Committee on Model Criminal Jury Instructions, Manual of Model Criminal Jury
Instruction for the District Courts of the Ninth Circuit, 8.17 (1995); United States v. Adkinson,
158 F.3d 1147, 1155 (11th Cir. 1998) ("If impeding the IRS is only a collateral effect of an
agreement rather than one of its purposes, then a conviction for a Klein conspiracy cannot
stand"); United States v. Goldberg, 105 F.3d 770, 773 (tax fraud must be a "purpose or object of
the conspiracy, not merely a foreseeable consequence of the conspiratorial scheme"); United
States v. Vogt, 910 F.2d 1184, 1202 (4th Cir. 1990) (Klein applies only when an agreed-upon
objective of the conspiracy is to thwart the IRS' efforts to determine and collect taxes); United
States v. Ortiz, 447 F.3d 28, 32-33 (1st Cir. 2006) (defendant must have shared intent to commit
the substantive offense); United States v. Perez-Gonzalez, 445 F.3d 39, 49 (1st Cir. 2006)
(defendant must have the intent to agree and to commit the substantive offense); United States v.
Garcia-Torres, 280 F.3d 1, 4 (1st Cir. 2002) (defendant is a conspirator only if he "has the aim to
forward or assist the conspiracy).

**REQUEST NO. 20**

**Positions Held by Defendants at Care International**

The fact that people have associated with each other, worked together, or assembled and discussed common aims and interests is not sufficient to demonstrate that they were co-conspirators. The fact that Mr. Muntasser, Mr. Mubayyid and Mr AL Monla held positions at Care International at various times does not suffice to make them members of the conspiracy charged. Instead, the government must prove to you beyond a reasonable doubt that each defendant knowingly and wilfully entered into a conspiratorial agreement with a purpose to impair and impede the functions of the IRS in the determination and collection of taxes.

United States v. Rivera-Ruiz, 244 F.3d 263, 268 (1st Cir. 2001) (mere association is insufficient to support a conspiracy conviction).

**REQUEST NO. 21**

**Time Limit on Conspiracy**

The government has the burden of proving beyond a reasonable doubt that the particular agreement into which a defendant entered continued into the period not barred by the statute of limitation.   Even if an agreement had existed at some time, it will only support a conviction if it existed at some point within the limitations period.

I instruct you that there is a time limit on how much time the government has to charge a conspiracy to defraud the United States.   "The purpose of the statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions.   Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past."

In this case, the statute of limitations for the crime charged in Count Two is six (6) years. I instruct you that Mr Muntasser and Mr Mubayyid were charged on the same day, April 6, 2005. With regard to Mr Al Monla, I instruct you that he was first charged on a later date, March 8, 2007.  So the government has to prove, as to Mr Muntasser and Mr Mubayyid, that a charged overt act of the conspiracy occurred within 6 years of their indictment, namely after April 6, 1999.  As for Mr. Al Monla, the government must prove that a charged overt act of the conspiracy occurred after March 8, 2001.

Determining whether a charged overt act of the conspiracy occurred within six years of the defendants' indictments requires you to consider carefully whether you believe that the government has established beyond a reasonable doubt that a conspiratorial agreement existed

among the defendants in this case. If you find, beyond a reasonable doubt, that such an agreement existed, then you must carefully consider the scope and objects of the conspiracy as it existed when the agreement was first made. Then, you must consider whether the overt acts that the government alleges occurred within six years of the indictments were in furtherance of that purpose or of some other purpose. Acts designed to protect individual defendants from criminal charges or other unpleasant consequences are not in furtherance of the original conspiratorial agreement. Acts designed to conceal information about the conspiracy are in furtherance of the conspiracy only if concealing that information was an object of the original conspiratorial agreement. It is not enough for the government to allege that acts were committed by the defendants within six years of their indictments. Rather, the government must prove beyond a reasonable doubt that overt acts were committed in furtherance of the conspiracy as defined by the original agreement that the defendants are alleged to have made. If the government has not proven these facts, then you must find the defendants not guilty.

See 26 U.S.C. §6531; First Circuit Pattern Criminal Jury Instructions (Judge Hornsby 2002 Revisions); Toussie v. United States, 397 U.S. 112, 114-15 (1970) (describing the purpose of the statute of limitations); Grunewald v. United States, 353 U.S. 391, 397 (1957); United States v. Twitty, 72 F.3d 228, 233 (1st Cir. 1995) (holding that acts of concealment can extend the life of the conspiracy only if the evidence shows "an express original agreement among the conspirators to continue to act in concert" to conceal their crime).

**REQUEST NO. 22**

**Withdrawal (Muntasser)**

Mr. Muntasser has presented evidence that he withdrew from any involvement with Care International in or about the Fall of 1996, and announced to his alleged coconspirators that he was doing so. If you find that the government has established beyond a reasonable doubt that a conspiracy existed, as charged in Count Two, and that Mr. Muntasser was at some time a member of that conspiracy, then you must consider whether or not the government has shown, beyond a reasonable doubt, that Mr. Muntasser did not withdraw from the conspiracy prior to April 7, 1999. If Mr. Muntasser did withdraw from the conspiracy prior to that date, then his prosecution is barred by the statute of limitations, which I have described to you previously, and you must find him not guilty.

If you find that the government has failed to prove the existence of a conspiracy, or that it has failed to prove that Mr. Muntasser was a part of that conspiracy, or that it has failed to show that Mr. Muntasser remained a member of, and did not withdraw from the conspiracy prior to April 7, 1999, then you must find Mr. Muntasser not guilty.

In order to withdraw from a conspiracy an individual must take some definite, decisive, and affirmative action to disavow himself from the conspiracy or to defeat the goal or purpose of the conspiracy. If you find that Mr. Muntasser permanently severed his ties to the alleged conspiracy and communicated that fact to the other alleged conspirators prior to April 7, 1999, then his prosecution is barred by the statute of limitations and you must find him not guilty.

When you consider whether or not Mr. Muntasser was still a member of the conspiracy on April 7, 1999, you should bear in mind that any acts taken to conceal the existence of a conspiracy do not extend the existence of that conspiracy–or an individual's participation in that

conspiracy–unless an express agreement to conceal the conspiracy was part of the central

conspiratorial agreement.

Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 31.11 (2000); Grunewald v. United States, 353 U.S. 391 (1957); United States v. Twitty, 72 F.3d 228, 233-34 (1st Cir. 1995) (acts of concealment extend the life of a conspiracy only where an express agreement to conceal was part of the central conspiratorial agreement); United States v. Joudakis, 834 F.2d 1099, 1102 (1st Cir. 1987) (asking whether the evidence supports the conclusion that the defendant permanently severed his ties and announced that fact to coconspirators).

**REQUEST NO. 23**

**Withdrawal (Al-Monla)**

Mr. Al-Monla has presented evidence that he was terminated and discharged from any involvement with Care International in or about the end of 1998.  If you find that the government has established beyond a reasonable doubt that a conspiracy existed, as charged in Count Two, and that Mr. Al-Monla was at some time a member of that conspiracy, then you must consider whether or not the government has shown, beyond a reasonable doubt, that Mr. Al-Monla did not withdraw from the conspiracy prior to March 8, 2001.  If Al-Monla did withdraw from the conspiracy prior to that date, then his prosecution is barred by the statute of limitations, which I have described to you previously, and you must find him not guilty.

If you find that the government has failed to prove the existence of a conspiracy, or that it has failed to prove that Mr. Al-Monla was a part of that conspiracy, or that it has failed to show that Mr. Al-Monla remained a member of, and did not withdraw from the conspiracy prior to April 7, 1999, then you must find Mr. Al-Monla not guilty.

**REQUEST NO. 24**

**False Statements on Income Tax Return (Counts Three, Four, and Five)**

Mr. Mubayyid is charged with willfully filing a false federal income tax return. Count Three charges him with filing a false Form 990, Return of Organization Exempt from Income Tax, on behalf of Care International, Inc. ("Care"), for the 1997 calendar year. Count Four charges him with filing a false Form 990 for Care, for the 1999 calendar year. Count Five charges him with filing a false Form 990 for Care for the 2000 calendar year.

To meet its burden with respect to each separate Count, the Government must prove each of the following things beyond a reasonable doubt:

First, the government must prove beyond a reasonable doubt that Mr. Mubayyid made or caused to be made a federal tax return for each year in question that he verified to be true;

Second, the government must prove beyond a reasonable doubt that the tax return was false as to a material matter;

Third, the government must prove beyond a reasonable doubt that Mr. Mubayyid signed the return willfully and knowing it was false as to a material matter; a person acts knowingly when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

Fourth, the government must prove beyond a reasonable doubt that return contained a written declaration that it was made under the penalty of perjury.

A "material" matter is one that is likely to affect the calculation of tax due and payable, or to affect or influence the IRS in carrying out the functions committed to it by law, such as monitoring and verifying tax liability. A return that omits material items necessary to the computation of taxable income is not true and correct.

In this case, the government alleges that the tax returns which Mr. Mubayyid filed for tax years 1997, 1999, and 2000 were false because "line 76 was falsely answered to wit: Care had never previously disclosed to the IRS in any tax return or other filing that it was engaged in activities involving the solicitation and expenditure of funds to support and promote the mujahideen and jihad."

Question 76 on each Form 990 asks:"Did the organization engage in any activity not previously reported to the IRS?"

If you find, as to any specific tax year, (that is, 1997, 1999 or 2000),that Care did not "engage in any activity not previously reported to the IRS," then you must find defendant not guilty of the count relating to that year. If you find, as to any specific tax year, that Care "did engage in any activity not previously reported" during that particular year, then you must consider whether the "activity" is significant, and not "incidental and not substantial to [Care's] operation," and therefore whether Mr. Mubayyid had a legal duty to report that activity. 26 CFR 1.501(c)(3)1(c)(1). Lastly, if you find that Care did engage in an activity not previously reported, but that the activity was not material to Care's tax status and liability, you must find the defendant not guilty for that year.

Adapted from Pattern Criminal Jury Instructions Drafting Committee, <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, 4.27 (1998).

**REQUEST NO. 25**

**Making a False Statement to a Federal Agency (Counts Six and Seven)**

Mr. Muntasser is charged in Count Six of the indictment with making a false statement in a matter within the jurisdiction of a government agency, the Federal Bureau of Investigation, by stating that he had never traveled to Afghanistan.  Mr. Al-Monla is charged in Count Seven of the indictment with making a false statement in a matter within the jurisdiction of a federal agency by stating that he did not know a man named Bassam Kanj.

It is against federal law to make a material false statement in a matter within the jurisdiction of a government agency.  For you to find a defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

        First, that the defendant knowingly and willfully made a material false statement;

        Second, that the defendant made the statement voluntarily and intentionally; and

        Third, that the defendant made the statement to a federal agency, the Federal Bureau of Investigation, in a matter within that agency's jurisdiction.

A false statement is made "knowingly and willfully" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

To prove that any statement was "material," the government must prove beyond a reasonable doubt that it had a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which it was addressed.  It is not necessary that the defendant's statement did in fact influence the outcome or affect any important aspect of the proceeding in which it was made, but it is necessary that it had a reasonable and natural tendency to do so.  Therefore, even if you find that a defendant intentionally made a false statement, he is not guilty

of the crime charged in this count unless that statement had a reasonable tendency to affect the

determination at issue.

A statement is "false" if it was untrue when made.

Pattern Criminal Jury Instructions Drafting Committee, Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.08 (1998); United States v. Wu, 419 F.3d 142, 145-46 (2d Cir. 2005 (the materiality of a statement should be assessed "not against a preliminary or partial determination within a process, but instead against the process as a whole); United States v. Hatch, 434 F.3d 1, 6 (1st Cir. 2006) (in prosecution under 18 U.S.C. § 1001, approving of instruction that where a question can be interpreted several ways, the government has to prove that the answer is false under any reasonable interpretation); United States v. Glantz, 847 F.2d 1, 9 (1st Cir. 1988) (approving of the court's instruction, in prosecution for perjury, that the statement must be literally false, not merely misleading or evasive); Commonwealth v. Giles, 350 Mass. 102, 110, 213 N.E.2d 476, 482-83 (1966); Commonwealth v. Pollard, 53 Mass. (12 Met.) 225, 230 (1847).

**REQUEST NO. 26**

**Good Faith Defense to Counts Under 18 U.S.C. § 1001(a)**

The good faith of the defendants is a complete defense to the charge in Count One of the indictment, accusing the defendants of a scheme to conceal material facts.  The good faith of Mr. Muntasser is a complete defense to the charge in Count Six of the Indictment, alleging that he made a material false statement in a matter within the jurisdiction of a federal agency.  The good faith of Mr. Al-Monla is a complete defense to the charge in Count Seven of the indictment, accusing him of making a material false statement in a matter within the jurisdiction of a federal agency.  This is true because good faith on the part of the defendant is inconsistent with a finding of knowingly and willfully scheming to conceal material facts or making false statements as alleged in those charges.

A person who acts on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an error in management does not rise to the level of knowledge and willfulness required by the statute.

This law is intended to subject to criminal punishment only those people who knowingly and willfully attempt to deceive.  While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with known legal duties.

In determining whether or not the government has proven that the defendants, in Count One, or Mr. Muntasser, in Count Six, acted knowingly and willfully in concealing material facts or making false statements, the jury must consider all of the evidence in the case bearing on the defendants' states of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove to you beyond a reasonable doubt, with regard to each count, that the defendants acted knowingly, willfully and unlawfully.

If the evidence in the case leaves the jury with a reasonable doubt as to whether the defendants acted in good faith as to either count, the jury must acquit them as to that count.

Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions</u> § 40.16 (2000).

**REQUEST NO. 27**

**Corruptly Endeavoring to Obstruct or Impede the Internal Revenue Service (Count Eight)**

Count Eight of the indictment charges Mr. Muntasser, Mr. Mubayyid, and Mr. Al-Monla with corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws through activities that obstructed and impeded the Internal Revenue Service in its ascertainment, assessment, and determination of whether Care International, Inc., should be designated as a § 501(c)(3) organization in 1993 and should continue to be accorded status as a § 501(c)(3) organization thereafter.

To sustain the charge of corruptly endeavoring to obstruct or impede the due administration of the internal revenue laws, the government must prove the following propositions:

First, that the defendants corruptly endeavored to obstruct or impede the due administration of the internal revenue laws;

Second, that the defendants did so knowingly and intentionally.

The phrase "due administration of the internal revenue laws" includes the Internal Revenue Service of the Department of the Treasury carrying out its lawful functions in the ascertaining of income; the computing, assessing and collecting of income taxes; the auditing of tax returns and records; and the investigation of possible criminal violations of the internal revenue laws, such as the filing of fraudulent tax returns.

The term "endeavor" describes any effort or act to impede the due administration of the internal revenue laws. The endeavor need not be successful, but it must have at least a reasonable tendency to obstruct or impede the due administration of the internal revenue laws.

The word "corruptly" means that the act or acts were done with the purpose to secure an

unlawful benefit for oneself or another by obstructing or impeding the administration of the internal revenue laws.

A defendant does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law.  One reason that he might believe that his actions are within the law is that the proliferation of statutes and regulations relating to federal taxes sometimes makes it difficult for the average person to know and comprehend the extent of the duties and obligations imposed by the tax laws.  Therefore, if the defendant actually believed in good faith that he was doing was in accord with the tax statutes, he cannot be said to have had the criminal intent to impede or obstruct the administration of the internal revenue laws.  You may consider the reasonableness of the defendant's belief together with all the other evidence in the case in determining whether the defendant held the belief in good faith.

Federal Criminal Jury Instructions of the Seventh Circuit, 7212[1]-[5] (1999); Cheek v. United States, 498 U.S. 192, 200-201 (1991) ("The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws); id. at 202 (in criminal tax offense cases, the government is required to prove that the defendant is aware of the duty that he has violated, which is not true where the defendant has a good-faith misunderstanding or belief regarding that duty, regardless of whether or not the belief is objectively reasonable).

**REQUEST NO. 28**

**Time Limit on "Corruptly Endeavoring to Obstruct or Impede the Internal Revenue Service"**

The government has the burden of proving beyond a reasonable doubt that the defendants corruptly endeavored to obstruct or impede the Internal Revenue Service within the statutory limitations period, which I have previously described to you.  Even if you find that the defendants did corruptly endeavor to obstruct or impede the IRS, they may be found guilty only if they did so within the limitations period.

In this case, the statute of limitations for the crime charged in Count Eight is six (6) years. As I have previously instructed you, Mr Muntasser and Mr Mubayyid were charged on the same day, April 6, 2005.  With regard to Mr Al Monla, I instruct you that he was first charged on a later date, March 8, 2007.  So the government has to prove, as to Mr Muntasser and Mr Mubayyid, that they corruptly endeavored to obstruct or impede the IRS within 6 years of their indictment, namely after April 6, 1999.  As for Mr. Al Monla, the government must prove that he corruptly endeavored to obstruct or impede the IRS after March 8, 2001.    If the government does not prove these facts beyond a reasonable doubt as to any of the defendants, you must find that defendant not guilty.

See 26 U.S.C. § 6531.

**REQUEST NO. 29**

**Intent in making statements or omissions**

The indictment accuses the defendants of conspiring to defraud the United States; scheming to conceal material facts from the Internal Revenue Service ("IRS");and obstructing and impeding the IRS.  In addition, it charges Mr. Mubayyid with filing false tax returns.  The indictment alleges that the means by which the conspiracy to defraud the United States, and the scheme to conceal material facts from the IRS, and the acts that obstructed and impeded the IRS, were accomplished included the filing of an Application for Recognition of Exemption under Section 501(c)(3) on Care's behalf that contained material omissions, the filing of tax returns on Care's behalf that contained material omissions, and the making of false statements.

In determining whether the statements or omissions at issue are, as the government alleges, acts taken to further a scheme to defraud the internal revenue service, you should consider whether the defendants' had the intent to deceive the IRS.  You should examine the questions which were asked on the tax forms that the defendants completed on behalf of Care, and the answers that the defendants gave to those questions, in the context of the inquiry within which they were made and the state of the defendants' knowledge, in order to determine whether one or all of the defendants willfully made false statements or concealed material facts.  The context of the question and answer is critically important to a determination of whether the answers were false, and, if so, whether the falsity was willful.

In particular, you should examine the questions which were asked on the tax forms, and consider whether their meaning is ambiguous.  Where there are several interpretations of a question, it may be that one of the plausible readings of the answer is false and undoubtedly willful if that meaning were intended; however, under another reading of the question the answer

may be accurate or at least not a willful falsehood.  You should consider, in light of any ambiguity that you find in a question, whether the defendants' responses were actually false under each reasonable interpretation of the question.  If you find that the answers were inaccurate, you should consider whether they were deliberate deceptions, or whether the ambiguity in the question makes intent to deceive unlikely.  If you find that the statements were not false, or that they were technically inaccurate but were not willful attempts to deceive, then the statements or omissions on the tax forms are not evidence of the defendants' guilt on the counts alleged in the indictment.

United States v. Richardson, 421 F.3d 17 (1st Cir. 2005); United States v. Tracy, 36 F.3d 199 (1st Cir. 1994).

**REQUEST NO. 30**

**Consciousness of Innocence**

There is evidence presented that in 2002 Mr. Muntasser filed an application for

naturalization; that he was interviewed by the U.S. Immigration and Naturalization Service

("INS") with regard to that application, and submitted amendments to the application; and that

when his petition was not acted upon he filed a federal lawsuit in 2004 seeking a judicial

determination of his naturalization petition and a declaration that he was entitled to be

naturalized as a citizen of the United States.

Actions taken by a defendant, after the time period of his alleged wrongdoing, may be

probative of his consciousness of his innocence.  You can consider Mr. Muntasser's actions as

demonstrating his consciousness of his innocence as to the charges in this case, inferring that he

would not have exposed himself to the scrutiny of the federal courts if he were aware of criminal

wrongdoing in his past.  You are free to accept or reject that inference.

It is up to you as members of the jury to determine whether or not this evidence shows

Mr. Muntasser's consciousness of innocence and the weight or significance to be attached to any

such evidence.

Pattern Criminal Jury Instructions Drafting Committee, Pattern Criminal Jury Instructions for the
District Courts of the First Circuit, 2.10 (1998); United States v. Scheffer, 523 U.S. 303, 331
(1998) (Stevens, J., dissenting from the blanket exclusion of polygraph evidence under military
law); United States v. Biaggi, 909 F.2d 662 (2d Cir. 1990); Weinstein's Fed. Evid.. § 401.08[4]
(2d Ed. 2002).

**REQUEST NO. 31**

**First Amendment**

The defendants, and Care International, Inc., have a First Amendment right to speak and advocate regarding political and religious causes. The right to free speech encompasses even advocacy that includes a call to violence, as long as it is not directed to inciting or producing imminent lawless action, nor is it likely to incite or produce such action. The mere abstract teaching of the moral propriety or even moral necessity for resort to force and violence, is not the same as preparing a group for violent action, steeling it to such action, or providing financing for such action.

Based on this right, religious charities have the right to distribute literature that expresses their views, even where many find those views extremely offensive. You may not find the defendants guilty of a crime based solely on the contents of their speech or publications, even if you find the views that they have expressed offensive, upsetting, or abhorrent.

The defendants, and Care International, Inc., have First Amendment rights to freedom of religion and freedom of association. Freedom of religion protects their rights to believe, profess, practice, and exercise whatever religious doctrine they choose, so long as their actions do not violate criminal statutes.

Freedom of association protects an individual's right to associate with individuals, groups, or organizations, even groups, individuals, or organizations that advocate, conduct, or engage in illegal activity. The laws that the government alleges the defendants have violated do not prohibit membership in a group or organization. Nor do the laws make it criminal for the defendants to promote and support such a group's beliefs and goals, as long as the defendants do not knowingly contribute to or transfer to those organizations monies collected by Care, Inc., a

tax-exempt organization.

None of the crimes charged in the indictment may be proved solely on the basis of the defendants' speech and advocacy, religious beliefs and practices, or associations.  You may not find the defendants in this case guilty of a crime based merely on their advocacy in support of their religious beliefs or their association with particular individuals or organizations, even if you find their speech, or religious beliefs, or associations troubling or offensive.

Soc. for Internat'l Krishna Consciousness v. Lee, 505 U.S. 672 (1992) (the right to distribute flyers and literature lies at the heart of the liberties guaranteed by the First Amendment); Employment Div. Ore. Dept. of Human Res. v. Smith, 494 U.S. 872 (1990) (religious activity is protected where it does not violate a neutral criminal statute); Brandenburg v. Ohio, 395 U.S. 444 (1969) (the First Amendment protects even speech that calls on listeners to employ violence, unless it can be shown that the speech is directed to inciting or producing imminent lawless action and is likely to produce such action);  NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982) (liability may not be imposed merely because individual belonged to a group, some members of which committed or advocated acts of violence).

**REQUEST NO. 32**

**First Amendment (Charitable Fundraising)**

The fact that an organization advocates for social or civic change or presents opinions on controversial issues, intending to mold public opinion, does not mean that the organization is not a charitable organization.

Charitable fundraising is protected by the First Amendment because it involves "interests--communication of information, the dissemination and propagation of views and ideas, and the advocacy of causes–that are within the protection of the First Amendment . . . [S]olicitation is characteristically intertwined with informative and perhaps persuasive speech seeking support for particular causes or for particular views on economic, political or social issues."  The First Amendment takes account of the "reality that without solicitation the flow of such information and advocacy would likely cease."  Therefore, the full protection of the First Amendment applies to speech by Care and other charitable organizations, including speech in support of fundraising efforts.

IRS Reg. § 1.501(c)(3)-1(d)(2) (the fact that an organization advocates social or civic changes or presents opinions on controversial issues, intending to mold public opinion, does not mean that the organization cannot be granted charitable status);Bob Jones Univ. v. United States, 461 U.S. 574 (1983) (a given institution is not considered "charitable" for purposes of tax-exempt status only where there can be no doubt that its activities are contrary to fundamental public policy); Village of Schaumburg v. Citizens for a Better Environment, 444 U.S. 620 (1980) (describing intertwine of charitable solicitation with advocacy and other protected speech).

**REQUEST NO. 33**

**First Amendment; Claiborne Hardware**

There has been discussion in this case, and submissions in evidence, regarding publications created and distributed by Care International, Inc., and by the defendants. There has also been evidence regarding statements made by the defendants or by people with whom the defendants associated. Some of those statements express support for the Mujahideen or for the concept of jihad. In addition, it may be that you interpret some of those publications or statements as supporting or even advocating for the use of violence.

You must evaluate the evidentiary value of these publications and statements with care and precision. As I have previously instructed you, the First Amendment provides broad protection for speech, association, and publication, particularly in support of a political or social cause. As you know, you may not find a person guilty based solely on the content of his speech, even if you find the views that he expresses troubling or offensive. In addition, you may not assume, based solely on a person's speech, that he has taken action, or helped effectuate actions, that accord with the views expressed in his speech. As a matter of constitutional law, you may not assume or conclude from an individual or group's speech in support of a cause that the person or group took any particular action in support of that cause.

In this case, you may not conclude solely from Care's statements in support of the Mujahideen that Care provided support to the Mujahideen beyond its statements, such as weapons or provisions meant for fighters. In addition, you may not conclude based solely upon an individual defendant's expression of his opinions that the defendant has acted in accord with those opinions to support the mujahideen or jihad in any material way.

You also may not infer the nature of Care, as an organization, from the actions of one or

more of its officers or members.  Statements by one or more of the defendants expressing views

in support of jihad or the mujahideen cannot prove that Care gave its financial support to the

mujahideen or jihad.

N.A.A.C.P. v. Claiborne Hardware Co., 458 U.S. 886, 927-934 (1982) (holding that although
Charles Evers, the NAACP's field secretary in Mississippi, made statements in support of a
boycott that "might have been understood as inviting an unlawful form of discipline, or . . . a
intending to create a fear of violence. . ." neither Evers nor the NAACP could be held liable for
violence committed in support of the boycott absent other evidence of their authorization of
wrongful conduct); Id. at 933-34(the nature of an organization should not be inferred from the
actions of some few of its members or supporters).