UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 05-40026-FDS |
| | ) | |
| MUHAMED MUBAYYID, and | ) | |
| EMADEDDIN Z. MUNTASSER, | ) | |
| and | ) | |
| SAMIR AL-MONLA a/k/a | ) | |
| SAMIR ALMONLA, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S AMENDED REQUEST FOR JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan, and Assistant United States Attorneys B. Stephanie Siegmann, Aloke S. Chakravarty, and Donald L. Cabell for the District of Massachusetts, hereby submits its amended request for jury instructions in the above-captioned matter. The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and/or the evidence presented by the defendants after the government rests.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ B. Stephanie Siegmann
B. STEPHANIE SIEGMANN
ALOKE S. CHAKRAVARTY
DONALD L. CABELL
Assistant U.S. Attorneys

Date: December 11, 2007

1

<u>Certificate of Service</u>

I do hereby certify that a copy of foregoing was served upon the counsel of record for the defendants by electronic notice on this 11th day of December 2007.

<u>/s/ B. Stephanie Siegmann</u>
B. Stephanie Siegmann

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
(PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT)

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is the matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you, MUHAMED MUBAYYID, EMADEDDIN MUNTASSER, and SAMIR AL-MONLA, have the benefit of that of that presumption throughout the trial, and you are not to convict any defendant of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that each defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. MUHAMED MUBAYYID, EMADEDDIN MUNTASSER, and SAMIR AL-MONLA, have the right to rely upon the

3

failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the guilt of any of the defendants of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the guilt of the defendant(s) of a particular crime, you should vote to convict him/them.

First Circuit Pattern Jury Instructions (Criminal), Instr. 3.02 (1998).

4

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
### (PUNISHMENT)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with me as the presiding judge in this case. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if she is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

1 L. Sand et al., Modern Federal Jury Instructions (Criminal), ¶9.01, Instruction No. 9-1 (2006) .

5

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3**
**(DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES)**

**Direct and Circumstantial Evidence**

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches, smells or otherwise perceives with one of his or her senses. Direct evidence is testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence exists where a witness does not testify directly about the fact that is to be proved. Instead, you are presented with evidence of other facts and asked to draw reasonable inferences from them about the fact which is to be proved. Circumstantial evidence is of no less value than direct evidence.

**Inferences**

Your power to draw inferences is an important power that you must use while considering and evaluating the evidence. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. It is not a suspicion or guess. It is a reasoned, logical decision that one fact exists on the basis of another fact which you know exists. You draw an inference when you take some known information, apply your experience in life to it, and then draw a conclusion.

6

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence such as evidence of what somebody saw, or heard, or in some way perceived with one of the five senses, you must use your collective and general knowledge to determine whether that element has been established by inferences reasonably drawn from other evidence.

K. O'Malley, et al., Federal Jury Practice and Instructions, §§ 12.04, 12.05 (5th ed. 2000); 1 L. Sand et al., Modern Federal Jury Instructions (Criminal), Instruction Nos. 5-2 and 6-1 (2006).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### (CREDIBILITY OF WITNESSES)

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or the unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury Instructions (Criminal), Instr. 3.06 (1998).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**
**(WEIGHING THE TESTIMONY OF AN EXPERT WITNESS)**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instruction (Criminal) Inst. 2.06 (1998).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
### (CREDIBILITY OF DEFENDANT AS A WITNESS)

*If a Defendant Does Testify:*

A defendant cannot be compelled to take the witness stand and testify. Whether or not he testifies is a matter of his own choosing. If he does choose to testify, as the defendant did in this case, he is a competent witness. In that event, he is subject to cross-examination, as you have observed, and his credibility is for you, the jury, to determine, in the same manner as that of other witnesses.

Obviously, a defendant has a great personal interest in the result of his prosecution. This interest gives a defendant a strong motive to lie to protect himself. In appraising his credibility, you may take that fact into account.

However, I want to say this with equal force to you -- it by no means follows that simply because a person has a vital interest in the trial's result, he is not capable of telling a truthful and straightforward story.

It is for you to decide to what extent, if at all, the defendant's interest has affected or colored his testimony.

United States v. Floyd, 555 F.2d 45, 47 n.4 (2d Cir. 1977);
United States v. Martin, 525 F.2d 703, 706 n.3 (2d Cir. 1975).

10

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
### (ENTIRE EVIDENCE SHOULD BE CONSIDERED)

It is necessary that every essential element of the crimes charged in the indictment in this case be proved by evidence beyond a reasonable doubt. It is not necessary that each supporting fact be proved beyond a reasonable doubt. Evidence should not be considered in fragmentary parts and as though each fact or circumstance stood apart from the others. The entire evidence should be considered and the weight of the evidence should be determined from the whole body of evidence.

Huddleston v. United States, 485 U.S. 681 (1988); Bourjaily v. United States, 483 U.S. 171 (1987); United States v. Bottone, 365 F.2d 389, 392 (2d Cir. 1966), cert. denied, 385 U.S. 974 (1966).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
### (INDICTMENT)

With these preliminary instructions in mind, let us turn to the charges against the defendants in the indictment.  An indictment is not evidence.  It merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendants.

In reaching your determination whether the government has proved the defendants guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendants have pled "not guilty" to each charge in the Indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond reasonable doubt.

An indictment may allege more than one charge against a defendant.  When it does, the different charges are stated separately in what we call counts.  You must give separate consideration to each separate charge.  You must consider each

12

count separately, weighing separately the evidence as it bears

against the defendant.

1 L. Sand, et al., <u>Modern Federal Jury Instructions (Criminal)</u>,§
3.01, Instruction No. 3-1 (2006); K. O'Malley, et. al., <u>Federal
Jury Practice and Instructions</u>, §13.04 (5th ed. 2000); <u>United
States v. Medina</u>, 761 F.2d 12, 21 (1st Cir. 1985).

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 9</u>
### (OVERVIEW OF THE INDICTMENT)

The indictment in this case contains eight (8) counts or charges against the defendants.

Count 1 charges each defendant with engaging in a scheme to conceal material facts from several agencies of the U.S. government, including the Internal Revenue Service, the Federal Bureau of Investigation, and Immigration and Naturalization Service, which is now part of the Department of Homeland Security, beginning in April 1993 and continuing until April 2003.

Count 2 charges each defendant with conspiring with each other and others known and unknown from April 1993 to April 2003 to defraud the United States for the purpose of impeding, impairing, interfering, and obstructing the lawful functions of the Internal Revenue Service with respect to the ascertainment, assessment, and determination of whether Care International, Inc. initially qualified, and continued to qualify, as a tax exempt charity under 28 U.S.C. §501(c)(3).

Counts 3-5 charge defendant MUHAMED MUBAYYID with making and and signing false tax returns on behalf of Care International, Inc., for tax years 1997, 1999, and 2000.

Count 6 charges defendant EMADEDDIN MUNTASSER with making a false statement to the Federal Bureau of Investigation when he stated that he had never traveled to Afghanistan.

Count 7 charges defendant SAMIR AL-MONLA with making a false statement to the Federal Bureau of Investigation when he stated that he did not know a man named Bassam Kanj.

Count 8 charges each defendant with corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws from June 1993 to April 2003.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
### (COUNT 1)

Count 1 of the Indictment charges that from a date unknown but at least from on or about April 1993 and continuing until on or about April 2003, the defendants EMADEDDIN MUNTASSER, MUHAMED MUBAYYID, and SAMIR AL-MONLA, knowingly and willfully, falsified, concealed and covered up by trick, scheme and device a material fact from three agencies of the United States, the Internal Revenue, Federal Bureau of Investigation, and the Immigration and Naturalization Service, now part of the Department of Homeland Security. Further, the material facts the defendants are charged with concealing are that Care International, Inc., was an outgrowth of and successor to the Al-Kifah Refugee Center and was engaged in non-charitable activities involving the solicitation and expenditure of funds to support and promote mujahideen and jihad.

In order to find each defendant guilty, you must be convinced that the government has proven each of the following four elements beyond a reasonable doubt:

> FIRST:    That the defendants knowingly concealed a material fact by any trick, scheme or device as detailed in the indictment;

> SECOND:   That the defendants in so doing acted willfully;

> THIRD:    That the fact concealed was material;

<u>FOURTH</u>:   The subject matter involved was within the jurisdiction of any department or agency of the United States.

In determining the defendants' guilt, you need not find that each defendant knowingly concealed both (1) that Care International, Inc., was an outgrowth of and successor to the Al-Kifah Refugee Center and (2) that Care International, Inc., was engaged in non-charitable activities involving the solicitation and expenditure of funds to support and promote mujahideen and jihad.  A finding that a defendant concealed either of these facts is sufficient as long as you determine it was material.

18 U.S.C. §1001.

17

GOVERNMENT PROPOSED INSTRUCTION NO. 11
("MATERIALITY" ELEMENT - COUNT 1)

A fact is "material" if it has a natural tendency to influence or be capable of influencing the decision or decisionmaker to which it was addressed, regardless of whether the agency actually relied upon it.  In other words, a fact is "material" if the concealed fact had a natural tendency to influence or was capable of affecting or influencing a governmental function.  The government need not prove that the disclosure of the concealed fact would have resulted in a denial of a government benefit but rather that the disclosure of the fact would have influenced the IRS' investigation, handling, or consideration of Care's eligibility for tax exempt status under Section 501(c)(3).  Accordingly, if you find that had the IRS known that (1) Care was a successor or outgrowth of Al-Kifah or (2) Care was planning to solicit money for armed fighters or engage in activities involving the expenditure of money to support or promote fighting, it, the IRS, would have subjected Care's 501(c)(3) application to closer scrutiny, you should conclude those facts were material.

United States v. Sebaqgala, 256 F.3d 59, 65 (1st Cir. 2001);
United States v. Arcadipane, 41 F.3d 1, 7 (1st Cir. 1994); United
States v. Notarantonio, 758 F.2d 777, 785 (1st Cir. 1985); United
States v. Mubayyid, 476 F. Supp. 2d 46, 54 (D. Mass. 2007).

18

## GOVERNMENT PROPOSED INSTRUCTION NO. 12
### ("TRICK, SCHEME, OR DEVICE" ELEMENT - COUNT 1)

The phrase "conceals or covers up by any trick, scheme, or device" means any affirmative act or deliberate plan or course of action to prevent or delay the discovery of information. Affirmative acts would include making false statements on, or omitting material facts from, forms filed with the Internal Revenue Service or Immigration Naturalization Service, or making false statements during interviews conducted by the Federal Bureau of Investigation.  In making that determination, you should draw upon your own common sense and experience and consider the ordinary and customary meanings of the particular words used.

United States v. Michael's Credit Union, 880 F.2d 579, 589 (1st Cir. 1989).

## GOVERNMENT PROPOSED INSTRUCTION NO. 13
### (COUNT 2)

In Count 2, the defendants are accused of conspiring to commit federal crimes -- specifically, the crime of impeding, impairing, obstructing, and defeating the function of the Internal Revenue Service in the ascertainment, assessment, and determination of whether an organization known as Care International initially qualified for, and remained qualified, to receive a tax exempt charitable.  Specifically, Count 2 of the Indictment charges that from a date unknown but at least from on or about April 1993 and continuing until on or about April 2003, the defendants EMADEDDIN MUNTASSER, MUHAMED MUBAYYID, and SAMIR AL-MONLA, knowingly and willfully, did conspire and agree with each other and others known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, interfering, obstructing, and defeating through deceit, craft, trickery and dishonest means the lawful functions of the Internal Revenue Service in the ascertainment, assessment, and determination of whether Care International, Inc., initially qualified, and remained qualified, for the designation of a tax exempt charitable organization under 26 U.S.C. §501(c)(3).

In order to find the defendants guilty, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:

FIRST:    that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to impede, impair, obstruct, and defeat the functions of the Internal Revenue Service in the ascertainment, assessment, and determination of qualification of Care International, Inc. as a tax exempt charity under Section 501(c)(3) from 1993 through 2003;

SECOND:    that each defendant willfully joined in that agreement; and

THIRD:    that one of the conspirators committed at least one overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

---

1 L. Sand, et al, Modern Federal Jury Instructions (Criminal), § 19.02, Instruction No. 19-3 (2006); First Circuit Pattern Jury Instructions (Criminal), Instr. 4.03 (1998).

**GOVERNMENT PROPOSED INSTRUCTION NO. 14**
**(CONSPIRACY ELEMENTS - COUNT 2)**

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed – that is to say either to disobey or disregard the law – not to act by ignorance, accident, or mistake. The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in the agreement

22

must be based upon evidence of his own words and/or actions. You need not find that a defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.

Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. An overt act does not itself have to be unlawful. Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the

commission of one overt act.

Adapted from <u>First Circuit Pattern Jury Instructions</u> (Criminal), Instr. 4.03, 2.13 (1998).

<u>**GOVERNMENT PROPOSED INSTRUCTION NO. 15**</u>

**(DEFINITION OF TERMS "MUJAHIDEEN" AND "JIHAD" IN COUNTS 1 & 2)**

For purposes of your deliberations on Counts 1 and 2, you are instructed that the term "Mujahideen" is defined in the Indictment as "Muslim holy warriors."

For purposes of your deliberations on Counts 1 and 2, you are instructed that the term "Jihad" is defined in the indictment as "violent, religiously-based military conflict overseas.

25

<u>**GOVERNMENT PROPOSED INSTRUCTION NO. 16**</u>
**(DEFINITION OF TERMS "OUTGROWTH" AND "SUCCESSOR" IN COUNTS 1 & 2**)

In determining whether defendant EMADEDDIN MUNTASSER'S responses to questions on the Form 1023 were truthful or not truthful, you should apply your common sense and experience, and give all terms their ordinary and customary meaning unless otherwise instructed.  In this regard, you may also consider dictionary definitions of the terms outgrowth and successor. Webster's Third New International Dictionary defines outgrowth as "something that grows directly out of something; offshoot." Webster's defines "successor" as "one that follows."

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 17
### (DEFENDANT NEED NOT ORIGINATE SCHEME)

In order to establish a conspiracy, the government is not required to establish that a defendant originated the conspiracy or illegal scheme. It is sufficient to prove that there was a conspiracy in which the defendant knowingly participated.

Adapted from 2 Sand, <u>Modern Federal Jury Instructions (Criminal)</u>, § 44.01, Instruction No. 44-4. <u>United States v. Cloud</u>, 872 F.2d 846, 850 (9th Cir. 1989).

27

## GOVERNMENT PROPOSED INSTRUCTION NO. 18
### (EXTENT OF PARTICIPATION)

The Indictment charges that the defendants participated in a conspiracy to commit certain federal crimes.

The extent of a defendant's participation has no bearing on the issue of that defendant's guilt.  A defendant's liability is not measured by the extent or duration of his  participation in the  conspiracy charged.  Indeed, each member of a joint criminal enterprise may perform separate and distinct acts and may perform them at different times.  Some members play major roles, while others play minor parts.  An equal role is not what the law requires.

Adapted from 1 L. Sand et al., Modern Federal Jury Instructions (Criminal), §19.01, Instruction No. 19-6 (2006).

28

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 19
### (EXTENT OF CONSPIRACY LIABILITY FOR THOSE DEEMED CONSPIRATORS)

Once a defendant's participation in the conspiracy is established, the defendant may be held accountable – as relates to the conspiracy charge – for everything said, written, or done by any other conspirator in furtherance of the conspiracy, even where the acts were done before the defendant joined the conspiracy and even if the defendant was unaware of precisely what was done or who did it.

United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948); Deacon v. United States, 124 F.2d 352, 358 (1st Cir. 1941).

29

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 20
## (EXTENT TO WHICH DEFENDANT'S KNOWLEDGE OF
## CONSPIRACY MUST BE SHOWN)

To be a member of a conspiracy, a defendant need not know the identities of all of the other members, nor even the total number of members.  A defendant also need not know the entire scope of the conspiracy, nor all of the details of the conspiracy, nor the means by which the object or purpose of the conspiracy was to be accomplished.

Blumenthal v. United States, 332 U.S. 539, 557 (1947).

30

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 21
### (DURATION OF THE CONSPIRACY)

Once a conspiracy is formed, it will continue as to each participant until it is either its purposes have been fully achieved or until the individual defendant withdraws. Because of the secretive nature of criminal conspiracies, the law presumes that, once established, a criminal conspiracy continues. This means that, if you determined all of the elements of conspiracy have been established by the government beyond a reasonable doubt, then you should presume that the conspiracy remained in existence and that the defendants remained co-conspirators in it until at least April 2003 unless you find any of the defendants rebutted this presumption by producing evidence of an earlier termination or withdrawal.

United States v. May, 343 F.3d 1, 5 (1st Cir. 2003) ("this Court presumes conspiracies exist absent an affirmative showing of their termination"); United States v. Elwell, 984 F.2d 1289, 1293 (1st Cir.1993) ("[w]here a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated....").

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22

(WITHDRAWAL FROM CONSPIRACY)

**If The Defendant Produces Some Evidence To Satisfy Each Element**

Once a person joins a conspiracy, the person remains a member until he withdraws from it.  To withdraw, a conspirator must take affirmative action to disavow or defeat the purpose of the conspiracy, such as making a full confession to the authorities or affirmatively telling his co-conspirators that he has abandoned the conspiracy and its goals.  Mere cessation of activity or disagreement between the co-conspirators is not enough; some disagreement is to be expected in a group endeavor.

United States v. Nason, 9 F.3d 155, 161 (1st Cir. 1993), cert. denied, 510 U.S. 1207 (1994) (defendant only entitled to withdrawal instruction "if he produces some evidence to support all elements of his theory . . . This court has had that '[m]ere cessation of activity in furtherance of [a] conspiracy does not constitute withdrawal.'".) (citations omitted); United States v. Pizarro-Berrios, 448 F.3d 1, 10 (1st Cir. 2006) ("'in order to withdraw from a conspiracy, a conspirator must act affirmatively either to defeat or disavow the purposes of the conspiracy. Typically, that requires either a full confession to authorities or a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals.'").

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 23</u>
### (IRRELEVANCE OF DEFENDANT'S INDIVIDUAL
### REASON(S) FOR JOINING CONSPIRACY)

Why a person joins a conspiracy is irrelevant.  Regardless of what the conspirator hopes to get out of it, conspiracy is a criminal act, and the issue properly phrased is whether the defendant knowingly and intentionally entered into the conspiracy.

<u>United States v. Badolato</u>, 701 F.2d 915, 921-22 (11th Cir. 1983).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 24
(LIABILITY FOR ACTS AND DECLARATIONS OF CO-CONSPIRATORS)

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may consider against each defendant any acts or statements made by any of the alleged co-conspirators, even though such acts or statements were not made in the presence of the defendant, or were made without his knowledge.  In this case, the alleged co-conspirators are:

        Muhamed Mubayyid
        Emadeddin Muntasser
        Samir Al-Monla
        Wassim Abu Yassin
        Mohammad Akra

Any of the acts or statements of any of those individuals may be considered by you in deciding the issues relevant to the defendants' guilt in this case.

United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir.), cert. denied, 459 U.S. 945 (1982) (specifically mandated that juries not be invited to reconsider admissibility of co-conspirator hearsay).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 25
(PINKERTON LIABILITY FOR SUBSTANTIVE
OFFENSES COMMITTED BY OTHERS)

(1)  [After the conspiracy charge in Count Two,] each of the remaining Counts of the indictment each charge one or all of the defendants with a particular instance of concealing information or making false statements in violation of 18 U.S.C. § 1001, making false tax returns in violation of 26 U.S.C. §7206, or attempting to interfere with the administration of internal revenue laws in violation of 26 U.S.C. §7212.

(2)  There are three ways that the government can prove a defendant guilty of this crime.  The first is by convincing you that he or she personally committed or participated in the particular offenses charged.  The second is by proving that the defendant aided and abetted someone else in committing the particular offenses charged.  The third, which I will discuss now, is based on the legal rule that the members of a conspiracy are responsible for acts committed by other members, so long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3)  This means that a conspirator may be convicted of a crime committed by another conspirator, even if he or she did not personally participate in that crime themselves.

35

(4)  But for you to find any one of the defendants guilty of based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A)  <u>First</u>, that the defendant was a member of the conspiracy charged in Count One of the indictment.

    (B)  <u>Second</u>, that after he or she joined the conspiracy, and while he or she was still a member of it, one or more of the other members committed the particular offense charged.

    (C)  <u>Third</u>, that this crime was committed in furtherance of the conspiracy.

    (D)  <u>And fourth</u>, that this crime was within the reasonably foreseeable scope of the unlawful project.  The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5)  This does not require proof that each defendant specifically agreed or knew that this particular crime would be committed.  But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.  No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

Adapted from:  Committee on Pattern Criminal Jury Instructions District Judges Association Sixth Circuit, <u>Pattern Criminal Jury Instructions: Sixth Circuit</u> §3.10 (2005).  <u>See United States v. Gobbi</u>, 471 F.3d 302, 309 (1st Cir. 2006) (noting alternative bases of liability based on direct involvement, aiding and abetting, and <u>Pinkerton</u> liability); <u>United States v. Hansen</u>, 434

F.3d 92, 104 (1st Cir. 2006) (noting emphasis, in properly-given
<u>Pinkerton</u> instruction, "that the jury was obligated to find each
element of Pinkerton beyond a reasonable doubt").

## GOVERNMENT PROPOSED INSTRUCTION NO. 26

### (COUNTS 3-5)

Counts 3-5 of the Indictment charges defendant MUHAMED MUBAYYID with making and subscribing false Form 990, Returns of Organization Exempt from Income Tax, for Care International, Inc., for calendar years 1997, 1999, and 2000.

In order to find the defendant guilty, you must be convinced that the government has proven each of the following four elements beyond a reasonable doubt:

FIRST:     that the defendant made, or caused to be made, and signed (subscribed) a tax return for the year in question that was false as to a material matter;

SECOND:    that the return contained a written declaration that it was made under the penalties of perjury;

THIRD:     that the defendant did not believe the return to be true and correct as to the material matter(s) charged in the indictment; and

FOURTH:    that the defendant made, or caused to be made, and signed (subscribed) the return willfully.

United States v. Boulerice, 325 F.3d 75, 79-80(1st Cir. 2003)

## GOVERNMENT PROPOSED INSTRUCTION NO. 27
### (DEFINITION OF SUBSCRIBED - COUNTS 3-5)

The word "subscribe" simply means the signing of one's name to a document.

"The fact that an individual's name is signed to a return . . . shall be prima facie evidence for all purposes that the return . . . was actually signed by him," which is to say that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that a filed tax return was in fact signed by the person whose name appears to be signed to it.

26 U.S.C. § 6064.

## GOVERNMENT PROPOSED INSTRUCTION NO. 28
### (Count 6)

Count 6 of the Indictment charges defendant EMADEDDIN MUNTASSER with making a false statement in a matter within the jurisdiction of a government agency.  Specifically, he is charged with making a false statement or representation to the Federal Bureau of Investigation when he stated on or about April 7, 2003 that he had never traveled to Afghanistan.

In order to find the defendant guilty, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:

FIRST:    that the defendant knowingly made a material false statement;

SECOND:   that the defendant made the statement voluntarily and intentionally; and

THIRD:    the defendant made the statement to a member of the Federal Bureau of Investigation.

First Circuit Pattern Jury Instructions (Criminal), Instr. 4.03 (1998).

## GOVERNMENT PROPOSED INSTRUCTION NO. 29
### (Count 7)

Count 7 of the Indictment charges defendant SAMIR AL-MONLA with making a false statement in a matter within the jurisdiction of a government agency.  Specifically, he is charged with making a false statement or representation to the Federal Bureau of Investigation when he stated on or about April 7, 2003 that he did not know a man named Bassam Kanj.

In order to find the defendant guilty, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:

FIRST:      that the defendant knowingly made a material false
            statement;

SECOND:     that the defendant made the statement voluntarily
            and intentionally; and

THIRD:      the defendant made the statement to a member of
            the Federal Bureau of Investigation.

First Circuit Pattern Jury Instructions (Criminal), Instr. 4.03 (1998).

41

**GOVERNMENT PROPOSED INSTRUCTION NO. 30**
**(DEFINITION OF "MATTER WITHIN JURISDICTION OF**
**EXECUTIVE BRANCH" - COUNTS 1, 7, & 8)**

As a matter of law, I instruct you that the (1) Internal Revenue Service, Department of Treasury; (2) the Federal Bureau of Investigation, Department of Justice; and (3) the Immigration and Naturalization Service, now a part of the Department of Homeland Security are agencies within the jurisdiction of the Executive Branch of the U.S. government.

## <u>GOVERNMENT PROPOSED INSTRUCTION NO. 31</u>
### ("MATERIALITY" ELEMENT - COUNTS 3-7)

A statement is "material" if it has a natural tendency to influence or be capable of influencing the decision or decisionmaker to which it was addressed, regardless of whether the agency actually relied upon it.  In other words, "[a] materially false statement is one that "had a natural tendency to influence, or was capable of influencing the decision of a government agency in making a determination required to be made." The government need not show that the agency was actually influenced by the statements involved.  If a statement could have provoked governmental action, it is material regardless of whether the agency actually relied upon it.

<u>United States v. Mubayyid</u>, 476 F. Supp. 2d 46, 52 (D. Mass. 2007) (<u>quoting</u> <u>United States v. Notarantonio</u>, 758 F.2d 777 (1st Cir. 1985)); <u>United States v. Sebaggala</u>, 256 F.3d 59, 64 (1st Cir. 2001); <u>United States v. Arcadipane</u>, 41 F.3d 1, 7 (1st Cir. 1994).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 32**
**("FALSE STATEMENT" ELEMENT COUNTS 6-7)**

A statement is "false" if it was untrue when made and was then known to be untrue by the person making it.  A false statement is likely to deceive if the nature of the statement, considering all of the surrounding circumstances at the time, would probably mislead or deceive a reasonable person of ordinary prudence.

Eleventh Circuit Pattern Jury Instructions, Criminal Offense Instruction No. 30.7 (1997).

## GOVERNMENT PROPOSED INSTRUCTION NO. 33
### (Count 8)

Count 8 of the Indictment charges each defendant with corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws by filing false tax forms on behalf of Care International and making false and misleading statements to law enforcement agents.

In order to find the defendants guilty, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:

FIRST:     that each defendant corruptly;

SECOND:    endeavored;

THIRD:     to obstruct or impede the due administration of the Internal Revenue Laws.

The government need only prove an intent to impede, not successful impediment, for you to find the defendants guilty.

As a matter of law, I instruct you that the filing of false tax forms and information returns (i.e., Forms 990) may interfere with the administration of the internal revenue laws.

United States v. Kelly, 147 F.3d 172, 176-77 (2d Cir. 1998);
United States v. Bostian, 59 F.3d 474, 479 (4th Cir. 1995).

**GOVERNMENT PROPOSED INSTRUCTION NO. 34**
**("CORRUPTLY" ELEMENT - COUNT 8)**

To act corruptly is to act: (1) with the intent to secure an unlawful advantage or benefit either one's self or another; (2) engage in any activity that seeks to thwart the efforts to execute the internal revenue laws.

United States v. Kelly, 147 F.3d 172, 177 (2d Cir. 1998); United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997); United States v. Popkin, 943 F.2d 1535, 1540 (11th Cir. 1991).

46

**GOVERNMENT PROPOSED INSTRUCTION NO. 35**
**("ENDEAVOR" DEFINED - COUNT 8)**

The term "endeavored" as used in these instructions means to knowingly and deliberately act or to knowingly and deliberately make any effort which has a reasonable tendency to bring about the desired result.

It is <u>not</u> necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result.

<u>United States v. Kelly</u>, 147 F.3d 172, 177 (2d Cir. 1998).

47

<u>GOVERNMENT PROPOSED INSTRUCTION NO. 36</u>
(DEFINITION OF "KNOWINGLY")

The word "knowingly" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.  A false statement is made "knowingly" if the person making it knows that it is false or demonstrates a reckless disregard for the truth, with a conscious purpose to avoid learning the truth.

<u>First Circuit Pattern Jury Instructions</u> (Criminal), Instr. 2.13 (1998); <u>United States v. Tracy</u>, 36 F.3d 187, 194-95 (1st Cir. 1994); <u>see</u> <u>United States v. Santiago-Fraticelli</u>, 730 F.2d 828, 831 (1st Cir. 1984)("[W]hen a person recklessly fails to ascertain the meaning of the questions contained in Form 4473 and simply answers the questions without regard to whether the answers are truthful," he is acting "knowingly" for purposes of 18 U.S.C. §922(a)(6)).

48

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 37**
**"WILLFUL BLINDNESS" AS A WAY OF SATISFYING "KNOWINGLY"**

In deciding whether a defendant acted knowingly, you may infer that a defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him.  In order to infer knowledge, you must find that two things have been established.  First, that the defendant was aware of a high probability of the fact in question.  Second, that the defendant consciously and deliberately avoided learning of that fact.  That is to say, the defendant willfully made himself blind to that fact.  It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.

First Circuit Pattern Jury Instructions (Criminal), Instr. 2.13 (1998).

49

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 38**
**(ELEMENT - PROOF OF KNOWLEDGE OR INTENT)**

In considering whether the government has proven that the defendants acted knowingly and with intent to commit the crimes charged, note that knowledge or intent may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  Intent may be established by circumstantial evidence and inferences drawn from all the evidence, including the person's words, actions, and conduct as of the time of the occurrence of certain events, and the circumstances surrounding those events.

In determining what the defendants knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant.  You may consider all other facts and circumstances received in evidence that may aid in your determination of the knowledge or intent of the defendant.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

First Circuit Pattern Jury Instructions (Criminal), Instr. 4.14 (1998).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 39
### (STIPULATIONS)

The evidence in this case includes facts to which the government and defendants have agreed or stipulated.  A stipulation means simply that the government and the defendants accept the truth of a particular proposition, fact, or document. Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Adapted from <u>First Circuit Pattern Jury Instructions</u> (Criminal),
Instr. 2.01 (1998).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 40**
**(Evidence of Defendant's Prior Similar Acts)**

You have heard evidence that the defendant/defendants previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case. You may consider this evidence for the limited purpose of deciding:

(1) Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2) Whether defendant had a motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether defendant acted according to a plan or in preparation for commission of a crime; or

(4) Whether defendant committed the acts he is on trial for by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of defendant's prior similar acts. Even if you find that the defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that the defendant committed the acts charged in this case.

First Circuit Pattern Jury Instructions (Criminal), Instr. 2.06 (1998).

52

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 41
### (INTENT AND MOTIVE DISTINCT)

Intent and motive are different concepts and should never be confused. Motive is what prompts a person to act, or fail to act. Intent refers only to the state of mind with which the act is done or omitted. Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime. Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

Because the motive of the accused is immaterial, it need not be proved by the United States. Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused. If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be -- or whether any motive be shown, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of a defendant.


1 L. Sand et al., Modern Federal Jury Instructions (Criminal), § 6.06, Instruction No. 6-18 (2006).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 42**
**(SUMMARY WITNESS, SUMMARY CHARTS, CHARTS ADMITTED)**

The testimony of a witness summarizing evidence including documents or other matters, or the charts and summaries prepared by him and admitted in evidence, were received for the purpose of explaining facts as disclosed by books, records, and other documents which are admissible into evidence.  You may consider the testimony, charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

E. Devitt, C. Blackmar & K. O'Malley, Federal Practice and Instructions, § 14.02 (4th ed. 1990); see  United States v. Strissel, 920 F.2d 1162 (4th Cir. 1990); United States v. Skalicky, 615 F.2d 1117, 1121 n.5 (5th Cir. 1980); United States v. Gardner, 611 F.2d 770, 776 (9th Cir. 1980); see also Fed. R. Evid. 611, 1006.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 43
### (AIDING AND ABETTING)

Counts 1 and 2 of the Indictment charge the defendants with aiding and abetting in the commission of a scheme to conceal material facts from agencies of the United States and in a conspiracy to defraud the Internal Revenue Service.

Section 2 of Title 18 of the United States Code provides:

> (a)  Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

> (b)  Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

For the purposes of Section (a) of the aiding and abetting statute, Title 18, United States Code, Section 2, to "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime, and (2) a defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.  So, if the acts or conduct of an agent, employee or other associate of a defendant are willfully directed or authorized by the defendant, or if a defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other

55

person just as though the defendant had personally engaged in such conduct.

This means that the government must prove that a defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.  A defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

18 U.S.C. § 2; adapted from First Circuit Pattern Jury Instructions (Criminal), Instr. 4.02 (1998).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 44
### (AIDING AND ABETTING - INNOCENT INSTRUMENTALITY)

A defendant may be convicted under Section (b) of the aiding and abetting statute, Title 18, United States Code, Section 2, for willfully causing an offense to be committed, even though the individual who in fact committed the substantive act lacked the necessary criminal intent.  The purpose of Section (b) is to remove all doubt that one who willfully causes the commission of an indispensable element of the offense by an innocent agent or instrumentality, is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense.

United States v. Dodd, 43 F.3d 759, 762-63 (1st Cir. 1995).

**<ins>GOVERNMENT'S PROPOSED INSTRUCTION NO. 45</ins>**
**(AIDING AND ABETTING - WILLFULNESS)**

For the purposes of the aiding and abetting statute, an act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done-- that is to say with bad purpose, either to disobey or disregard the law.

Adapted from <ins>First Circuit Pattern Jury Instructions</ins> (Criminal), Instr. 3.05 (1998).

58

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 46**
**(PROPER CONSIDERATION OF FIRST AMENDMENT ACTIVITIES)**

THE GOVERNMENT OBJECTS TO GIVING ANY INSTRUCTION ON THE DEFENDANTS' LEGAL RIGHTS TO ENGAGE IN FIRST AMENDMENT ACTIVITIES. IF HOWEVER, THE COURTS DECIDES TO GIVE SUCH AN INSTRUCTION THE GOVERNMENT REQUESTS THAT THE FOLLOWING BE INCLUDED:

You have heard evidence in this case that the defendants through Care International, Inc., among other things, published and/or distributed books, videotapes, audiotapes, newsletters, and flyers and sponsored lectures. While they may have a constitutional right to engage in these types of activities, they do not have a constitutional right to provide false responses to, or conceal information from, any governmental agency.

United States v. Mubayyid, 476 F. Supp. 2d 46, 53 (D. Mass. 2007); Bryson v. United States, 396 U.S. 64, 72 (1969).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 47
### (RECORDED CONVERSATIONS)

The evidence against the defendants in this case includes recorded conversations.  These conversations were legally recorded; they are a proper form of evidence for this trial and may be considered by you, just as any other evidence.