**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

—————————————————————
                                                    )
**UNITED STATES OF AMERICA,**      )      **CRIMINAL NO.  05-40026-FDS**
                              **Plaintiff**      )
                                                    )
**V.**                                              )
                                                    )
**MUHAMED MUBAYYID,**                )
**EMADEDDIN Z. MUNTASSER,**     )
**and**                                              )
**SAMIR AL-MONLA a/k/a**              )
**SAMIR ALMONLA,**                        )
                              **Defendants.**     )
—————————————————————

**<u>DEFENDANTS' OBJECTIONS TO GOVERNMENT'S PROPOSED JURY
INSTRUCTIONS</u>**

Defendants Muhamed Mubayyid, Emadeddin Z. Muntasser, and Samir Al-Monla offer

the following objections to the Government's Requests For Jury Instructions, filed November 5,

2007.  Defendants reserve the right to file further objections as the Government supplements its

instructions.

**A.      Government's Proposed Instruction No. 3**

Defendants object to the Government's Proposed Instruction No. 3 ("Direct and

Circumstantial Evidence; Inferences") to the extent that it instructs the jury twice that it "<u>must</u>"

draw inferences from the evidence.  While the jury is of course permitted to draw inferences

from the facts, the Court should not instruct the jury that it <u>must</u> do so.  <u>Cf.</u> First Circuit Pattern

Instruction § 3.04 ("You are permitted to draw from facts that you find to have been proven such

reasonable inferences as you believe are justified in the light of common sense and personal

1

experience."). Moreover, inferences should be handled particularly carefully in the case of a conspiracy charge, because "[t]he Supreme Court [has] made it clear . . . that charges of conspiracy cannot be made out by piling inference upon inference." United States v. DeLutis, 722 F.2d 902, 907 (1st Cir. 1983).

**B.     Government's Proposed Instruction No. 7**

Defendants object to the Government's Proposed Instruction No. 7 ("Entire Evidence Should Be Considered") because it is redundant and unnecessary.

**C.     Government's Proposed Instruction No. 8**

Defendants object to the Government's Proposed Instruction No. 8 ("Indictment") and ask that the Court instead give the Defendants' Proposed Final Request #3, which is more succinct.

**D.     Government's Proposed Instruction No. 9**

Defendants object to the Government's Proposed Instruction No. 9 ("Overview of the Indictment"). A comprehensive review of the indictment is unnecessary and merely serves to emphasize the government's theory of the case.

If such an instruction is given, Defendants request that the instruction be given merely in terms of the charges, and that the first sentence therefore be omitted.

**E.     Government's Proposed Instruction No. 10**

Defendants object to the Government's Proposed Instruction No. 10 ("Count 1") on several grounds. First, Defendants the instruction fails to explain to the jury that Defendants may only be convicted if the jury finds that the government has proved beyond a reasonable doubt that the specific scheme alleged in the indictment, i.e., a single uniform scheme involving all three

2

Defendants that began in or about April 1993 and continued until in or about April 2003. The government must not be permitted, through the jury instructions, to constructively amend the indictment by seeking at trial to alter the "charging terms of the indictment . . . so that they are different from those handed up by the grand jury," or to create a variance by relying on "proof [that] differs from the indictment's allegations." United States v. Munoz-Franco, 487 F.3d 25, 64 (1st Cir. 2007).

Second, Defendants object to the instruction insofar as it states that the government need only prove that a defendant concealed either (1) that Care International, Inc., was an outgrowth of and successor to the Al-Kifah Refugee Center or (2) that Care International, Inc., was engaged in non-charitable activities involving the solicitation and expenditure of funds to support and promote mujahideen and jihad. The indictment is not disjunctive and charges that "Defendants concealed the fact that Care International, Inc., was an outgrowth of and successor to the Al-Kifah Refugee Center and was engaged in non-charitable activities involving the solicitation and expenditure of funds to support and promote mujahideen and jihad." (emphasis added) Accordingly, to meet its burden with respect to Count One, the government must establish, inter alia, that Defendants knowingly concealed both of the facts alleged in the indictment. Furthermore, Defendants object to the last sentence of the government's instruction, which fails to explain that any act of concealment must be both knowing and willful.

Third, Defendants object to the government's instruction insofar as it fails to explain that a concealment violation requires the government to prove that "the defendant had a legal duty to disclose the material facts at the time he was alleged to have concealed them." United States v. Anzalone, 766 F.2d 676, 683 (1st Cir. 1985) (emphasis in original); see also United States v.

3

Irwin, 654 F.2d 671 (10th Cir. 1981) (finding defendant could be prosecuted on false claim charges where he sought reimbursement for ineligible bills, but not for concealment under § 1001, because there was no duty to disclose charges for ineligible payments).

Fourth, Defendants object to the government's request because it fails to instruct the jury that the government must prove that Defendants engaged in affirmative acts. See United States v. St. Michael's Credit Union, 880 F.2d 579, 589 (1st Cir. 1989) (finding error in failure to instruct that affirmative act of concealment must be found in order to convict defendants of scheme to conceal material facts); see also United States v. London, 550 F.2d 206, 213 (5th Cir. 1977). Because affirmative acts are the essence of a scheme, they must be mentioned in the primary instruction on Count 1 and not relegated to a later instruction.

## F.    Government's Proposed Instruction No. 11

Defendants object to the portion of the Government's Proposed Instruction No. 9 ("'Materiality' Element–Count 1") that states:

> Accordingly, if you find that had the IRS known that (1) Care was a successor or outgrowth of Al-Kifah or (2) Care was planning to solicit money for armed fighters or engage in activities involving the expenditure of money to support or promote fighting, it, the IRS would have subjected Care's 501(c)(3) application to closer scrutiny, you should conclude those facts were material.

First, Defendants object again to the government's use of a disjunctive that does not track the language of the indictment. See supra § E. Second, the instruction's use of "closer scrutiny" misstates the standard for materiality. Materiality depends on whether the concealed fact had a natural tendency to influence, or was capable of influencing, a governmental function. See United States v. Sebaggala, 256 F.3d 59, 65 (1st Cir. 2001). The mere application of a somewhat closer look, where a fact cannot under any circumstances cause a different result, is insufficient.

4

In addition, the instruction moves far beyond stating the law on materiality and comes dangerously close to a judicial declaration that the facts were material. The issue of materiality is for the jury. See Gaudin v. United States, 515 U.S. 506 (1995).

**G.    Government's Proposed Instruction No. 12**

Defendants object to the portion of Government's Proposed Instruction No. 10 ("'Trick, Scheme, or Device' Element–Count 1") that states:

> Affirmative acts would include making false statements on, or omitting material facts from, forms filed with the Internal Revenue Service or making false statements during interviews conducted by the Federal Bureau of Investigation.

This instruction is overly conclusive insofar as it lists the overt acts alleged in the indictment and treats them as sufficient to constitute a scheme as a matter of law. However, this is not the case. The First Circuit has explicitly held that a "misrepresentation alone" is not sufficient to sustain a conviction for a scheme offense. See United States v. St. Michael's Credit Union, 880 F.2d 579, 590 (1st Cir. 1989) (misrepresentations are not sufficient to constitute a "scheme" crime under 18 U.S.C. but may be charged as false statements). In addition, the instruction is misleading insofar as it neglects to inform the jury that it must find not only that such an act was committed knowingly, but that the act's purpose was to conceal the material facts as alleged in the indictment. Finally and most seriously, the instruction implies that the mere omission of facts from forms filed with the Internal Revenue Service is a sufficient affirmative act. In fact, mere nondisclosure is legally insufficient to constitute a scheme to conceal a material fact under 18 U.S.C. § 1001. See, e.g., United States v. London, 550 F.2d 206, 213 (5th Cir. 1977); United States v. Rigdon, 874 F.2d 774, 779 (11th Cir. 1989).

In addition, Defendants object to the portion of Proposed Instruction No. 12, concerning

5

the determination of whether an answer on a form is false, which states:

> In making that determination, you should draw upon your own common sense and experience and consider the ordinary and customary meanings of the particular words used.

It is simply incorrect to instruct the jury that its common sense and experience is a sufficient guide to the meaning of terms as they are used in context on the forms of the Internal Revenue Service to refer to relationships between incorporated charitable organizations. The terms are used in a context that is foreign to the experience of the typical juror, and jurors must not disregard the guidance that experts and the IRS itself provides as to their meanings. In particular, the instruction neglects to refer the jury to evidence that has been or will be introduced in the case regarding the meaning of those terms as used in that context. More importantly, the government must not merely prove concealment or falsity; the burden is on the government to show that Defendants violated a specific legal duty to disclose the specified material facts. See United States v. Anzalone, 766 F.2d 676, 683 (1st Cir. 1985) (explaining that a concealment violation requires the government to prove that "the defendant had a legal duty to disclose the material facts at the time he was alleged to have concealed them"). The proposed instruction's reference to "common sense" improperly suggests that the jury may make its determination without reference to any legal duty.

## H.    Government's Proposed Instruction No. 14

Defendants object to the Government's Proposed Instruction No. 14 ("Conspiracy Elements – Count 2") insofar as it fails to mention the fact that in order to form a conspiracy, at least two alleged co-conspirators must have formed the charged agreement on or about April 1993. Although the government's instruction properly explains that a defendant may be found

6

guilty if he joins a conspiracy already in existence, the facts of this case require that an instruction emphasize the <u>commencement</u> of any alleged conspiracy, and not merely its later stages.  Unless a conspiracy was formed by two Defendants, any future acts or agreements are irrelevant.

**I.      Government's Proposed Instruction No. 15**

Defendants object to the Government's Proposed Instruction No. 15 (Definition of Terms "Mujahideen" and "Jihad" in Counts 1 & 2), insofar as it would have the Court proffer the indictment's definitions of the terms "Mujahideen" and "Jihad" to the jury, lending undue weight to the Government's interpretation of those terms.  It is up to the jury to decide how these terms should be defined.

**J.      Government's Proposed Instruction No. 16**

The Defendants object to the Government's Proposed Instruction No. 16 ("Definition of Terms 'Outgrowth' and 'Successor' in Counts 1 & 2").  <u>See</u> Defs.' Objections to Gov't's Request for Judicial Notice (filed Dec. 17, 2007).

**K.      Government's Proposed Instruction No. 17**

Defendants object to the Government's Proposed Instruction No. 17 ("Defendant Need Not Originate Scheme") in its entirety, on the basis that the instruction is unnecessary and redundant.  <u>See</u> Government's Proposed Instruction No. 14 (instructing the jury that a defendant may be liable if he joins a conspiracy after it was formed).  Moreover, the instruction may confuse the jury by implying that the jury need not focus on the origin of the conspiracy.  However, in order to find a defendant guilty based on the fact that he joined a conspiracy already in progress, the government must first establish the existence – or origination – of that

conspiracy.

**L.    Government's Proposed Instruction No. 18**

Defendants object to the Government's Proposed Instruction No. 18 ("Extent of

Participation") in its entirety because the instruction is irrelevant and argumentative.

Moreover, Defendants object specifically to that portion of the proposed instruction that

states, regarding participation in a conspiracy:

> The extent of a defendant's participation has no bearing on the issue of that
> defendant's guilt.  A defendant's liability is not measured by the extent or
> duration of his participation in the conspiracy charged.

Defendants have submitted instructions regarding the effect of a defendant's withdrawal from the

conspiracy on the statute of limitations, see Defs.' Request No. 22, and intend to argue to the jury

that Mr. Muntasser and Mr. Al-Monla withdrew from the conspiracy prior to the limitations

period, such that their convictions are barred.  The instruction's statements that the extent and

duration of a defendant's participation in the conspiracy are irrelevant are incorrect where the

statute of limitations is an issue.

**M.    Government's Proposed Instruction No. 19**

Defendants object to the Government's Proposed Instruction No. 19 ("Extent of

Conspiracy Liability for Those Deemed Conspirators") in its entirety because the instruction is

unnecessary and not relevant to the facts of this case.

**N.    Government's Proposed Instruction No. 20**

Defendants object to the Government's Proposed Instruction No. 20 ("Extent to Which

Defendant's Knowledge of Conspiracy Must Be Shown"), which states:

> To be a member of a conspiracy, a defendant need not know the identities of all of

> the other members, nor even the total number of members. A defendant also need
> not know the entire scope of the conspiracy, nor all of the details of the
> conspiracy, nor the means by which the object or purpose of the conspiracy was to
> be accomplished.

Standing alone, the instruction is misleading regarding the level of knowledge and intent that a defendant must have regarding entrance into a conspiracy. Agreement is "the core concept in conspiracy," and the scope of a conspiracy is governed by what the defendant agreed to do. United States v. Morrow, 39 F.3d 1228, 1234 (1st Cir. 1994). The instruction's focus on how little the defendant need know about the conspiracy neglects a proper and accurate emphasis on the knowledge of a conspiracy's aims that a defendant must have in order to enter into a conspiracy.

In addition, the instruction is redundant because Government's Proposed Instruction No. 14 states, in part:

> You need not find that a defendant agreed specifically to or knew about all the
> details of the crime, or knew every other co-conspirator or that he participated in
> each act of the agreement or played a major role, but the government must prove
> beyond a reasonable doubt that he knew the essential features and general aims of
> the venture.

This instruction makes the same essential points as Government's Proposed Instruction No. 18, but is less misleading.

**O.     Government's Proposed Instruction No. 21**

Defendants object to the Government's Proposed Instruction No. 21 ("Duration of the Conspiracy") in its entirety, because any instruction on withdrawal will make this instruction redundant.

Moreover, Defendants object to that portion of the proposed instruction that states:

> Because of the secretive nature of criminal conspiracies, the law presumes that, once established, a criminal conspiracy continues. This means that, if you have determined all of the elements of conspiracy have been established by the government beyond a reasonable doubt, then you should presume that the conspiracy remained in existence and that the defendants remained co-conspirators in it until at least April 2003 unless you find any of the defendants rebutted this presumption by producing evidence of an earlier termination or withdrawal.

In requesting this instruction, the government relies on presumptions adopted in First Circuit decisions stating that a conspiracy continues until there has been an affirmative showing that it has terminated. However, this improperly confuses the standard of review that an appellate court employs in reviewing a jury's findings with the standard a jury itself should employ. An appellate court is bound to view the evidence "in the light most favorable to the verdict, the jury being accorded great latitude in resolving credibility and drawing reasonable inferences." United States v. Elwell, 984 F.2d 1289, 1291 (1st Cir. 1993) (case cited by government). On the other hand, it is up to the jury to decide whether to make those "reasonable inferences," and the jury is not bound by a presumption regarding the continued existence of the conspiracy. See id. at 1293 ("[T]he jury in this case was certainly entitled to infer from all of the circumstances . . . that the [drug] ring continued and [defendant] rejoined it.'). "[A] presumption is not the same thing as an inference. An inference is a reasonable deduction from proven facts; a presumption is a deduction mandated by proven facts." Grey v. Heckler, 721 F.2d 41, 49 (2d Cir. 1983). The government's proposed language in this case improperly prevents the jury from fully performing its role as factfinder.

Furthermore, any such instruction is clearly incorrect where, as here, certain Defendants have offered evidence of withdrawal. "When a defendant has produced sufficient evidence to

make a prima facie case of withdrawal, . . . the government cannot rest on its proof that he participated at one time in the illegal scheme; it must rebut the prima facie showing either by impeaching the defendant's proof or by going forward with evidence of some conduct in furtherance of the conspiracy subsequent to the act of withdrawal." United States v. Steele, 685 F.2d 793, 804 (3d Cir. 1982).

**P.      Government's Proposed Instruction No. 22**

Defendants object to that portion of the Government's Proposed Instruction No. 22 ("Withdrawal from Conspiracy") that states:

> Mere cessation of activity or disagreement between the co-conspirators is not enough; some disagreement is to be expected in a group endeavor.

This sentence confuses the issue by implying that cessation is never relevant. While cessation alone may be insufficient, cessation may be one of the acts that accompanies an affirmative act of withdrawal and may provide circumstantial evidence to support the evidence of withdrawal. In addition, the final clause of this sentence is merely argument in the form of a proposed instruction.

**Q.      Government's Proposed Instruction No. 23**

Defendants object to Government's Proposed Instruction No. 23 ("Irrelevance of Defendant's Individual Reason(s) for Joining Conspiracy"). The instruction states:

> Why a person joins a conspiracy is irrelevant. Regardless of what the conspirator hopes to get out of it, conspiracy is a criminal act, and the issue properly phrased is whether the defendant knowingly and intentionally entered into the conspiracy.

This instruction is deeply misleading. While it may be true that entrance into a conspiracy is a criminal act regardless of what a conspirator hopes to "get out of it," that statement begs the

question.  An agreement is only a conspiracy if its objective is illegal.  Insofar as a conspiracy

conviction requires that a defendant have the intent to advance the goals of the conspiracy, his

reasons for joining in an agreement are far from irrelevant.  The shared goals of the alleged

conspirators are not merely relevant to whether they are committing a crime, they are at the heart

of the question of guilt or innocence.  A defendant's state of mind is <u>key</u> in determining whether

he is or is not a member of a conspiracy.  See <u>United States v. Portela</u>, 167 F.3d 687, 695 (1st

Cir. 1999).  Based on the government's proposed instruction, a juror might well conclude that

intent is irrelevant to a charge of conspiracy, when, to the contrary, intent is critical.

**R.    Government's Proposed Instruction No. 24**

Defendants object to the Government's Proposed Instruction No. 24 ("Liability for Acts

and Declaration of Co-Conspirators") in its entirety because it is irrelevant and unnecessary.  The

Court has already made the necessary determinations with respect to the admissibility of co-

conspirator hearsay, and this instruction unnecessarily reintroduces the issue.

If the Court gives an instruction to this effect, the instruction should clearly explain that

before a co-conspirator statement can be considered, the government must first establish that the

charged conspiracy existed, and that both the individual making the statement and the individual

against whom it is used were in fact both parties to the conspiracy.  The government's proposal

includes no such language and implies that statements made by any of the alleged co-conspirators

can be used against a defendant regardless of whether either party has been found to be party to a

conspiracy.

**S.    Government's Proposed Instruction No. 25**

Defendants object to Government's Proposed Instruction No. 25 ("Pinkerton Liability for

Substantive Offenses Committed by Others") in its entirety because there are no <u>Pinkerton</u> issues in this case.  Each Defendant is charged with separate substantive crimes.

**T.      Government's Proposed Instruction No. 27**

Defendants object to the Government's Proposed Instruction No. 27 ("Definition of Subscribed – Counts 3-5") in its entirety.  The instruction is conclusory and gives undue weight to evidence that the jury is free to accept or reject.

**U.      Government's Proposed Instruction No. 28**

Defendants object to the Government's Proposed Instruction No. 28 ("Count 6") insofar as the first element combines the "knowingly" and "materiality" requirements.  Because materiality is particularly critical based on the facts of this case, the instruction should address each element separately.

**V.      Government's Proposed Instruction No. 31**

Defendants object to the Government's Proposed Instruction No. 31 ("'Materiality' Element – Counts 3-7") insofar as it states:

> If a statement could have provoked governmental action, it is material regardless of whether the agency actually relied upon it.

The phrase "could have provoked governmental action" is overbroad and risks confusing the jury.  Almost any statement could have provoked some form of governmental action.  The question here is whether the statement at issue had a natural tendency to influence or be capable of influencing the decision or decisionmaker.  The Government's Proposed Instruction No. 11 properly defines materiality in specific terms, explaining the government must show the concealed fact "would have influenced the IRS' investigation, handling, or consideration of

Care's eligibility for tax exempt status under Section 501(c)(3)." This precise language avoids the problems associated with the overly broad and confusing language in the Government's Proposed Instruction No. 31.

**W.      Government's Proposed Instruction No. 32**

Defendants object to the Government's Proposed Instruction No. 32 ("'False Statement' Element Counts 6-7") insofar as it states that a statement is false if it would "<u>probably</u>" mislead or deceive. This improperly dilutes the government's burden, which is to prove falsity beyond a reasonable doubt.

**X.      Government's Proposed Instruction No. 36**

Defendants object to that portion of the Government's Proposed Instruction No. 26 ("Definition of 'Knowingly'") that states:

> or demonstrates a reckless disregard for the truth, with a conscious purpose to avoid learning the truth.

Reckless disregard for the truth is not at issue in this case, and therefore an instruction on reckless disregard is unnecessary and risks confusing the jury.

**Y.      Government's Proposed Instruction No. 37**

Defendants object to the Government's Proposed Instruction No. 32 ('Willful Blindness' as a Way of Satisfying 'Knowingly'") in its entirety. There is no evidence of willful blindness in this case, and therefore an instruction on willful blindness is unnecessary and likely to confuse the jury.

Moreover, in conspiracy cases, the instruction is inappropriate insofar as it may be understood by the jury to suggest that "willful blindness" can satisfy the element of intent to join

the conspiracy. See United States v. Lizardo, 445 F.3d 73, 85-86 (1st Cir. 2006). If the Court

does give a "willful blindness" instruction, it must be carefully drafted so that it is not ambiguous

and clearly does not apply to lessen the level of intent that the jury must find in order to find a

defendant guilty of conspiracy. Id. As it now stands, the government's instruction includes no

caution to the effect that conspiratorial intent is not subject to an inference based on "willful

blindness."

**Z.    Government's Proposed Instruction No. 38**

Defendants object to the Government's Proposed Instruction No. 38 ("Element – Proof of

Knowledge or Intent") insofar as it states:

> Intent may be established by circumstantial evidence and inferences drawn from
> all the evidence, including the person's words, actions, and conduct as of the time
> of the occurrence of certain events, and the circumstances surrounding those
> events.

This language is unnecessary and redundant because it repeats the general instructions regarding

evidence in the Government's Proposed Instruction No. 3.

**AA.    Government's Proposed Instruction No. 40**

Defendants object to the Government's Proposed Instruction No. 40 ("Evidence of

Defendant's Prior Similar Acts") in its entirety because this instruction is irrelevant. There is no

evidence of prior similar acts.

**BB.    Government's Proposed Instruction No. 41**

Defendants object to the Government's Proposed Instruction No. 41 ("Intent and Motive

Distinct") because the instruction fails to state an impartial standard. The sentence referring to

"good motive" should be followed by an analogous sentence discussing "bad motive," such

15

as, "Nor is bad motive alone proof that the defendant acted with bad intent." Similarly, the last sentence should be followed by a balancing sentence, such as, "Conversely, if the guilt of a defendant is not shown beyond a reasonable doubt, it is immaterial what the motive may have been for any acts taken by a defendant." In addition, the instruction is incomplete because it fails to explain that in order to consider motive evidence, the jury must first find that the defendant at issue knew the facts that allegedly provided the motive. Finally, Defendants object to the use of the loaded phrase "praiseworthy motives."

**CC.    Government's Proposed Instruction No. 43**

Defendants object to the Government's Proposed Instruction No. 43 ("Aiding and Abetting") insofar as it refers to Count 2. There is no evidence to support a charge of aiding and abetting the conspiracy charged in Count 2 with respect to any Defendant.

**DD.    Government's Proposed Instruction No. 44**

Defendants object to the Government's Proposed Instruction No. 44 ("Aiding and Abetting – Innocent Instrumentality") in its entirety. The instruction is incoherent because the underlying acts in this case – scheming to conceal material facts or conspiring as charged in the indictment – cannot be committed innocently. There are no crimes charged for which a defendant can be convicted even if he lacks the requisite intent. Therefore, this instruction merely serves to confuse the jury with respect to the critical issue of intent.

**EE.    Government's Proposed Instruction No. 47**

Defendants object to the Government's Proposed Instruction No. 47 ("Recorded Conversations") because it is unnecessary. The parties have already stipulated to this and an instruction will only serve to confuse the jury and unfairly highlight this particular evidence.

Respectfully submitted,
EMADEDDIN Z. MUNTASSER
By his attorneys,


      /s/ Norman  S. Zalkind
Norman S. Zalkind (BBO#: 538880)
Elizabeth A. Lunt (BBO#: 307700)
David Duncan (BBO#: 546121)
Zalkind, Rodriguez, Lunt & Duncan, LLP
65a Atlantic Avenue
Boston, MA   02110
(617) 742-6020

MUHAMED MUBAYYID
By his attorney,


  /s/ Michael C. Andrews
Michael C. Andrews (BBO#: 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072


SAMIR AL-MONLA
By his attorney,


      /s/ Charles P. McGinty
Charles P. McGinty (BBO # 333480)
Federal Defenders
408 Atlantic Avenue
Boston, MA 02110
(617) 223-8061
Dated: December 17, 2007

17

**Certificate of Service**

I hereby certify that a true copy of the foregoing document was served this day upon all counsel of record by electronic filing.

/s/ Elizabeth A. Lunt