UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 05-40026-FDS |
| ) | |
| V. ) | |
| ) | |
| MUHAMED MUBAYYID, ) | |
| EMADEDDIN Z. MUNTASSER, ) | |
| and ) | |
| SAMIR AL-MONLA a/k/a ) | |
| SAMIR ALMONLA, ) | |
| Defendants. ) | |

## DEFENDANTS' SUPPLEMENTAL AND REVISED REQUESTS
## FOR INSTRUCTIONS TO THE JURY

Defendants Muhamed Mubayyid, Emadeddin Z. Muntasser, and Samir Al-Monla request that the Court instruct the jury as follows at the conclusion of evidence and arguments. These instructions supplement and revise Defendants' prior request. Defendants request that instructions 15, 19, 25, and 29 replace the corresponding instructions in Defendants' prior request, and that instruction 34 be added to that request.

Respectfully submitted,
EMADEDDIN Z. MUNTASSER
By his attorneys,

/s/ Liza A. Lunt
Norman S. Zalkind (BBO#: 538880)
Elizabeth A. Lunt (BBO#: 307700)
David Duncan (BBO#: 546121)
Zalkind, Rodriguez, Lunt & Duncan, LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020

MUHAMED MUBAYYID
By his attorney,

/s/ Michael C. Andrews
Michael C. Andrews (BBO#: 546470)
21 Custom House Street
Boston, MA 02110
(617) 951-0072

                                        SAMIR AL-MONLA
                                        By his attorney,

                                        /s/ Charles P. McGinty
                                        Charles P. McGinty (BBO # 333480)
                                        Federal Defenders
                                        408 Atlantic Avenue
                                        Boston, MA 02110
                                        (617) 223-8061

Dated: December 18, 2007

**Certificate of Service**

I hereby certify that a true copy of the foregoing document was served this day upon all counsel of record by electronic filing.

/s/ Liza A. Lunt

REQUEST NO. 15

**Scheme to Conceal a Material Fact (Count One)**

Count 1 charges that the defendants did "knowingly and wilfully falsify, conceal and cover up by trick, scheme and device material facts from [the IRS]."  The relevant statute provides: [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-- falsifies, conceals, or covers up by any trick, scheme, or device a material fact shall be [guilty of a crime]."

Defendants are charged with a single scheme to conceal certain facts that began in or around April 1993 and continued until in or about April 2003.  Therefore, in order to convict, you must find that the government has established beyond a reasonable doubt the existence of a single scheme involving all three defendants that ran from in or about April 1993 to in or about April 2003.

<u>Elements of the Offense</u>

In order to prove the defendants guilty of the crime charged, the government must prove beyond a reasonable doubt:

<u>First</u>, that on or about April 1993 to on or about April 2003, a defendant or defendants falsified or concealed or covered up material facts;

<u>Second</u>, that the facts falsified, concealed or covered up were material;

<u>Third</u>, that the defendant or defendants did so by trick, scheme or device;

<u>Fourth</u>, that the defendant or defendants acted willfully and knowingly; and

<u>Fifth</u>, that the falsification, concealment or coverup was with respect to a matter within the jurisdiction of the government of the United States.

<u>Specific Elements</u>

First Element – Concealing or Covering Up Material Facts

The government must prove beyond a reasonable doubt that one or other defendant falsified, concealed or covered up a fact. The government alleges that one or other defendant failed to disclose in the Form 1023 that Care was an outgrowth of or successor to the Al Kifah Refugee Center and that defendants in later returns filed for Care, so-called Form 990s, did not respond truthfully to the question "did the organization engage in any activity not previously reported to" IRS.

To "falsify" means to make an untrue statement which is untrue at the time made and is known to be untrue at the time made. To "conceal" means to withhold from another. It requires some act to prevent detection of some fact the defendant was required to reveal. To "cover up" means to hide from another. The proof needed of "concealment" or "covering up" differs from that needed for making a "false statement." Concealment of a material fact requires more than mere nondisclosure. It requires proof of an affirmative act which actively conceals a material fact.

There must be a legal duty to disclose to the government the material facts allegedly concealed. This generally requires that the government show some statute, regulation or form which requires disclosure.

Second Element--Materiality

The government must prove beyond a reasonable doubt that the facts concealed were material. A fact is material if it has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to which it was addressed. That is, it must tend to affect, to a reasonable degree, some aspect or result of the proceeding in which it was made. In this case, the fact is material if would tend to affect the IRS's determination regarding whether Care was

entitled to tax exempt status in April 1993 through April 2003.

Third Element--Trick, Scheme, or Device

The third element the government must prove beyond a reasonable doubt is that the defendant falsified concealed or covered up by trick, scheme or device. A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive act or strategy calculated to deceive persons.

It is the government's burden with respect to prove beyond a reasonable doubt that the defendant falsified, concealed or covered up) a material fact by trick, scheme or device. This element requires "an affirmative act by which means a material fact is concealed." Mere nondisclosure of a material fact does not constitute a trick, scheme or device. The government must prove something more--that the material fact was affirmatively concealed by ruse or artifice, by scheme or device."

Whether defendant's behavior amounted to a trick, scheme or device is a question for you, as finders of the facts to decide.

Fourth Element – Knowingly and Willfully

The government must prove beyond a reasonable doubt that the defendant acted both knowingly and willfully. An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally, to ensure that no one will be convicted for an act done, or for an omission or failure to act, because of mistake, accident or other innocent reason. An act is done willfully if it is done with an intention to do something the law forbids, a bad purpose to disobey the law with specific intent to fail to do something the law requires to be done. And, with respect to a concealment of a material fact, you must further find that defendants must have knowingly and willfully failed to do something which the law requires to be done, and that their failure was

not the result of misunderstanding, incomprehension, or other innocent reason.

Fifth Element--Matter Within the Jurisdiction of the United States Government

      The fifth element with respect to each count is that the document or statement or concealment be used, made or undertaken) with regard to a matter within the jurisdiction of the government of the United States.

Adapted generally from L. Sand, Modern Federal Jury Instructions.

REQUEST NO. 19

**Conspiracy (Count Two)**

Mr. Mubayyid, Mr. Muntasser and Mr. Al-Monla, together with Wassim Abu Yassin and Mohammad Akra, are accused of conspiring to commit the federal crime of defrauding the United States by impeding, impairing, interfering, obstructing and defeating through dishonest means the lawful functions of the Internal Revenue Service ("IRS") regarding the determination of whether Care International, Inc., qualified and should be designated as a 501(c)(3) organization and continue to be accorded that status thereafter.

For you to find any of these defendants guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt as against that defendant:

<u>First</u>, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two of the named conspirators, beginning in or about April 1993; and

<u>Second</u>, that the defendant knowingly and willfully joined in that agreement; and

<u>Third</u>, that one of the named conspirators committed a charged overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken, between two or more persons to join together and accomplish some unlawful purpose. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all of the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various

people, or the fact that they may have associated with each other and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed–that is to say, with bad purpose, either to disobey or disregard the law–not to act by ignorance, accident or mistake. To act knowingly means to act with the realizing of what one is doing or what was happening, and not to act or fail to act because of ignorance, mistake, or accident. The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Intent may be inferred from the surrounding circumstances. However, while inferences may support a finding of intent, you should not pile inference upon inference or rely on suspicion or speculation.

To find one or all of the defendants guilty on this count, you must find beyond a reasonable doubt that they made the agreement charged as outlined above, and that the object of their agreement was to impede or thwart the IRS as alleged in the indictment. If you find that impeding the IRS was only a side-effect of their agreement rather than its purpose, then you must find the defendants not guilty. If you find that tax fraud was not the object of the agreement, then even if you find that tax fraud was a foreseeable consequence of the conspiracy, you must find the defendants not guilty. The government must prove beyond a reasonable doubt that an agreed-upon objective of the conspiracy was to thwart the IRS' efforts to determine and collect income taxes. If the government has not proven this objective beyond a reasonable doubt, then you must find the defendants not guilty.

You must evaluate the charge of conspiracy separately for each defendant to see if he joined such an agreement during the charged period and, if you find that he did join the agreement, to determine exactly what agreement or understanding he entered into.

Proof that a defendant willfully joined in the agreement must be based upon evidence of his own words and actions. You need not find that he agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.

In this case, the government must prove that a defendant joined the charged conspiracy to advance its purpose of defrauding the United States. Even if a person was not a part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. However, you must find that at least two of the named co-conspirators formed the agreement in or about April 1993. It is not sufficient that one person had illegal goals and acted by himself at that time. Further, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that a defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy. The government must prove that the person committing the act was a member of the conspiracy at the time, and that the act was committed in order to further the conspiracy charged.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed.  If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

You cannot convict a defendant of the conspiracy charged unless all of you agree unanimously, beyond a reasonable doubt, that he entered into a conspiratorial agreement with at least one of the other defendants or unindicted co-conspirators with the purpose of evading the payment of federal income taxes.


Pattern Criminal Jury Instructions Drafting Committee, Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.03 (1998); Fifth Circuit District Judges Association, Pattern Jury Instructions Committee, Pattern Jury Instructions, Criminal Cases 2.21 (1990); see also Ninth Committee on Model Criminal Jury Instructions, Manual of Model Criminal Jury Instruction for the District Courts of the Ninth Circuit, 8.17 (1995); United States v. Adkinson, 158 F.3d 1147, 1155 (11th Cir. 1998) ("If impeding the IRS is only a collateral effect of an agreement rather than one of its purposes, then a conviction for a Klein conspiracy cannot stand"); United States v. Goldberg, 105 F.3d 770, 773 (tax fraud must be a "purpose or object of the conspiracy, not merely a foreseeable consequence of the conspiratorial scheme"); United States v. Vogt, 910 F.2d 1184, 1202 (4th Cir. 1990) (Klein applies only when an agreed-upon objective of the conspiracy is to thwart the IRS' efforts to determine and collect taxes); United States v. Ortiz, 447 F.3d 28, 32-33 (1st Cir. 2006) (defendant must have shared intent to commit the substantive offense); United States v. Perez-Gonzalez, 445 F.3d 39, 49 (1st Cir. 2006) (defendant must have the intent to agree and to commit the substantive offense); United States v. Garcia-Torres, 280 F.3d 1, 4 (1st Cir. 2002) (defendant is a conspirator only if he "has the aim to forward or assist the conspiracy); United States v. DeLutis, 722 F.2d 902, 907 (1st Cir. 1983) ("The Supreme Court made it clear in Direct Sales Co. v. United States, 319 U.S. 703 (1943) that charges of conspiracy cannot be made out by piling inference upon inference."); id. (conspiracy cannot be proven by suspicion, innuendo, speculation, or surmise).

REQUEST NO. 25

**Making a False Statement to a Federal Agency (Counts Six and Seven)**

Mr. Muntasser is charged in Count Six of the indictment with making a false statement in a matter within the jurisdiction of a government agency, the Federal Bureau of Investigation, by stating that he had never traveled to Afghanistan.  Mr. Al-Monla is charged in Count Seven of the indictment with making a false statement in a matter within the jurisdiction of a federal agency by stating that he did not know a man named Bassam Kanj.

It is against federal law to make a material false statement in a matter within the jurisdiction of a government agency.  For you to find a defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

<u>     First</u>, that the defendant acted knowingly and willfully,

<u>Second</u>, that the defendant knowingly and willfully made a material false statement;

<u>     Third</u>, that the defendant made the statement voluntarily and intentionally; and

<u>     Fourth</u>, that the defendant made the statement to a federal agency, the Federal Bureau of Investigation, in a matter within that agency's jurisdiction.

A false statement is made "knowingly and willfully" if the defendant knew that it was false.

To prove that any statement was "material," the government must prove beyond a reasonable doubt that it had a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which it was addressed.  It is not necessary that the defendant's statement did in fact influence the outcome or affect any important aspect of the proceeding in which it was made, but it is necessary that it had a reasonable and natural tendency to do so.  Therefore, even if you find that a defendant intentionally made a false statement, he is not guilty

of the crime charged in this count unless that statement had a reasonable tendency to affect the determination at issue.

      A statement is "false" if it was untrue when made.

Pattern Criminal Jury Instructions Drafting Committee, Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.08 (1998); United States v. Wu, 419 F.3d 142, 145-46 (2d Cir. 2005 (the materiality of a statement should be assessed "not against a preliminary or partial determination within a process, but instead against the process as a whole); United States v. Hatch, 434 F.3d 1, 6 (1st Cir. 2006) (in prosecution under 18 U.S.C. § 1001, approving of instruction that where a question can be interpreted several ways, the government has to prove that the answer is false under any reasonable interpretation); United States v. Glantz, 847 F.2d 1, 9 (1st Cir. 1988) (approving of the court's instruction, in prosecution for perjury, that the statement must be literally false, not merely misleading or evasive); Commonwealth v. Giles,

350 Mass. 102, 110, 213 N.E.2d 476, 482-83 (1966); <u>Commonwealth v. Pollard</u>, 53 Mass. (12 Met.) 225, 230 (1847).

REQUEST NO. 29

**Intent in making statements or omissions**

The indictment accuses the defendants of conspiring to defraud the United States; scheming to conceal material facts from the Internal Revenue Service ("IRS");and obstructing and impeding the IRS. In addition, it charges Mr. Mubayyid with filing false tax returns. The indictment alleges that the means by which the conspiracy to defraud the United States, and the scheme to conceal material facts from the IRS, and the acts that obstructed and impeded the IRS, were accomplished included the filing of an Application for Recognition of Exemption under Section 501(c)(3) on Care's behalf that contained material omissions, the filing of tax returns on Care's behalf that contained material omissions, and the making of false statements.

In determining whether the statements or omissions at issue are, as the government alleges, acts taken to further a scheme to defraud the internal revenue service, you should consider whether the defendants' had the intent to deceive the IRS. You should examine the questions which were asked on the tax forms that the defendants completed on behalf of Care, the instructions that the IRS provided for those questions, and the answers that the defendants gave to those questions, in the context of the inquiry within which they were made and the state of the defendants' knowledge, in order to determine whether one or all of the defendants willfully made false statements or concealed material facts. The context of the question and answer is critically important to a determination of whether the answers were false, and, if so, whether the falsity was willful.

In particular, you should examine the questions which were asked on the tax forms, and consider whether their meaning is ambiguous. Where there are several interpretations of a question, it may be that one of the plausible readings of the answer is false and undoubtedly

willful if that meaning were intended; however, under another reading of the question the answer may be accurate or at least not a willful falsehood. You should consider, in light of any ambiguity that you find in a question, whether the defendants' responses were actually false under each reasonable interpretation of the question. If you find that the answers were inaccurate, you should consider whether they were deliberate deceptions, or whether the ambiguity in the question makes intent to deceive unlikely. If you find that the statements were not false, or that they were technically inaccurate but were not willful attempts to deceive, then the statements or omissions on the tax forms are not evidence of the defendants' guilt on the counts alleged in the indictment.

United States v. Richardson, 421 F.3d 17 (1st Cir. 2005); United States v. Tracy, 36 F.3d 199 (1st Cir. 1994).

**REQUEST NO. 34**

**Inferences**

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from the facts that you find to have been proven such reasonable inferences as you believed are justified in the light of common sense and personal experience.

First Circuit Pattern Instruction § 3.04.