UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. |
| MUHAMED MUBAYYID, | ) | 05-40026-FDS |
| EMADEDDIN Z. MUNTASSER, and | ) | |
| SAMIR AL-MONLA a/k/a | ) | |
| SAMIR ALMONLA, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY INSTRUCTIONS



## DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

Every person accused of a crime is presumed to be innocent unless and until his guilt is proved beyond a reasonable doubt. The presumption is not a mere formality. It is a fundamental principle of our system of justice.

The presumption of innocence means that the burden of proof is always on the government to prove that a defendant is guilty of the crimes with which he is charged beyond a reasonable doubt.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt. A defendant does not have to prove that he is innocent, or even present any evidence.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of the defendant. You may not convict a defendant if the government fails, or is unable, to prove beyond a reasonable doubt any essential element of the crime charged against him.

You may not convict a defendant based on speculation or conjecture.

You may not convict a defendant if you decide that it is equally likely that he is guilty or not guilty. If you decide that the evidence would reasonably permit either of two conclusions—either that he is guilty as charged, or that he is not guilty—you must find the defendant not guilty.

You may not convict a defendant if you decide that it is only probable, or even strongly probable, that he is guilty. A mere probability of guilt is not guilt beyond a reasonable doubt.

The law does not require that the government prove guilt beyond all possible doubt; proof

3

beyond a reasonable doubt is sufficient to convict. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Again, each defendant is presumed to be innocent, and the government bears the burden of proving each guilty beyond a reasonable doubt. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt as to his guilt, you should vote to convict him.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

Each defendant has a constitutional right not to testify. No inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence. In reaching your decision as to whether the government has sustained its burden of proof, it would be improper for you to consider anything that is not evidence.

You may not base your verdict on any personal feelings, prejudices, or sympathies you may have about the defendants or about the nature of the crimes with which each is charged. In particular, and among other things, it would be improper for you to base your verdict on any personal feelings, prejudices, or sympathies you may have about the defendants' religion, ethnicity, or national origin.

Similarly, you may not consider or be influenced by any possible punishment that may be imposed on the defendants. Again, your verdict must be based solely on the evidence and according to the law.

6

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and any facts to which the parties have agreed or stipulated.

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. The question and the answer taken together are the evidence.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it and you should not speculate or guess about what the answer might have been or what an exhibit might have said.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.

7

## CAUTIONARY AND LIMITING INSTRUCTIONS

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inferences you draw must be reasonable, and based on the facts as you find them. Inferences may not be based on speculation or conjecture.

Sometimes evidence that is based on reasonable inferences is referred to as "circumstantial evidence." "Direct evidence" is direct proof of a fact, such as the testimony of an eyewitness that the witness saw something. "Circumstantial evidence" is indirect evidence; that is, proof of facts from which you could draw the reasonable inference that another fact exists, even though it has not been proved directly.

Again, you are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both. It is for you to decide how much weight to give to any evidence.

9

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find that the witness is not credible. You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience. You may believe all of the testimony of a witness, or some of it, or none of it. You alone are the judges of the witnesses' credibility.

In deciding whether to believe witness testimony, you may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of certain law enforcement officers. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or less weight than that of any other witness.

It is for you to decide, after reviewing all the evidence, whether to accept the testimony of the law enforcement officer witnesses. and what weight. if any, to give to that testimony.

12

## EXPERT WITNESSES

You have heard testimony from persons described as experts in particular fields. An expert witness has special knowledge or experience that allows the witness to give an opinion on a particular subject.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Again, it is for you to decide, after reviewing all of the evidence, whether to accept the testimony of the expert witnesses, and what weight, if any, to give to that testimony.

## SUMMARY WITNESSES AND SUMMARY CHARTS

You have heard testimony from witnesses who summarized certain types of information. In addition, various summary charts were admitted into evidence. You may consider that testimony, and those charts, as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you may feel it deserves.

## STIPULATIONS

Some of the evidence has been received in the form of stipulations. A stipulation simply means that the government and the defendants accept the truth of a particular proposition or fact. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

## EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## NOTE-TAKING

As I indicated at the beginning of the trial, you were permitted to take notes, but some cautions apply. You should bear in mind that not everything that is written down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Notes are an aid to recollection, nothing more; the fact that something is written down does not mean that it is necessarily accurate.

## THE INDICTMENT

This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The indictment is not evidence or proof of guilt. The indictment is simply an accusation—it is the means by which the defendants are charged with crimes and brought before this court.

## CONSIDER EACH DEFENDANT AND EACH COUNT SEPARATELY

The indictment names three defendants, and contains a total of eight counts. You must consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict as to each defendant for each count in which he is charged. Your verdict as to each defendant and each count must be determined solely on the evidence, or lack of evidence, presented against that defendant on that count.

## ELEMENTS OF THE OFFENSES —INTRODUCTION

I am now going to give you some instructions on the nature of the crimes charged in the indictment and the elements of the offenses that the government must prove beyond a reasonable doubt. The indictment contains eight counts, which I will summarize as follows.

Count One charges defendants Mubayyid, Muntasser, and Al-Monla with engaging in a scheme to knowingly and willfully conceal material facts from the IRS, the FBI, and the former Immigration and Naturalization Service (the INS). Specifically, they are charged with concealing the fact that Care International, Inc. was an outgrowth of, and successor to, an organization known as the Al-Kifah Refugee Center, and was engaged in non-charitable activities involving the solicitation and expenditure of funds to support and promote mujahideen and jihad.

Count Two charges defendants Mubayyid, Muntasser, and Al-Monla with conspiring to defraud the United States for the purposes of impairing and impeding the IRS in its determination of whether Care International qualified as a charitable organization in 1993 and should continue to be accorded that status thereafter.

Counts Three, Four, and Five each charge defendant Mubayyid with making a false statement in the tax returns of Care International for the years 1997, 1999, and 2000. Specifically, he is charged with giving false answers on Forms 990 to questions asking whether, during those years, Care International engaged in any activity not previously disclosed to the IRS.

Count Six charges defendant Muntasser with knowingly and willfully making a materially false statement to the FBI on or about April 7, 2003. Specifically, he is charged with falsely stating to the FBI that he had never traveled to Afghanistan.

20

Count Seven charges defendant Al-Monla with knowingly and willfully making a materially false statement to the FBI on or about April 7, 2003. Specifically, he is charged with falsely stating to the FBI that he did not know a man named Bassam Kanj.

Count Eight charges defendant Mubayyid with corruptly endeavoring to obstruct and impede the due administration of the internal revenue code, based on various IRS filings and statements.

I will explain each of these charges in turn.

21

## COUNT ONE—SCHEME TO CONCEAL MATERIAL FACTS

It is a federal crime to knowingly and willfully falsify, conceal, or cover up, by trick, scheme, or device, a material fact concerning a matter within the jurisdiction of the executive branch of the United States government.

Count One of the indictment charges that—from a date unknown, but at least from in or about April 1993 and continuing until in or about April 2003—defendants Mubayyid, Muntasser, and Al-Monla did knowingly and willfully falsify, conceal, and cover up, by trick, scheme, and device, a material fact from the IRS, the FBI, and the former INS. Specifically, they are charged with concealing the fact that Care International was an outgrowth of, and successor to, the Al-Kifah Refugee Center, and that Care International was engaged in non-charitable activities involving the solicitation and expenditure of funds to support and promote mujahideen and jihad.

For you to find any of the defendants guilty as to Count One, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First, that the defendant or defendants concealed a fact;

Second, that the fact concealed was material;

Third, that the defendant or defendants did so by trick, scheme, or device;

Fourth, that the defendant or defendants acted willfully and knowingly; and

Fifth, that the concealment was with respect to a subject matter within the jurisdiction of the executive branch of the United States government.

## COUNT ONE—FIRST ELEMENT—CONCEALMENT OF FACTS

The first element that the government must prove beyond a reasonable doubt as to Count One is that defendants falsified, concealed, or covered up a fact.

The facts the defendants are charged with falsifying, concealing, or covering up are that Care International (1) was an outgrowth of and successor to the Al-Kifah Refugee Center and (2) was engaged in non-charitable activities involving the solicitation and expenditure of funds to support and promote mujahideen and jihad.

## COUNT ONE—SECOND ELEMENT—"MATERIAL"

The second element that the government must prove beyond a reasonable doubt as to Count One is that defendants concealed a fact that is "material."

A fact is "material" if it has a natural tendency to influence or be capable of influencing the decision of the decision-maker to which it was addressed, regardless of whether the decision-maker actually relied upon it, or whether a different decision would have resulted.

Here, the government alleges that the concealed facts would have had a natural tendency to influence, or be capable of influencing, the IRS in making its determination whether Care International qualified for tax-exempt status under Section 501(c)(3) of the Internal Revenue Code and should continue to be accorded that status thereafter. The government need not prove, however, that Care International would have been denied tax-exempt status, or had that status revoked, had those facts been disclosed.

24

### COUNT ONE—THIRD ELEMENT—"TRICK, SCHEME, OR DEVICE"

The third element that the government must prove beyond a reasonable doubt as to Count One is that defendants falsified, concealed, or covered up a material fact by a trick, scheme, or device.

To conceal "by any trick, scheme, or device" means to engage in a deliberate plan or course of action, including an affirmative act of concealment, to prevent or delay the discovery of information that the defendant had a duty to disclose. Mere failure to reveal a material fact is not sufficient to satisfy this element; there must be an affirmative act of concealment. Furthermore, the defendant must have had a legal duty to disclose the material fact at the time he was alleged to have concealed it.

## COUNT ONE—FOURTH ELEMENT—"KNOWINGLY"

The fourth element that the government must prove beyond a reasonable doubt as to Count One is that defendants acted "knowingly" and "willfully."

The word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake, neglect, or accident. A false statement is made "knowingly" if the person making it knows that it is false or demonstrates a reckless disregard for the truth, with a conscious purpose to avoid learning the truth.

In deciding whether a defendant acted knowingly, you may infer that a defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him—in other words, that he willfully made himself blind to that fact. In order to make that inference, you must find both that the defendant was aware of a high probability of the fact in question, and that the defendant consciously and deliberately avoided learning of that fact. Mere negligence or mistake, even gross negligence, in failing to learn the fact is not sufficient; there must be a deliberate effort to remain ignorant of the fact.

26

## COUNT ONE—FOURTH ELEMENT—"WILLFULLY"

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the crime be committed—that is to say, either to disobey or disregard the law. A person acts "willfully" when he acts intentionally, and not by mistake, ignorance, accident, or neglect. Negligence, even gross negligence, is not enough. If a defendant acted in good faith, he cannot be found to have satisfied this element.

In assessing a defendant's intent, you are not limited to evidence from the time period of the alleged offense. You may also consider evidence of any defendant's later actions, or statements, if you conclude that they bear on the issue of his intent, including, among other things, whether the defendant acted in a way that was consistent with a belief in his innocence.

## COUNT ONE—FIFTH ELEMENT—MATTER WITHIN THE JURISDICTION OF THE UNITED STATES GOVERNMENT

The fifth element that the government must prove beyond a reasonable doubt as to Count

One is that the concealment concerned a matter within the jurisdiction of the executive branch of

the United States government.

The matter must concern an authorized function of the relevant government department

or agency. I instruct you that the IRS, the FBI, and the former INS are agencies within the

executive branch of the United States government.

28

## COUNT ONE—AIDING AND ABETTING

Count One of the indictment also charges the defendants with aiding and abetting the commission of the crime of participating in a scheme to conceal material facts.

To "aid and abet" means to act intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove the following elements beyond a reasonable doubt:

First, that at least one of the other defendants committed the charged crime; and

Second, that the defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and willfully took part in the endeavor, seeking to make it succeed.

A defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Similarly, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish aiding and abetting.

All three defendants cannot be found guilty of aiding and abetting someone else to commit the charged crime. At least one of the defendants must be found to have committed the charged crime before any other defendant may be found to have aided and abetted the commission of that crime.

29

## COUNT ONE—STATUTE OF LIMITATIONS

If you find that any defendant has committed the crime charged in Count One, you must then consider whether the prosecution of Count One is barred by the statute of limitations.

The statute of limitations requires that a prosecution must be brought within a certain period of time after the crime occurs, or defendants may not be convicted of the crime. In this case, the limitations period is six years. That means that a defendant must have been indicted during the six-year period after the time the crime occurred.

In the case of a scheme to conceal material facts, the period is measured beginning with the last act in furtherance of the scheme. In other words, an indictment must be returned no later than six years after the occurrence of that last act.

Defendants Mubayyid and Muntasser were indicted on April 6, 2005. The government must therefore prove, as to Mubayyid and Muntasser, that an act committed by that defendant in furtherance of the scheme occurred after April 6, 1999—that is, six years before their indictment.

Defendant Al-Monla was indicted on March 8, 2007. The government must therefore prove, as to Al-Monla, that an act committed by that defendant in furtherance of the scheme occurred after March 8, 2001 – that is, six years before his indictment.

You must consider the evidence separately as to each defendant. Each defendant must have committed an act in furtherance of the scheme within the relevant six-year period, or the prosecution as to that defendant is barred.

The defendants are not required to prove that the indictment was not filed within the relevant six-year period. Instead, the government must prove beyond a reasonable doubt as to each defendant that the indictment was brought within the relevant period. If the government

30

does not so prove as to any defendant, you must vote to acquit that defendant as to Count One.

## COUNT TWO—CONSPIRACY TO DEFRAUD THE UNITED STATES

It is a federal crime to conspire to defraud the United States or any agency thereof in any manner or for any purpose.

Count Two charges that—from a date unknown, but at least from in or about April 1993 to in or about April 2003—defendants Mubayyid, Muntasser, and Al-Monla willfully conspired and agreed with each other and others to defraud the government for the purpose of impeding, impairing, interfering, obstructing, and defeating, through deceit, craft, trickery, and dishonest means, the lawful functions of the IRS in the ascertainment, assessment, and determination of whether Care International qualified and should be designated as a § 501(c)(3) organization in 1993, and should continue to be accorded that status thereafter.

For you to find any of the defendants guilty as to Count Two, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two of the alleged conspirators;

Second, that the defendant willfully joined in that agreement; and

Third, that at least one of the conspirators committed at least one overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

32

## COUNT TWO—FIRST ELEMENT—AGREEMENT

The first element that the government must prove beyond a reasonable doubt as to Count Two is that there was an agreement.

The agreement may be spoken or unspoken. It does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

Mere similarity of conduct among various people, or the mere fact that they may have worked together, associated together, or discussed common aims and interests, is not sufficient to establish the existence of a conspiracy.

## COUNT TWO—FIRST ELEMENT—AGREEMENT CHARGED IN THE INDICTMENT

The government must prove the existence of the agreement specified in the indictment, and not some other agreement.

Again, the agreement charged in the indictment is an agreement to defraud the government for the purpose of impeding, impairing, interfering, obstructing, and defeating, through deceit, craft, trickery, and dishonest means, the lawful functions of the IRS in the ascertainment, assessment, and determination of whether Care International qualified and should be designated as a § 501(c)(3) organization in 1993, and should continue to be accorded that status thereafter.

Again, the agreement is alleged to have began at a date unknown, but at least from in or about April 1993, and continuing thereafter until in or about April 2003.

34

## COUNT TWO—FIRST ELEMENT—PARTICIPANTS IN THE AGREEMENT

In this case, there are five alleged conspirators: defendant Mubayyid, defendant Muntasser, defendant Al-Monla, Wassim Abu Yassin, and Mohammed Akra. Yassin and Akra are not charged in the indictment, but they are alleged to have been conspirators. The government must prove that at least two of those five individuals entered into the agreement charged in the indictment.

Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Once a defendant's participation in the conspiracy is established, the defendant may be held accountable for the acts of other conspirators in furtherance of the conspiracy, even where the acts were done before the defendant joined the conspiracy and even if the defendant was unaware of precisely what was done or who did it.

Whether a defendant is a member of the conspiracy is not measured by the extent or duration of his participation in the conspiracy. Indeed, each member of a conspiracy may have a different role, and may perform separate and distinct acts at different times.

## COUNT TWO—SECOND ELEMENT—"WILLFULLY"

The second element that the government must prove beyond a reasonable doubt as to Count Two is that the defendant "willfully" joined the conspiracy.

Again, to act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, either to disobey or disregard the law—not to act by mistake, ignorance, accident, or neglect.

With respect to the conspiracy charge, the government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree, and an intent, whether reasonable or not, that the underlying crime be committed. Intent may be inferred from the surrounding circumstances. Proof that a defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that a defendant agreed specifically to or knew about all the details of the crime, or knew every other conspirator, or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Mere presence during criminal activity is not alone enough, although you may consider it among other factors.

36

## COUNT TWO—THIRD ELEMENT—OVERT ACT

The third element that the government must prove beyond a reasonable doubt as to Count Two is that one or more conspirators committed at least one overt act in furtherance of the conspiracy.

An "overt act" is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. An overt act does not itself have to be unlawful.

The government need not prove that each and every specific alleged overt act in the indictment was committed. However, the government must prove that one conspirator committed at least one of those specific overt acts. Furthermore, you must unanimously agree on at least one specific overt act that a conspirator committed.

The government is not required to prove that a particular defendant personally committed or knew about the overt act. Again, it is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act. The government does not have to prove that the conspiracy succeeded or achieved its goals.

## COUNT TWO—AIDING AND ABETTING

Count Two of the indictment charges the defendants with aiding and abetting in a conspiracy to defraud the IRS. I instructed you earlier on the meaning of the term "aiding and abetting." That term has the same meaning for Counts One and Two.

## COUNT TWO—WITHDRAWAL

A conspirator may withdraw from the conspiracy under certain circumstances. To withdraw from the conspiracy, a conspirator must take affirmative action to disavow or defeat the purpose of the conspiracy. Specifically, he must affirmatively tell his co-conspirators that he has abandoned the conspiracy and its goals. Mere cessation of activity by a conspirator, or mere disagreement between conspirators, is not enough to constitute withdrawal.

The defendant need not, however, prove that he withdrew from the conspiracy; rather, the government must prove beyond a reasonable doubt that he did not withdraw.

## COUNT TWO—STATUTE OF LIMITATIONS

If you find that a conspiracy existed, and that one or more defendants were members of that conspiracy, you must then consider whether the prosecution of Count Two is barred by the statute of limitations.

Again, the statute of limitations requires that a prosecution must be brought within a certain period of time after the crime occurs. Again, the limitations period is six years. That means that a defendant must have been indicted during the six-year period after the time the crime occurred.

In the case of a conspiracy, the period is measured beginning with the last overt act in furtherance of the conspiracy. In other words, an indictment must be returned no later than six years after the occurrence of the last overt act. For these purposes, only the overt acts that are specifically charged in the indictment may be considered.

Defendants Mubayyid and Muntasser were indicted on April 6, 2005. The government must therefore prove, as to Mubayyid and Muntasser, that a charged overt act of the conspiracy occurred after April 6, 1999—that is, six years before their indictment.

Defendant Al-Monla was indicted on March 8, 2007. The government must therefore prove, as to Al-Monla, that a charged overt act of the conspiracy occurred after March 8, 2001—that is, six years before his indictment.

Although you must consider the evidence separately as to each defendant, it is not necessary that a separate charged overt act be proved as to each defendant.

Thus, if you find beyond a reasonable doubt that all three defendants were members of the conspiracy and that one or more charged overt acts occurred after March 8, 2001, you may

40

conclude that the prosecution is not barred by the statute of limitations. If you find beyond a reasonable doubt that all three defendants were members of the conspiracy and that one or more charged overt acts occurred after April 6, 1999, but not after March 8, 2001, you may conclude that the prosecution of Mubayyid and Muntasser is not barred by the statute of limitations, but you must conclude that the prosecution of Al-Monla is barred. And if you find beyond a reasonable doubt that all three defendants were members of the conspiracy and that no charged overt act occurred after March 8, 2001, you must conclude that the prosecution is barred as to all three defendants.

Again, the defendants are not required to prove that the indictment was not filed within the relevant six-year period. Instead, the government must prove beyond a reasonable doubt as to each defendant that the indictment was brought within the relevant period. If the government does not so prove as to any defendant, you must vote to acquit that defendant as to Count Two.

41

## COUNTS THREE, FOUR, AND FIVE—FALSE STATEMENT ON TAX RETURN

It is a federal crime to make and subscribe a federal tax return containing a materially false statement.

Counts Three, Four, and Five charge defendant Mubayyid with making and subscribing tax returns containing materially false statements. Specifically, they charge that he subscribed Forms 990, Returns of Organization Exempt from Income Tax, for Care International, for calendar years 1997, 1999, and 2000, falsely stating that Care had not engaged in any activities not previously disclosed to the IRS.

For you to find the defendant guilty as to these counts, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to each count:

First, that the defendant made and "subscribed" a federal tax return;

Second, that the tax return contained a written declaration that it was being signed under the penalties of perjury;

Third, that the defendant did not believe the return to be true and correct as to the material matter charged in the indictment; and

Fourth, that defendant acted willfully.

42

## COUNTS THREE, FOUR, AND FIVE—FIRST ELEMENT—"SUBSCRIBE"

The first element that the government must prove beyond a reasonable doubt as to Counts

Three, Four, and Five is that the defendant made and subscribed a federal tax return.

The word "subscribe" means the signing of one's name to a document. You may

conclude, although you are not required to, that a filed tax return was in fact signed by the person

whose name appears to be signed to it, without additional evidence.

## COUNTS THREE, FOUR, AND FIVE—SECOND ELEMENT—WRITTEN DECLARATION

The second element that the government must prove beyond a reasonable doubt as to

Counts Three, Four, and Five is that the tax return contained a written declaration that it was

being signed under the penalties of perjury.

## COUNTS THREE, FOUR, AND FIVE—THIRD ELEMENT—"MATERIAL"

The third element that the government must prove beyond a reasonable doubt as to Counts Three, Four, and Five is that the defendant did not believe the return to be true and correct as to the material matter charged in the indictment.

With respect to these counts, a "material" matter is one that is likely to affect the calculation of tax due and payable, or to affect or influence the IRS in carrying out the functions committed to it by law.

45

## COUNTS THREE, FOUR, AND FIVE—FOURTH ELEMENT—"WILLFULLY"

The fourth element that the government must prove beyond a reasonable doubt as to

Counts Three, Four, and Five is that the defendant made, or caused to be made, and subscribed

the return willfully.

The definition of "willfully" is the same as for Counts Three, Four, and Five as it is for

Count One.

## COUNTS SIX AND SEVEN—MAKING A FALSE STATEMENT TO A FEDERAL AGENCY

It is a federal crime to make a materially false statement in any matter within the jurisdiction of the executive branch of the United States government.

Counts Six and Seven of the indictment separately charge defendants Muntasser and Al-Monla with making materially false statements in matters within the jurisdiction of a government agency. In Count Six, Mr. Muntasser is charged with making a false statement or representation to the FBI—specifically, a statement on or about April 7, 2003, that he had never traveled to Afghanistan. In Count Seven, Mr. Al-Monla is charged with making a false statement or representation to the FBI—specifically, a statement on or about April 7, 2003, that he did not know a man named Bassam Kanj.

For you to find either defendant guilty as to either count, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly made a material false statement;

Second, that the defendant made the statement voluntarily and intentionally; and

Third, that the defendant made the statement in a matter within the jurisdiction of the executive branch of the United States government.

47

## COUNTS SIX AND SEVEN—FIRST ELEMENT—KNOWINGLY MADE MATERIAL FALSE STATEMENT

The first element that the government must prove beyond a reasonable doubt as to Counts Six and Seven is that the defendant knowingly made a material false statement.

Again, to act "knowingly" means to act voluntarily and intentionally and not because of mistake, neglect, or accident. A false statement is made knowingly if the defendant knew that it was false, or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

Again, a statement is "material" if it has the natural tendency to influence or be capable of influencing the decision of the decision-maker to which it was addressed, regardless of whether the decision-maker actually relied upon it, or whether a different decision would have resulted. The government need not show that the decision-maker was actually influenced by the statements involved.

A statement is "false" if it was untrue when it was made.

48

## COUNTS SIX AND SEVEN—SECOND ELEMENT—"VOLUNTARILY AND INTENTIONALLY"

The second element that the government must prove beyond a reasonable doubt as to

Counts Six and Seven is that the defendant made the statement voluntarily and intentionally.

To act "voluntarily" is to act freely, without coercion, threat, or force.. To act

"intentionally" is to act purposely and intelligently, and not by mistake, ignorance, accident, or

neglect. If a defendant acted in good faith, he cannot be found to have satisfied this element.

## COUNTS SIX AND SEVEN—THIRD ELEMENT—MATTER WITHIN JURISDICTION OF EXECUTIVE BRANCH

The third element that the government must prove beyond a reasonable doubt as to

Counts Six and Seven is that the false statement was in a matter within the jurisdiction of the

executive branch of the United States government.

Again, I instruct you that the FBI is an agency within the executive branch of the United

States government.

## COUNT EIGHT—OBSTRUCTING AND IMPEDING THE IRS

It is a federal crime to corruptly endeavor to obstruct and impede the due administration of the internal revenue laws.

Count Eight of the indictment charges defendant Mubayyid with corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws by filing false tax forms on behalf of Care International and by making false and misleading statements to law enforcement agents of the FBI Joint Taskforce.

For you to find the defendant guilty as to Count Eight, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First, that the defendant endeavored to obstruct or impede the due administration of the internal revenue laws; and

Second, that the defendant did so corruptly.

## COUNT EIGHT—FIRST ELEMENT—ENDEAVORED TO "OBSTRUCT OR IMPEDE"

The first element that the government must prove beyond a reasonable doubt as to Count Eight is that the defendant endeavored to obstruct or impede the due administration of the internal revenue laws.

The term "endeavored" means to knowingly and deliberately act, or make any effort, which has a reasonable tendency to bring about the desired result. It is not necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result.

## COUNT EIGHT—SECOND ELEMENT—"CORRUPTLY"

The second element that the government must prove beyond a reasonable doubt as to Count Eight is that the defendant acted "corruptly."

To act "corruptly" means to act knowingly and willfully to secure an unlawful advantage or benefit, either for oneself or for another, or to engage in any activity that seeks to thwart the efforts to execute the federal tax laws.

The government need only prove an intent to impede, not that the IRS was actually impeded.

The definitions of "knowingly" and "willfully" are the same as for Count Eight as they are for Count One.

## COUNT EIGHT—STATUTE OF LIMITATIONS

If you find that defendant Mubayyid has committed the crime charged in Count Eight, you must then consider whether the prosecution of Count Eight is barred by the statute of limitations.

Again, the statute of limitations requires that a prosecution must be brought within a certain period of time after the crime occurs. Again, the limitations period is six years. That means that a defendant must have been indicted during the six-year period after the time the crime occurred.

In the case of a corrupt endeavor to impede the due administration of the tax laws, the period is measured beginning with the last act committed by him in furtherance of the endeavor. In other words, an indictment must be returned no later than six years after the occurrence of that last act.

Defendant Mubayyid was indicted on April 6, 2005. The government must therefore prove that he committed an act in furtherance of the endeavor after April 6, 1999 – that is, six years before his indictment.

Again, the defendant is not required to prove that the indictment was not filed within the relevant six-year period. Instead, the government must prove beyond a reasonable doubt that the indictment was brought within that period. If the government does not so prove, you must vote to acquit the defendant as to Count Eight.

54

## GENERAL INSTRUCTIONS

I am now going to give you some additional instructions that apply to more than one

count of the indictment.

## "IN OR ABOUT" OR "ON OR ABOUT"

The indictment charges that offenses were committed "in or about" or "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses you are considering were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## QUESTIONS ON TAX FORMS

Several counts of the indictment concern questions asked and instructions provided by the IRS on tax forms. You may consider whether any such questions or instructions are ambiguous—that is, whether a reasonable person, viewing the question or instruction objectively, would conclude that it was reasonably capable of more than one reasonable interpretation. If you find a question or instruction to be ambiguous under that standard, you should consider whether a defendant's response was actually false under each reasonable interpretation of the question or instruction. If the defendant's response was truthful as to one reasonable interpretation of the question or instruction, you may not conclude that he provided a false response.

## EXERCISE OF CONSTITUTIONAL RIGHTS

Under the United States Constitution, the defendants have the right to speak their views; to publish, distribute, and disseminate newsletters, tapes, and other materials; to possess and read books and other publications; to possess and listen to tapes and recordings; to associate, meet, and speak with other persons; to sponsor or attend speeches; to advocate political positions; and to practice their religion. Those rights are nearly absolute, and subject only to narrow exceptions that are not relevant to this case. Indeed, the right to free speech includes the right to advocate force or violence, unless the speech is directed to inciting or producing imminent lawless action, and is likely to incite or produce such action.

You may not conclude that the defendants are guilty of a crime simply because they exercised their constitutional rights, or because you disagree with their views, or because you find those views to be unusual, unorthodox, offensive, or even extreme. The Constitution protects all viewpoints, even those that are unpopular or out of the mainstream of our society. You should exercise particular care to ensure that you are basing your verdict on the evidence and the law, and not because you find a particular viewpoint to be distasteful or offensive.

A special caution applies to the possession of books, tapes, and other types of media. Again, the defendants have a nearly absolute right to possess, read, and listen to such materials. The mere fact that a person possesses a book or tape does not mean that the person necessarily agrees with the ideas or sentiments being expressed in that book or tape. Indeed, it would be highly unusual for a person to agree with everything that was stated in every book or tape in his or her possession. You should therefore exercise great care and caution in assessing that evidence, and in drawing any inferences from it.

The fact that persons are entitled to certain constitutional rights does not, of course, permit them to disobey the law, nor does it immunize them from criminal prosecution. The government has many legitimate interests that require it to obtain information, and it may obtain that information in many instances by asking questions or requiring persons to fill out forms. The law generally prohibits persons from knowingly and willfully giving materially false or misleading responses when responding to such inquiries, even where the inquiries may require the person to disclose constitutionally-protected activities. In other words, while a person has a constitutional right to engage in certain activities, there is no constitutional right to provide false or misleading responses to a government agency. I have instructed you as to the requirements of the specific offenses charged against the defendants.

## NO EVIDENCE OF LETHAL AID

You have heard evidence concerning the activities of Care International and the

defendants in the course of this trial. There is no evidence, however, that Care or the defendants

provided or financed weapons, armaments, or lethal aid to any party, and you may not speculate

or conjecture as to the possible existence of such evidence.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations. When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. When you are communicating with me, please do not tell me – or anyone else – how the jury stands numerically until after you have reached a unanimous verdict.