UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MUHAMED MUBAYYID | Cr. No. 05-40026-FDS |

**MUHAMED MUBAYYID'S MOTION FOR RELEASE PENDING
SENTENCING AND INCORATED MEMORANDUM OF LAW**

Now comes the defendant, Muhamed Mubayyid, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. §§3143 (a) and 3142(c) to release him on the following conditions of release pending his sentencing:

1. Electronic Monitoring: Mr. Mubayyid will be placed on electronic monitoring; prior to his detention last Friday, Mr. Mubayyid had been successfully electronically monitored for approximately 32 months without incident.

2. Home Detention: Mr. Mubayyid will be required to stay in his home at all times without the specific permission granted by Pretrial Services or this Court to leave his home. Mr. Mubayyid requests that <u>with advance notice to and permission from Pretrial Services</u> he be able to leave the house to attend religious services, to meet with undersigned counsel, and to seek medical care should the need arise.

3. Surety: Mr. Mubayyid will sign a bond in the amount of $200,000.00, secured by the family's home located at 54 Plainfield Avenue, Shrewsbury, Massachusetts. Mr. Mubayyid's wife, who is the legal owner of the home, will execute a mortgage and escrow agreement to the District Court, in accordance with the customary practices of the Court and Clerk's office in such matters. Upon information and belief, there is over $100,000.00 in equity in the home, it is the residence of Mr. Mubayyid, his wife and their three children, and represents the only significant asset owned by the family.

4. Telephone reporting: Mr. Mubayyid will report by telephone every day to pretrial services between the hours of 9 am and noon, or at such other time as is set by the Court and/or Pretrial Services.

The imposition of the foregoing conditions, in light of Mr. Mubayyid's personal history and characteristics, and the facts and posture of the present case, clearly support a finding by this Court by clear and convincing evidence that Mr. Mubayyid is not likely to flee. This conclusion is fully supported by the following.

A.  <u>Mr. Mubayyid's personal history and characteristic</u>:

For the Court to release a defendant pending sentencing the Court must find by clear and convicncing evidence that the person is not a risk of flight <u>if released under §3142 (b)</u>. 18 U.S.C. §3143. In other words, while the standard of proof changes, the analysis remains the same, i.e., whether there exist conditions which will reasonably assure the defendant's presence at sentencing. Among the factors to be considered in determining whether there exist conditions which will reasonably assure a person's

presence as required are the individuals history and characrisctics. 18 U.S.C. §3142(g)(3)(A). These include "the person's character, physical and mental health, family ties, employment, financial resources, length of residence in the community, history relating to drug or alcohol abuse, criminal history, and record of appearance at court proceedings." Id. An evaluation of each of these factors argues for Mr. Mubayyid's release on the conditions proposed.

Mr. Mubayyid 43 years old, is married with three children, and has no prior criminal record, no history of mental illness, or of drug or alcohol abuse. He came to Boston from his native Lebanon in approximately 1987, and he attended Wentworth School of Technology. Upon graduation, he pursued his graduate studies at Boston University and received a Masters Degree in computer engineering. In 1994 travelled to Australia with his wife and two children, where he became an Australian citizen. In 1997, Mr. Mubayyid and his family returned to Massachusetts. He has lived here continuously since that time, and for much of the time has been gainfully employed as a software engineer, though the instant case brought disruptions to his employment.

Prior to his detention last Friday, he, his wife and their three children lived at 54 Plainfield Avenue, Shrewsbury, in a single family home they purchased in 2004. His three children attend local schools. His son Abdurrahman is 17 years old, attends Shrewsbury High School, and is a United States citizen. His daughter Rayaah is 15 years old, also attends Shrewsbury High School and is also a United States citizen. His youngest child, Abdullaah, is in the sixth grade of the Sherwood Middle School, and is an Australian citizen.

Shortly after his arrest in the present case in May of 2005, he was released on conditions. Those conditions included electronic monitoring, a curfew, telephonic reporting and travel restrictions. On several occasions he was granted permission to travel on camping trips within Massachusetts and to travel for weekend stays in New Hampshire. For the approximately 32 months he had been on release there was not a single violation of the conditions imposed by the Court. He appeared in Court on time at every occasion his presence was required, including last Friday when a jury question submitted the previous day unequivocally signaled his pending conviction on the conspiracy charge.

The Court will recall that from the evidence presented at trial that Mr. Mubayyid was first interviewed by law enforcement in October 2001, when he volunteered the information that he was the treasurer of Care International. In April 2003, his home was searched, as well as a storage unit he had rented. As the investigation progressed, Mr. Mubayyid was served with a subpoena and produced documents in response. Though not raised at trial, Mr. Mubayyid also appeared as a grand jury witness in response to a subpoena. In short, for a significant period of time during the investigation of this case, Mr. Mubayyid did not leave the jurisdiction despite knowing that there was an ongoing investigation, despite having every opportunity to do so. He cooperated with the investigation. Instead of leaving the country, he and his wife bought a house in Shrewsbury in 2004. He has continually maintained his innocence, and has acted responsibly throughout the investigation and trial of this matter.

B. <u>The Present Case</u>

Several facts militate against a finding that Mr. Mubayyid is likely to flee the jurisdiction of this Court prior to sentencing. One of these is the potential sentence Mr. Mubayyid faces. Counts One and Two carry a statutory maximum of 5 years; Counts Three, Four, Five and Eight carry a maximum sentence of 3 years. In calculating the advisory guideline sentence, pursuant to the United States Sentencing Guidelines §§3D1.1 – 3D1.5, it is likely the Counts will be grouped together and the offense level will be determined by the tax loss to the United States.U.S.S.G.§2T1.1(a). The tax loss in the case of a corporation is calculated at 34% (<u>See</u> Notes to U.S.S.G.§2T1.1(c)(1)) The Superceding Indictment alleges that Care International collected approximately 1.7 million dollars between 1993 and 2003, resulting in a tax loss of $578,000.00 and a resulting offense level of 20. Given Mr. Mubayyid's lack of any criminal history, his advisory guideline range would be at most 33 to 41 months, but in fact may well be lower. There was no evidence at trial that Mr. Mubayyid was involved in the formation of Care, that he participated in the preparation of the Form 1023 or any of the Form 990's until sometime after 1998. In short, the tax loss attributable to him may well yield a guideline range of 27 to 33 months or even as low as 21 to 27 months. This Court, after the Supreme Court decisions in <u>Gall v. United States</u>, 552 U.S. ___, 2007 WL4292116 (Dec. 10, 2007) and <u>Kimbraugh v. United States</u>, 552 U.S. ____, 2007 WL 4292040(Dec. 10, 2007), has the discretion and latitude to sentence Mr. Mubayyid to a sentence below the guideline range. It would not be unreasonable therefore for Mr. Mubayyid to hope that the Court might depart below the advisory guideline range, given the unique facts of this case, including that there was no proof Mr. Mubayyid ever profited monetarily, and

the prosecution's admission that money's collected by Care did in fact go to charitable purposes. In other words, this case clearly lies outside the heartland of false statement tax cases, and the sentence Mr. Mubayyid receives is well within this Court's discretion.

Mr. Mubayyid also intends to fully litigate his renewed Rule 29 motion. The Court is aware after presiding over a 5 week plus trial that the evidence against Mr. Mubayyid was, in a word, slim. There was literally no evidence that he was involved in the formation of Care or that he ever conspired with anyone regarding the filing of the Form 1023. Witness Kadri who testified about the formation of Care and was one of the original officers never mentioned Mr. Mubayyid's name. Nor did Mr. Tiba, who testified that he worked for Care sometime between 1996 and 1997. Dr. Ahmed knew him only from school and work. Any concrete evidence supporting a finding beyond a reasonable doubt that Mr. Mubayyid knowingly and willfully filed false tax returns is absent from the record. While Mr. Mubayyid will more fully explore and argue these issues in his filing in support of his renewed Rule 29 Motion, for the purposes of this Motion the Court should consider the significant Rule 29 issues in deciding Mr. Mubayyid's risk of flight. See United States v Castiello 878 F.2d. 554, 555 (1st Cir. 1989) (A Court may consider chances of appellate success in determining risk of flight. "Flight might well be more tempting to a defendant without an appellate leg to stand on than one who has a good chance for reversal". In a similar vein, the Court should consider the numerous potential appellate issues present in this case, including the sufficiency of the evidence claim. A federal prosecution for falsely answering question 76 on the Form 990 is, upon information and belief, without precedent. The case was tried with vigor by both sides,

6

and significant non-frivolous issues will be raised on appeal.  Mr. Mubayyid has every incentive to see this matter through to conclusion.

Lastly, the Court should also take into consideration the conditions of confinement Mr. Mubayyid would be subjected to while awaiting sentencing.  Mr. Mubayyid is a middle aged man with no prior criminal record, convicted of a tax offense, housed in an institution which is designed only for the warehousing of individuals, the vast majority of which are younger and charged with more serious crimes.

C. Conclusion

Mr. Mubayyid has demonstrated by clear and convincing evidence that he is not a risk of flight if released under the conditions proposed herein.  He has a wife and children here; two of his children are United States citizens; he is ready to pledge the family home to guarantee his appearance; he has strong legal arguments that may well absolve him of these charges; he has always abided by all conditions of release.  He has every incentive to remain in the jurisdiction and will do so when released.

For the foregoing reasons, the defendant prays the Court allow this Motion.

Respectfully Submitted,
Muhamed Mubayyid
By his attorney

/s/ Michael C. Andrews
Michael C. Andrews
21 Custom House Street
Boston, Massachusetts 02110
(617) 951-0072
BBO# 54647