UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 05-40026-FDS |
| MUHAMED MUBAYYID, ) | |
| EMADEDDIN Z. MUNTASSER, and ) | |
| SAMIR AL-MONLA, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' MOTIONS FOR RELEASE
FROM CUSTODY PENDING SENTENCING**

**SAYLOR, J.**

This is a criminal prosecution under 18 U.S.C. § 371 (conspiracy to defraud the United States), 18 U.S.C. § 1001 (scheme to conceal material facts and false statements), 26 U.S.C. § 7206(1) (false statements on tax returns), and 26 U.S.C. § 7212(a) (obstructing and impeding the Internal Revenue Service). In essence, the indictments charge that defendants Muhamed Mubayyid, Emadeddin Z. Muntasser, and Samir Al-Monla fraudulently obtained a charitable exemption under § 501(c)(3) of the Internal Revenue Code for an entity known as Care International, Inc. According to the indictments, defendants concealed that Care International was an outgrowth of and successor to the Al-Kifah Refugee Center, and that Care International solicited and distributed funds for, and issued publications supporting and promoting, Islamic holy war ("jihad") and holy warriors ("mujahideen").

This case was tried to a jury in November and December 2007. On January 11, 2008, the jury convicted the defendants of all but one of the charged counts. Defendants Mubayyid,

Muntasser, and Al-Monla were each found guilty of participating in a scheme to conceal material facts (Count One) and of conspiring to defraud the United States (Count Two). Defendant Mubayyid was also found guilty of three counts of making a false statement on a tax return (Counts Three, Four, and Five) and of obstructing and impeding the Internal Revenue Service (Count Eight). Defendant Muntasser was also found guilty of making a false statement (Count 6). Defendant Al-Monla, however, was found not guilty of making a false statement (Count 7).

After the verdict was rendered on January 11, the government moved for immediate detention, and defendant Muntasser moved for release from custody pending sentencing. After a hearing, the Court ordered the defendants detained pursuant to 18 U.S.C. § 3143(a)(1) and set a further hearing on detention for January 18. Each defendant then submitted a further motion to release from custody pending sentencing prior to the rehearing. On January 18, the Court heard further argument from each defendant and the government, and took the matter under advisement.

In order to release a convicted defendant pending sentencing, the Court must find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released on bail. 18 U.S.C. 3143(a)(1). The government does not suggest that the defendants are a danger to the safety of any other person or the community; the only issue is risk of flight.

Each of the defendants has substantial ties to the community, and substantial reasons not to flee. Defendant Muntasser has lived in the United States since he moved here in 1981 to attend school. He currently resides in Braintree with his wife and four children. The Muntassers' children are all United States citizens. Muntasser applied for citizenship, but his naturalization

proceedings were stayed and remain unresolved. He owns and operates a successful furniture business with four store locations in Massachusetts and thirty employees. Muntasser also has sizeable real estate interests in the area, and he has previously posted $422,000 in real estate to secure his release pending trial. He now offers to post two additional properties, which are leased to his business, with a combined tax assessment of approximately $1.9 million.

Defendant Mubayyid moved to Boston in 1987 where he attended college and graduate school. In 1994 he and his family moved to Australia for several years, but returned to Massachusetts in 1997. Mubayyid and his family have lived in this area since their return from Australia. Two of the Mubayyids' three children are United States citizens. Mubayyid's wife owns the family home in Shrewsbury in which Mubayyid and his wife have more than $100,000 in equity.

Defendant Al-Monla is a naturalized United States citizen. Al-Monla currently resides in Brookline with the oldest of his three children. His two younger children live with his ex-wife in the Springfield area. Al-Monla currently works in Boston as a realtor.

All defendants have abided by all conditions of pretrial release. None have any criminal records of any kind. All have surrendered their passports. All are prepared to abide by significant restrictions, such as home confinement, electronic monitoring, and daily telephone monitoring, if released. As noted, defendant Muntasser is prepared to pledge significant additional assets to secure his appearance, including two commercial properties with an apparent combined value of $2.3 million (he has already pledged his family residence). And defendant Mubayyid is prepared to pledge his family residence, with an apparent equity of more than $100,000.

The Court notes that it may consider chances of appellate success in determining risk of

flight. *See United States v. Castiello*, 878 F.2d 554, 555 (1st Cir. 1989) ("Flight might well be more tempting to a defendant without an appellate leg to stand on than one who has a good chance for reversal."). At a minimum, this case—which is both complex and relatively unique—presents a variety of substantial issues for possible appeal, and has a significantly greater-than-average chance of resulting in a reversal.

The government argues a variety of points in response. First, all three defendants are foreign citizens—Muntasser is a citizen of Libya, Mubayyid is a citizen of Lebanon, and Al-Monla is a citizen of Kuwait (although he also holds U.S. citizenship). Second, two of the three are removable; Mubayyid is removable immediately, as his work permit has expired, and Muntasser is subject to removal as a permanent resident alien with a felony conviction. Third, all three have substantial connections, including family members, friends, and supporters, in foreign countries. Fourth, defendant Muntasser has access to significant financial resources overseas. Fifth, none of the defendants would be extraditable from their home countries. Sixth, all three have been convicted of serious crimes: the government contends that the likely guideline sentencing range as to each is approximately three-and-a-half to four years' imprisonment, and that it is likely to seek higher sentences based on the nature of defendants' activities. Seventh, now that all three have been convicted of serious crimes, their incentive to flee has increased substantially.

After careful consideration, the Court concludes that defendants have not carried their heavy burden of establishing by clear and convincing evidence that they are not likely to flee within the meaning of § 3143(a)(1). The Court places particular weight on the facts that all three are citizens of other countries, with family, financial, and other substantial resources outside of the United States; that defendant Mubayyid is not likely to be permitted to remain in the United States

4

under any circumstances; that defendant Muntasser is not likely to be permitted to remain if his conviction is upheld; and that defendant Al-Monla is not removable, but nonetheless has dual citizenship and may have little incentive to stay in a country where he has been associated with Islamic radical groups.

The Court notes that the legal issues presented are indeed non-frivolous, and that there are presently pending motions for judgments notwithstanding the verdict that will require further analysis and review.  In the event that the calculus as to likelihood of success on appeal should change as a result of that process, the Court will be prepared to revisit the issue of detention.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: January 25, 2008