UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| ) | |
| UNITED STATES ) | |
| ) | Cr. No. 05-40026-FDS |
| ) | |
| v. ) | |
| ) | |
| MUHAMED MUBAYYID ) | |
| ) | |
| _____) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO MUHAMED MUBAYYID'S MOTION FOR NEW TRIAL**

The government alleges that it "put all the defendants, including Mubayyid, on notice of its theory that one of the purposes of the orphan sponsorship program was to support jihad." Government's Opposition to Muhamed Mubayyid's Motion for New Trial at 13-14 (hereinafter "Opposition"). In support, the government cites its complaint (tellingly, not its indictment) and an earlier disclosure of likely testimony of Dr. Levitt (tellingly, not the disclosure, immediately before trial (November 5, 2007) that Levitt will "explain that some of them [Islamic charities] engage in behavior such as intermingling of funds so that in addition to support for widows and orphans and other legitimate beneficiaries of outpourings of support–they have intermingled funds and/or freed up funds so other agencies can subsidize fighters." (Docket 334 at 26 (emphasis added)).

The government nowhere acknowledges that it had represented on November 7, 2007 that it would not argue that assistance to orphans was not

charitable:

> The government has not criticized in the indictment nor will it argue that assistance to orphans or widows is not charitable. As alleged in the indictment, the only issue is whether Care engaged in <u>other non-charitable activities</u> that the defendants decided to conceal from the government.(emphasis added)

Government's Motion in Limine to Exclude Evidence Regarding Care's Irrelevant Activities at 4 (emphasis added) (Docket 337).

This representation was repeated in various contexts as the trial proceeded. The government asserted:

> [T]he government conceded...in its opening statement that they were involved in <u>legitimate</u> activities. We actually put in evidence as examples [of the legitimate activities] of the orphan sponsorship program already in this case, as did the defense. They [the jury] already are on notice that Care was engaged in an orphan sponsorship program. We're not going to dispute that. They do not need to see every picture of every orphan they solicited money for.(emphasis added)
> Tr.V.7 at 20

> We don't allege that when they say in program service accomplishments that they gave them this much money to the orphans, or this much money to the widows that was false….We don't dispute that they were engaged in orphan sponsorship or support for the refugees
> Tr.V.7 at 22.

> We do not dispute that they were engaged in some legitimate charitable activities. We don't -- and you can see that in the indictment. In the 990, what we allege is false is question 76. We don't allege that when they say in program service accomplishments that they gave them this much money to the orphans, or this much money to the widows that was false.
> Tr.V8 at 25-26

The government argued that the defense's offer of evidence of the orphan program was :

2

> "cumulative, and it's unfairly prejudicial, and it's going to be confusing to the jury, and the government does not believe that it's necessary for the jurors to see this. All they're going to see is -- and it will likely inflame the jurors as to some of the pictures in those boxes –..."
> Tr. V8 at 26.

It is simply wrong to claim that defendant was on notice that the government would change its course midstream as it did, once the defendant's were precluded from introducing more than a sampling of Care's charitable work directed towards orphans.

The government now acknowledges that it cannot prove "how much of the money solicited under the auspices of this [orphan] program actually went to orphans of the martyrs," (<u>Government's Opposition To Defendant Muhamed Mubayyid's Motion For A New Trial</u> at 16), effectively admitting what otherwise is apparent from the record, that the government never showed that support for "orphans of martyrs" was a substantial part of its activities, or more, in fact, than a fundraising appeal. Yet, it harped on the issue at trial, and argued it to the jury. And it had Dr. Levitt opine that helping orphans, one of Care's core activities, helped jihad, but never established that it was non-charitable, or was undisclosed.

From the outset, the government used the amorphous phrase "support of the mujahedeen and jihad" to play "hide the ball" in this prosecution. And mid-trial, after repeatedly claiming, as set forth above, that support for the mujahedeen and jihad meant engaging in non-charitable activities, it turned full-face, and argued that in fact that

3

Care's charitable work was the evil. It is plain from the record, and it made for a trial by ambush.

                                                Respectfully Submitted,
                                                Muhamed Mubayyid
                                                By his attorney

                                                /s/ Michael C. Andrews

                                                Michael C. Andrews
                                                21 Custom House Street
                                                Boston, Massachusetts 02110
                                                (617) 951-0072
                                                BBO# 546470