UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES ) | |
| ) | Cr. No. 05-40026-FDS |
| v. ) | |
| MUHAMED MUBAYYID ) | |

**MOTION TO CONTINUE SENTENCING DATE**

Now comes the defendant, Muhamed Mubayyid, and respectfully moves this Honorable Court to continue the sentencing hearing date, currently scheduled for June 23, 2008 to a date convenient to the Court in mid-July. At the June 6th, 2008 hearing, undersigned counsel requested a July sentencing date on the basis that recent developments in the case, specifically the acquittals of his co-defendants on Counts One and Two of the Superseding Indictment on June 3, 2008, changed the anticipated scope and parties to the upcoming sentencing hearings. The Court will recall that counsel for the defendants earlier had suggested that certain of the evidentiary and guideline issues that pertained to all three of them be addressed in a common hearing. During the June 6th hearing, the Court indicated that the issue as to whether the government sustained a tax loss likely no longer pertained to Mr. Muntasser. Undersigned counsel told the Court

that he would need to consult and prepare witnesses that were originally to be prepared and examined, in large part, by Mr. Muntasser's counsel.

The government expressed concern that it was obligated to file notices of appeal to the Court's June 3rd Order within thirty days, and if it did so prior to the Court having sentenced Mr. Mubayyid and Mr. Muntasser, the Court would lose jurisdiction over the case, and be unable to proceed with the sentencings.

Federal Rule of Appellate Procedure 4(b)(1)(B) states: "When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of: (i) the entry of the judgment or order being appealed; or (ii) the filing of a notice of appeal by any defendant." . Thus, assuming, *arguendo*, that the government is correct, its notice of appeal must be filed by July 3, 2008. However, FRAP 4(b)(4) states: " Upon a finding of excusable neglect or good cause, the district court may, before or after the time has expired, with or without motion and notice, extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Under the circumstances of the present case, the Court should find that "good cause" exists to extend the time in which the government may file its notice of appeal, and extend the date for thirty days from the date the government's notice of appeal is now (theoretically) due, i.e., July 3, 2008. Should the Court extend the time to file a notice of appeal, Mr. Mubayyid's sentencing can be scheduled in July, and his counsel will have sufficient time to prepare for sentencing, consult with possible witnesses, and secure their presence at any evidentiary hearings.

2

3

For the foregoing reasons, the defendant prays the Court allow this Motion.

        Respectfully Submitted,
        Muhamed Mubayyid
        By his attorney

        ___/s/ Michael C. Andrews__
        Michael C. Andrews
        21 Custom House Street
        Boston, Massachusetts 02110
        (617) 951-0072
        BBO# 546470