UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) CRIMINAL NO. 05-40026-FDS <br> MUHAMED MUBAYYID, ) <br> Defendant ) <br> ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT
MUHAMED MUBAYYID'S MOTION FOR RELEASE PENDING APPEAL**

This Court should not allow Defendant Muhamed Mubayyid ("Mubayyid") to be released on bail pending appeal. For the reasons that follow, Mubayyid's request does not satisfy the requirements for bail pending appeal under the relevant controlling authorities.

    A.    **The Relevant Legal Standard**

Detention pending appeal is <u>mandatory</u> unless the court finds that two requirements have been met: first, by clear and convincing evidence that the person is not likely to flee or pose a danger to the community; and second, that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. <u>See</u> 18 U.S.C. § 3143(b)(1)(A) and (B). The principal issue raised by Mubayyid's motion is whether Mubayyid has satisfied the second requirement.[1] The First Circuit has recognized that the second requirement breaks down into two distinct parts: "(1) that the appeal raise a

---

[1] The United States continues to assert that Mubayyid is a substantial flight risk and that he has not, and cannot, show "by clear and convincing evidence" that he is not a risk of flight. As the United States argued previously, Mubayyid is no longer in status and is subject to deportation, creating a strong incentive to flee.

substantial question of law or fact and (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Bayko, 774 F.2d 516 (1st Cir. 1985).

In construing the first part – whether the appeal raises a "substantial question of law or fact" – the First Circuit has adopted the formulation first made by the Eleventh Circuit that the appeal raise "a 'close' question or one that very well could be decided the other way." Id. at 523 (citing United States v. Giancola, 754 F.2d 898 (11th Cir. 1985)).  While this is a formulation to be applied flexibly, the First Circuit has recognized that this is a more difficult standard for a defendant to meet than was the case before Congress enacted § 3143(b)(1)(A) and (B).  See Bayko, 774 F.2d at 523.  It is not enough for a defendant to show that a disputed point of law or fact was "fairly debatable" or that a "possibility of reversal" exists.  Id.[2]  As is explained in United States v. Greenberg, 772 F.2d 340, 341 (7th Cir. 1985),  "it must mean that the appeal could readily go either way, that it is a toss-up or nearly so. . . . that the chance for reversal is substantial."

In construing the second part – whether, if the defendant is successful on appeal, it will likely result in a reversal or new trial – the First Circuit has said that what is required is that the claimed error must not be harmless or unprejudicial.  It must be "more probable than not that a favorable decision will result in a reversal of the conviction or a new trial."  Bayko, 774 F.2d at

---

[2] In Bayko, the First Circuit vacated a district court's order of bail and ordered revocation of bail "forthwith" holding that the district court erroneously ordered bail when it concluded that there was a "possibility of reversal" on appeal.  Id. at 523.

522. As mentioned above, reversal or a new trial must affect "all counts on which imprisonment has been imposed." Id.

Although Mubayyid tries to make much of the Court's statements that "substantial issues" exist in the case, see Def. Motion at 5, it is important to note in the first instance that the statements were about the case generally rather than about Mubayyid specifically. Moreover, the Court made the statements on January 25th, long before the Court ultimately considered and rejected the defendant's several arguments underlying his Rule 29 and Rule 33 motions. Regardless, under the "substantial issues" standard, courts have routinely denied bail pending appeal – even in cases where the district court stated that a certain defense raised a "substantial question" See, for example, United States v. Schoffner, 791 F.2d 586 (7th Cir. 1986) (applying the Bayko standard) (reversing and remanding order of bail pending appeal where district court stated about one of the defenses "it is a substantial question . . . I don't have any problem with that idea at all."); see also, United States v. Skilling, 2006 WL 3030721 (S.D.Tex. Oct. 23, 2006) ("substantial question" raised on conspiracy count, but because defendant was convicted on other counts, bail pending appeal was not appropriate). Here, there is no substantial chance of reversal or of a new trial, and bail pending appeal is not appropriate.

    **B.**    **Mubayyid's Motion Does Not Meet The Standard For Bail Pending Appeal**

In his Motion, Mubayyid lists six issues he claims are "substantial" and, if decided in his favor, would result in the grant, at a minimum, of a new trial. See Def. Motion at 6-7. However, these issues were the subject of earlier motions and argument during the course of the trial, and/or the post trial Rule 29 and 33 motions decided in favor of the government and against Mubayyid and the other defendants. As such, the government would respectfully respond by

referring the Court to those portions of the record addressing these issues. It suffices here to point out that the defendant has not offered any reason to call the Court's prior rulings on these issues into question, and none of them raises an issue that satisfies the requirements necessary for the Court to order bail pending appeal.

## Conclusion

For these reasons, the Court should deny Mubayyid's motion for bail pending appeal. His motion does not meet the requirements of 18 U.S.C. § 3143.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: **/s/ Donald L. Cabell**
Aloke S. Chakravarty
B. Stephanie Siegmann
Donald L. Cabell
Assistant U.S. Attorneys
U.S. Attorney's Office
One Courthouse Way
Boston, MA 02210

Date:   August 15, 2008

## CERTIFICATE OF SERVICE

I, Donald L. Cabell, hereby certify that on August 15, 2008, I served a copy of the foregoing by electronic filing on counsel for the defendants.

**/s/ Donald L. Cabell**
Donald L. Cabell